IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Magistrate No. 18-1396 |
| | ) |
| ROBERT BOWERS | ) |

AFFIDAVIT FOR CRIMINAL COMPLAINT

I, Brian Collins, being duly sworn, depose and state:

1. Your Affiant is employed as a Special Agent of the Federal Bureau of Investigation ("FBI") and has been so employed for more than two years. Prior to that I was a police officer in Euclid, Ohio and was so employed for approximately ten years. As an FBI Special Agent, I am primarily responsible for investigating possible violations of federal criminal law, including federal civil rights and firearms laws, including violations of Title 18, United States Code, Sections 247 and 924. During my career as an FBI Special Agent, I have been involved in the execution of numerous search and seizure warrants, arrests for violations of state and Federal laws, and have authored affidavits in support thereof.

2. This affidavit is submitted in support of a criminal complaint charging ROBERT BOWERS with Obstruction of Exercise of Religious Belief Resulting in Death; Obstruction of Exercise of Religious Belief Resulting in Bodily Injury to a Public Safety Officer; Use of a Firearm to Commit Murder During and in Relation to a Crime of Violence; and, Use and Discharge of a Firearm During and in Relation to a Crime of Violence, in violation of Title 18, United States Code, Sections 247(a)(2), 247(d)(1), 247(d)(3), 924(c)(1)(A)(iii), and 924(j)(1).

3. Title 18, United States Code Sections 247(a)(2) makes it a crime to intentionally obstruct, or attempt to do so, by force or threat of force, any person in the enjoyment of that

person's free exercise of religious beliefs, and said offense is in or affecting interstate or foreign commerce. This is a crime of violence. Sections 247(d)(1) and 247(d)(3) provide enhanced penalties when such offense results in death and when such offense results in bodily injury to a public safety officer who was performing duties as a direct or proximate result of said prohibited conduct.

4. Title 18, United States Code Sections 924(c)(1)(A)(iii) criminalizes carrying and using a firearm, during and in relation to any crime of violence which may be prosecuted in a court of the United States, and includes enhanced penalties when said firearm is discharged. Section 924(j)(i) further provides enhanced penalties when in the course of said violation, the perpetrator causes death and the killing is murder as defined by 18 U.S.C. § 1111.

5. Title 18, United States Code Section 1111 defines "murder" as the unlawful killing of a human being with malice aforethought.

6. On October 27, at approximately 9:50 AM, ROBERT BOWERS, aged 46, entered the Tree of Life Jewish Synagogue ("Synagogue"), located at 5898 Wilkins Avenue, Pittsburgh, 15217. At that time at the Tree of Life Synagogue, multiple people were in attendance at the Synagogue and engaged in religious services and worship.

7. BOWERS was armed with multiple weapons, including handguns and an assault-style rifle.

8. Inside the Synagogue, BOWERS shot and killed multiple individuals and wounded many others. In the course of the deadly assaults, BOWERS proceeded to the third floor of the building.

9. Law enforcement responded to the scene and BOWERS exchanged gunfire with law enforcement officers. Ultimately, BOWERS caused bodily injury to four law enforcement

officers ("LAW ENFORCEMENT OFFICERS 1 through 4"); some of their injuries required medical attention. Three of the law enforcement officers' injuries were caused by the discharge of firearms (LAW ENFORCEMENT OFFICERS 1 through 3).

10. During the course of his deadly assault on people at the Synagogue, and simultaneously with his gunfight with responding officers, BOWERS made statements evincing an animus towards people of the Jewish faith. For example, BOWERS commented to one law enforcement officer, in substance, "they're committing genocide to my people. I just want to kill Jews." BOWERS repeated comments regarding genocide, his desire to kill Jewish people, and that Jewish people needed to die.

11. Current information indicates that PERSONS 1 through 11 who had been in attendance at the Synagogue were killed as a result of BOWERS' violent assault.

12. BOWERS eventually surrendered to law enforcement and remains in custody.

13. Evidence recovered and/or identified by the FBI and/or Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) at the scene includes the following firearms:

    a. A Glock .357 handgun bearing serial number BCUM029;

    b. A Glock .357 handgun bearing serial number YEY449;

    c. A Glock .357 handgun bearing serial number RHY244; and,

    d. A Colt AR-15 model SP1 bearing serial number SP99907.

14. ATF confirmed that these firearms were not manufactured in the Commonwealth of Pennsylvania and, at some point after manufacture, these firearms traveled in interstate commerce to the Commonwealth of Pennsylvania.

15. Your Affiant submits that, based upon the above-described evidence, there is probable cause to believe that BOWERS intentionally obstructed, and attempted to do so, by force

and threat of force, the enjoyment of the free exercise of religious beliefs of PERSONS 1 through 11, in circumstances in or affecting interstate or foreign commerce, that the deaths of PERSONS 1 through 11 resulted from said conduct, and that BOWERS thereby violated 18 U.S.C. § 247(a)(2) and (d)(1), Obstruction of Exercise of Religious Belief Resulting in Death. This complaint alleges eleven counts of each said offense, one as to each of PERSONS 1 through 11 (Counts 1 through 11).

16.     Your Affiant further submits that, based on the above-described evidence, there is probable cause to believe that BOWERS violated 18 U.S.C. § 924(c)(1)(A)(iii) and (j)(1) as to PERSONS 1 through 11, in that during and in relation to the commission of Counts 1 through 11, BOWERS knowingly used and carried a firearm. There is further probable cause to believe that BOWERS discharged a firearm during the course of each of said offenses. There is further probable cause to believe that in the course of committing these violations, BOWERS caused the deaths of PERSONS 1 through 11 by the use of a firearm, and thereby killed and murdered them (e.g., BOWERS drove to the location with multiple firearms indicating his malice aforethought). This complaint alleges eleven counts of said offense, one as to the murder of each of PERSONS 1 through 11 (Counts 12 through 22).

17.     Your Affiant further submits that there is also probable cause to believe that, as to LAW ENFORCEMENT OFFICERS 1 through 4, BOWERS violated 18 U.S.C. § 247(a)(2) and (d)(3), Obstruction of Exercise of Religious Belief Resulting in Bodily Injury to a Public Safety Officer, in that in committing Counts 1 through 11, BOWERS caused bodily injury to each of LAW ENFORCEMENT OFFICERS 1 through 4, and in that LAW ENFORCEMENT OFFICERS 1 through 4 were performing duties as a direct or proximate result of the offense conduct at Counts

1 through 11. This complaint alleges four counts of said offense, one as to each of LAW ENFORCEMENT OFFICERS 1 through 4 (Counts 23 through 26).

18. Your Affiant further submits that, based on all of the above, there is probable cause to believe that BOWERS violated 18 U.S.C. § 924(c)(1)(A)(iii) as to LAW ENFORCEMENT OFFICERS 1 through 3, in that during and in relation to the commission of Counts 23 through 25, BOWERS knowingly used and carried a firearm. There is further probable cause to believe that BOWERS discharged a firearm during the course of each of said offenses. This complaint alleges three counts of said offense, one as to each of LAW ENFORCEMENT OFFICERS 1 through 3 (Counts 27 through 29).

The above information is true and correct to the best of my knowledge, information and belief.

_____
BRIAN COLLINS
Special Agent
Federal Bureau of Investigation


Sworn and subscribed before me this 27th day of October, 2018.

_____
ROBERT MITCHELL
United States Magistrate Judge