**FILED**
OCT 3 1 2018
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 18-292 |
| ROBERT BOWERS | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, John M. Gore, Acting Assistant Attorney General, Civil Rights Division, and Soo C. Song and Troy Rivetti, Assistant United States Attorneys for said district, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a forty-four-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1-11 | Obstruction of Free Exercise of Religious Beliefs Resulting in Death – October 27, 2018 | 18 U.S.C. §§ 247(a)(2) and 247(d)(1) |
| 12-22 | Use and Discharge of a Firearm to Commit Murder During and in Relation to a Crime of Violence and Possession of a Firearm in Furtherance of a Crime of Violence – October 27, 2018 | 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(C), and 924(j)(1) |
| 23-24 | Obstruction of Free Exercise of Religious Beliefs Involving an Attempt to Kill and Use of a Dangerous Weapon, and Resulting in Bodily Injury - October 27, 2018 | 18 U.S.C. §§ 247(a)(2), 247(d)(1), and 247(d)(3) |
| 25-26, 36-44 | Use and Discharge of a Firearm During and in Relation to a Crime of Violence and Possession of a Firearm in Furtherance of a Crime of Violence – October 27, 2018 | 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), and 924(c)(1)(C) |

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 27-34 | Obstruction of Free Exercise of Religious Beliefs Involving an Attempt to Kill and Use of a Dangerous Weapon, and Resulting in Bodily Injury to a Public Safety Officer – October 27, 2018 | 18 U.S.C. §§ 247(a)(2), 247(d)(1), and 247(d)(3) |
| 35 | Obstruction of Free Exercise of Religious Beliefs Involving Use of a Dangerous Weapon and Resulting in Bodily Injury to a Public Safety Officer – October 27, 2018 | 18 U.S.C. §§ 247(a)(2) and 247(d)(3) |

## II. ELEMENTS OF THE OFFENSES

**A. As to Counts 1 through 11:**

In order for the crime of Obstruction of Free Exercise of Religious Beliefs Resulting in Death, in violation of 18 U.S.C. §§ 247(a)(2) and 247(d)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant obstructed the person identified in the count in the enjoyment of that person's free exercise of religious beliefs;

2. That the defendant used force to do so;

3. That the defendant acted intentionally;

4. That the offense was in or affected interstate commerce; and

5. That the defendant's acts resulted in the death of any person.

18 U.S.C. § 247(a)(2), (d)(1); Jury Instructions, *United States v. Dylann Roof*, Cr. No. 2:15-CR-00472-RMG (instructing on elements of 18 U.S.C. §§ 247(a)(2) and (d)(1) death-resulting violations).

**B. As to Counts 12 through 22:**

In order for the crime of Use and Discharge of a Firearm to Commit Murder During

and in Relation to a Crime of Violence and Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(C), and 924(j)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant committed the Crime of Obstruction of Free Exercise of Religious Beliefs Resulting in Death as alleged in Counts 1 through 11 of the Indictment;

2. That during and in relation to the commission of that crime, the defendant knowingly used or carried a firearm;

3. That the firearm was brandished or discharged during the course of the offense;

4. That in the course of using, carrying, brandishing, or discharging a firearm during and in relation to the violation described above, the defendant caused the death of a person through the use of a firearm; and

5. The killing of the person was a murder as defined in Section 1111 of Title 18, United States Code.

> Third Circuit Model Criminal Jury Instructions 6.18.924B; L. Sand, et al., Modern Federal Jury Instructions, No. 35-78 at p. 35-143; United States v. Ceballos-Torres, 218 F.3d 409 (5th Cir. 2000), as amended, 226 F.3d 651 (2000), cert. denied, 121 S. Ct. 839 (2001).

**C. As to Counts 23 through 24:**

In order for the crime of Obstruction of Free Exercise of Religious Beliefs Involving an Attempt to Kill and Use of a Dangerous Weapon, and Resulting in Bodily Injury, in violation of 18 U.S.C. §§ 247(a)(2), 247(d)(1), and 247(d)(3), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

      1.      That the defendant obstructed, or attempted to obstruct, the person identified in the count in the enjoyment of that person's free exercise of religious beliefs;

      2.      That the defendant used force or the threat of force to do so;

      3.      That the defendant acted intentionally;

      4.      That the offense was in or affected interstate commerce; and

      5.      That the defendant's acts included an attempt to kill any person or the use, attempted use, and threatened use of a dangerous weapon, or resulted in bodily injury.

> 18 U.S.C. § 247(a)(2), (d)(1), (d)(3); Jury Instructions, *United States v. Dylann Roof*, Cr. No. 2:15-CR-00472-RMG.

