IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

## MOTION FOR PROTECTIVE ORDER FOR
## RULE 16 DISCOVERY MATERIALS

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Troy Rivetti and Soo C. Song, Assistant United States Attorneys for said district, and pursuant to Federal Rule of Criminal Procedure 16(d), respectfully requests that the Court enter a Protective Order.   In support thereof, it is respectfully averred:

1. On October 27, 2018, the defendant, Robert Bowers, drove to the Tree of Life Synagogue and entered the building carrying multiple firearms.  The defendant, ROBERT BOWERS, entered the Tree of Life Synagogue and opened fire, killing and injuring members of the Tree of Life, Dor Hadash, and New Light congregations.  While inside the Tree of Life Synagogue, the defendant made statements indicating his desire to "kill Jews."  Law enforcement officers responded to the scene and the defendant also opened fire upon them, injuring four public safety officers.  Doc. No. 1 at 1.

2. The defendant surrendered and was arrested at the scene.

3. Later that day, a criminal complaint was sworn out against BOWERS, charging him with a total of twenty-nine (29) counts, in violation of 18 U.S.C. §§ 247 and 924.  Mag. No. 18-1396, Doc. No. 1.

4. The defendant's initial appearance was held on October 29, 2018, at 1:30 pm,

before the Honorable Magistrate Judge Robert Mitchell.  The government requested that the defendant be detained and the defendant waived a detention hearing.  Mag. No. 18-1396, Doc. Nos. 3 and 8.

5.	On October 31, 2018, the defendant was indicted by a federal grand jury sitting in the Western District of Pennsylvania and was charged with forty-four counts of civil rights and firearms offenses.  Doc. No. 1.

6.	The defendant was arraigned on November 1, 2018.  As noted at arraignment, the government will provide discovery pursuant to Local Criminal Rule 16.  In addition, the government anticipates that, following its Rule 16 disclosure, additional discovery may be requested and may be disclosed.

7.	Because of the nature of the allegations in this case (in particular, that the defendant shot, killed and injured civilians and also shot and injured public safety officers) and due to the sensitive nature of much of the Rule 16 Materials, the government has significant concerns about the public release of Rule 16 discovery and other discovery into the community.  Another consequence of the release or controlled production of such materials may result in unwanted contact with, and harassment of, victims and/or their surviving family members.

8.	Rule 16 of the Federal Rules of Criminal Procedure permits the Court to "deny, restrict, or defer discovery or inspection" of materials provided to the defense "for good cause."  Fed. R. Crim. P. 16(d)(1) (emphasis added).  "The court may permit a party to show good cause by a written statement that the court will inspect ex parte," id., and that statement should show good cause with particularity.  See United States v. Wecht, 484 F.3d 194, 211 (3d Cir. 2007).  As noted above, disclosure may include personal identifying information and may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a or to the provisions of 42 U.S.C. § 1306.

9. In anticipation of these issues, the government respectfully requests that a protective order, as set forth below, be entered to establish a protocol that will both facilitate discovery throughout the pendency of this case and address these sensitivities.

10. <u>Limited Use of Discovery</u>:  The defendant, including defendant's counsel and their personnel, may use these documents only for the limited purposes of the criminal case and may not be used for any other purpose.  Materials shall be retained by counsel and no copies may be left with the defendant.  The materials shall not be disseminated and/or provided, whether in original or duplicate form, without further order of this court.  No person shall disclose the substance of these materials to anyone without the express permission of the Court or as provided herein.  Other than the defendant and his counsel, the materials may be shown to and discussed only with the persons described as follows:   a) independent experts retained by the defendant in connection with the Criminal Case; and, b) potential witnesses in the Criminal Case.  Under no circumstances shall the discovery be used for any purpose other than in the Criminal Case absent an order from this Court.

11. <u>Discovery Materials in Open Court</u>:  No party shall file discovery materials with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal.  The procedures for use of discovery during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.  The parties shall consider measures such as redacting confidential documents to remove individual identifiers, request the court to submit such documents under seal, code the documents to substitute a numerical or other designation for the a person's name or other identifying information, and request that any exhibit be placed under seal.  No party shall disclose discovery materials in open court without prior consideration by the Court.

12. <u>Filing of documents:</u>  The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs.

13. <u>Post-Case Disposition</u>:  Within 90 days of the final conclusion of this litigation, the defendant shall return the discovery to counsel for the United States, or shall destroy them and certify in writing to counsel for the United States that the documents have been destroyed.  If any discovery materials were used as defense exhibits, defense counsel shall identify these documents, which shall be maintained with government exhibits so long as those are required to be maintained.

14. <u>Modification Permitted</u>.  Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

15. <u>No Ruling on Discoverability or Admissibility</u>.  This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

Wherefore, the United States asks the Court to enter a protective order.  A proposed order is attached.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

s/Troy Rivetti
TROY RIVETTI
Assistant U.S. Attorney
PA ID No. 56816

s/Soo. C. Song
SOO C. SONG
Assistant U.S. Attorney
DC ID No. 457268

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT BOWERS | Criminal No. 18-292 |

PROTECTIVE ORDER

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality and sensitivity, adequately protect individually identifiable person identity information entitled to be kept confidential, and to adequately protect the individuals' privacy interests in sensitive materials, pursuant to the Court's authority under Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. <u>Limited Use of Discovery</u>: The defendant, including defendant's counsel and their personnel, may use these documents only for the limited purposes of the criminal case and may not be used for any other purpose. Materials shall be retained by counsel and no copies may be left with the defendant. The materials shall not be disseminated and/or provided, whether in original or duplicate form, without further order of this court. No person shall disclose the substance of these materials to anyone without the express permission of the Court or as provided herein. Other than the defendant and his counsel, the materials may be shown to and discussed only with the persons described as follows: a) independent experts retained by the defendant in connection with the Criminal Case; and, b) potential witnesses in the Criminal Case. Under no circumstances shall the discovery be used for any purpose other than in the Criminal Case absent an order from this Court.

2. <u>Discovery Materials in Open Court</u>: No party shall file discovery materials with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal. The procedures for use of discovery during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider measures such as redacting confidential documents to remove individual identifiers, request the court to submit such documents under seal, code the documents to substitute a numerical or other designation for the person's name or other identifying information, and/or request that any exhibit be placed under seal. No party shall disclose discovery materials in open court without prior consideration by the Court.

3. <u>Filing of documents:</u> The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs.

4. <u>Post-Case Disposition</u>: Within 90 days of the final conclusion of this litigation, the defendant shall return the discovery to counsel for the United States, or shall destroy them and certify in writing to counsel for the United States that the documents have been destroyed. If any discovery materials were used as defense exhibits, defense counsel shall identify these documents, which shall be maintained with government exhibits so long as those are required to be maintained.

5. <u>Modification Permitted</u>. Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

6. <u>No Ruling on Discoverability or Admissibility</u>. This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or

admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

IT IS SO ORDERED.

_____
Honorable Donetta W. Ambrose
United States District Judge

_____
Date