IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

ROBERT BOWERS

Criminal No. 18-292

PROTECTIVE ORDER

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality and sensitivity, adequately protect individually identifiable person identity information entitled to be kept confidential, and to adequately protect the individuals' privacy interests in sensitive materials, pursuant to the Court's authority under Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. <u>Limited Use of Discovery</u>:  The defendant, including defendant's counsel and their personnel, may use these documents only for the purposes of representing the defendant in the criminal case and may not be used for any other purpose. Materials shall be retained by counsel, and no copies may be left with the defendant. Except as set forth below, the materials shall not be disseminated and/or provided, whether in original or duplicate form, without further order of this court, and no person shall disclose the substance of these materials to anyone without the express permission of the Court or as provided herein.

2. Other than the defendant and his counsel, the materials may be shown to and discussed with, and copies provided to, persons engaged to assist in the defense (defined as persons who are included within the attorney-client or work product privilege, regardless of whether they receive any remuneration), including experts retained by the defendant in connection with the Criminal Case. Prior to receipt of any discovery material, persons who are provided copies of discovery materials must review this Protective Order, agree to abide by the limitations on dissemination imposed in this Protective Order, and sign a certification that they have read the Protective Order and agree to be bound by its restrictions. Defense

counsel will maintain a copy of said signed certifications, as well as a log of the specific materials provided to each person receiving said materials. Post-case disposition of the materials provided to persons engaged to assist in the defense shall be governed by the provisions set forth below in Paragraph 7.

3. Potential witnesses, and counsel for potential witnesses, may be shown copies of the materials, but copies may not be left with potential witnesses or their counsel, absent further order of the Court.

4. Under no circumstances shall the discovery be used for any purpose other than that provided for in this Protective Order absent an order from this Court.

5. Discovery Materials in Open Court: No party shall file discovery materials with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal. The procedures for use of discovery during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider measures such as redacting confidential documents to remove individual identifiers, request the court to submit such documents under seal, code the documents to substitute a numerical or other designation for the person's name or other identifying information, and/or request that any exhibit be placed under seal. No party shall disclose discovery materials in open court without prior consideration by the Court.

6. Filing of documents: The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs.

7. Post-Case Disposition: Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be destroyed or returned to the United States. Counsel for the defendant shall certify in writing that the materials have been returned or destroyed. If any discovery materials were used as defense exhibits, defense counsel shall identify these documents, which shall be maintained with government exhibits so long as those are required to be maintained.

8. Modification Permitted. Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper. No party shall seek modification of this Protective Order *ex parte*.

9. <u>No Ruling on Discoverability or Admissibility</u>. This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

IT IS SO ORDERED.

*/s/ Donetta W. Ambrose*
_____
Honorable Donetta W. Ambrose
United States District Judge

November 5, 2018
_____
Date