IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Criminal No. 18-292 |
| ) | |
| ROBERT BOWERS ) | |

## ORDER OF COURT

The Defendant has been charged in an Indictment (Doc. 1) with 44 counts, 32 of which carry the maximum penalty of death (Counts 1-24 and 27-34). At his Initial Appearance, the Defendant qualified for court appointed counsel, and is currently represented by the Federal Public Defender's Office. The Defendant now requests the appointment of additional counsel learned in the law of the death penalty.

Pursuant to 18 U.S.C. § 3005 a defendant charged with a capital crime who requests counsel is entitled to the assignment of two such counsel, at least one of whom shall be "learned in the law" applicable to capital cases.[1] In assigning counsel under this statute, the Court is to consider the recommendation of the Federal

---

[1] Although counsel for the Government has advised that a decision has not yet been made whether to seek the death penalty in this case, the statute requiring appointment of learned counsel upon a federal capital Defendant's request does not require, as a precondition, that the Government announce its intent to seek the death penalty. *United States v. Boone*, 245 F.3d 352, 358 (4th Cir.2001) (holding "§ 3005 provides an absolute statutory right to two attorneys in cases where death penalty may be imposed..."); *United States v. Ledbetter*, No. 14-127 2015 WL 3463558, at* 2 (S.D.Ohio June 1, 2015) (Noting Fourth Circuit standard under *Boone*), *but see also U.S. v. Shepperson*, 739 F.3d 176, 179 (4th Cir. 2014) (No affirmative duty to appoint a second attorney under § 3005 absent a request from the Defendant); *Boone,* 245 F.3d at 359, n. 7.

Public Defender. The required consultation has been undertaken in this case, and attorney Judy Clarke has been proposed as the additional learned counsel.

Ms. Clarke has extensive experience representing death penalty defendants, is the past president of the National Association of Criminal Defense Attorneys, and is a member of a national capital resource counsel project that assists the courts as appointed counsel in federal capital cases. She has represented defendants in a number of high profile capital cases, including Susan Smith in Union, South Carolina, Theodore Kaczynski, charged as the "Unabomber", Eric Robert Rudolph, charged with an abortion clinic bombing in Birmingham, Alabama, Jared Loughner, charged in the January 2011 shootings in Tucson, Arizona and Dzhokhar Tsarnaev, charged in the 2013 Boston Marathon bombing. The Court finds that Ms. Clarke is "learned in the law applicable to capital cases" and appoints her as additional counsel for the Defendant.

Accordingly, pursuant to 18 U.S.C. § 3005, and after consultation with the Federal Public Defender, **IT IS ORDERED** that Judy Clarke is appointed as additional counsel for the Defendant Robert Bowers.

AND NOW, to-wit, this __27th__ day of December, 2018, upon consideration of the within Supplemental Motion to Appoint Learned Counsel, it is hereby ORDERED, ADJUDGED AND DECREED that said motion be and the same hereby is, GRANTED;

IT IS FURTHER ORDERED that upon the recommendation of the Federal Public Defender, the court appoints Judy Clarke, Esq. to serve as the learned counsel for Robert Bowers.

_____
Donetta W. Ambrose
Senior United States District Judge