IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 18-292 |
| ROBERT BOWERS | |

**FILED**
JAN 2 9 2019
CLERK U.S. DISTRICT COURT
WEST DIST. OF PENNSYLVANIA

**SUPERSEDING INDICTMENT MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, Troy Rivetti and Soo C. Song, Assistant United States Attorneys for said district, Eric S. Dreiband, Assistant Attorney General, Civil Rights Division, and Julia Gegenheimer, Trial Attorney, Civil Rights Division, and submits this Superseding Indictment Memorandum to the Court:

## I. THE SUPERSEDING INDICTMENT

A Federal Grand Jury returned a sixty-three-count superseding indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1-11 | Obstruction of Free Exercise of Religious Beliefs Resulting in Death – October 27, 2018 | 18 U.S.C. §§ 247(a)(2) and 247(d)(1) |
| 12-22 | Hate Crime Act Resulting in Death – October 27, 2018 | 18 U.S.C. § 249(a)(1)(B)(i) |
| 23-33 | Use and Discharge of a Firearm to Commit Murder During and in Relation to a Crime of Violence and Possession of a Firearm in Furtherance of a Crime of Violence – October 27, 2018 | 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), and 924(j)(1) |
| 34-35 | Obstruction of Free Exercise of Religious Beliefs Involving an Attempt to Kill and Use of a Dangerous Weapon, and Resulting in Bodily Injury - October 27, 2018 | 18 U.S.C. §§ 247(a)(2), 247(d)(1), and 247(d)(3) |

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 36-37 | Hate Crime Act Involving an Attempt to Kill – October 27, 2018 | 18 U.S.C. § 249(a)(1)(B)(ii) |
| 38-39, 52-63 | Use and Discharge of a Firearm During and in Relation to a Crime of Violence and Possession of a Firearm in Furtherance of a Crime of Violence – October 27, 2018 | 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), and 924(c)(1)(A)(iii) |
| 40-47 | Obstruction of Free Exercise of Religious Beliefs Involving an Attempt to Kill and Use of a Dangerous Weapon, and Resulting in Bodily Injury to a Public Safety Officer – October 27, 2018 | 18 U.S.C. §§ 247(a)(2), 247(d)(1), and 247(d)(3) |
| 48-51 | Obstruction of Free Exercise of Religious Beliefs Involving Use of a Dangerous Weapon and Resulting in Bodily Injury to a Public Safety Officer – October 27, 2018 | 18 U.S.C. §§ 247(a)(2) and 247(d)(3) |

## II. ELEMENTS OF THE OFFENSES

**A.     As to Counts 1 through 11:**

In order for the crime of Obstruction of Free Exercise of Religious Beliefs Resulting in Death, in violation of 18 U.S.C. §§ 247(a)(2) and 247(d)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant obstructed the person identified in the count in the enjoyment of that person's free exercise of religious beliefs;

2. That the defendant used force to do so;

3. That the defendant acted intentionally;

4. That the offense was in or affected interstate commerce; and

5. That the defendant's acts resulted in the death of any person.

18 U.S.C. §§ 247(a)(2), 247(d)(1); Jury Instructions, Doc. 960,

*United States v. Dylann Roof*, Cr. No. 2:15-CR-00472-RMG (instructing on elements of 18 U.S.C. §§ 247(a)(2) and 247(d)(1) death-resulting violations).

**B.     As to Counts 12 through 22:**

In order for the crime of Hate Crime Act Resulting in Death, in violation of 18 U.S.C. § 249(a)(1)(B)(i), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.     That the defendant willfully caused bodily injury to the person identified in the count;

    2.     That the defendant acted because of the actual or perceived religion of the person; and

    3.     The person's death resulted from the offense.

> 18 U.S.C. § 249(a)(1)(B)(i); Jury Instructions, Doc. 960, *United States v. Dylann Roof*, Cr. No. 2:15-CR-00472-RMG (instructing on elements of 18 U.S.C. § 249(a)(1)(B)(i)).

