IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**MOTION FOR CORRECTIVE ACTION REGARDING FBI INTERFERENCE WITH DEFENSE ACCESS TO POTENTIAL WITNESSES**

Robert Bowers, through counsel, hereby moves this Court for corrective action in light of what appears to be the FBI's efforts to interfere with defense communication with potential witnesses.[1] Specifically, Mr. Bowers requests that this Court:

(i) enter a public order that any official suggestion that a potential witness refrain from contact with the defense is both improper and undermines the fundamental fairness of our system of justice, and direct the government and its agents to cease any such communication; and,

(ii) direct government counsel to immediately produce to the defense any and all 302s, emails, handwritten notes, or other communications created by anyone employed by, or working on behalf of, the FBI or other law enforcement agency regarding potential communications with the defense; and, if no such documents exist,

---

[1] Potential witnesses include those with factual observations, as well as those who might provide victim impact testimony. *See Payne v. Tennessee*, 501 U.S. 808 (1991). At this stage of the proceedings, the Department of Justice "protocol" requires consideration of the views of the victim's family on seeking the death penalty as well as other victim impact evidence.

1

direct counsel for the government to identify all potential witnesses, including potential victim impact witnesses, with whom the FBI or other agency has discussed the topic of communicating with the defense.

Upon receipt of the information, the defense will ask the Court to send a letter directly to any individual who has been discouraged from communicating with the defense informing the individual that FBI or other official agency advice against communicating with the defense is improper and undermines the fundamental fairness of our system of justice.

## MEMORANDUM IN SUPPORT

1.      Mr. Bowers has been charged in a 51-count indictment with various offenses arising out of the shootings at the Tree of Life Synagogue on October 27, 2018, during which eleven individuals were killed and others injured.  Thirty-two of these counts carry a potential sentence of death. (Docs. 44-45.)

2.      In the process of reaching out to potential witnesses in this case, counsel for Mr. Bowers have learned that the FBI has discouraged individuals from communicating with the defense.  Undersigned counsel are not aware of the exact language used by the FBI in discussing potential contact with the defense; however, counsel know of at least one potential witness who initiated contact with the defense but then suddenly ceased communication after being advised by the FBI against meeting with the defense.[2]

---

[2] The FBI may have included some *pro forma* acknowledgment of the witnesses' right to talk to the defense, while at the same time ensuring that no witness would actually exercise that right by conveying the misleading message that doing so could compromise the government's case.

Specifically, this individual initiated contact with a member of the defense team, exchanged multiple emails over the course of a few weeks with that defense team member to arrange and confirm a time and place to meet, but the day before the scheduled meeting abruptly cancelled, explaining that the FBI advised against the meeting.

3.  After learning of the cancellation, the defense confirmed that other potential witnesses have received the same general message from the FBI.

4.  Out of concern for the individuals involved and to protect from further potential interference by the FBI, undersigned counsel is filing, contemporaneous with this motion, leave to file an *ex parte* supplement to this motion providing specific information regarding the extent of the interference of which the defense is aware.

5.  It is well-established that witnesses belong neither to the defense nor to the prosecution and that both parties must have equal access to witnesses before trial. *See, e.g., Kines v. Butterworth*, 669 F.2d 6, 9 (1st Cir. 1981); *United States v. Medina*, 992 F.2d 573, 579 (6th Cir. 1993).  Prosecution interference with defense access to a witness during a criminal trial undermines the fundamental fairness of the proceeding and violates due process. *See, e.g., United States v. Bryant*, 655 F.3d 232, 238 (3d Cir. 2011).

6.  The relevant ABA standards admonish prosecutors to refrain from such interference: "The prosecutor should not discourage or obstruct communication between witnesses and the defense counsel . . . . The prosecutor should not advise any person, or cause any person to be advised, to decline to provide defense counsel with information

which such person has a right to give." ABA Criminal Justice Standards for the Prosecution Function, Standard 3-3.4(h).[3]

7. In this potential capital case, such interference also undermines the reliability of the proceeding and violates the Eighth Amendment. *See, e.g. Blackmon v. Johnson*, 145 F.3d 205, 209 (5th Cir. 1998) ("A state violates a capital defendant's right to due process when it uses evidence at the sentencing phase of the trial which the defendant does not have a meaningful opportunity to rebut."); *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976) ("Death, in its finality, differs more from life imprisonment than a 100-year prison term differs from one of only a year or two. Because of that qualitative difference, there is a corresponding difference in the need for reliability in the determination that death is the appropriate punishment in a specific case.")

8. To attempt to correct what appears to be improper interference by the FBI with potential witnesses, undersigned counsel request that the Court grant the relief requested above and issue the proposed attached orders.

Dated:  May 29, 2019

                                           Respectfully submitted,

                                           */s/ **Judy Clarke***
                                           Judy Clarke
                                           Clarke Johnston Thorp & Rice, PC

---

[3] Available at www.americanbar.org/groups/criminal_justice/standards/ ProsecutionFunctionFourthEdition-TableofContents.

5

          */s/* **Michael J. Novara**
          Michael J. Novara
          First Assistant Federal Public Defender

          ***/s/ Elisa A. Long***
          Elisa A. Long
          Assistant Federal Public Defender

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**ORDER**

The Court has considered the Motion for Corrective Action. Because any suggestion that a potential witness refrain from contact with the defense is both improper and undermines the fundamental fairness of our system of justice, the Court hereby ORDERS the government and its agents to cease any such communication.

_____     _____
Date                                                         Donetta W. Ambrose
                                                                    United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**ORDER**

The Court has considered the Motion for Corrective Action. It is hereby ORDERED that the government immediately produce to the defense any and all 302s, emails, handwritten notes or other communications created by anyone employed by, or working on behalf of, the FBI or other law enforcement agency regarding potential communications with the defense; and, if no such documents exist, counsel for the government is directed to identify all potential witnesses, including potential victim impact witnesses, with whom the FBI or other agency has discussed the topic of communicating with the defense.

_____        _____
Date                                                Donetta W. Ambrose
                                                    United States District Judge