IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**JOINT STIPULATION AND AGREEMENT**
**REGARDING ACCESS TO WITNESSES**

AND NOW, come the parties, by and through their undersigned representatives, and in an effort to reach a negotiated resolution of the pending Motion for Corrective Action Regarding FBI Interference with Defense Access to Potential Witnesses (Doc. No. 60), and further agreeing and requesting that the Court approve the following Stipulation and Agreement, set forth the following:

(1)   The defense and prosecution have equal rights of access to potential witnesses, including victim-impact witnesses. The right of access includes the right to communicate with a witness in private without the presence or consent of the other party.

(2)   Whether a potential witness, including a victim-impact witness, wishes to communicate with either party is entirely up to the witness.

(3)   A potential witness, including a victim-impact witness, may choose voluntarily to speak with either party or both parties. Similarly, a potential witness, including a victim-impact witness, may choose voluntarily not to speak with either party or both parties.

(4)   The prosecution, and its agents and representatives, will not advise or recommend to a potential witness, including a victim-impact witness, that he or she refrain from meeting or communicating with the defense.

(5) Similarly, the defense, and its agents and representatives, will not advise or recommend to a potential witness, including a victim-impact witness, that he or she refrain from meeting or communicating with the prosecution.

(6) In their introductory letter to congregational leaders in the victim community, attached as Exhibit 1, defense counsel appropriately identified Susan Casey and her role as the Defense-Victim Outreach specialist in this case.

(7) In her introductory letter to congregational leaders in the victim community, attached as Exhibit 2 (also docketed at Doc. 66-1), Susan Casey appropriately identified herself and her role as the Defense-Victim Outreach specialist in this case.

(8) The parties agree that the defense will file a Reply solely addressing Defense-Victim Outreach and the work of Susan Casey.

| | |
|---|---|
| COUNSEL FOR DEFENDANT<br>ROBERT BOWERS | SCOTT W. BRADY<br>United States Attorney |
| s/ Judy Clarke<br>JUDY CLARKE, Cal. Bar 76071<br>Clarke Johnston Thorp & Rice, PCs | s/ Troy Rivetti<br>TROY RIVETTI<br>Asst. U.S. Attorney, PA ID 56816 |
| s/Michael Novara<br>MICHAEL J. NOVARA<br>First Asst. Federal Public Defender, PA ID 66434 | s/Soo C. Song<br>SOO C. SONG<br>Asst. U.S. Attorney, DC ID 457268 |
| s/Elisa A. Long<br>ELISA A. LONG<br>Asst. Federal Public Defender, PA ID 79723 | s/Julia Gegenheimer<br>JULIA GEGENHEIMER<br>Trial Attorney, Civil Rights Division<br>NY ID No. 4949475 |

IT IS SO ORDERED, this ___ day of _____, 2019

_____
DONETTA W. AMBROSE
Senior United States District Judge