IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 18-292 |
| ROBERT BOWERS | |

**MOTION BY THE UNITED STATES FOR THE COURT TO
ISSUE A SCHEDULING ORDER AND SET A TRIAL DATE**

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, Troy Rivetti and Soo C. Song, Assistant United States Attorneys for said district, and Julia Gegenheimer, Special Litigation Counsel, Civil Rights Division, and hereby files the instant Motion requesting that the Court issue a Scheduling Order and set a trial date, and in support thereof asserts the following:

On August 26, 2019, the United States filed its Notice of Intent to Seek the Death Penalty (Doc. No. 86).

On September 4, 2019, the Court held a telephonic conference with the parties to discuss the status of the case and the schedule for pretrial motions.  During that conference, the United States stressed the necessity that the Court establish and, if at all possible, that the parties agree to a Scheduling Order to address the numerous unique issues attendant to a capital prosecution.  The United States further asserted that the victims of this crime, as well as the general public, are entitled to a resolution of these charges in a timely manner, and urged the Court to schedule the trial of this case within the next 10 to 12 months – which would be nearly two years after the date of the offense, October 27, 2018.

During the September 4, 2019, telephonic conference, the parties agreed to meet in an

attempt to resolve any outstanding discovery issues and to discuss the possibility of agreeing to various deadlines in a proposed joint Scheduling Order.  Thereafter, the parties arranged to meet and confer on September 17, 2019.  Prior to the meeting, defense counsel sent the United States a letter that delineated 13 discovery issues to discuss.  The United States, in turn, sent defense counsel a draft Scheduling Order (a copy of which is attached hereto as Exhibit A) with a proposed trial date of September 14, 2020.

At the September 17, 2019, meeting, the parties discussed the 13 discovery issues raised by defense counsel, and the United States thereafter provided a written response addressing each issue.  The United States explained that much of the information had already been provided to defense counsel and/or that the United States would provide most of the requested additional materials and information in the format requested by defense counsel.[1]  The United States further agreed to provide indexes of the physical evidence that will be made available for defense counsel's review at the FBI's laboratory at Quantico, Virginia, and at the FBI's headquarters in Pittsburgh.  Those evidence reviews will be scheduled on mutually agreeable dates within the next few weeks.

Unfortunately, defense counsel asserted at the September 17, 2019, meeting that, at this time, they were opposed to crafting a detailed, joint Scheduling Order, and were unwilling to agree to any of the dates in the draft Scheduling Order, including any projected trial date.  Given defense counsel's stated position, the United States has no option other than to seek Court intervention.

The Crime Victims' Rights Act grants victims "[t]he right to proceedings free from unreasonable delay."  18 U.S.C. § 3771(a)(7).  The instant case has been pending for almost one

---

[1]  The United States notes that, to date, the government has provided fifteen (15) installments of discovery to the defendant, much of which exceeds the United States' discovery obligations as delineated in Fed. R. Crim. P. 16.

year and, during that time, the United States has made ongoing and extensive disclosures of evidence and information.  The United States remains resolute in meeting and exceeding its discovery obligations in this case.

During the September 4, 2019, telephonic conference, counsel for the United States explained that in analogous capital prosecutions, the courts have entered scheduling orders soon after the government's filing of the Notice of Intent to Seek the Death Penalty.  A scheduling order is necessary to assure the orderly and just resolution of multiple issues that are unique to capital prosecutions, while at the same time ensuring that the defendant, the public, and crime victims receive a timely resolution of the pending charges.

For example, in United States v. Dylann Storm Roof, Crim. No. 2:15-472 (D. S.C.), a hate crime capital prosecution stemming from the defendant's murder of nine African-American parishioners engaged in religious activities at the Mother Emmanuel Church in Charleston, South Carolina, the United States filed the Notice of Intent to Seek the Death Penalty on May 24, 2016, and the court entered Scheduling Orders on June 7 and June 9, 2016.  See Docket at 179 and 180. In Roof, the crime occurred on June 17, 2015; the Notice of Intent was filed on May 24, 2016; and Jury Selection began on November 28, 2016.  Accordingly, the case was brought to trial within 17 months.

