1

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA

      UNITED STATES OF AMERICA,

         vs.
                                       Criminal No. 18-292
      ROBERT BOWERS,
                    Defendant.

                             - - -

      Transcript of proceedings on May 23, 2019 United States
      District Court, Pittsburgh, Pennsylvania, before Judge
      Donetta W. Ambrose.


   APPEARANCES:

      For the Government:    U.S. Attorney's Office
                             Soo Song, Esquire
                             Troy Rivetti, Esquire
                             U.S. Courthouse
                             700 Grant Street
                             Pittsburgh, Pennsylvania 15219

                             U.S. Attorney's Office
                             Julia Gegenheimer, Esquire
                             601 D Street NW
                             Washington, DC 20004

      For the Defendant:     Clarke Johnston Thorp & Rice, PC
                             Judy Clarke, Esquire
                             1010 Second Avenue
                             Suite 1800
                             San Diego, California 92101

                             Federal Public Defender's Office
                             Elisa A. Long, Esquire
                             Michael J. Novara, Esquire
                             1001 Liberty Avenue
                             1500 Liberty Center
                             Pittsburgh, PA 15219

      Court Reporter:        Barbara Metz Leo, RMR, CRR
                             700 Grant Street
                             Suite 6260
                             Pittsburgh, Pennsylvania 15219
        Proceedings recorded by mechanical stenography;
   transcript produced by computer-aided transcription.
```

1     P R O C E E D I N G S
2                10:12 a.m.
3          (Defendant not present.)
4          THE COURT:  Good morning, everybody.  We are here in
5  the case of the United States of America against Robert Bowers
6  at number 18-292 and we are here for a status conference.  Who
7  wants to speak first?  Ms. Clarke?
8          MS. CLARKE:  Sure, Your Honor.
9          THE COURT:  I just want to confirm before you begin,
10 Mr. Novara sent a message that Mr. Bowers had waived his
11 appearance today.
12         MS. CLARKE:  That's correct.
13         THE COURT:  So he has agreed not to be here for the
14 administrative things that we're going to talk about today.
15         MS. CLARKE:  Correct.  That is correct, and for the
16 record, Judy Clarke, Elisa Long and Michael Novara for
17 Mr. Bowers.
18         THE COURT:  Thank you.
19         MS. CLARKE:  So I'm not sure exactly how much
20 information the court wants to have regarding the status of
21 proceedings.
22         I can tell you that we did submit, as requested by
23 the Department of Justice and as noted in the pleading that
24 the government filed, our mitigation submission on the 15th of
25 April.  We did meet with members of the U.S. Attorney's Office

1   on the 9th of May.

2           As the court knows, we have been focusing our time
3   and efforts on the authorization decision, not litigation of
4   the case.  During that meeting, we reiterated our goal of
5   settling this case by way of guilty pleas to life in prison.
6   That issue is pending with the United States and the
7   Department of Justice.

8           Discovery is ongoing.  We have been advised that
9   there will be more discovery coming in the coming days.  I'm
10  not sure what that is, but it will be another production.  We
11  do have some potential issues with discovery that we haven't
12  raised with the court because of the status of the case right
13  now, and we have some other issues that are percolating that
14  we may, at some point in the near future, raise with the
15  court, so that's the status from our vantage point.

16          THE COURT:  Thank you.  Who's going to speak for the
17  government?  Mr. Rivetti, is that you?

18          MR. RIVETTI:  Your Honor, I'll begin, and Ms. Song
19  will address some of the discovery issues.  First of all, we
20  are proceeding internally within the Department of Justice
21  regarding the capital review process.  That's an internal
22  confidential process, so we won't be getting into that in
23  court here today.

24          THE COURT:  I did not expect that.

25          MR. RIVETTI:  As well as Rule 11, we are not going to

1     get into plea negotiation type issues today.
2            THE COURT:  Nothing to do with me.
3            MR. RIVETTI:  Absolutely.  The parties are continuing
4     to communicate on all of these issues, including discovery
5     issues, and Ms. Song can give the court a little more
6     information on discovery.
7            THE COURT:  Thank you.
8            MS. SONG:  Yes, Your Honor.  We produced a
9     significant amount of discovery and a significant amount of
10    material at the defense team's request that is actually
11    outside of Rule 16.  That is proceeding.
12           There are certain types of analyses and other
13    evidence that will be produced, and we are in active
14    discussions with the defense team regarding that.
15           As I said, to date, we have produced a significant
16    amount of material, to include electronic evidence, and we
17    anticipate that we'll continue to provide discovery and other
18    materials that the defense requests.
19           THE COURT:  Ms. Clarke said you have a significant
20    soon to come amount of discovery.
