```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,

        Plaintiff,
                                     Criminal Action
     vs.
                                     No. 18-292
ROBERT BOWERS,

        Defendant.
_____

     Transcript of TELEPHONIC STATUS CONFERENCE recorded on
Wednesday, September 4, 2019, in the United States District
Court, 700 Grant Street, Pittsburgh, Pennsylvania, before
The Hon. Donetta W. Ambrose, United States District Judge

APPEARANCES:

For the Government:       Soo C. Song, Esq.
                          Troy Rivetti, Esq.
                          United States Attorney's Office
                          700 Grant Street, Ste. 4000
                          Pittsburgh, PA  15219

                          Julie Gegenheimer, Esq.
                          601 D St. NW
                          Washington, DC  20004

For the Defendant:        Elisa A. Long, Esq.
                          Michael J. Novara, Esq.
                          Federal Public Defender's Office
                          1500 Liberty Center
                          1001 Liberty Avenue
                          Pittsburgh, PA  15222-3714

                          Judy Clarke, Esq.
                          Clarke, Johnston, Thorp & Rice, PC
                          1010 Second Avenue, Ste. 1800
                          San Diego, CA

Court Reporter:           Deborah Rowe, RMR, CRR
                          700 Grant Street, Ste. 5300
                          Pittsburgh, PA  15219
                          (412) 471-2510
```

1                        P R O C E E D I N G S
2                                - - -
3              (2:00 p.m., teleconference proceedings as follows:)
4              THE COURT:  Good afternoon.
5              MR. RIVETTI:  Good afternoon, Your Honor.
6              MR. NOVARA:  Good afternoon, Your Honor.
7              THE COURT:  I called the conference because I was a
8    little concerned about the schedule that we're currently on.
9    You know, there were times in the past when Miss Clarke
10   indicated that she was holding back on real extensive
11   discovery for good reasons.  And I just don't know if there's
12   something since the notice came from the Attorney General
13   that you thought -- I'm not saying we shouldn't have a
14   conference in December or any other time, but I just want to
15   know if you think there's a more realistic deadline for
16   filing motions?
17             MS. CLARKE:  Judge, this is Judy Clarke.  We're
18   about to put the finishing touches on a discovery letter to
19   the Government so we can do the final meet and confer before
20   motions needed to be filed.  And I'm hoping we can get that
21   over to them tomorrow, if not, Thursday -- today's Wednesday.
22   Thursday, if not Friday at the latest, which will at least
23   consummate the meet and confer to discuss what's really at
24   issue, and then we can file our discovery motions soon
25   thereafter.

1           THE COURT:  Okay.
2           MS. CLARKE:  We think that probably keeping the
3  motion deadline that we had, the pretrial motion deadline
4  that you have in December is the best course, and let us do
5  this discovery with discussion our status conference in a
6  couple weeks if the Court wants.  We believe we could
7  probably file --
8           THE COURT:  That's okay.  You can file your motions
9  by whatever -- I forget the date in December now.
10          MS. CLARKE:  We have a date in December for
11 pretrial motions.  What we would like to do is address some
12 discovery issues and get those settled so that we can have a
13 more predictable pretrial motions schedule.
14          THE COURT:  All right.  So let me ask -- I don't
15 know who's going to speak for the Government.
16          MS. SONG:  It depends on the topic.
17          THE COURT:  Well, I was just going to say --
18          MS. SONG:  Your Honor, that depends on the topic.
19 I mean we view Rule 16 as substantially complete.  We have
20 exceeded Rule 16 substantially and acceded to a lot of the
21 defense requests.  We're of course willing to meet with them.
22 We look forward to receiving their letter of what they
23 believe is outstanding.
24          THE COURT:  So do you think it would be helpful
25 then to have a conference sooner than December, either side?

1          MR. RIVETTI:  Yes, Your Honor.  This is Troy
2     Rivetti.  We do think now that the notice of intent has been
3     filed and it's clear that this will be a capital prosecution,
4     that it's important to come up with a scheduling order, not
5     just addressing discovery, but all the other matters that are
6     attendant to a capital prosecution.
7          And I think in order to put together a scheduling
8     order, it's also important for the Court and the parties to
9     have a trial timeframe that is understood.  We believe that
10    since the notice of intent has been filed, the public and the
11    victims are entitled to a resolution of these charges in a
12    timely manner.
13         Obviously, we have to respect the needs of the
14    Defendant and defense counsel to prepare an adequate defense,
15    but we believe strongly that there needs to be a trial in
16    this matter within the next ten to twelve months.
17         THE COURT:  Oh, I would think that sounds doable to
18    me.  I don't know.  I'm open to hearing anything that either
19    side has to say.
20         So all right.  If you have this -- you think you're
21    going to have this status conference between defense counsel
22    and Government's counsel in the next month.  Is that what
23    you're saying?
24         MS. SONG:  I think we are supposed to meet in the
25    next week.

