```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF PENNSYLVANIA
 2


 3    UNITED STATES OF AMERICA,

 4       vs.
                                          Criminal No. 18-292
 5    ROBERT BOWERS,
                  Defendant.
 6

 7            Transcript of Arraignment Proceedings on Monday,
     February 11, 2019, United States District Court, Pittsburgh,
 8   Pennsylvania, before Robert C. Mitchell, District Magistrate
     Judge.
 9
     APPEARANCES:
10      For the Government:              Soo C. Song, Esq.
                                         Troy Rivetti, Esq.
11                                       U.S. Attorney's Office
                                         400 U.S. Courthouse
12                                       700 Grant Street
                                         Pittsburgh, PA 15219
13
                                         Julia Gegenheimer, Esq.
14                                       601 D St. NW
                                         Washington, DC 2004
15

16      For the Defendant:               Michael J. Novara, Esq.
                                         Elisa A. Long, Esq.
17                                       Federal Public Defender's
                                         Office
18                                       1500 Liberty Center
                                         Pittsburgh, PA  15222
19
                                         Judy Clarke, Esq.
20                                       CLARKE JOHNSTON THORP & RICE PC
                                         1010 Second Avenue, Suite 1800
21                                       San Diego, CA  92101

22   Court Reporter:                     Juliann A. Kienzle, RMR, CRR
                                         5300 U.S. Courthouse
23                                       700 Grant Street
                                         Pittsburgh, PA 15219
24                                       (412) 261-6122
        Proceedings recorded by mechanical stenography; transcript
25   produced by computer-aided transcription.
```

```
 1  (Proceedings held in open court; Monday, February 11, 2019.)
 2              THE COURT:  This is the scheduled arraignment on the
 3  superseding indictment in the case of the United States versus
 4  Robert Bowers at Criminal No. 18-292.
 5              Sir, are you Mr. Bowers?
 6              THE DEFENDANT:  Yes.
 7              THE COURT:  Mr. Bowers, are you represented by
 8  Ms. Long, Mr. Novara and Ms. Clarke?
 9              THE DEFENDANT:  Yes.
10              THE COURT:  The United States is represented by
11  Ms. Song, Mr. Rivetti, and Ms. Gegenheimer.
12              Do you want to proceed to arraign the defendant on the
13  superseding indictment?
14              MS. SONG:  Yes, Your Honor.
15              Mr. Bowers, have you received a copy of the
16  indictment?
17              MS. CLARKE:  Counsel, we have received a copy and
18  reviewed it with Mr. Bowers.
19              MS. SONG:  Very well.
20              The substance of the charges in the 63-count
21  superseding indictment that was filed here in Pittsburgh in the
22  Western District of Pennsylvania are as follows:
23              Counts One through Eleven charge obstruction of free
24  exercise of religious beliefs resulting in death on October 27,
25  2018.
```

1              The 11 victims are listed by their initials in the
2    indictment.
3              Counts Twelve through Twenty-Two charge hate crimes
4    resulting in death on October 27, 2018.
5              The 11 victims are listed by their initials.
6              Counts Twenty-Three through Thirty-Three charge use
7    and discharge of a firearm to commit murder during and in
8    relation to a crime of violence and possession of a firearm in
9    furtherance of a crime of violence.
10             The bases for the crimes of violence are listed in the
11   indictment in the chart and the victims are listed by their
12   initials.
13             Counts Thirty-Four and Thirty-Five charge obstruction
14   of free exercise of religious beliefs involving an attempt to
15   kill and use of a dangerous weapon resulting in bodily injury.
16             The two victims are listed by their initials.
17             Counts Thirty-Six and Thirty-Seven charge hate crime
18   acts involving an attempt to kill.
19             The two victims are listed by their initials.
20             Counts Thirty-Eight and Thirty-Nine and Fifty-Two
21   through Sixty-Three charge use and discharge of a firearm
22   during and in relation to a crime of violence and possession of
23   a firearm in furtherance of a crime of violence.
24             There are 12 victims listed in the chart and in the
25   superseding indictment.

