IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**STATUS REPORT REGARDING PHYSICAL EVIDENCE REVIEW**

Defendant, Robert Bowers, through undersigned counsel, respectfully files this Status Report regarding the defense review of the physical evidence collected in this case.

During the telephonic status conference on September 4, 2019, the Court asked that the parties meet and confer about a variety of issues, including arranging for a defense review of the physical evidence. The government advised that it was conducting a lot of tests on the physical evidence, but it anticipated receiving the forensic reports shortly. The Court agreed with defense counsel that they should have an opportunity to review the forensic reports before looking at the physical evidence. (ECF 89.)

The prosecution produced several forensic reports in September and October of 2019 (reports that were dated months earlier – from January of 2019 to May of 2019); however, it has still not produced the ballistics analysis. The prosecution also informed defense counsel that the ballistics-related items that are still being tested are at the FBI laboratory in Quantico.

To facilitate the physical evidence review, the defense requested copies of the FBI indexes of "1B" items (the labeling used by the FBI when it collects physical evidence)

1

as well as the "1A" items (envelopes maintained by the FBI that typically contain smaller or less bulky items, *e.g.*, photographs provided by the individual being interviewed, the original of a search warrant and return).  In addition to providing an organized way to review the physical evidence, these indexes would make clear what items remained at Quantico versus what items were maintained by the FBI in Pittsburgh.

On September 30, 2019, the prosecution produced a document that listed 301 items in Quantico (largely ballistics) and 119 items in Pittsburgh.[1]  The defense identified at least 76 1B items missing from the index, including some items specifically referenced by a 1B number in the discovery.  The defense produced a list of the apparently missing 1B numbers to prosecution counsel and requested a complete index in anticipation of scheduling a review of the evidence.

On October 9, 2019, the prosecution declined to produce the full index of 1B items, and any index of 1A items; it also refused to produce any index in Excel format. In part, the prosecution objects to producing for inspection those items already made available in discovery (*e.g.*, 911 calls, crime scene photographs, body camera footage, search warrant photographs, forensic images of computers, surveillance footage, emails) on the basis that such production would be redundant.  Redundant or not, the defense has

---

[1] The prosecution produced the indexes in pdf format, although they were apparently created in Excel format. The pdf documents appear to be created by scanning a hard copy of the Excel document, thus making the document time consuming to convert to a usable format without retyping all the information. The pdf format also makes the document more difficult to read (some of the text is unclear), and the items are listed in reverse numerical order. Defense counsel twice requested an Excel version of the indexes; the prosecution declined both times.

an obligation to inspect all of the items, to both confirm the continued existence and condition of the items.[2]

In sum, for cost and efficiency reasons, it is appropriate to delay review of the physical evidence in Quantico pending production of the ballistics analyses; and for the same reasons of cost and efficiency, the review in Pittsburgh should await a determination of what items the defense is entitled to review.  It makes little sense to gather team members in Pittsburgh to review a portion of the physical evidence, only to have to return after resolution of whether disputed items will be produced.  If the parties continue to be unable to resolve the current dispute, defense counsel will raise the issue by way of a motion or at the next status conference.


Dated: October 15, 2019                   Respectfully submitted,

                                          */s/ Judy Clarke*
                                          Judy Clarke
                                          Clarke Johnston Thorp & Rice, PC

                                          *s/ Michael J. Novara*
                                          Michael J. Novara
                                          First Assistant Federal Public Defender

                                          *s/ Elisa A. Long*
                                          Elisa A. Long
                                          Assistant Federal Public Defender

---

[2] It is unclear whether there are other reasons for withholding 1B items.