IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO PROHIBIT PROSECUTION ACCESS TO DEFENDANT'S PRETRIAL DETENTION RECORDS**

Defendant, Robert Bowers, through undersigned counsel, respectfully moves this Court, pursuant to the Court's inherent supervisory powers, the Fifth, Sixth, and Eighth Amendments, and Federal Rules of Criminal Procedure 12.2 and 16, to enter a protective order prohibiting the prosecution from obtaining Mr. Bowers' pretrial detention records.

**I.   The pretrial detention records contain privileged information that the government should not be permitted to access.**

Mr. Bowers is currently being held at the Butler County Prison. He was transferred there on October 30, 2019, while still in need of medical attention. Butler County Prison maintains records relating to Mr. Bowers' pretrial detention which include, *inter alia*, information about the length, frequency and dates of legal visits, names and affiliation of legal visitors, mental health observations, other medical assessments, and almost hourly observations of activity (*e.g.*, "sleeping"). These observational records reflect directly on Mr. Bowers' medical, physical and mental condition.

**II.    Prosecution access to Mr. Bowers' detention records is without legal authority and violates Constitutional Protections, the Federal Rules of Criminal Procedure, and the work-product doctrine.**

This Court should enter a protective order prohibiting the government from accessing records relating to Mr. Bowers' pretrial detention. These detention records contain information that the prosecution has no legal right to access or legal authority to obtain. Prosecution access to these records violates the Fifth and Sixth Amendment rights to counsel and Due Process, as well as HIPAA protections; and circumvents the rules of discovery. These records (i) provide insight into Bowers' daily life in detention; (ii) provide insight into the work of his defense team and their trial preparation; and (iii) contain legally protected information about his physical and mental health. These detention records should not be produced to the prosecution unless and until made relevant by the defense.

It is clear that post-indictment mental examinations implicate both Fifth and Sixth Amendment protections. *See Estelle v. Smith*, 451 U.S. 454, 469-471, 473 (1981) ("Respondent's Fifth and Sixth Amendment rights were abridged by the State's introduction of Dr. Grigson's testimony at the penalty phase, and, as the Court of Appeals concluded, his death sentence must be vacated."). *See also Powell v. Texas*, 492 U.S. 680, 686 (1989). In addition, prison staff did not inform Mr. Bowers that what he said in the course of the observations or assessments could be used against him in court. *Estelle*, 451 U.S. at 469-471, 473. The prosecution should not be permitted an end-run around these protections by relying on custodial staff to generate and produce information which is in all other circumstances privileged and protected.

Moreover, the Federal Rules of Criminal Procedure explicitly provide for the circumstances under which the prosecution may view a mental health assessment of a defendant or obtain discovery from a defendant. The procedure under Rule 12.2 is informative because it balances a defendant's constitutional right against compelled disclosure with fairness to the government when a defendant will seek to use the results of such an examination. *See* Fed. R. Crim. P. 12.2, Advisory Committee Note to 1975 enactment ("The purpose of this rule is to secure the defendant's fifth amendment right against self-incrimination."); Fed. R. Crim. P. 12.2, Advisory Committee Note to 2002 amendment ("The Supreme Court has recognized that use of a defendant's statements during a court-ordered examination may compromise the defendant's right against self-incrimination.").

In addition, Rule 16(b) governs discovery obligations of the defendant, requiring production of documents the defendant intends to use its case-in-chief at trial. At this point, none of Mr. Bowers' conduct while in pretrial detention is at issue, nor has he yet made or indicated what, if any, portions of his custodial conduct and experience he may put at issue during trial, and thus it is not discoverable by the prosecution.

Similarly, the prosecution's access to the pretrial detention records would allow unfair and prohibited insight into the defense case strategy, as well as provide information regarding Mr. Bowers that is only available by virtue of his pretrial detention. Any notation of who visits Mr. Bowers would reveal the identity (and potentially the area of specialty) of any expert with whom the defense consults. Should defense counsel retain a mental health expert, and the prosecution learn of the expert's

3

identity from the pretrial detention records, the procedures established by Rules 12.2 and 16 would be bypassed. *See* Rule 16(b)(2)(A) (protecting from disclosure "reports, memoranda, or other documents made by . . . the defendant's attorney or agent during the case's investigation"); Rule 16(b)(1)(C) (requiring the defense to disclose expert witness's opinions and qualifications *if* the defendant intends to use the witness at trial) (emphasis added).

Federal law contemplates that defense expert services are privileged and not subject to disclosure to the prosecution. 18 U.S.C. § 3006A(e)(1) provides that an attorney for a person unable to afford counsel may apply *ex parte* for "investigative, expert, or other services necessary for adequate representation" and that a court may determine the need for such services in an *ex parte* proceeding. *See also* 18 U.S.C. § 3599(f) (contemplating *ex parte* requests for investigative or expert services upon proper showing of need for confidentiality).

Finally, the work product doctrine protects an attorney's work product as well as that of the attorney's agents. *United States v. Nobles*, 422 U.S. 225, 238-39 (1975) ("At its core, the work-product doctrine shelters the mental processes of the attorney. . .. [T]he doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system. One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial."). To permit the government to access to the identity of experts and various other members of the defense team who visit the defendant at the Butler County Prison would

improperly reveal counsel's thinking, lines of investigation and defense strategies, and thus violate the work product doctrine.

There are no grounds for the prosecution to access Mr. Bowers' pretrial detention records. To grant such access violates Constitutional protections, the Federal Rules of Criminal Procedure, and the work-product doctrine.

## Conclusion

For all of these reasons, Mr. Bowers asks this Court to enter a protective order prohibiting prosecution access to Mr. Bowers' pretrial detention records. To the extent the prosecution has already received any of these detention records, Mr. Bowers asks the Court to order that the originals and all copies be returned to counsel for Mr. Bowers.

Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*/s/ Elisa A. Long*
Elisa A. Long
Assistant Federal Public Defender

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | [PROPOSED] ORDER |
| ROBERT BOWERS | ) | |

**ORDER OF COURT**

Upon consideration of Defendant's Motion for Protective Order to Prohibit Prosecution Access to Defendant's Pretrial Detention Records, and the Government's Response thereto, it is hereby ORDERED that Defendant's motion is GRANTED.

The prosecution is hereby prohibited from obtaining or otherwise accessing Mr. Bowers' pretrial detention records. To the extent the prosecution has already obtained or accessed these records, the prosecution is ordered to immediately return all originals and copies of said records to counsel for Mr. Bowers.

_____                           _____
Date                                                      Donetta W. Ambrose
                                                              United States District Judge