IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**MOTION TO COMPEL PRODUCTION OF "FILTER TEAM" PROTOCOL AND PROCEDURES AND "UNFILTERED" RECORDS**

Robert Bowers, by undersigned counsel, hereby moves to compel the prosecution to produce the "filter team" protocol and procedures used in this case to purportedly exclude potentially privileged information from access by the prosecution team. Mr. Bowers further requests the immediate production of the "unfiltered" version of the records.

**I. The prosecution has a "filter team" in place that is "filtering" certain records.[1]**

On March 13, 2019, the prosecution produced school records of Mr. Bowers that "ha[d] been filtered to exclude even potentially privileged information." On August 29, 2019, prosecution counsel produced "an archive of filtered emails from various accounts" and "an FBI report regarding filtered email searches obtained via search warrant."

---

[1] The documents quoted in this section are contained in written correspondence between defense counsel and prosecution counsel from March 13, 2019 through October 7, 2019.

1

Following a "meet and confer" session in September 2019, prosecution counsel advised:

> Out of an abundance of caution, materials such as your client's [description omitted] records [description omitted], were filtered for any potentially privileged information, and such information was redacted prior to review by the prosecution team. . . ..We will arrange for the filter team to separately provide you the material without those redactions for potentially privileged information.

Defense counsel responded:

> We appreciate that you will arrange for the "filter team" to provide the defense with the unredacted materials (as you note, such as [description omitted]) that have been withheld from the prosecution team. We also ask that you advise us of the protections that are in place with the filter team, and the criteria used for determining what documents to filter – or let us know if we need to address that with the court. We are concerned about the lines getting blurred inappropriately, resulting in litigation. . .. As a result, we ask to be put in direct contact with the filter team to avoid those kinds of problems.

In response to the defense counsel request, the prosecution advised:

> We will arrange for the filter team to provide to you unredacted copies of documents that were filtered for potentially privileged material. . .. We do not intend to put you in direct contact with the filter team.

**II.    The government's "filter team" should not obtain or review privileged materials without Court direction or agreement of the parties.**

Although the existence of a filter team has been made clear, what precisely a "filter team" is, what it is "filtering" for, how it obtains the records it is filtering and at whose direction, by what rules it filters, how connected this "filter team" is to the prosecution team, and the future use of "filtered" documents or the derivative investigation prompted by review of these documents, remain a troublesome secret.

We are aware that a "filter" – or "privilege" team may be designated to minimize the need to review privileged materials in the search of a law office.  *See, e.g., Justice Manual*, 9-12.420 (Searches of Premises of Subject Attorneys).  And, in some instances, courts have relied on "taint teams" to manage the government's rebuttal examination of the defendant under Rule 12.2(b)(2).  *See, e.g., United States v. Johnson*, 362 F. Supp. 2d 1043, 1083 (D. Iowa 2005) (approving joint request of parties to appoint taint team of fire-walled attorneys from the United States Attorney's Office to manage the government's examination of defendant, and forbidding taint team attorneys from participating at any stage of the proceedings); *United States v. Sampson*, 335 F. Supp. 2d 166, 243-244 & n. 45 (D. Mass. 2004) (upon agreement of the parties, court designated two fire-walled Assistant United States Attorneys to handle legal and logistical issues arising from the government testing and prohibited disclosure to prosecuting attorneys).

None of these circumstances is relevant to the present posture of this case, nor has the defense negotiated the existence and scope of such a "team."  Far from the negotiated and agreed upon – or court ordered – role of taint teams for these other purposes, the prosecution has stated that it will disclose no information regarding the filter team to the defense.  In *Johnson* and *Sampson*, the defense agreed to a "filter team."  Here, the defense only learned about the "filter team" by these passing references that the records received in discovery have been "filtered."  To our knowledge, this Court never ordered the use of such a filter team.  In addition, it is unclear how the "filter team" is obtaining potentially privileged information since the grand jury investigation has been closed since the return of the superseding indictment on January 29, 2019.  Yet, it appears that this

"filter team" continues to engage in investigation and the collection of records. Even if the filter team is obtaining properly seized materials, any "filtering" must be done with protocols and procedures in place to ensure that privileged materials never find their way into the hands of those prosecuting this capital case against Mr. Bowers.

The prosecution has produced a variety of materials as discovery, including redacted and unredacted documents. The prosecutors have explained that redactions in Mr. Bowers' school records reflect the filtering of "potentially privileged" materials.[2] At the same time, the prosecution has produced an unredacted set of medical records, including hospital records, which clearly contain "potentially privileged" materials, raising doubts as to the process and rules by which "filtering" is undertaken. Certainly, the government cannot create a "filter team" to avoid the restrictions of HIPAA, Pennsylvania law, or *Brady/Giglio*, or to intentionally obtain legally privileged documents.[3]

## Conclusion

In anticipation of moving to suppress all "potentially privileged" materials obtained by the government, defense counsel ask this court to (i) compel the prosecution to set forth the protocols and procedures in place for this "filter team," (ii) cease collection of all "potentially privileged" materials, (iii) direct the "filter team" to provide

---

[2] Yet, to date, the prosecution has failed to produce the unfiltered school records.
[3] Indeed, one medical facility declined to confirm whether Mr. Bowers was a patient or to produce medical records under Pennsylvania's Mental Health Procedures Act. The facility had been served with a grand jury subpoena.

all "filtered" records directly to defense counsel, and (iv) direct the prosecution to have no further contact with the "filter team" until this issue is resolved.

Dated: October 24, 2019                Respectfully submitted,

                                       */s/ Judy Clarke*
                                       Judy Clarke
                                       Clarke Johnston Thorp & Rice, PC

                                       *s/ Michael J. Novara*
                                       Michael J. Novara
                                       First Assistant Federal Public Defender

                                       *s/ Elisa A. Long*
                                       Elisa A. Long
                                       Assistant Federal Public Defender

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | [PROPOSED] ORDER |
| ROBERT BOWERS | ) | |

**ORDER**

Upon consideration of the Defendant's Motion to Compel the Production of "Filter Team" Protocol and Procedures and "Unfiltered" Records, and the government's response thereto, it is ordered that the motion is GRANTED. The government is ORDERED (i) to produce to defense counsel the "filter team" protocol and procedures used in this case; (ii) to cease collection of "potentially privileged" materials; and (iii) to have no further contact with the "filter team" until issues raised regarding the "filter team" are resolved by this Court. Further, the "filter team" is ORDERED to produce directly to defense counsel the "unfiltered" version of records which have been "filtered."

_____                                    _____
Date                                         Donetta W. Ambrose
                                             United States District Judge