IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |
| | ) | |

**MOTION TO COMPEL THE GOVERNMENT TO MAKE PHYSICAL EVIDENCE AVAILABLE FOR DEFENSE REVIEW**

Defendant, Robert Bowers, through undersigned counsel, asks this Court to compel the government to make the originals of all physical items obtained during the course of this investigation available for defense review. Mr. Bowers further requests that the Court compel the government to provide a complete index of all of the items obtained to facilitate the defense inspection of the items and to allow the defense to determine whether the government has complied with its discovery obligations.

**I.    Defense efforts to review the physical evidence have been unsuccessful.**

(1)    During the telephonic status conference on September 4, 2019, the Court asked that the parties meet and confer about a variety of issues, including arranging for a defense review of the physical evidence.

(2)    To facilitate the physical evidence review, the defense requested copies of the FBI indexes of the physical evidence in its possession. In

1

response, the government produced a partial index of one category of physical evidence ("1B") and informed the defense that the items listed in the index were the only ones it would make available for review. The 1B index began with 1B1 and ended with 1B496; however, there were 76 numbers within that range that were missing from the index.[1]

  (3)  The government declined to identify the items missing from the 1B index it provided. The government did not produce any index of 1A envelopes, or other items.[2]

  (4)  At the status conference on October 31, 2019, the Court noted the parties' apparent disagreement regarding the FBI's categorization of the physical evidence as "1A" items and "1B" items, and the government's obligations to produce those items. The defense offered to meet and confer

---

[1] The discovery indicates there is a 1B500, which suggests that more than the 76 items are missing.

[2] Defense counsel are aware from experience in other cases that the FBI categorizes physical evidence as well as items collected from witnesses, *e.g.* photographs, diagrams, as 1A (envelopes containing smaller items collected from witnesses), 1B (larger physical items), 1Cs (other items, including documents provided in response to grand jury subpoenas), and 1Ds (digital evidence). Though we cannot be sure for all digital items, what were previously known as 1Ds seem to have been collapsed into 1Bs in this case.

with the government regarding this matter, but the government refused. The Court then asked for briefing on the issue.

(5) The FBI has previously categorized documents, photos and other physical items as 1As, 1Bs, 1Cs, and 1Ds. Undersigned counsel's understanding of these categories, which include some overlap, comes from experience in other cases, and is reflected in the chart below:[3]

| Category | Description |
|---|---|
| 1A | Items and documents provided by or used with witnesses; photographs; inventories of same |
| 1B | Bulky evidence; notebooks of cataloged physical evidence; electronic recordings; photographs; inventories of same |
| 1C | Inventory of grand jury and court-ordered documents; photographs |
| 1D | Documents pertaining to request to conduct electronic surveillance; electronic recordings; inventories of same |

(6) From the discovery provided by the government to date, it is clear that the FBI continues to use at least the 1A and 1B system of categorizing items created by potential witnesses, or collected voluntarily or seized during searches. Below are several examples:[4]

---

[3] *See* Exhibit A (redacted government discovery chart describing the categories in another capital case) (request to file under seal pending); *United States v. Causey*, Crim No. 04-00025, Doc. 308 (S.D.Tex. Mar. 24, 2005) (status report referring to 1As and 1Bs and noting overlap between categories).

[4] Screen shots of several of these examples are contained in Exhibit B (request to file under seal pending).

a. A witness provided a "hand-drawn layout" which is "maintained to the case file in a 1A."

b. A search warrant is enclosed in a 1A envelope.

c. A photo log and compact discs containing the photos are attached in a 1A.

d. A thumb drive with 8 minutes of video footage is kept in a 1A envelope.

e. Video footage stored on a USB drive is contained in a 1A.

f. Various electronic devices, including a cell phone, digital camera, tablet, laptop, computer, and computer accessories are labeled as 1Bs.

g. Body camera footage and surveillance camera footage are labeled as 1Bs.

(7)     The government has refused to allow the defense to view the 1A envelopes (and thus the originals of items maintained there), and it has refused to provide an index of the 1A items. As explained below, the government must permit defense inspection of the 1A items "provided by or used by witnesses," including photographs and electronic recordings. It is also required to permit inspection of the original search warrants and search warrant returns, which are also designated as 1As, and presumably are in

the 1A envelopes. Regardless of whether the government has provided a copy of a 1A item, the defense is entitled to – and should in this capital prosecution – inspect the original.

(8)     With respect to the 1B items, the government has provided a list of 1B items that it will allow the defense to view, however, that list is incomplete. The defense has identified at least 76 1B missing items. To the extent we can identify missing items, they include one or more USB devices, surveillance camera footage, and computer items that were seized.

