IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| -vs- | ) Criminal No. 18-292 |
| | ) |
| ROBERT BOWERS, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge.

# MEMORANDUM ORDER OF COURT

The Defendant filed a Motion to Compel the Government to Make Physical Evidence Available for Defense Review. (ECF No. 111) Specifically, the Defendant seeks an Order compelling the Government to make the originals of all physical items obtained by the FBI during its investigation available for defense review and to provide a complete index of all the items obtained, regardless of how they are categorized. The Government counters that the Defendant is entitled to neither the FBI's entire case file nor the accompanying indices. (ECF No. 123)

After careful consideration, the Motion is DENIED. As a colleague in this District noted, "[d]iscovery in a criminal case is far different from that in a civil case." *United States v. Gilliam*, No. 02:12cr-93, 2015 WL 5178197, at * 3 (W.D. Pa. Sept. 4, 2015). Indeed:

> [t]he government's obligation to make available pretrial discovery materials is governed primarily by Rule 16 of the Federal Rules of Criminal Procedure. Beyond Rule 16, the Jencks Act, and *Brady v. Maryland*, 373 U.S. 83 (1963), and their progeny, however, a criminal defendant has no general constitutional right to pretrial discovery. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). The rights conferred by rule, statute, and case law cannot be used to compel the United

1

States to disclose the minutia of its evidence, trial strategy, or investigation. *United States v. Fiorvanti*, 412 F.2d 407, 411 (3d Cir., cert. denied, 396 U.S. 837 (1969).

*Gilliam*, 2015 WL 5178197, at * 3.

"Normally we accept the government's representations as to what documents in its possession are 'material.'" *U.S. v. Lloyd*, 992 F.2d 348, 352 (D.C. Cir. 1993), *citing, Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987). Here, the Government asserts that it has identified and disclosed all appropriate material to the Defendant. The Defendant has not provided this Court with any reason to infer that the Government has failed to disclose exculpatory or evidence otherwise "material to preparing the defense." The Court appreciates the Defendant's frustrations with discovery limitations, but the Defendant has not cited to any rules, case law or statutes that would expand discovery beyond that noted above. "While it is no doubt true that the eye of an advocate may be helpful to a defendant in ferreting out information, nonetheless, unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final. Defense counsel has no constitutional right to conduct his own search of the government's files to argue relevance." *United States v. Tsarnaev*, Civ. No. 13-10200, 2013 WL 6196279, at * 2 (D. Mass. Nov. 27, 2013), *quoting, Ritchie*, 480 U.S. at 59 (internal quotation marks and brackets omitted).

The Government has repeatedly acknowledged its discovery obligations under Rule 16, Jencks, *Brady* and their progeny. Contrary to the Defendant's assertions, I am not persuaded that the Government has demonstrated a "pattern of misapprehending its discovery obligations." (ECF No. 136, p. 7.) The Court also presumes that the

Government is aware that, "[u]nder *Brady* and following cases, it is the government's responsibility to identify and provide exculpatory material in its possession, an obligation that is enforceable by vacation of a conviction obtained when a breach of that obligation is demonstrated." *Tsarnaev*, 2013 WL 6196279. The Government has also represented that it has never objected to the Defendant's review of the "original" of any copied item already provided in discovery, provided that certain logistics be arranged for review. *See* ECF Docket No. 123, p. 6 n. 1. Consequently, this Court remains confident that the Government will "faithfully discharge its duty without 'tacking too close to the wind.'" *Gilliam*, 2015 WL 5178197, at * 4, *quoting, Kyles v. Whitley*, 514 U.S. 419, 439, 115 S. Ct. 1555, 131 L. Ed. 2d 490 (1995). To that end, this Court trusts that the parties will work out the logistics such that the defense team will be provided access to review the "original" of any copied item already produced in discovery or produced in the future.

AND NOW, on this 26th day of November 2019, the Motion to Compel (Docket No. 111) is hereby DENIED.

BY THE COURT:

*Donetta J. Ambrose*

Donetta W. Ambrose
United States Senior District Judge