IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 2:18-CR-00292-DWA |
| ) | |
| vs. ) | |
| ) | |
| ROBERT BOWERS, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, United States Senior District Judge

**<u>MEMORANDUM ORDER OF COURT</u>**

Pending before the Court are Defendant's Motion for Protective Order to Prohibit Prosecution Access to Defendant's Pretrial Detention Records (ECF No. 101) and Defendant's Motion to Compel Production of "Filter Team" Protocol and Procedures and "Unfiltered" Records (ECF No. 102). The Government has responded thereto and Defendant has replied. (ECF Nos. 113, 114, 132, and 133). The issues are now ripe for review.

Rule 16(d)(1) of the Federal Rules of Criminal Procedure grants the Court authority to issue protective orders and provides, in pertinent part, that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Cr. P. 16(d)(1). The party seeking a protective order bears the burden to establish good cause. 2 Fed. Prac. & Proc. Crim. §262 (4th ed.). Defendant seeks an order broadly protecting all pretrial detention records. (ECF No. 101). In response, the Government makes clear that it has obtained and continues to seek only the following records generated and maintained by the Prison: 1) logs containing notations of the Defendant's readily observable behavior, voluntary statements made during those observations, and commissary transactions; 2) visitation logs documenting non-legal

visits; and 3) non-legal correspondence and phone calls.[1] (ECF No. 113, p. 3). The Government also asserts that it has designated a filter team to review the records and redact arguably privileged material prior to access by the prosecution team. (ECF No. 113, p. 4). Defendant has not sufficiently identified considerations warranting restriction of the Government's access to these categories of information. Therefore, I find that Defendant has failed to meet his burden of showing of good cause as it relates to the three categories of information the Government has sought and desires to seek in the future.

Consequently, Defendant's Motion for Protective Order to Prohibit Prosecution Access to Defendant's Pretrial Detention Records (ECF No. 101) is DENIED as it relates to: 1) logs containing notations of the Defendant's readily observable behavior, voluntary statements made during those observations, and commissary transactions; 2) visitation logs documenting non-legal visits; and 3) non-legal correspondence and phone calls and GRANTED as it relates to: 1) visitation logs containing the identities of legal team visitors (including experts) and the purpose and substance of such visits; 2) legal mail and legal calls logs; and 3) any physical or mental health evaluation or assessment records.

With regard to Defendant's Motion to Compel Production of "Filter Team" Protocol and Procedures and "Unfiltered" Records, Defendant seeks: 1) the production of Government's protocols and procedures in place for the "filter team," 2) the cessation of the collection of all "potentially privileged" material, 3) the production of all unfiltered records; and 4) an order directing

---

[1] Due to the general nature of Defendant's Motion, the Government notes that there are categories of records that it does not intend to seek. (ECF No. 113, p. 1). For example, the Government specifically states that it is not seeking "visitation logs containing the identities of legal team visitors or the purpose and substance of such visits." (ECF No. 113, pp. 3, 10). Additionally, the Prison does not review or retain legal mail and does not record or maintain legal calls, and, the Government is not seeking the same. (ECF No. 113, p. 11). Also, at this time, the Government is not seeking "physical or mental health evaluation or assessment records." (ECF No. 113, pp. 3-4, 10, 13-14). Therefore, I am granting a protective order at this time as it relates to these categories of records. If, in the future, the Governments decides to seek said information and has a legal basis for doing so, the Government may move for relief from this order.

the prosecution to have no further contact with the "filter team" until this issue is resolved. (ECF No. 102). The motion (ECF No. 102) is DENIED. Assuming Exhibit A slipped through the filtration system in place, at this juncture, Defendant has failed to provide sufficient justification for the production of the Government's protocols and procedures in place for the "filter team" and no good reason to halt the collection of discovery material that may be "potentially privileged." Additionally, Defendant suggests in his Reply (ECF No. 132, p. 2) that the close professional relationship and proximity of the filtering attorney and the prosecution team is problematic. Physical proximity and professional relationship alone does not suggest that the U.S. Attorneys will not or cannot adhere to ethical and professional standards.[2]

The Government has agreed to provide the unfiltered documents. (ECF No. 114, p. 10). Therefore, it is ordered that the Government is directed to provide the unfiltered documents to Defendant within one week of the date of this order.

DATED this 26th day of November, 2019.

BY THE COURT:

*Donetta J. Ambrose*

Donetta W. Ambrose
United States Senior District Judge

---

[2] I note that both parties cite to *Jaffee v. Redmond*, 518 U.S. 1 (1996) as the seminal case regarding psychotherapist-patient privilege. (ECF No. 114, p. 8 and 132, pp. 3-4). *Jaffee* states that the privilege covers confidential communications made to "licensed psychiatrists and psychologists," and extends to "confidential communications made to licensed social workers in the course of psychotherapy." *Jaffee*, 581 U.S. at 15. All documents must be handled in accordance with *Jaffee*.

3