IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT MOTION FOR
SUPPLEMENTAL PROTECTIVE ORDER (ECF 116)**

Defendant, Robert Bowers, through counsel, respectfully responds to the government's Motion for Supplemental Protective Order (ECF116) ("Motion"). The government seeks to condition compliance with its legal obligations to produce Rule 16 discovery upon overbroad restrictions on core obligations of the defense and to control the defense review of certain discovery items. The government's request for restrictions beyond the agreed to protective order already in place is unwarranted and publicly aggravates the very sensitivities and interests in dignity and privacy that it purportedly seeks to protect.

(1) It is the government's insistence on seeking the death penalty that makes production of "graphic and sensitive" photographs and 911 calls an issue in this case at all. This pursuit of a sentence of death, however, carries with it the ordinary demands of adjudication under law. In homicide prosecutions, autopsy and other graphic photographs are routinely produced to defense counsel, and defense counsel have a professional obligation to review such materials. Indeed, here the government acknowledges that disclosure of autopsy and crime scene photographs is required as part

1

of Rule 16 discovery. Yet, at the same time, the government seeks to impinge on defense counsel's professional obligations and the attorney-client relationship by placing special conditions on how and when defense counsel perform their obligations under the law.[1]

(2) The government's justification for the supplemental order is without any basis in fact and only serves to inflame the sensitivities it is purportedly protecting. Although the government "strongly objects to the defendant having unfettered access" to the discovery, it is fully aware that this would not and cannot occur. (ECF 116 at 3.) The stringent protective order already in place, which was agreed to by both parties, allows for the review of discovery exclusively during legal visits and only for purposes of legal representation. (ECF 24 at ¶ 1.) In addition, the protective order prohibits the defense from providing copies or leaving any discovery materials at the prison. (*Id.*)

(3) The government filed a similar motion in *United States v. Tsarnaev*, Cr. No. 13-10200 (D. Mass.), which the district court denied on the pleadings. *Id.*, ECF 225 (Mar. 17, 2014 Motion for Protective Order), ECF 254 (Apr. 16, 2014 Text Order denying Motion for Protective Order); ECF 270 (Transcript of Apr. 16, 2014 Hearing).[2] As also noted in the response to that motion, in their collective experience, defense counsel are unaware of any case in which access to "graphic and sensitive" photographs

---

[1] It is not at all clear that any of these photographs or calls will be necessary to prove the allegations in the indictment or death notice, or admissible under Federal Rule of Evidence 403 or 18 U.S.C § 3593(c).

[2] "Let me take a couple [of matters] off the table which I don't want to hear any argument on. I think the papers are sufficient. First . . . the government's motion for a protective order regarding autopsy photos is denied." *Id.*, ECF 270, at 3.

2

or 911 calls has been conditioned on such controls on the attorney-client relationship. Nor has the government cited any case in which a court imposed such restrictions. The government's child pornography analogy is misplaced, because the images themselves in those cases constitute contraband. The government's other citations are to civil cases or to classified national security materials, neither of which bear on production of crime scene and other photographs in a criminal case.

(4) The existing protective order already imposes stringent protections for materials produced in discovery. Decisions about what discovery materials must be shown to Mr. Bowers, and when that must be done in order to prepare the defense, should be left to the sound discretion of defense counsel. There is no valid reason to impose additional conditions on the manner is which defense counsel manages the discovery in this case.

(5) Finally, to prevent any of these photographs and 911 calls from **ever** being viewed by anyone again the prosecution could accept the defendant's offer to plead guilty to life in prison without the possibility of release, and afford the crime victims even greater protections than the Motion seeks.

## Conclusion

The government's Motion for a Supplemental Protective Order should be denied.

Dated: December 3, 2019

Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender