IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**MOTION FOR A BILL OF PARTICULARS**

Defendant Robert Bowers, through counsel, asks this Court to order the government to provide a bill of particulars regarding the interstate commerce element for the counts of the indictment that charge Mr. Bowers with Obstruction of Free Exercise of Religious Beliefs, in violation of 18 U.S.C. § 247.

18 U.S.C. § 247 provides, in pertinent part:

> **(a)** Whoever, in any of the circumstances referred to in subsection (b) of this section-- . . . **(2)** intentionally obstructs, by force or threat of force, including by threat of force against religious real property, any person in the enjoyment of that person's free exercise of religious beliefs, or attempts to do so . . . shall be punished . . . .
>
> **(b)** The circumstances referred to in subsection (a) are that **the offense is in or affects interstate or foreign commerce.**

*Id.* (emphasis added). Counts 1-11 of the indictment charge Mr. Bowers with Obstruction of Free Exercise of Religious Beliefs Resulting in Death, in violation of 18 U.S.C. § 247(a)(2) and (d)(1). (Doc. 44 at 3.) Counts 34-35 charge Mr. Bowers with Obstruction of Free Exercise of Religious Beliefs Involving an Attempt to Kill and Use of a Dangerous Weapon, and Resulting in Bodily Injury, in violation of 18 U.S.C. § 247(a)(2), (d)(1) and (d)(3). (Doc. 44 at 6.) Counts 40-47 charge Mr. Bowers with

Obstruction of Free Exercise of Religious Beliefs Involving an Attempt to Kill and Use of a Dangerous Weapon, and Resulting in Bodily Injury to a Public Safety Officer, in violation of 18 U.S.C. § 247(a)(2), (d)(2) and (d)(3). (Doc. 44 at 9.) Counts 48-51 charge Mr. Bowers with Obstruction of Free Exercise of Religious Beliefs Involving Use of a Dangerous Weapon and Resulting in Bodily Injury to a Public Safety Officer, in violation of 18 U.S.C. § 247(a)(2) and (d)(3). (Doc. 44, at 10.) For each of these counts, the indictment alleges—without more—that "the offense was in and affected interstate commerce." (Doc. 44 at 3, 6, 9-10.)

Federal Rule of Criminal Procedure Rule 7(f) provides:

The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

"The purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *United States v. Addonizio*, 451 F.2d 49, 63–64 (3d Cir. 1971) (quoting *United States v. Tucker*, 262 F. Supp. 305, 308 (S.D.N.Y. 1966)). When the indictment itself is "too vague and indefinite for such purposes," a bill of particulars is appropriate. *Id.* (quoting *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965)).

The district court has "very broad discretion" in deciding whether a bill of particulars is warranted. *Will v. United States*, 389 U.S. 90, 98-99 (1967). The 1966 amendment to Fed. R. Crim. P. 7(f), which eliminated the requirement that cause be

shown before a bill of particulars may be ordered, is "designed to encourage a more liberal attitude by the courts towards bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases." Fed. R. Crim. P. 7, Notes of Advisory Committee, 1966 Amendments.

Here, as noted above, the indictment in this case asserts federal jurisdiction on the Obstruction of the Free Exercise of Religious Beliefs counts based on alleged conduct that "was in and affected interstate commerce." (Doc. 44 at 3, 6, 9-10.) At the same time, the indictment asserts that "[a]t all times relevant to the Superseding Indictment," Mr. Bowers was a resident of Allegheny County, Pennsylvania. (Doc. 44 at 1.) In addition, each count of the indictment alleges conduct that occurred in the Western District of Pennsylvania, and nowhere else. (Doc. 44.) Further, the indictment does not allege any commercial or economic motivation, nor any resultant effect on interstate commerce.

In light of this, the government's mere allegations that Mr. Bowers' conduct "was in and affected interstate commerce" provide insufficient information on the nature of the charges to allow Mr. Bowers to adequately prepare his defense in this capital case. As such, Mr. Bowers requests that the Court order the government to provide a bill of particulars regarding the interstate commerce element for Counts 1-11, 34-35, and 40-51 of the Superseding Indictment.

Date: December 18, 2019	Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*/s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**ORDER**

Upon consideration of the Defendant's Motion for a Bill of Particulars, it is ordered that the Motion is GRANTED. The government is ORDERED to provide a bill of particulars regarding the interstate commerce element for Counts 1-11, 34-35, and 40-51 of the Superseding Indictment.

_____                                       _____
Date                                                          Donetta W. Ambrose
                                                                    United States District Judge