IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**MOTION TO COMPEL THE GOVERNMENT TO CONFIRM
PRODUCTION OF ALL RULE 16 AND *BRADY* MATERIAL IN THE
POSSESSION OF THE PROSECUTION TEAM**

Defendant Robert Bowers, through counsel, asks this Court to compel the government to confirm that it has produced all Fed. R. Crim. Pro. 16 and *Brady* material in the possession of the prosecution team.

**Relevant Factual and Procedural Background**

1. At the status conference on September 4, 2019, government counsel advised the Court, "[W]e view Rule 16 as substantially complete." (Tr. 9/4/2019 Status Conf. at 3.)

2. After that, from September 4 until October 30, 2019, the government provided 5 additional installments of discovery, including 64 separate items, some of which were created or obtained by law enforcement agencies months prior to their production to the defense.

3. At the status conference on October 31, 2019, the government represented to the Court that it had produced all discovery within the meaning of Fed. R. Crim. P. 16:

> THE COURT: From the government's perspective, **everything has been given?**
>
> MR. RIVETTI: **Correct**. We've complied with Rule 16, yes, Your Honor.

> THE COURT: Okay. So if I were to ask you at some point when the government could confirm that it has produced all discovery, you would tell me that's as of right now?
>
> MR. RIVETTI: We would say we have complied with Rule 16. Our investigation –
>
> THE COURT: Complied with Rule 16?
>
> MR. RIVETTI: Yes. Our investigation continues. As we continue to gather additional information, we continue to provide it to defense.

(Tr. 10/31/2019 Status Conf. at 4) (emphasis added).

4. After the October 31, 2019 status conference, the government produced 4 additional installments of discovery, including 71 items, many of which were created or obtained by law enforcement agencies months prior to their disclosure to the defense.

**<u>Argument</u>**

As set forth in detail in Mr. Bowers' Motion to Compel the Production of Discovery Under Fed. R. Crim. Pro 16 and *Brady*, filed contemporaneously with this Motion, the government is required to disclose not only evidence that would be favorable to the defense at trial, but also evidence that would be favorable at sentencing, *i.e.*, evidence that would help establish mitigating factors or weaken or counter aggravating ones.

*Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, impose on the prosecution a nondelegable "duty to learn of" and disclose to the defense all favorable, material information "known to the others acting on the government's behalf in the case, including the police," a group commonly referred to as "the prosecution team." *Brady*, 373 U.S. at 87; *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). "The prosecution team" is defined

broadly. *See, e.g., Smith v. Secretary of N.M. Dep't of Corrections*, 50 F.3d 801, 824 (10th Cir. 1995) (*Brady* "encompasses not only the individual prosecutor handling the case, but also extends to the prosecutor's entire office, as well as law enforcement personnel and other arms of the state involved in investigative aspects of a particular criminal venture") (internal citation omitted); *United States v. Brooks*, 966 F.2d 1500, 1503 (D.C. Cir. 1992) (duty to search for *Brady* extends to "branches of government closely aligned with the prosecution") (internal quotations and citation omitted); *United States v. Bryant*, 439 F.2d 642, 650 (D.C. Cir. 1971) ("The duty of disclosure affects not only the prosecutor, but the Government as a whole, including its investigative agencies."). In accordance with *Kyles*, the American Bar Association's Criminal Justice Standards for the Prosecution Function provide that "the prosecutor should diligently seek to identify all information in the possession of the prosecution or its agents that tends to negate the guilt of the accused, mitigate the offense charged, impeach the government's witnesses or evidence, or reduce the likely punishment of the accused if convicted." ABA Criminal Justice Standards for the Prosecution Function, Standard 3-5.4(a) (4th ed. 2017).[1]

  Moreover, the Third Circuit has long suggested a policy of "prompt compliance" with production of discovery. *See Government of Virgin Islands v. Ruiz*, 495 F.3d 1175, 1179 (3d. Cir. 1974) ("[W]e take the occasion to suggest that a more meticulous attention to

---

[1] Available at https://www.americanbar.org/groups/criminal_justice/standards/ProsecutionFunctionFourthEdition/

the government's discovery obligations under Rule 16 and *Brady v. Maryland* . . . is highly desirable…An affirmative policy of prompt compliance would, however, avoid the risk of needlessly causing a mistrial or a reversal."). *See also United States v. Starusko*, 729 F.2d 256, 261 (3d Cir. 1984) (recognizing the Third Circuit's "longstanding policy of encouraging early production"); ABA Model Rule of Professional Conduct 3.8(d) (2018) ("The prosecutor in a criminal case shall make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor . . . .")

In this case, the government has previously represented to the Court that it has complied with its discovery obligations, only to subsequently produce additional discovery that was created or obtained by members of the prosecution team months prior. As set forth above, the government's discovery obligations are broad and significant, and the timeliness of its compliance is of utmost importance to the preparation of the defense. Accordingly, Mr. Bowers asks this Court to compel the government to confirm that it has produced all Fed. R. Crim. Pro. 16 and *Brady* material in the possession of the prosecution team within 30 days of this Court's order.

Date: December 18, 2019                    Respectfully submitted,

                                            */s/ Judy Clarke*
                                            Judy Clarke
                                            Clarke Johnston Thorp & Rice, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*/s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 18-292 |
| ) | |
| ROBERT BOWERS ) | |

**ORDER**

Upon consideration of the Defendant's Motion to Compel the Government to Confirm Production of All Fed. R. Crim. Pro. 16 and *Brady* Material in Possession of the Prosecution Team, it is ordered that the Motion is GRANTED. The government is ORDERED to confirm, within 30 days of this Order, that it has produced all Fed. R. Crim. Pro. 16 and *Brady v. Maryland*, 373 U.S. 83 (1963), material in the possession of the prosecution team.

_____                                    _____
Date                                                      Donetta W. Ambrose
                                                                 United States District Judge