IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**MOTION FOR AN ORDER REQUIRING THE GOVERNMENT TO COMPLY WITH FEDERAL RULE OF CRIMINAL PROCEDURE 12(b)(4)(B)**

Robert Bowers, through counsel, and pursuant to the Fifth, Sixth and Eighth Amendments to the United States Constitution and Fed. R. Crim. P. 12(b)(4)(B) and 16, respectfully moves this Court for an order requiring the government to disclose to the defense notice of any evidence or information that the government intends to use in its case-in-chief at trial that may be the subject of a motion to suppress pursuant to Fed. R. Crim. Pro. 12(b)(3)(C). Mr. Bowers requests that the notice include all such evidence or information in the possession, custody, or control of the government, or the existence of which is known, or by the exercise of due diligence could become known to the government, within the purview of Fed. R. Crim. Pro. 16.

Mr. Bowers asks that such notice include, but not be limited to, the government's intent to use the following specific evidence:

a. Any written, recorded, or oral statements of Mr. Bowers, and any written, recorded or oral statements by others intended to be offered as a statement of Mr. Bowers

b. Evidence obtained by way of a search warrant of Mr. Bowers' apartment on 10/27/18 (warrant 18-1394)

c. Evidence obtained by way of a search warrant of Mr. Bowers' 2016 Hyundai Sedan on 10/27/18 (warrant 18-1393)

d. Evidence obtained by way of a search warrant of Mr. Bowers' mailbox at the UPS Store on 10/27/18 (warrant 18-1395)

e. Evidence obtained by way of a search warrant of Mr. Bowers' apartment on 10/28/18 (warrant 18-1399)

f. Evidence obtained by way of a search warrant of Mr. Bowers' LG Cell Phone on 10/28/18 (warrant 18-1389)

g. Evidence obtained by way of a search warrant for historical cell site location for Mr. Bowers' T-Mobile cell phone on 10/28/18 (warrant 18-1401)

h. Evidence obtained by way of a search warrant for Google accounts associated with Mr. Bower's Gmail accounts on 10/30/18 (warrant 18-1408)

i. Evidence obtained by way of a search warrant for Mr. Bowers' mother's apartment on 11/1/18 (warrant 18-1420)

j. Evidence obtained by way of a search warrant of Mr. Bowers' apartment on 11/2/18 (warrant 18-1439)

k. Evidence obtained by way of a search warrant of Mr. Bowers' on 11/5/18 (warrant 18-1444)

l. Evidence obtained by way of a search warrant for accounts at Tucows/Hover/eMon associated with Mr. Bowers' on 11/6/18 (warrant 18-1448)

m. Evidence obtained by way of a search warrant for Google accounts associated with Mr. Bowers' mother on 11/20/18 (warrant 18-1541)

n. Evidence obtained by way of a search warrant for accounts associated with Mr. Bowers' aunt on 12/28/18 (warrant 18-1766)

o. Evidence obtained by way of a search warrant for accounts associated with Mr. Bowers' cousin on 12/28/18 (warrant 18-1767)

p. Evidence obtained by way of a search warrant for accounts associated with Mr. Bowers' cousin on 12/28/18 (warrant 18-1768)

q.  Evidence obtained by way of a search warrant for accounts associated with Mr. Bowers' aunt on a date unknown (warrant 18-1765)

r.  Evidence obtained by way of grand jury subpoena obtained on or after January 29, 2019 (the date of the superseding indictment) compelling records to be produced, including but not limited to, records maintained by the Butler County Prison, records regarding Mr. Bowers' prior employment, and records regarding Mr. Bowers' prior medical or psychiatric treatment

s.  Evidence obtained from the Allegheny County License Plate Recognition System (LPR data)

t.  Evidence obtained from the Garmin GPS Unit found in Mr. Bowers' 2016 Hyundai Sedan

In support of this Motion, Mr. Bowers states:

(1) The grand jury indicted Mr. Bowers in a Superseding Indictment filed January 29, 2019. (ECF 44.) On August 26, 2019, the government filed its notice of intent to seek a sentence of death. (ECF 86.) By agreement of the parties, the Court delayed the filing of motions pending this decision to seek the death penalty.

(2) During a status conference on October 31, 2019, the Court directed the defense to file certain motions, including motions pursuant to Rule 12(b)(4), by December 18, 2019. (ECF 109 at 13.) The Court also advised that suppression motions would be addressed during a later round of pre-trial motions. (ECF 109 at 14.)

(3) Fed. R. Crim. P. 12(b)(4) provides that:

> At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discovery under Rule 16.

