IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 18-292 |
| | ) |
| ROBERT BOWERS | ) |

**DEFENDANT'S MOTION TO PRODUCE EVIDENCE THAT
THE GOVERNMENT INTENDS TO USE UNDER FEDERAL RULE
OF EVIDENCE 404(b) WITH CITATION OF AUTHORITY**

Defendant Robert Bowers, through undersigned counsel, respectfully requests, pursuant to the Fifth and Sixth and Eighth Amendments to the United States Constitution and Federal Rules of Evidence 104 and 404(b), an Order compelling the government to provide Mr. Bowers with a statement containing the nature, dates, and places of occurrences of any crimes, wrongs, or acts, other than those specified in the Indictment, that the prosecution intends to introduce or may introduce at trial, whether during its case-in-chief or in impeachment or rebuttal, the existence of which is known, or by the exercise of due diligence could become known to the government. Mr. Bowers further requests that the Order compel the government to state the purpose for which it will seek to admit such evidence.

**INTRODUCTION**

1. Mr. Bowers has been charged in a 51-count indictment with various offenses arising out of the shootings at the Tree of Life Synagogue on October 27, 2018. Thirty-two of these counts carry a potential sentence of death. (Docs. 44-45.)

2. On August 26, 2019, the government filed its Notice of Intent to seek a sentence of death against Mr. Bowers. (Doc. 86.)

3. On November 7, 2019, the Court set December 18, 2019, as the date for filing certain initial defense motions in this case, including any motion under Rule 404(b) of the Federal Rules of Evidence. (Docs. 109 and 110.)

4. Rule 404(b) governs the admissibility of prior bad acts evidence.  The use of such evidence has received increased attention by the Court of Appeals for the Third Circuit in recent years, *see United States v. Davis* ,726 F.3d 434 (3d Cir. 2013), *United States v. Caldwell*, 760 F.3d 267 (3d. Cir. 2014), and *United States v. Hilts*, 632 F.A'ppx 699 (3d Cir. 2015), and "has become the most cited evidentiary rule on appeal," *Davis*, 726 F.3d at 441.  "The Rule reflects the revered and longstanding policy that, under our system of justice, an accused is tried for **what** he did, not **who** he is." *Caldwell*, 760 F.3d at 276 (emphasis in original).  "And in recognition that prior offense evidence is generally more prejudicial than probative, Rule 404(b) directs that evidence of prior bad acts be excluded –**unless** the proponent can demonstrate that the evidence is admissible for a non-propensity purpose." *Id*. (emphasis in original).

5. If the government intends to offer evidence under Rule 404(b), Mr. Bowers will need adequate notice in time and substance to investigate and prepare his defense to such evidence and in order to meaningfully assert his constitutional

rights to due process, confrontation, compulsory process and the effective assistance of counsel.

6. Accordingly, Mr. Bowers hereby requests that the Court enter an Order requiring the government to disclose, within the next 30 days, and with sufficient specificity, any evidence under Rule 404(b) it intends to offer against Mr. Bowers at trial.

## CITATION OF AUTHORITY

Federal Rule of Evidence 404(b) instructs that the prosecution shall provide reasonable notice of the nature of any evidence it intends to offer under the Rule:

> (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, **provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial,** or during trial if the court excuses pretrial notice on good cause shown, **of the general nature or any such evidence it intends to introduce at trial.**

Fed. R. Evid. 404 (emphasis added).

The 1991 Amendment to Rule 404(b) has placed a duty upon the government to provide a defendant with pretrial notice of its intent to introduce into evidence any evidence pursuant to Rule 404(b):

> The amendment to Rule 404(b) adds a pretrial notice requirement in criminal cases and is intended to reduce surprise and promote early resolution on the issue of admissibility. The notice requirement thus places Rule 404(b) in the mainstream with notice and disclosure provisions in other rules of evidence. *See, e.g.,* Rule 412 (written motion of intent to offer evidence under rule), Rule 609 (written notice of intent to offer conviction older than 10 years),

> Rule 803(24) and 804(b)(5)(notice of intent to use residual hearsay exceptions).
>
> The Rule expects that counsel for both the defense and the prosecution will submit the necessary request and information in a reasonable and timely fashion. . . .
>
> The amendment requires the prosecution to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, *i.e.*, during its case-in-chief, for impeachment, or for possible rebuttal.  The court in its discretion may, under the facts, decide that the particular request or notice was not reasonable, either because of the lack of timeliness or completeness.  Because the notice requirement serves as condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met.

