IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**MOTION FOR DISCLOSURE OF JURY RECORDS**

Robert Bowers, by and through counsel, and pursuant to the Fifth and Sixth Amendments to the United States Constitution, *Duren v. Missouri*, 439 U.S. 357 (1979), and the Jury Selection and Service Act, 28 U.S.C. §§ 1867(a) and (f), respectfully moves this Court for an Order directing the Clerk of the U.S. District Court for the Western District of Pennsylvania to make available to the defense and its expert, for inspection and copying, all records or papers used or relied upon by the Clerk of this Court, and its designees, from April 1, 2009 through the present, in connection with the selection process of the grand and petit juries. *See* Plan of the United States District Court for the Western District of Pennsylvania for the Random Selection of Grand and Petit Jurors at § 15(b), available at https://www.pawd.uscourts.gov/sites/pawd/files/AmendedJuryPlan09.pdf (last accessed Dec. 18, 2019). The defense requests the grand and petit jury selection records as set forth below.

**ARGUMENT**

The information requested below is necessary in order to adequately prepare and present Mr. Bowers' claims under the Jury Selection and Service Act, 28 U.S.C. §§ 1861–1878, and the Fifth and Sixth Amendments to the United States Constitution. Mr. Bowers is entitled to a trial by a jury composed of persons selected in accord with the Constitution and laws of the United

States, and which fairly represents a cross section of the community in which he will be tried. *See* 28 U.S.C. § 1861; *Duren v. Missouri*, 439 U.S. 357 (1975).

To establish a *prima facie* violation of the fair cross section requirement, Mr. Bowers must establish the following:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren*, 439 U.S. at 364.

The Master Jury Wheels provide the foundation for the statistical analyses necessary to present a fair cross section challenge. *See United States v. Weaver*, 267 F.3d 231, 243 (3d Cir. 2001) (noting "fundamental weakness in the figures relied upon by [defense expert] in his statistical presentation regarding the percentages on the 'master wheel'" because he "did not actually analyze the entire 1999 master wheel."). It is not possible to analyze any disparities between county and state demographics and the demographics resulting from the Jury Wheels without the ability to inspect carefully the data found in the Jury Wheels. An unqualified right to this inspection is required by the plain text and purpose of 28 U.S.C. §§ 1867(f) and 1868. *See Test v. United States*, 420 U.S. 28, 30 (1975) ("[W]ithout inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious challenge. Thus, an unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross section of the community.' 28 U.S.C. § 1861."). Relevant data includes not only data concerning the current Jury Wheels but also historical data. To establish the third prong of the *Duren* test—systematic exclusion—the defense must demonstrate "ongoing discrimination over a sufficient

period of time." *Howell v. Superintendent Rockview SCI*, 939 F.3d 260, 269 (3d Cir. 2019). The historical data necessary to cover "a substantial period of time" cannot be known until the data is analyzed. *Id*. at 270. For this reason, as noted below, the defense requests records from April 1, 2009, through the present.

The "unqualified" right to inspection is not dependent upon any preliminary showing of probability of a successful jury selection challenge. *See, e.g.*, *Test*, 420 U.S. at 29 n.2 ("Since we conclude that petitioner had an unqualified right to inspection under § 1867(f), we do not decide whether his counsel's affidavit was sufficient to establish a prima facie case [of jury exclusion]"); *United States v. Royal*, 100 F.3d 1019, 1025 (1st Cir. 1996) ("[A] district court may not premise the grant or denial of a motion to inspect upon a showing of probable success on the merits of a challenge to the jury selection provisions."). "'To avail himself [or herself] of [the] right of access to otherwise unpublic jury selection records, a litigant needs **only allege** that he [or she] is preparing a motion challenging the jury selection procedures.'" *United States v. Alden*, 776 F.2d 771, 773 (8th Cir. 1985) (bracketed text in original) (citing *United States v. Layton*, 519 F. Supp. 946, 958 (N.D. Cal. 1981)) (emphasis added). No other showing is required to gain access to the sought-after materials.

The written plan for the random selection of grand and petit jurors presently in effect in the United States District Court for the Western District of Pennsylvania was approved on March 20, 2009, and ordered to be effective April 1, 2009. Inspection of the requested records will permit defense counsel to determine whether the jury selection plan ensures jurors are selected in accord with the United States Constitution and applicable statutes.

The defense requests access to the following records:

**A.     Grand Jury Information**

1)   The written plan for the random selection of grand and petit jurors currently in effect in the Western District of Pennsylvania ("Jury Plan") and, if different in any respect, at the time grand jurors were summoned in this case. This Jury Plan is believed to be the "Plan of the United States District Court for the Western District of Pennsylvania for the Random Selection of Grand and Petit Jurors," effective April 1, 2009.

2)   Any AO-12 form or JS-12 form created which relates to the Master Jury Wheel and Qualified Jury Wheel that was used to summon the grand jurors who returned the indictment and the superseding indictment in this case as required by 28 U.S.C. § 1863(a).