**D. As to Counts 25 through 26, and 36 through 44:**

In order for the crime of Use and Discharge of a Firearm During and in Relation to a Crime of Violence and Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), and, 924(c)(1)(C), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

      1.      That the defendant committed the crime of Obstruction of Free Exercise of Religious Beliefs as alleged in Counts 23 through 24, and 27 through 35 of the Indictment;

      2.      That during and in relation to the commission of that crime, the defendant knowingly used and carried a firearm; and,

      3.      That the firearm was brandished or discharged during the course of the offense.

> Third Circuit Model Criminal Jury Instructions 6.18.924B.

**E. As to Counts 27 through 35:**

In order for the crime of Obstruction of Free Exercise of Religious Beliefs Involving An Attempt to Kill and Use of a Dangerous Weapon, and Resulting in Bodily Injury to a Public Safety Officer, in violation of 18 U.S.C. §§ 247(a)(2), 247(d)(1), and 247(d)(3), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant obstructed, or attempted to obstruct, the persons identified in the count in the enjoyment of each person's free exercise of religious beliefs;

2. That the defendant used force or the threat of force to do so;

3. That the defendant acted intentionally;

4. That the offense was in or affected interstate commerce; and

5. That the defendant's acts resulted in bodily injury to a public safety officer performing duties as a direct or proximate result of the defendant's conduct as alleged in the count, or included an attempt to kill any person or the use, attempted use, and threatened use of a dangerous weapon, as alleged in the count of the Indictment.

18 U.S.C. §§ 247(a)(2), 247(d)(1), and 247(d)(3).

### III. PENALTIES

**A. As to Counts 1 through 11, Counts 23 through 24, and Counts 27 through 34: Obstruction of Free Exercise of Religious Beliefs Resulting in Death or Involving an Attempt to Kill (18 U.S.C. §§ 247(a)(2), 247(d)(1)):**

1. A sentence of death or a term of imprisonment for any term of years or for life (18 U.S.C. § 247(d)(1)).

2. A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of five (5) years (18 U.S.C. § 3583).

B.     As to Count 23 through 24, and Counts 27 through 35: Obstruction of Free Exercise of Religious Beliefs Resulting in Bodily Injury or Involving the Use of a Dangerous Weapon (18 U.S.C. §§ 247(a)(2), 247(d)(3)):

1. A term of imprisonment of not more than 20 years (18 U.S.C. § 247(d)(3)).

2. A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of three (3) years (18 U.S.C. § 3583).

C.     As to Counts 12 through 22:  Use and Discharge of a Firearm to Commit Murder During and in Relation to a Crime of Violence and Possession of a Firearm in Furtherance of a Crime of Violence (18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(C), and 924(j)(1)):

1. A sentence of death, or for a term of imprisonment of not less than ten (10) years and up to life imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed run concurrently with any other term of imprisonment, including that imposed for the crime of violence during which the firearm was used (18 U.S.C. §§ 924(c)(1)(A)(iii), 924(c)(1)(D), and 924(j)(1)).

In case of a second or subsequent conviction, a sentence of death, or for a term of imprisonment of not less than 25 years and up to life imprisonment (18 U.S.C. § 924(c)(1)(C)(i)).

2. A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of five (5) years (18 U.S.C. § 3583).

D.     As to Counts 25 through 26, and Counts 36 through 44:  Use and Discharge of a Firearm During and in Relation to a Crime of Violence and Possession of a Firearm in Furtherance of a Crime of Violence (18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), and 924(c)(1)(C)):

1. A term of imprisonment of not less than ten (10) years and up to life imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term

of imprisonment imposed run concurrently with any other term of imprisonment, including that imposed for the crime of violence during which the firearm was used. (18 U.S.C. §§ 924(c)(1)(A)(iii), 924(c)(1)(D)).

In case of a second or subsequent conviction, a term of imprisonment of not less than 25 years and up to life imprisonment. (18 U.S.C. § 924(c)(1)(C)(i)).

> United States v. Gray, 260 F.3d 1267, 1281 (11th Cir. 2001); United States v. Sandoval, 241 F.3d 549, 550 (7th Cir. 2001).

2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of five (5) years (18 U.S.C. § 3583).

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which a defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

JOHN M. GORE
Acting Assistant Attorney General
Civil Rights Division

_____
SOO C. SONG
Assistant U.S. Attorney
DC ID No. 457268

_____
TROY RIVETTI
Assistant U.S. Attorney
PA ID No. 56816