**C.     As to Counts 23 through 33:**

In order for the crime of Use and Discharge of a Firearm to Commit Murder During and in Relation to a Crime of Violence and Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), and 924(j)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.     That the defendant committed the crime of Obstruction of Free Exercise of Religious Beliefs Resulting in Death and/or Hate Crime Act Resulting in Death as alleged in Counts 1 through 11, and Counts 12 through 22 of the Superseding Indictment;

    2.     That during and in relation to the commission of that crime, the defendant

knowingly used or carried a firearm;

    3.    That the firearm was brandished or discharged during the course of the offense;

    4.    That in the course of using, carrying, brandishing, or discharging a firearm during and in relation to the violation described above, the defendant caused the death of a person through the use of a firearm; and

    5.    The killing of the person was a murder as defined in Section 1111 of Title 18, United States Code.

> Third Circuit Model Criminal Jury Instructions 6.18.924B; L. Sand, et al., Modern Federal Jury Instructions, No. 35-78 at p. 35-143; United States v. Ceballos-Torres, 218 F.3d 409 (5th Cir. 2000), as amended, 226 F.3d 651 (2000), cert. denied, 121 S. Ct. 839 (2001).

**D.**    **As to Counts 34 and 35:**

In order for the crime of Obstruction of Free Exercise of Religious Beliefs Involving an Attempt to Kill and Use of a Dangerous Weapon, and Resulting in Bodily Injury, in violation of 18 U.S.C. §§ 247(a)(2), 247(d)(1), and 247(d)(3), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendant obstructed, or attempted to obstruct, the person identified in the count in the enjoyment of that person's free exercise of religious beliefs;

    2.    That the defendant used force or the threat of force to do so;

    3.    That the defendant acted intentionally;

    4.    That the offense was in or affected interstate commerce; and

    5.    That the defendant's acts included an attempt to kill any person, or the use, attempted use, or threatened use of a dangerous weapon, or resulted in bodily injury.

18 U.S.C. §§ 247(a)(2), 247(d)(1), 247(d)(3); Jury Instructions,

*United States v. Dylann Roof*, Cr. No. 2:15-CR-00472-RMG.

**E.     As to Counts 36 and 37:**

In order for the crime of Hate Crime Act Involving an Attempt to Kill, in violation of 18 U.S.C. § 249(a)(1)(B)(ii), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant willfully caused bodily injury to the person identified in the count;

2. That the defendant acted because of the actual or perceived religion of the person; and

3. That the offense included an attempt to kill the person.

18 U.S.C. § 247(a)(1)(B)(ii).

**F.     As to Counts 38 and 39, and 52 through 63:**

In order for the crime of Use and Discharge of a Firearm During and in Relation to a Crime of Violence and Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), and 924(c)(1)(A)(iii), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant committed the crime of Obstruction of Free Exercise of Religious Beliefs and/or Hate Crime Act Involving an Attempt to Kill as alleged in Counts 34 through 37, and Counts 40 through 51 of the Superseding Indictment;

2. That during and in relation to the commission of that crime, the defendant knowingly used and carried a firearm; and,

3. That the firearm was brandished or discharged during the course of the offense.

Third Circuit Model Criminal Jury Instructions 6.18.924B.

**G.     As to Counts 40 through 47:**

In order for the crime of Obstruction of Free Exercise of Religious Beliefs Involving An Attempt to Kill and Use of a Dangerous Weapon, and Resulting in Bodily Injury to a Public Safety Officer, in violation of 18 U.S.C. §§ 247(a)(2), 247(d)(1), and 247(d)(3), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That the defendant obstructed, or attempted to obstruct, the person identified in the count in the enjoyment of that person's free exercise of religious beliefs;

2.     That the defendant used force or the threat of force to do so;

3.     That the defendant acted intentionally;

4.     That the offense was in or affected interstate commerce; and

5.     That the defendant's acts resulted in bodily injury to a public safety officer performing duties as a direct or proximate result of the defendant's conduct as alleged in the count, or included an attempt to kill any person or the use, attempted use, or threatened use of a dangerous weapon, as alleged in the count of the Superseding Indictment.