Similarly, in United States v. Dzhokhar Tsarnaev, Crim. No. 1:13-10200 (D. Mass), a capital prosecution stemming from the defendant and his brother detonating two bombs at the Boston Marathon (killing three spectators and injuring hundreds more) and the subsequent killing of a police officer, the United States filed the Notice of Intent to Seek the Death Penalty on January 30, 2014, and the court entered a Scheduling Order on February 12, 2014.  See Docket at 172. That crime occurred on April 15, 2013; the Notice of Intent was filed on January 30, 2014; and

jury selection began on January 5, 2015.  Accordingly, the case was brought to trial within 21 months.

Here, the crime occurred on October 27, 2018, and this case has been pending for almost one year.  It is essential for the Court to enter a Scheduling Order so that this case can be brought to trial within the next 10 to 12 months.  The public and the victims are entitled to trial without unreasonable delay.

A proposed Order is attached.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

s/Troy Rivetti
TROY RIVETTI
Assistant U.S. Attorney
PA ID No. 56816

s/Soo C. Song
SOO C. SONG
Assistant U.S. Attorney
DC ID No. 457268

s/Julia Gegenheimer
JULIA GEGENHEIMER
Special Litigation Counsel
Civil Rights Division
NY ID No. 4949475

4

<u>**PROPOSED SCHEDULING ORDER**</u>

**<u>Jury Selection and Trial</u>**

The Court will begin jury selection, with trial to follow, on **<u>September 14, 2020</u>**.

**<u>Pretrial and Dispositive Motions</u>**

**December 13, 2019**

Defendant shall file any Pretrial and Dispositive Motions.  Dispositive motions include any motions to dismiss the Superseding Indictment, motions for a bill of particulars, challenge to the grand jury and venire, motions challenging the institution of the prosecution, motions alleging selective prosecution, and/or motions to suppress.

**January 24, 2020**

Government Response to motions.

**<u>Challenges to the Death Penalty or Notice of Intent</u>**

**November 18, 2019**

Defendant shall file any motions that make legal or factual challenges to the death penalty, the Notice of Intent, or the validity of the alleged aggravating factors.

**December 16, 2019**

Government Response to challenges.

**<u>Challenges to Venue</u>**

**March 2, 2020**

Defendant shall file any motion addressing venue.

**March 23, 2020**

Government Response to motion.

**<u>Defendant's Discovery</u>**

**March 2, 2020**

Defendant shall comply with all discovery and inspection obligations required by Rule 16(b) of the Federal Rules of Criminal Procedure.

**<u>Atkins v. Virginia</u>**

**November 18, 2019**

Defendant shall raise any claims under <u>Atkins v. Virginia</u>, 563 U.S. 304 (2002).

Any additional deadlines or hearing necessary to this issue will be promptly scheduled by the Court.

1

**<u>Notice of Intent to Present Insanity Defense or Mental Health Evidence at the Guilt Phase</u>**

**December 13, 2019**              Deadline for Defendant to provide notice of his
intention to present an insanity defense under Fed. R.
Crim. P. 12.2(a) or notice to present expert evidence
relating to a mental disease or defect or any other
mental condition of Defendant bearing on the issue
of guilt under Rule 12.2(b)(1).  The notice shall
include the identity of any expert, CV and summaries
required by Fed. R. Crim. P. 16(b)(1)(C), including a
written report and any underlying data.

Any additional deadlines or hearing necessary to this
issue will be promptly scheduled by the Court.

**<u>Rule 12.2 Procedures</u>**

**December 20, 2019**              Government to file proposal re: Rule 12.2 procedures

**January 17, 2020**               Defendant to file any response to the Government's
Proposal.

**January 31, 2020**               Government may file a reply to Defendant's
response.

**March 2, 2020**                  Deadline for Defendant to file notice of intent to
offer penalty phase mental health evidence required
under Fed. R. Crim. P. 12.2(b)(2).  Said notice shall
include the name of any expert(s), their CVs, and
what tests were performed.

Any necessary additional deadlines concerning penalty phase mental health evidence will
be promptly scheduled by the Court in conjunction with, or after, the Court rules on the
parties Rule 12.2(b)(2) proposals.