21           MS. SONG:  I think what she said is that there was
22    additional discovery coming.  I wouldn't want to characterize
23    the quantum versus the rest of it.  To this point, we have
24    been discussing issues, and I'm sure if there comes a time
25    when there are issues for the court, defense counsel or we

1 will raise them for your attention.

2 THE COURT: And we are all thinking that the August
3 15 date is still good for the pretrial motions or not?

4 MS. CLARKE: No, we are not. In fact, the parties
5 were talking about whether or when we should set another
6 status conference. Probably before that date to continue that
7 Rule 12 motions date again. I don't know whether the court
8 just wants to do that now.

9 THE COURT: Sure. I don't have a calendar.

10 THE CLERK: I do, judge.

11 MS. CLARKE: I think the parties are in agreement
12 that what's called the pretrial motions and Rule 12 motions
13 would be put off after whatever decision is made, you know.
14 If there's no need for further litigation, then that's great.
15 If there is, then we would certainly need time.

16 THE COURT: Sure, but I don't think anybody can
17 really predict when that's going to happen.

18 MS. CLARKE: Correct. Certainly not this side of the
19 courtroom.

20 THE COURT: Right. Let me look. So sometime before
21 August 15. August 12 is a Monday. I could do it then. I
22 could also do it August 14.

23 MS. CLARKE: I think we were just collaborating. I
24 think those dates are bad. Maybe the last week of July would
25 be safest, if that works for the government.

1             MS. SONG:  Not necessarily.  The week of the 12th is
2  not good for you all.  Alternatively we can confer and propose
3  to the court.
4             MS. CLARKE:  Sure.
5             THE COURT:  Let me ask you this:  Is there some day
6  in the week -- are you saying the week of July 29 is not good
7  for the government?
8             MR. RIVETTI:  That's not good for the government,
9  Your Honor.
10            THE COURT:  And the week after that is not good for
11 you or it is?
12            MS. CLARKE:  For somebody at this table.  The 1st or
13 2nd of August seems to work.
14            MR. RIVETTI:  That week is bad for us, Your Honor.
15            THE COURT:  How about the next week?  How about the
16 week of the 5th of August?
17            MS. LONG:  That doesn't work.
18            MR. NOVARA:  How about the 22nd of July?
19            THE COURT:  Is that too soon?
20            MS. CLARKE:  I don't know if we're going to know a
21 whole lot more by then.
22            MR. NOVARA:  We can always move to continue it.
23            THE COURT:  What did you say, Mr. Novara?
24            MR. NOVARA:  The week of the 22nd.
25            THE COURT:  I think someone already said that was not

1       good.
2               MR. RIVETTI:  July 22nd week works for the
3       government.
4               MS. CLARKE:  It doesn't work for me.  I mean, I could
5       do the Friday of that week, the 26.
6               THE COURT:  No, I can't do that.  So we are not good
7       at all the week of July 29 and we are not good at all the week
8       of August 5; is that right?
9               MR. RIVETTI:  That's correct, Your Honor.
10              THE COURT:  August 12 is no good either, right?  Let
11      me say this:  Perhaps if you don't feel that you are going to
12      know a whole lot by then, let's just assume that, and if
13      something comes up, we can always change it, we can do a phone
14      conference.  Probably anybody can do that in any of those
15      weeks, or is that out of the question too in the weeks that
16      were not good?
17              MS. SONG:  That would be fine.
18              MS. CLARKE:  Michael is potentially out of the
19      country.
20              MR. NOVARA:  Just the week of the 12th or the 19th,
21      it's not clear yet, of August.
22              THE COURT:  The 19th would be beyond the 15th so we
23      wouldn't do that anyway.  What about August 5?  Is there
24      anybody who couldn't do a phone conference on August 5?
25              MS. CLARKE:  That would work.

1        MR. RIVETTI:  That works for us, Your Honor.

2        THE COURT:  How about that then?  How about 10:15
3   again?  We'll do a phone conference, and if there's going to
4   be an extension, then it can be filed by someone over here
5   before the 15th.

6        MR. NOVARA:  Sure.

7        THE COURT:  Because I'm thinking -- well, I'm
8   thinking you are probably right that we're not going to know a
9   whole lot more, but if there are issues, discovery issues, you
10  know where I am, just bring them to me, and I'm sure, if there
11  are going to be pretrial motions, there will be plenty, but if
12  there aren't, there won't be.

13       Is there anything further from the government?

14       MR. RIVETTI:  No, Your Honor.

15       THE COURT:  Ms. Clarke?

16       MS. CLARKE:  No.  Thank you, Your Honor.

17       THE COURT:  Thank you all very much.  We'll talk on
18  August 5.  I'm just handing a letter from Frederick Banks that
19  I received that he requested that I give to both the
20  government and the defense and I'm doing it just because I
21  want everything to be completely open.  Okay.  Thank you all.

22       (At 10:22 a.m., the proceedings were adjourned.)

9

C E R T I F I C A T E

       I, BARBARA METZ LEO, RMR, CRR, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled case.


_\s\ Barbara Metz Leo__                   09/26/2019
BARBARA METZ LEO, RMR, CRR                Date of Certification
Official Court Reporter