1         THE COURT:  In the next week.  Well, do you want to
2    set up a conference sometime in October?  What do you think,
3    Miss Clarke?
4         MS. CLARKE:  So I don't know whether the Government
5    will -- maybe they'll indicate next week whether it's going
6    to decline all of our discovery requests when we meet.  I
7    have suggested to the Government's counsel -- I plan on being
8    back in Pittsburgh the week of the 17th, and we can try to
9    meet that week.
10        THE COURT:  With the Government?
11        MS. CLARKE:  With the Government for the discovery.
12   And then it seems to me, Judge, depending on whether the
13   Government is going to actually meet our discovery requests,
14   that that can affect when we could file discovery motions.
15        I guess I can highlight for the Court one area that
16   is substantially incomplete, and that is we are not scheduled
17   to see the physical evidence that is the currently -- at
18   least at the last notice was in Quantico because the forensic
19   analyses were not done.  So that's a rather key piece of
20   discovery we need.  Until then, we are not in a position to
21   either decide whether we're going to hire experts or try to
22   meet that evidence.
23        So I mean that's a big chunk of Rule 16 that's not
24   been completed.  So I mean we really feel like if the Court
25   will allow us this fall to resolve discovery issues and see

1  the physical evidence, we'll be in a much better position to
2  talk to the Court about the series of pretrial motions that
3  will need to be filed.  But if we jump that and set a
4  scheduling order and we don't meet the discovery needs,
5  that's just going to abort the scheduling order and make
6  things that much more complicated.
7       I also would like to put in the Court's head that I
8  don't see this case going to trial in the next ten to twelve
9  months, or at least effectively from our end.
10      THE COURT:  Well, I mean I see both sides,
11 absolutely.  Who wanted to talk now?  Mr. Rivetti?
12      MR. RIVETTI:  Yes.  This is Mr. Rivetti.  Your
13 Honor, I do -- the United States, we are committed to trying
14 to work with defense counsel to resolve any discovery issues.
15 And we have already discussed with defense counsel whether
16 they want to go down to Quantico to review the evidence or
17 wait until it's shipped here.  So it's not like we've
18 prevented them from seeing the evidence.  It was just that
19 wasn't arranged yet.
20      In terms of a scheduling order for a capital
21 prosecution, there are numerous issues that have to be
22 addressed separate and apart from discovery.  There are many
23 motions that are filed in these types of cases that are not
24 dependent upon discovery, challenges to the death penalty,
25 challenges to the notice of intent that's been filed,

1  challenges to the indictment as filed.  Those do not need to
2  await completion of discovery.
3          MS. CLARKE:  Well, actually they do, because there
4  are other issues in all these challenges.  So getting ahead
5  of ourselves and making a schedule for filing more
6  substantive motions I think is unwise.  We simply may have to
7  abort the schedule and reschedule, and that's much more
8  complicated than --
9          THE COURT:  What do you think -- oh, go ahead.  I
10 was just wondering what you think about the physical evidence
11 in light of what Mr. Rivetti said about whether or not you
12 want to go to Quantico or --
13         MS. CLARKE:  Well, we've said we're happy to go to
14 Quantico.  We're happy to see it in Pittsburgh.  But to us,
15 the hold-off was the Government's -- they hadn't finished
16 their forensic analyses.  And we agreed with them that it's
17 wise to see the physical evidence after we've gotten those
18 reports so that we know the import of what we're looking at.
19         THE COURT:  So when do you think you're going to
20 have those reports to the defense, Mr. Rivetti?
21         MR. RIVETTI:  Your Honor, we have been in contact
22 with the laboratory.  We do anticipate receiving them
23 shortly.  We thought we would have them by now.  Obviously
24 there are a lot of tests that are being performed, but we do
25 anticipate receiving them shortly.

1         MS. SONG:  Your Honor, in terms of how the
2    sequencing could go, we think it would be a mistake to wait
3    for discovery to resolve 100 percent before we proceed with
4    trying to forecast out other aspects of the schedule and
5    eventual trial date.
6         In analogous cases, very soon after the notice of
7    intent is filed, the parties try to meet and confer and agree
8    upon dates; and if we can't agree upon dates for various
9    deadlines, to include a proposed trial date, then we would
10   put it to the Court.
11        THE COURT:  Sure.
12        MS. SONG:  Our hope was to meet with defense
13   counsel this week and see if we can reach some common ground
14   on some of these dates, notwithstanding the fact that
15   Miss Clarke is saying she doesn't foresee trial in the
16   timeframe we would urge, but we're willing to talk about it.
17        THE COURT:  Look.  Miss Clarke, you said you're
18   coming in not next week, but the week after?
19        MS. CLARKE:  Right.
20        THE COURT:  Well, why can't you meet and confer
21   then?  Why don't you try to come up with a proposed order or
22   give me versions; Government version/defense version.  Figure
23   out -- talk about these discovery issues.
24        It sounds like the physical evidence, Mr. Rivetti
25   says he's going to have the reports in a day or two or a few