1         Counts Forty through Forty-Seven charge obstruction of
2 free exercise of religious beliefs involving an attempt to kill
3 and use of a dangerous weapon and resulting in bodily injury to
4 a public safety officer.
5         The eight victims are listed by their initials in the
6 chart.
7         Counts Forty-Eight through Fifty-One charge
8 obstruction of free exercise of religious beliefs involving use
9 of a dangerous weapon and resulting in bodily injury to a
10 public safety officer.
11         The four victims are listed by their initials in the
12 indictment.
13         That summarizes the charges in the indictment, Your
14 Honor.
15         MR. RIVETTI:  The penalties for these charges, Your
16 Honor, are as follows:
17         As to Counts One through Eleven and Counts Thirty-Four
18 and Thirty-Five, as well as Counts Forty through Forty-Seven,
19 those are the obstruction of free exercise of religious beliefs
20 resulting in death or involving an attempt to kill, the
21 statutory maximum are as follows:
22         First, a sentence of death or a term of imprisonment
23 for any term of years or for life; a fine of not more than
24 $250,000; a term of supervised release of five years.
25         For Counts Forty-Eight through Fifty-One, which is the

obstruction of free exercise of religious beliefs resulting in bodily injury, or involving the use of a dangerous weapon, the penalties are a term of imprisonment of not more than 20 years; a fine of not more than $250,000; a term of supervised release of three years.

As to Counts Twelve through Twenty-Two and Counts Thirty-Six and Thirty-Seven, hate crime act resulting in death and/or involving an attempt to kill, the statutory maximum are a term of imprisonment for any term of years or for life; a fine of not more than $250,000; and a term of supervised release of three years.

As to Counts Twenty-Three through Thirty-Three, which are use and discharge of a firearm to commit murder during and in relation to a crime of violence, and possession of a firearm in furtherance thereof, the penalties are a sentence of death or for a term of imprisonment of not less than 10 years and up to life imprisonment.  The Court cannot place on probation or suspend the sentence of any person convicted of a violation of this section, nor may the term of imprisonment imposed run concurrently with any other term of imprisonment, including that imposed for the crime of violence; a fine of not more than $250,000; and a term of supervised release of five years.

Finally, as to Counts Thirty-Eight and Thirty-Nine, and Counts Fifty-Two through Sixty-Three, which are use and discharge of a firearm during and in relation to a crime of

1  violence, and possession of a firearm in furtherance thereof,
2  the possible maximum penalties are a term of imprisonment of
3  not less than ten years and up to life in prison.  Again, the
4  Court may not place on probation or suspend the sentence of any
5  person convicted of this, nor may the term of imprisonment
6  imposed run concurrently with any other term of imprisonment,
7  including that imposed for the crime of violence.  Also, a fine
8  of not more than 250,000; and a term of supervised release of
9  five years.
10              Defendant Bowers, have you had an opportunity to
11  review and discuss with your attorney the charges in this
12  superseding indictment?
13              THE DEFENDANT:  Yes.
14              THE COURT:  Do you want the superseding indictment to
15  be read to you at this time?
16              THE DEFENDANT:  No.
17              MR. RIVETTI:  Are you prepared to enter a plea to the
18  superseding indictment?
19              THE DEFENDANT:  Yes.
20              MR. RIVETTI:  How do you plead?
21              MS. CLARKE:  Your Honor, at this point, I wanted to
22  advise the Court we're hopeful for a resolution of this case
23  without a trial, but at this point, it's normal to enter a not
24  guilty plea, and that's what we'd ask the Court to do.
25              THE COURT:  Are you preserving your right to a jury

```
 1  trial?
 2            MS. CLARKE:  At this point, yes.
 3            THE COURT:  Defendant Robert Bowers has entered a plea
 4  of not guilty to the superseding indictment on February 11,
 5  2019.
 6            He has also requested a jury trial.
 7            Judge Ambrose has extended the pretrial motions, is
 8  that correct, to April 17?
 9            THE CLERK:  That's correct.
10            THE COURT:  Is there any additional Rule 16 material?
11            MS. SONG:  Your Honor, discovery is ongoing.  We are
12  engaged with counsel in discussions with ongoing discovery.
13            THE COURT:  Thank you.
14            Judge Ambrose will notify you of a trial date.
15            At this point, can you estimate the length of the
16  government's case in chief?
17            MR. RIVETTI:  Yes, Your Honor.
18            For the guilt phase, the government's estimate would
19  be approximately three weeks.
20            If the case is determined to be a capital prosecution,
21  it would be additional time for the penalty phase.
22            THE COURT:  The defendant has waived detention,
23  reserving the right to request a hearing if and when it becomes
24  relevant.
25            Is there anything further to address?
```

```
 1              MR. RIVETTI:  No, Your Honor.
 2              MS. CLARKE:  No, Your Honor.
 3              THE COURT:  We'll recess.
 4         (Court adjourned.)
 5                           -----
 6
 7
 8                         CERTIFICATE
 9
10         I, Juliann A. Kienzle, certify that the foregoing is
   a correct transcript from the record of proceedings in the
11 above-titled matter.
12
   s/Juliann A. Kienzle, RMR, CRR
13 _____
   Juliann A. Kienzle, RMR, CRR
14
15
16
17
18
19
20
21
22
23
24
25
```