(9)     As explained below, Rule 16 (and potentially, *Brady*) require the government to permit defense inspection of original items collected or seized during the investigation of this case, including any bulky items, electronic recordings, and photographs, regardless of whether copies or digital images of the items have already been provided.

(10)    The government has not provided a list of any 1C or 1D items, and, as noted above, the defense has not been able to discern whether the government has any such items in its possession.

(11)    Mr. Bowers asks this Court to compel the government make the originals of all physical items seized or otherwise obtained in this case available for inspection by the defense. To facilitate the review of these items and to ensure that all items are produced for inspection, Mr. Bowers further

requests that the Court compel the government to provide complete indexes of all such items, regardless of how the items are categorized.

### II. The government is obligated to allow the defense to inspect a broad range of physical evidence that is material to the defense of the case at trial and at sentencing.

The government's obligation to make physical items available for defense review arises primarily from Federal Rule of Criminal Procedure 16(a)(1)(E); those obligations are also informed by the due process principles set forth in *Brady v. Maryland*, 373 U.S. 83, 87-88 (1963), and its progeny.

Rule 16 requires the government to allow the defense "to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control," if any one of three conditions is met:

   (i) the item is material to preparing the defense;

   (ii) the government intends to use the item in its case-in-chief at trial; or

   (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). Notably, "[t]he rule is intended to prescribe the minimum amount of discovery to which the parties are entitled.  It is not intended to limit the judge's discretion to order broader discovery in appropriate cases." Fed. R. Crim. P. 16, Advisory Committee Notes, 1974

Amendment. Even where the government has provided a copy or an image of physical evidence, the defense should be permitted to inspect the original. *See, e.g.*, *United States v. Terry*, 702 F.2d 299, 312 (2d Cir. 1983) (government did not violate Rule 16 where it provided copies of tapes and also made originals available for inspection); *United States v. Carrasco-Sanchez*, 5:11-CR-1-DCB-FKB, 2011 WL 13124272, at *2 (S.D. Miss. July 22, 2011) ("This Court is satisfied that the government has met its discovery obligations under Rule 16 by making the original video available for inspection to the Defendants.")

Under Rule 16, materiality encompasses evidence that is helpful to **the preparation of** the defense by permitting the accused to conduct an investigation (i) to attempt to discredit evidence the government may present and (ii) to avoid presenting evidence that may be undercut by evidence in the possession of the government. "In other words, it is just as important to the preparation of a defense to know its potential pitfalls as it is to know its strengths." *United States v. Marshall*, 132 F.3d 63, 67-68 (D.C. Cir. 1998); *see United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993) (the materiality standard "'is not a heavy burden,' . . . rather, evidence is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or

7

assisting impeachment or rebuttal."). As with *Brady*, the prosecution is required to disclose evidence pursuant to Rule 16 even if it is not itself admissible. *See United States v. Holihan*, 236 F. Supp. 2d 255, 260 (W.D. N.Y. 2002) ("Discovery is material if the information sought is relevant to the case and will lead to the discovery of admissible evidence.")

The government's refusal to produce for inspection all physical items obtained or seized during the investigation of this case suggests the government fails to appreciate its discovery obligations in this capital prosecution. Consequently, Mr. Bowers seeks assistance from the Court in compelling full access to the physical items for inspection.

## CONCLUSION

The government's refusal to allow the defense to inspect **any** of the original 1A items cannot be reconciled with its discovery obligations. As noted above and in Exhibit B, the 1A items identified are either material to the preparation of the defense, obtained from or belonging to Mr. Bowers, or both. Further, regardless of whether the government has provided a copy or an image of a 1A item, the defense is entitled to inspect the original.

Similarly, the government appears to be withholding 1B items. Compelling production of the complete 1B index will identify the missing

items; and to the extent the government continues to resist production, the 1B index will allow a review for materiality.

Mr. Bowers seeks production of the complete indexes of physical items obtained or seized during the investigation of this case, and inspection of the 1A envelopes and all the original physical items, regardless of how they are categorized.

Dated: November 7, 2019       Respectfully submitted,


*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*/s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |
| | ) | |

## **ORDER**

Upon consideration of the Defendant's Motion to Compel the Government to Make Physical Evidence Available for Defense Review, it is hereby ordered that the motion is GRANTED. The government is ORDERED to make the originals of all physical items obtained during the course of this investigation available for defense review. The government is FURTHER ORDERED to provide a complete index of all of the items obtained, regardless of how they are categorized.

_____  _____
Date                           Donetta W. Ambrose
                               United States District Judge