(4) The Advisory Committee Notes clearly indicate that this rule is meant to require the government, either on its own initiative or upon a defendant's request, to "notify the defendant of its intention to use certain evidence in order to give the defendant an opportunity before trial to move to suppress that evidence." Fed. R. Crim. P. 12, Advisory Committee Notes (reaffirming for 2002 amendments that Rule 12(b)(4)(B) "addresses the government's requirement to disclose discoverable information for the purpose of facilitating timely defense objections and motions"). Courts have routinely ordered the government to provide such notice. *E.g., United States v. Wilson*, 2019 WL 76870 (E.D. Mich. Jan. 2, 2019).

(5) The mere production of discovery under Rule 16 does not satisfy this notice requirement because it does not specify the evidence the government intends to use at trial. *See United States v. Smith,* 277 Fed. Appx. 187, 192 (3d Cir. 2008) ("[W]e agree with Smith that the simple provision of Rule 16 discovery does not satisfy the plain terms of Rule 12(b)(4)(B) . . . ."); *United States v. de la Cruz-Patino*, 61 F.3d 986, 993 (1st Cir. 1995) (providing open file discovery does not satisfy [the Rule] because "the defendant is still 'left in the dark' as to exactly what evidence, discoverable under Rule 16, the government intends to rely upon in its case in chief at trial." (citations omitted))

(6) The notice requirement is triggered when the defendant's request identifies specific evidence that is potentially suppressible. *See Wilson*, 2019 WL 76870, at *2 (citing relevant cases).

**(7)** Mr. Bowers has identified above a list of items above (items a through t) that are potentially suppressible, and he asks this Court to order the government to provide notice of its intent to use any of this evidence in its case-in-chief at trial.

Dated: December 18, 2019         Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*/s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Criminal No. 18-292 |
| ) | |
| ROBERT BOWERS  ) | |

**ORDER**

Upon consideration of the Defendant's Motion for an Order Requiring the Government to Comply with Fed. R. Crim. P. 12(b)(4)(B), it is hereby ordered that the motion is GRANTED. The government must provide Mr. Bowers with notice of its intent to use any of the following evidence in its case-in-chief at trial:

a.  Any written, recorded, or oral statements of Mr. Bowers and any written, recorded or oral statements by others intended to be offered as a statement of Mr. Bowers

b.  Evidence obtained by way of a search warrant of Mr. Bowers' apartment on 10/27/18 (warrant 18-1394)

c.  Evidence obtained by way of a search warrant of Mr. Bowers' 2016 Hyundai Sedan on 10/27/18 (warrant 18-1393)

d.  Evidence obtained by way of a search warrant of Mr. Bowers' mailbox at the UPS Store on 10/27/18 (warrant 18-1395)

e.  Evidence obtained by way of a search warrant of Mr. Bowers' apartment on 10/28/18 (warrant 18-1399)

f.  Evidence obtained by way of a search warrant of Mr. Bowers' LG Cell Phone on 10/28/18 (warrant 18-1389)

g.  Evidence obtained by way of a search warrant for historical cell site location for Mr. Bowers' T-Mobile cell phone on 10/28/18 (warrant 18-1401)

h.  Evidence obtained by way of a search warrant for Google accounts associated with Mr. Bower's Gmail accounts on 10/30/18 (warrant 18-1408)

i. Evidence obtained by way of a search warrant for Mr. Bowers' mother's apartment on 11/1/18 (warrant 18-1420)

j. Evidence obtained by way of a search warrant of Mr. Bowers' apartment on 11/2/18 (warrant 18-1439)

k. Evidence obtained by way of a search warrant of Mr. Bowers' on 11/5/18 (warrant 18-1444)

l. Evidence obtained by way of a search warrant for accounts at Tucows/Hover/eMon) associated with Mr. Bowers' on 11/6/18 (warrant 18-1448)

m. Evidence obtained by way of a search warrant for Google accounts associated with Mr. Bowers' mother on 11/20/18 (warrant 18-1541)

n. Evidence obtained by way of a search warrant for accounts associated with Mr. Bowers' aunt on 12/28/18 (warrant 18-1766)

o. Evidence obtained by way of a search warrant for accounts associated with Mr. Bowers' cousin on 12/28/18 (warrant 18-1767)

p. Evidence obtained by way of a search warrant for accounts associated with Mr. Bowers' cousin on 12/28/18 (warrant 18-1768)

q. Evidence obtained by way of a search warrant for accounts associated with Mr. Bowers' aunt on a date unknown (warrant 18-1765)

r. Evidence obtained by way of grand jury subpoena obtained on or after January 29, 2019 (the date of the superseding indictment) compelling records to be produced, including but not limited to records maintained by the Butler County Prison, records regarding Mr. Bowers' prior employment, and records regarding Mr. Bowers' prior medical or psychiatric treatment

s. Evidence obtained from the Allegheny County License Plate Recognition System (LPR data)

t. Evidence obtained from the Garmin GPS Unit found in Mr. Bowers' 2016 Hyundai Sedan

It is FURTHER ORDERED that the government must provide such notice within 14 days of this Order.

_____  _____
Date                              Donetta W. Ambrose
                                  United States District Judge