Fed. R. Evid. 404, Advisory Committee Notes.

An order requiring the government to provide advance notice of its intent to offer such evidence will provide the Court and defense counsel with the only means of establishing appropriate safeguards as a prerequisite to the admissibility of such evidence under Rule 104 of the Federal Rules of Evidence.  *See United States v. Foskey*, 636 F.2d 517, 526 n.8 (D.C.Cir. 1980) (suggesting that pretrial disclosure by government of uncharged misconduct evidence is the most efficient means of dealing with questions of admissibility as to such evidence); *accord United States v. Lavelle*, 751 F.2d 1266, 1279 (D.C.Cir. 1985); *United States v. Bailey*, 505 F.2d 417, 420 (D.C.Cir. 1974); 1 Wigmore on Evidence, 194 (3rd Edition).  *See also United States v. Davidoff,* 845 F.2d 1151 (2d Cir. 1988) (court reversed a conviction after a defendant in a RICO prosecution was prejudiced by proof of uncharged conduct involving three freight companies, in addition to the company named in the indictment).

4

The admissibility of such evidence must be determined by the district court under the standards for admission of evidence under Rules 404(b) and 403 of the Federal Rules of Evidence. *See United States v. Sampson*, 980 F.2d 883 (3d Cir. 1992); *United States v. Huddleston*, 485 U.S. 681 (1988). This requires "careful precision" to ensure that any evidence admitted is for a "proper, non-propensity purpose." *Caldwell*, 760 F.3d at 274.

"The text of Rule 404(b) has led to a four-part test. Prior-acts evidence is admissible only if it is (1) offered for a proper purpose under Rule 404(b)(2); (2) relevant to that purpose; (3) sufficiently probative under the Rule 403 balancing requirement; and (4) accompanied by a limiting instruction, if requested." *Davis*, 726 F.3d at 441 (citations omitted). "In proffering such evidence, the government must explain how it fits into a chain of inferences --- a chain that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference." *Id*. at 442 (citation omitted). It follows then that any notice provided by the government can only be meaningful and consistent with Rule 404(b)'s design if it sufficiently explains the nature, dates and places of the prior acts, the purpose for which they are being offered, as well as how they are relevant to that purpose. The "careful precision" the Rule demands necessitates such notice. *See Caldwell*, 760 F.3d at 274.

Accordingly, Mr. Bowers requests that the government's disclosure be of sufficient specificity so as to provide him with the information needed to assess whether the government can meet its burden, and whether a motion to exclude and a related hearing will be necessary. In addition, in light of the purpose of the notice requirement – to "reduce surprise and promote early resolution on the issue of admissibility," Mr.

5

Bowers requests such notice at the earliest date possible.  Fed. R. Evid. 404(b), Advisory Committee Notes (1991 Amend.).

In sum, the relief requested by this motion will permit the defense to raise any objections to problematic evidence prior to trial, thus contributing substantially to minimizing interruptions at trial, judicial and jury economy, and the effective, fair and expeditious administration of justice generally.

WHEREFORE, Robert Bowers respectfully moves this Honorable Court to order the government to produce all evidence of prior bad acts which the government intends to use in its case-in-chief, on cross examination, or rebuttal.

Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 18-292 |
| | ) |
| ROBERT BOWERS | ) |

**ORDER OF COURT**

Upon consideration of the foregoing Motion to Produce Evidence that the Government Intends to Use Under Federal Rule of Evidence 404(b) with Citation of Authority, it is hereby ORDERED that said motion is GRANTED.

IT IS FURTHER ORDERED that the government shall provide the defendant with all evidence of prior bad acts which the government intends to use in its case-in-chief, on cross-examination, or on rebuttal by _____, 2020.  If the government intends to use evidence under Rule 404(b), the government's notice shall include the nature, dates and places of the prior crime, wrong or act, the purpose for which it is being offered, as well as how it is relevant to that purpose.

_____                    _____
Date                                                                Donetta W. Ambrose
                                                                            United States District Judge