3)   Any other statistical or demographic analyses produced to ensure the quality and compliance of the Master Jury Wheel and Qualified Jury Wheel used to summon grand jurors in this case with the Jury Plan, especially Sections 1 and 2, the Jury Selection and Service Act, and the U.S. Constitution.

4)   The date or dates when the Master Jury Wheel used to summon grand jurors in this case was refilled.

5)   The date or dates when grand jurors were summoned in this case.

6)   The number of persons summoned from the Qualified Jury Wheel to be considered as grand jurors in this case.

7)   The Master Jury Wheel data as described in the Jury Plan Section 8 in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Division, and not Name or Address.

8)   The Qualified Jury Wheel data as described in the Jury Plan Section 13 in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Division, and not Name or Address.

9)   Status Codes for potential jurors who were selected from the Master Jury Wheel for qualification but either had their qualification form returned by the postal service, did not respond, or were disqualified or exempted from jury service as described in the Jury Plan. The data should be in electronic and accessible form that includes Juror Number, whether the form was returned Undeliverable, whether the form was not returned, Reason for Disqualification, Race, Gender,

        Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division, and not Name or Address.

10)     The Juror Number only (and not Name or Address) and status for persons whose juror summons and qualification form were not returned as described in the Jury Plan.

11)     The Juror Number only (and not Name or Address) for persons selected as potential grand jurors in this case.

12)     The source of data in electronic form for the Master Jury Wheel used to summon grand jurors in this case as described in the Jury Plan Section 5 (voter registration list). The data should include, as available, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division but not any personal information or information that could be used to identify any individual such as Name or Address.

13)     The juror qualification and summons forms for persons summoned to potentially become grand jurors in this case.

14)     The disposition of each summoned potential grand juror in this case as to excusal, deferment, disqualification, or selection as described in the Jury Plan.

15)     The material described in items (2) through (12) above for all jury wheels since April 1, 2009.

**B.**     **Trial Jury Information**[1]

1)     The written plan for the random selection of grand and petit jurors currently in effect for the Western District of Pennsylvania ("Jury Plan") and, if different in any respect, at the time trial jurors will be summoned in this case. This Jury Plan is believed to be the "Plan of the United States District Court for the Western District of Pennsylvania for the Random Selection of Grand and Petit Jurors," effective April 1, 2009.

2)     Any AO-12 form or JS-12 form created which relates to the Master Jury Wheel and Qualified Jury Wheel that will be used to summon the trial jurors as required by 28 U.S.C. § 1863(a).

3)     Any other statistical or demographic analyses produced to ensure the quality and compliance of the Master Jury Wheel that will be used to summon trial jurors in

---

[1] While there is not yet a trial date, Mr. Bowers moves the Court to enter the requested Order so that when a trial date is set, the defense will be in a position to obtain any data dependent on a set trial date.

this case with the Jury Plan, especially Sections 1 and 2, the Jury Selection and Service Act, and the U.S. Constitution.

4) The date when the Master Jury Wheel that will be used to summon trial jurors in this case was refilled as described in the Jury Plan.

5) The date when trial jurors will be summoned in this case.

6) The number of persons that will be summoned from the Qualified Jury Wheel to be considered as trial jurors in this case.

7) The Master Jury Wheel data as described in the Jury Plan Section 8 in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division, and not Name or Address.

8) The Qualified Jury Wheel data as described in the Jury Plan Section 13 in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Division, and not Name or Address.

9) Status Codes for potential jurors who were selected from the Master Jury Wheel for qualification but either had their qualification form returned by the postal service, did not respond, or were disqualified or exempted from jury service as described in the Jury Plan. The data should be in electronic and accessible form that includes Juror Number, whether the form was returned Undeliverable, whether the form was not returned, Reason for Disqualification, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Management Division, and not Name or Address.

10) The Juror Number only (and not Name or Address) and status for persons whose juror summons and qualification form were not returned as described in the Jury Plan.

11) The Juror Number only (and not Name or Address) for persons who will be selected as potential trial jurors in this case.

12) The source of data in electronic form for the Master Jury Wheel used to summon trial jurors in this case as described in the Jury Plan Section 5 (voter registration list). The data should include, as available, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division but not any personal information or information that could be used to identify any individual such as Name or Address.

13) The juror qualification and summons forms for persons who will be summoned to potentially become trial jurors in this case.

14) The disposition of each summoned potential trial juror in this case as to excusal, deferment, disqualification or selection as described in the Jury Plan.

15) The material described in items (2) through (12) above for all jury wheels since April 1, 2009.

## CONCLUSION

Based on the foregoing, the defense requests that this Court order the disclosure of the above data and documentation to defense counsel.

Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*/s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**ORDER FOR DISCLOSURE OF JURY RECORDS**

Upon consideration of the request of defense counsel for disclosure of jury records, and pursuant to the Jury Selection and Service Act, and *Test v. United States*, it is ORDERED that the Clerk of the Court produce the following to counsel for Mr. Bowers:

**A.      Grand Jury Information**

1) The written plan for the random selection of grand and petit jurors currently in effect in the Western District of Pennsylvania ("Jury Plan") and, if different in any respect, at the time grand jurors were summoned in this case. This Jury Plan is believed to be the "Plan of the United States District Court for the Western District of Pennsylvania for the Random Selection of Grand and Petit Jurors," effective April 1, 2009.