18 U.S.C. §§ 247(a)(2), 247(d)(1), and 247(d)(3).

**H.     As to Counts 48 through 51:**

In order for the crime of Obstruction of Free Exercise of Religious Beliefs Involving Use of a Dangerous Weapon and Resulting in Bodily Injury to a Public Safety Officer, in violation of 18 U.S.C. §§ 247(a)(2) and 247(d)(3), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That the defendant obstructed, or attempted to obstruct, the person identified in the count in the enjoyment of that person's free exercise of religious beliefs;

2. That the defendant used force or the threat of force to do so;

3. That the defendant acted intentionally;

4. That the offense was in or affected interstate commerce; and

5. That the defendant's acts resulted in bodily injury to a public safety officer performing duties as a direct or proximate result of the defendant's conduct as alleged in the count, or included the use, attempted use, or threatened use of a dangerous weapon, as alleged in the count of the Superseding Indictment.

18 U.S.C. §§ 247(a)(2) and 247(d)(3).

### III. PENALTIES

**A.     As to Counts 1 through 11, Counts 34 and 35, and Counts 40 through 47: Obstruction of Free Exercise of Religious Beliefs Resulting in Death or Involving an Attempt to Kill (18 U.S.C. §§ 247(a)(2), 247(d)(1)):**

1. A sentence of death or a term of imprisonment for any term of years or for life (18 U.S.C. § 247(d)(1)).

2. A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of five (5) years (18 U.S.C. § 3583).

**B.     As to Counts 34 and 35, and Counts 40 through 51: Obstruction of Free Exercise of Religious Beliefs Resulting in Bodily Injury or Involving the Use of a Dangerous Weapon (18 U.S.C. §§ 247(a)(2), 247(d)(3)):**

1. A term of imprisonment of not more than 20 years (18 U.S.C. § 247(d)(3)).

2. A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of three (3) years (18 U.S.C. § 3583).

  **C.** **As to Counts 12 through 22, and 36 and 37: Hate Crime Act Resulting in Death and/or Involving an Attempt to Kill (18 U.S.C. §§ 249(a)(1)(B)(i), 249(a)(1)(B)(ii)):**

  1. A term of imprisonment of any term of years or for life (18 U.S.C. § 249(a)(1)(B)).

  2. A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

  3. A term of supervised release of three (3) years (18 U.S.C. § 3583).

  **D.** **As to Counts 23 through 33: Use and Discharge of a Firearm to Commit Murder During and in Relation to a Crime of Violence and Possession of a Firearm in Furtherance of a Crime of Violence (18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), and 924(j)(1)):**

  1. A sentence of death, or for a term of imprisonment of not less than ten (10) years and up to life imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed run concurrently with any other term of imprisonment, including that imposed for the crime of violence during which the firearm was used (18 U.S.C. §§ 924(c)(1)(A)(iii), 924(c)(1)(D), and 924(j)(1)).

  In case of a second or subsequent conviction, a sentence of death, or for a term of imprisonment of not less than 25 years and up to life imprisonment (18 U.S.C. § 924(c)(1)(C)(i)).

  2. A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

  3. A term of supervised release of five (5) years (18 U.S.C. § 3583).

E.  **As to Counts 38 and 39, and Counts 52 through 63: Use and Discharge of a Firearm During and in Relation to a Crime of Violence and Possession of a Firearm in Furtherance of a Crime of Violence (18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), and 924(c)(1)(A)(iii)):**

1. A term of imprisonment of not less than ten (10) years and up to life imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed run concurrently with any other term of imprisonment, including that imposed for the crime of violence during which the firearm was used. (18 U.S.C. §§ 924(c)(1)(A)(iii), 924(c)(1)(D)).

In case of a second or subsequent conviction, a term of imprisonment of not less than 25 years and up to life imprisonment. (18 U.S.C. § 924(c)(1)(C)(i)).

2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of five (5) years (18 U.S.C. § 3583).

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. **FORFEITURE**

As set forth in the Superseding Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

_/s/ Troy Rivetti_
TROY RIVETTI
Assistant U.S. Attorney
PA ID No. 56816

_/s/_
SOO C. SONG
Assistant U.S. Attorney
DC ID No. 457268

_/s/_
JULIA GEGENHEIMER
Trial Attorney
Civil Rights Division
NY ID No. 4949475