**Within 24 hours of verdict**      Defendant will reassert his mental-health expert
notice.

**Guilt Phase Experts; and Non-Mental Health Experts for Sentencing Phase**

| | |
|---|---|
| **April 6, 2020** | Deadline for the parties to make disclosure of guilt phase experts and/or non-mental health experts for sentencing phrase, including the experts' identities, CV's and summaries required by Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Crim. P. 16(b)(1)(C). The parties are further directed to provide written reports authored by each disclosed expert and their underlying data on or before this date. |
| **May 4, 2020** | Deadline for filing any challenge to the testimony of the experts pursuant to <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), or on any other basis. |
| **June 1, 2020** | Responses to any challenges to the testimony of the experts.<br><br>Any hearing necessary regarding experts shall be scheduled by the Court. |

**404(b) Notice**

| | |
|---|---|
| **July 13, 2020** | Deadline for Government to file Rule 404(b) notice. |

**Motions in Limine**

| | |
|---|---|
| **May 13, 2020** | Deadline for parties to file any motions in limine regarding the guilt phase. |
| **June 17, 2020** | Deadline to file any response(s) to motions in limine. |

Deadlines regarding motions in limine as to the penalty phase shall be decided by the Court pursuant to briefings to be filed by the parties.

**Notice of Mitigating Factors**

| | |
|---|---|
| **June 17, 2020** | Deadline for Defendant to provide its Notice of Mitigating Factors. |
| **July 15, 2020** | Deadline for Government to file any motion challenging the proposed mitigating factors. |

## Guilt and Sentencing Phase Witness and Exhibit Lists

**August 7, 2020**             Parties shall submit witness and exhibit lists for the guilt and sentencing phases, with the understanding that they may be subject to change as the parties continue to prepare for trial and respond to arguments made to the jury by opposing counsel.

## *Giglio* and Jencks Deadline

**August 7, 2020**             Government shall provide all disclosures required pursuant to Giglio and Jencks, with the understanding that if additional Jencks statements are developed thereafter, they will be made available, to the extent practicable, one day prior to the witness testifying on direct examination.

**September 14, 2020**             Defendant shall disclose all defense witness materials for the guilt phase.   Defendant shall disclose all defense witness materials for the sentencing phase prior to the commencement of the penalty phase.

## Jury Selection Procedures

**April 15, 2020**             Parties shall confer and submit to the Court on or before this date a joint proposal for all stipulated questions and proposals for a case-specific juror questionnaire.  The parties shall also submit, on that same date, any questions and proposals for a case-specific juror questionnaire to which the opposing party has not agreed.  The parties shall also submit any stipulated and non-stipulated proposed *voir dire* procedures.    Any hearing necessary to resolve disputes among the parties as to jury selection procedures and the case-specific questionnaire will be promptly scheduled by the Court.

**May 13, 2020**             The parties shall confer and submit to the Court on or before May 13, 2020, a joint proposal for all stipulated jury instructions and verdict forms for both guilt and penalty phase.   The parties shall also submit, on that same date, any instructions to which the opposing party has not agreed.  Objections to an opposing party's jury instructions or *voir dire* procedures must be written, specific, cite authority

where possible, and include any alternate instructions counsel deems appropriate.

**August 10, 2020**          Potential jurors to come to courthouse to complete case-specific questionnaires.

**August 31, 2020**          Parties to file lists of stipulated and non-stipulated strikes for cause.

**September 14, 2020**       Individual voir dire will commence and will continue until enough potential jurors are qualified to seat a jury of 12 members and 6 alternates after peremptory strikes.

## Penalty Phase Timing

**Start of Penalty Phase**   The penalty phase, if one is necessary, will commence approximately 1 week after the guilty verdict.



5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                                                   Criminal No. 18-292

ROBERT BOWERS

O R D E R


        AND  NOW,  to  wit,  this  _____  day  of  _____,  2019,  upon

consideration of the within Motion by the United States for the Court to Issue a Scheduling Order

and Set a Trial Date, it is hereby ORDERED that said Motion is GRANTED.


        IT IS FURTHER ORDERED _____

_____.



                                        _____
                                        HONORABLE DONETTA W. AMBROSE
                                        SENIOR UNITED STATES DISTRICT JUDGE


cc:  All Counsel of Record