1    days, and get down to Virginia and look at the evidence, and
2    maybe we can have a conference again sometime in the end of
3    October.  Does that sound reasonable?
4                MR. RIVETTI:  I do think we should meet in October,
5    Your Honor, and I don't want to -- I have not been told I'll
6    have the reports in a day or two.  I have been told shortly.
7                THE COURT:  Oh, okay.  I thought you said a few
8    days.  Maybe I missed that.  I'll have to look at the
9    transcript.  Everything is being recorded.  There's nothing
10   that is not on record.
11               Okay.  So all right.  So do you think it might be
12   good to have a conference near the end of October?  Would
13   that give you all enough time to hopefully get the reports,
14   get a look at the physical evidence, meet together, come up
15   with either a joint or separate proposed scheduling orders?
16   And what do you think about that?
17               MS. SONG:  Yes.  We think a conference would be a
18   good idea.
19               MS. CLARKE:  The question of whether we can see the
20   physical evidence by the end of October depends on whether
21   the Government can produce the forensic reports.  Maybe we
22   can see how it works and at least report back on status.
23               THE COURT:  Well, it's the beginning of September,
24   and Mr. Rivetti is either saying shortly or within a few
25   days.  So it seems to me that that gives you more than a

1  month to look at that.

2  　　　　　I know -- you know, I know you're all very busy.  I
3  understand that.  But I mean I still think that should be
4  probably -- if there's a problem, if the reports aren't
5  forthcoming, and if you don't get them, then of course I'm
6  very understanding about that.  If you don't get them, I
7  think you should see them before you look at the physical
8  evidence.

9  　　　　　So why don't we pick a date near the end of
10 October; and if something happens, you both know all you have
11 to do is call each other and call me.  Okay?

12 　　　　　MR. NOVARA:  Sounds good.

13 　　　　　THE COURT:  I mean do you want to do this sometime
14 when you will be here, Miss Clarke, or would you rather do it
15 by phone in October?

16 　　　　　MS. CLARKE:  I'm happy to be there or do it by
17 phone, either one.  I'll be back and forth.  It's just the
18 notice came when we weren't expecting it.

19 　　　　　THE COURT:  Yes.

20 　　　　　MS. CLARKE:  So it changed schedules as a result.
21 So I can be there or do it by phone.

22 　　　　　THE COURT:  Well, I mean I'm looking at the
23 calendar here for a second at the end of October.  I'm in
24 trial I think -- I mean I could have a conference with you
25 on -- let me look again.

1           MS. CLARKE:  I'm sorry.  Last week of October, the
2    29th, 30th?
3           THE COURT:  Yes.  Is that a good week for you?
4           MS. CLARKE:  Yes.
5           THE COURT:  Well, I won't be here on the 30th.
6    I'll be at multi-district litigation.  So I mean I could fit
7    it in on the 31st.
8           MS. CLARKE:  Michael?
9           MR. NOVARA:  That's fine with me.
10          MS. SONG:  That works.
11          THE COURT:  Okay.  How about 1:00?
12          MS. CLARKE:  Okay.  That sounds great.
13          THE COURT:  And if there are any issues that come
14   up, like the delay in the reports, please let me know.  Okay?
15          THE CLERK:  Okay.  Absolutely.
16          THE COURT:  Mr. Rivetti, Miss Song,
17   Miss Gegenheimer, anything more you want to talk about today?
18          MS. SONG:  No, Your Honor.  Thank you.
19          THE COURT:  Okay.  How about Miss Clarke,
20   Miss Long, Mr. Novara?
21          MS. CLARKE:  I don't think so, Your Honor.  Thank
22   you.
23          MR. NOVARA:  No, Judge.  Thanks.
24          THE COURT:  Okay.  Thank you all very much.  I'll
25   wait to hear from you then or else talk to you on the 31st.

1           MS. CLARKE:  Thank you, Judge.
2           THE COURT:  Okay.  Thank you.  Bye.
3           MS. CLARKE:  Bye-bye.
4           (Proceedings were concluded at 2:16 p.m.)
5                            - - -
6
7
8
9
10
11
12
13
14
15
16
17                   C E R T I F I C A T E
18
19           I, Deborah Rowe, certify that the foregoing is
20  a correct transcript from the record of proceedings in the
21  above-titled matter.
22
23  S/Deborah Rowe  _____
24  Certified Realtime Reporter
25