2) Any AO-12 form or JS-12 form created which relates to the Master Jury Wheel and Qualified Jury Wheel that was used to summon the grand jurors who returned the indictment and the superseding indictment in this case as required by 28 U.S.C. § 1863(a).

3) Any other statistical or demographic analyses produced to ensure the quality and compliance of the Master Jury Wheel and Qualified Jury Wheel used to summon grand jurors in this case with the Jury Plan, especially Sections 1 and 2, the Jury Selection and Service Act, and the U.S. Constitution.

4) The date or dates when the Master Jury Wheel used to summon grand jurors in this case was refilled.

5) The date or dates when grand jurors were summoned in this case.

6) The number of persons summoned from the Qualified Jury Wheel to be considered as grand jurors in this case.

7)       The Master Jury Wheel data as described in the Jury Plan Section 8 in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Division, and not Name or Address.

8)       The Qualified Jury Wheel data as described in the Jury Plan Section 13 in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Division, and not Name or Address.

9)       Status Codes for potential jurors who were selected from the Master Jury Wheel for qualification but either had their qualification form returned by the postal service, did not respond, or were disqualified or exempted from jury service as described in the Jury Plan. The data should be in electronic and accessible form that includes Juror Number, whether the form was returned Undeliverable, whether the form was not returned, Reason for Disqualification, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division, and not Name or Address.

10)      The Juror Number only (and not Name or Address) and status for persons whose juror summons and qualification form were not returned as described in the Jury Plan.

11)      The Juror Number only (and not Name or Address) for persons selected as potential grand jurors in this case.

12)      The source of data in electronic form for the Master Jury Wheel used to summon grand jurors in this case as described in the Jury Plan Section 5 (voter registration list). The data should include, as available, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division but not any personal information or information that could be used to identify any individual such as Name or Address.

13)      The juror qualification and summons forms for persons summoned to potentially become grand jurors in this case.

14)      The disposition of each summoned potential grand juror in this case as to excusal, deferment, disqualification, or selection as described in the Jury Plan.

15)      The material described in items (2) through (12) above for all jury wheels since April 1, 2009.

B.  **Trial Jury Information**

1) The written plan for the random selection of grand and petit jurors currently in effect for the Western District of Pennsylvania ("Jury Plan") and, if different in any respect, at the time trial jurors will be summoned in this case. This Jury Plan is believed to be the "Plan of the United States District Court for the Western District of Pennsylvania for the Random Selection of Grand and Petit Jurors," effective April 1, 2009.

2) Any AO-12 form or JS-12 form created which relates to the Master Jury Wheel and Qualified Jury Wheel that will be used to summon the trial jurors as required by 28 U.S.C. § 1863(a).

3) Any other statistical or demographic analyses produced to ensure the quality and compliance of the Master Jury Wheel that will be used to summon trial jurors in this case with the Jury Plan, especially Sections 1 and 2, the Jury Selection and Service Act, and the U.S. Constitution.

4) The date when the Master Jury Wheel that will be used to summon trial jurors in this case was refilled as described in the Jury Plan.

5) The date when trial jurors will be summoned in this case.

6) The number of persons that will be summoned from the Qualified Jury Wheel to be considered as trial jurors in this case.

7) The Master Jury Wheel data as described in the Jury Plan Section 8 in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division, and not Name or Address.

8) The Qualified Jury Wheel data as described in the Jury Plan Section 13 in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Division, and not Name or Address.

9) Status Codes for potential jurors who were selected from the Master Jury Wheel for qualification but either had their qualification form returned by the postal service, did not respond, or were disqualified or exempted from jury service as described in the Jury Plan. The data should be in electronic and accessible form that includes Juror Number, whether the form was returned Undeliverable, whether the form was not returned, Reason for Disqualification, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Management Division, and not Name or Address.

10)  The Juror Number only (and not Name or Address) and status for persons whose juror summons and qualification form were not returned as described in the Jury Plan.

11)  The Juror Number only (and not Name or Address) for persons who will be selected as potential trial jurors in this case.

12)  The source of data in electronic form for the Master Jury Wheel used to summon trial jurors in this case as described in the Jury Plan Section 5 (voter registration list). The data should include, as available, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division but not any personal information or information that could be used to identify any individual such as Name or Address.

13)  The juror qualification and summons forms for persons who will be summoned to potentially become trial jurors in this case.

14)  The disposition of each summoned potential trial juror in this case as to excusal, deferment, disqualification or selection as described in the Jury Plan.

15)  The material described in items (2) through (12) above for all jury wheels since April 1, 2009.

IT IS SO ORDERED.

_____                _____
Date                                                         Donetta W. Ambrose
                                                                  United States District Judge