IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

　　　　v.　　　　　　　　　　　　　　　Criminal No. 18-292

ROBERT BOWERS

**UNITED STATES' MOTION TO SET DEADLINES FOR MEANINGFUL NOTICE
OF DEFENDANT'S INTENT TO USE MENTAL HEALTH EVIDENCE**

　　　　AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United

States Attorney for the Western District of Pennsylvania, Troy Rivetti and Soo C. Song, Assistant

United States Attorneys for said district, and Julia Gegenheimer, Special Litigation Counsel, Civil

Rights Division, and hereby files the instant Motion requesting that the Court set April 23, 2020,

as the deadline for all defense mental health related notices, including: (1) the defendant's intent

to rely upon mental health evidence at the guilt or penalty phase pursuant to Federal Rule of

Criminal Procedure 12.2; and (2) his intent to raise a challenge to the United States' ability to seek

the death penalty against him pursuant to <u>Atkins v. Virginia</u>, 536 U.S. 304 (2002).

　　　　For the following reasons, the United States requests that the Court order that the contents

of such notices be sufficiently meaningful to allow the United States to prepare its rebuttal case,

that all defense mental health testing and evaluations be completed prior to the deadline, and that

the Court thereafter enter a briefing schedule for the parties to address other Rule 12.2 procedures

regarding penalty-phase mental health evidence.

I.　　　**MENTAL HEALTH EVIDENCE IN CAPITAL PROSECUTIONS**

　　　　A defendant may rely upon mental health evidence at the guilt- or penalty-phase of a

federal criminal trial involving a death-eligible offense.  Further, mental health evidence may

1

become relevant if the defendant makes a claim related to intellectual disability (a so-called "Atkins claim").  As explained below, these areas are governed by different bodies of law and are subject to varying notice requirements.

The presentation of mental health evidence at trial is governed by Federal Rule of Criminal Procedure 12.2.  The Rule addresses the three circumstances in which mental health evidence may become relevant.  First, a defendant may seek to admit mental health evidence to support assertion of an insanity defense.  Fed. R. Crim. P. 12.2(a).  Second, a defendant may seek to introduce evidence related to a mental defect or disease that otherwise bears on the issue of guilt.  Fed. R. Crim. P. 12.2(b)(1).  Third, a defendant may seek to introduce evidence related to a mental defect or disease that bears on the issue of punishment in a capital case.  Fed. R. Crim. P.  12.2(b)(2).  In all three instances, a defendant seeking to admit such evidence must "notify an attorney for the government in writing . . . and file a copy of the notice with the clerk."  See Fed. R. Crim. P. 12.2(a) and (b).  The Rule requires that the notice be filed within the time for filing of pretrial motions, or at any later time set by the court.  Id.  As such, the presumptive deadline for Rule 12.2 notices in this case is April 23, 2020.  See Doc. No. 108.  The United States requests that the Court maintain that date as the Rule 12.2 notice deadline.

Rule 12.2 diverges in the procedures which follow notice, depending on the type of mental health evidence the defendant intends to introduce.  If a defendant provides notice of his intent to assert an insanity defense, "the court must, upon the government's motion, order the defendant to be examined under 18 U.S.C. § 4242."  Fed. R. Crim. P. 12.2(c)(1)(B).  And if a defendant provides notice of his intent to otherwise introduce mental health evidence in the guilt- or penalty-phases

pursuant to Rule 12.2(b), "the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court."  Fed. R. Crim. P. 12.2(c)(1)(B).

The Rule, however, imposes additional restrictions on penalty-phase mental health evidence, providing that the results and reports of any such examinations by government experts must be sealed and not disclosed to any government or defense attorney until after the defendant is found guilty of a capital crime and has confirmed his intention to offer expert evidence on mental condition at the sentencing proceeding.  Fed. R. Crim. P. 12.2(c)(2).  Further, once the United States has complied with Rule 12.2(c)(2)—i.e., by disclosing the results and reports of its examinations—the defendant is required to make reciprocal disclosures of any reports and results of expert examinations conducted on his behalf about which he intends to offer evidence during the penalty phase.  Fed. R. Crim. P. 12.2(c)(3).  In short, the Rule 12.2(c) framework is designed to insulate a defendant against the prosecution team's acquisition and use during the guilt phase of any court-compelled statements made to government experts in preparation for the potential sentencing proceeding.

Beyond its limited textual strictures, Rule 12.2 leaves to the sound discretion of the trial court case-specific determinations regarding the precise content of the notice a defendant must provide to the United States under Rule 12.2(b).  While Federal Rule of Criminal Procedure 16(b)(1)(B) and (C) provides some guidance,[1] particularly in the guilt-phase context, its

---

[1] Legally and qualitatively, notice of an intention to present expert evidence of a mental condition pursuant to Rule 12.2(b) is distinct from the expert discovery and notice provisions of Rule 16(a)(1)(F) and (G).  Whereas summaries of non-mental–health expert testimony under Rule 16 are typically produced closer in time to trial, the Federal Rules presume that a defendant "must" serve Rule 12.2 notice "within the time provided for filing a pretrial motion," barring further action by the court.  Fed. R. Crim. P. 12.2(a), (b).  The provisions of the rule also account for both the

application to penalty-phase mental health evidence conflicts with, and must cede to, other limitations of Rule 12.2. Accordingly, the United States discusses the appropriate contents and timing of guilt-phase and penalty-phase notices in Section III.B below.

The Rule 12.2(c) framework also leaves to the trial court's discretion the manner in which government experts are to conduct their examinations, while complying with the rule's prohibition against early disclosure of the results and reports of their examinations to the prosecution team. To that end, the 2002 Advisory Committee made clear:

> The amendment [to Rule 12.2] leaves to the court the determination of what procedures should be used for a court-ordered examination on the defendant's mental condition (apart from insanity). As currently provided in the rule, if the examination is being ordered in connection with the defendant's stated intent to present an insanity defense, the procedures are dictated by 18 U.S.C. § 4242. On the other hand, if the examination is being ordered in conjunction with a stated intent to present expert testimony on the defendant's mental condition (not amounting to a defense of insanity) either at the guilt or sentencing phases, no specific statutory counterpart is available. Accordingly, the court is given the discretion to specify the procedures to be used. In so doing, the court may certainly be informed by other provisions, which address hearings on a defendant's mental condition. See, e.g., 18 U.S.C. § 4241, et seq.

Fed. R. Crim. P. Rule 12.2, Advisory Committee Comments, 2002 Amendments (emphasis added).

As such, courts in capital cases typically specify additional procedures to be used with respect to penalty phase mental health evidence after considering proposals from the parties. Such procedures may include appointment of government "firewall" counsel[2] to receive defense

---

sensitivity of mental health evidence and the potentially dispositive impact of an insanity defense by prescribing early notice and limits on the timing and manner of disclosure. See Fed. R. Crim. P. 12.2(a), (b), and (c).

[2] In order to facilitate the goal of full and fair discovery in the arena of penalty phase mental health evidence, many courts have adopted procedures for the appointment of government firewall

disclosures that may contain information subject to constitutional or other protections.  Even where firewall counsel is not appointed, procedures must be identified to allow for the government's examination of the defendant consistent with Rule 12.2's restrictions.  Additional procedures also typically address the exchange of penalty-phase mental health discovery and post-guilty verdict procedures.

In light of the broad discretion that Rule 12.2 vests in this Court, and as a means to ensure prompt resolution of any mental-health claims raised by the defendant, the United States hereby respectfully requests:

(1)      that the Court set April 23, 2020, as the deadline for all defense mental health evidence related notices, including notice of the defendant's intent to raise an <u>Atkins</u> claim, notice of the defendant's intent to assert an insanity defense, and notice of the defendant's intent to introduce expert evidence relating to a mental disease, defect, or condition bearing on the issue of guilt or punishment;

(2)      that the contents of each such notice should include the information identified by the United States in Section III.B below;

---

counsel who will receive defense disclosures that may contain information subject to constitutional or other protections.  The utilization of firewall counsel protects the defendant's rights while enabling the United States to fairly and timely respond to defense mental health evidence.  The appointment of government firewall counsel allows a much earlier exchange of mental health evidence, thereby avoiding unwarranted delays in the sentencing phase of the case, while assuring that a defendant is insulated against the prosecution team's acquisition and improper use of court-compelled statements.  <u>United States v. Williams</u>, 731 F.Supp.2d 1012, 1026 (D. Haw. 2010); <u>United States v. Umana</u>, No. 3:08-CR134, 2009 WL 2489309 (W.D.N.C. Aug. 12, 2009); <u>United States v. Lujan</u>, 530 F.Supp.2d 1224, 1240 (D.N.M. 2008); <u>United States v. Wilson</u>, 493 F.Supp.2d 348, 353–57 (E.D.N.Y. 2006); <u>United States v. Johnson</u>, 362 F.Supp.2d 1043, 1082–84 (N.D. Iowa 2005).

(3)      that all mental health testing and examinations of the defendant be completed prior to the April 23, 2020, notice deadline; and,

(4)      that the Court set a briefing schedule for the parties to propose, either jointly or separately, additional, specific Rule 12.2 penalty-phase mental health evidence procedures that should apply in this case.

## II.   ATKINS CLAIMS

Although the United States has no basis to anticipate an Atkins claim by defendant Bowers, intellectual disability is within the realm of mental health claims that may become relevant in a capital prosecution.  The Federal Death Penalty Act ("FDPA") prohibits the execution of a person who is intellectually disabled.[3]  18 U.S.C. § 3596(c) ("A sentence of death shall not be carried out upon a person who is mentally retarded.").  The Supreme Court also has held that the execution of intellectually disabled individuals is unconstitutional.  Atkins v. Virginia, 536 U.S. 304 (2002).  The Supreme Court's opinion in Atkins, like the FDPA, designates intellectual disability as a bar to execution.  In Atkins, however, the Supreme Court provided little guidance on how or when to determine whether a defendant's intellectual disability prohibits his execution.  The Court stated, "[a]s was our approach in Ford v. Wainwright[] with regard to insanity, 'we leave to the State[s] the task of developing appropriate ways to enforce the constitutional restriction upon [their] execution of sentences.'"  Id. at 317 (quoting Ford v. Wainwright, 477 U.S. 399, 405, 416-17 (1986)).  Therefore, a court faced with an Atkins claim can expect litigation over a multitude of issues, including the applicable definition of intellectual disability, the burden of proof, production

---

[3]  For purposes of this motion, the terms "intellectually disabled" and "mentally retarded" are used interchangeably.

of discovery to the United States, the need for a government examination of the defendant, and the particulars of any related evidentiary hearing.  See, e.g., United States v. Watts, No. 14-CR-40063, 2017 WL 413164 (S.D. Ill. Jan. 31, 2017) (ruling on parties' briefing concerning applicable burden of proof); United States v. Watts, No. 14-CR-40063, 2016 WL 3541502 (S.D. Ill. June 29, 2016) (ruling on government's motion to evaluate defendant for intellectual disability); United States v. Northington, No. 2:07-CR-550, 2012 WL 4024944 (E.D. Pa. Sept. 12, 2012) (ruling on government proposed testing and videotaping of government examinations); United States v. Northington, No. 2:07-CR-550, 2012 WL 2873360 (E.D. Pa. July 12, 2012) (ruling on discovery issues related to Atkins claim).

Indeed, Atkins claims are not governed by Rule 12.2.  See, e.g., Northington, 2012 WL 2873360, at *5 ("The procedure used by district courts that have considered Atkins claims does not logically fit within the framework established by Rule 12.2(c).").  Nonetheless, given the litigation required once an Atkins claim has been made, and the dispositive nature of such a claim on the ability of the United States to seek the death penalty in the event of a ruling in the defendant's favor, most courts have scheduled Atkins notice deadlines well in advance of trial. See, e.g., United States v. Jordan, No. 4:15-CR-00404, Doc. No. 2145 at 3 (E.D. Mo. Mar. 20, 2019) (setting March 23, 2020, Atkins notice deadline in advance of anticipated April 5, 2021 trial[4]) (attached as Exhibit A); United States v. Mills, No. 2:16-CR-20460-MAG-RSW, Doc. No. 475 at 1, 3 (E.D. Mich. Aug. 31, 2018) (setting January 2, 2019, Atkins notice deadline in advance

---

[4] A trial date was not addressed in the magistrate's scheduling order because the order was limited "to pretrial matters."  See Exhibit A at 1.  However, other pleadings confirm that the parties agreed to, and anticipated, a trial date of April 5, 2021.  See, e.g., Jordan, Doc No. 2449 at 2.

of April 21, 2020, trial) (attached as Exhibit B); United States v. Council, No. 4:17-CR-00866, Doc. No. 121 at 1, 3 (D.S.C. May 2, 2018) (setting August 31, 2018, Atkins notice deadline in advance of January 14, 2019, trial) (attached as Exhibit C); United States v. Christensen, No. 2:17-CR-20037, Doc. No. 67 at 2, 4 (C.D. Ill. Feb. 14, 2018) (setting September 21, 2018, Atkins notice deadline in advance of April 3, 2019, trial) (attached as Exhibit D); United States v. Cramer, No. 1:16-CR-26, Doc. No. 42 at 3, 4 (E.D. Tex. Mar. 22, 2016) (setting June 5, 2017, Atkins notice deadline in advance of October 10, 2017, trial) (attached as Exhibit E); United States v. Fell, No. 5:01-CR-012, Doc. No. 584 at 1 (D. Vt. July 13, 2015) (setting October 26, 2015, Atkins notice deadline in advance of an unspecified trial date occurring no earlier than August 2016) (attached as Exhibit F).

Though no statute or law dictates when a court should impose such a deadline, setting a reasonable pretrial deadline facilitates timely resolution of any such claim prior to trial and allows sufficient time to litigate the claim without disrupting trial. See, e.g., Northington, 2012 WL 2873360, at *7 (lamenting defendant's late Atkins claim because of the disruption it could cause to the trial schedule). The United States respectfully requests that the court set a deadline of April 23, 2020, for defense notice of an Atkins claim. The contents of such a notice are addressed in Section III.B below.

## III.    RULE 12.2 MENTAL HEALTH NOTICES

### A.    The Court Should Set April 23, 2020, as the Deadline for All Defense Mental Health Notices

As explained above, Rule 12.2 establishes the deadline for pretrial motions as the presumptive deadline for guilt- and penalty-phase mental health notices. Fed. R. Crim. P. 12.2(a)

and (b).  As is typical in a capital case, there is good reason to believe that defendant Bowers has contemplated the possibility of offering expert mental health testimony, based in part upon prior defense assertions in this case.  See, e.g., Doc. No. 100 at 3.  Defense counsel have not yet disclosed to the United States the extent to which they plan to pursue mental health examinations of the defendant, or whether they intend to file an Atkins notice or any notice pursuant to Rule 12.2(a) and (b).  The deadline to file pretrial motions, as currently set, is April 23, 2020.  This is an appropriate date for the defendant to provide all mental-health notices required by Rule 12.2.  Accordingly, the United States requests that the Court require the defendant to provide notice of his intent to raise an Atkins claim by the same date, April 23, 2020, notwithstanding the fact that courts have often required Atkins notice to be filed earlier than Rule 12.2 notice.[5]  See, e.g., Exhibits A, B, C, and F.

This deadline allows sufficient opportunity for the defendant to explore his mental health evidence and decide if he wishes to rely upon such evidence.  As the Court is aware, the defendant has been detained since his arrest on October 27, 2018.  Counsel from the Federal Public Defender was appointed shortly thereafter, and learned counsel was appointed on December 27, 2018 (Doc. No. 43).  The defendant's legal counsel has remained constant since that date, and counsel have had unimpeded access to the defendant ever since.  The defendant and his counsel have had more than a year to investigate what role mental health evidence may play at any stage of this case.  As

---

[5]  The United States previously proposed earlier and staggered deadlines for all mental health evidence notices (see Doc. No. 91-1 at 1-2), but given the presumptive April 23, 2020, deadline dictated by Rule 12.2, the United States now modifies its earlier request to be consistent with that presumptive date, and to allow the defendant to file his notice of intent to raise an Atkins challenge at the same time.

such, imposing a deadline for the defendant's notice of April 23, 2020, is reasonable and appropriate under the circumstances and will facilitate resolution of any mental health-related matters without undue delay.

**B.      Although the Contents of Each Notice Will Vary, the Court Should Require that Any Such Notice Provide Meaningful Information and Details**

**1.      Guilt-phase Rule 12.2 notice**

Guilt-phase Rule 12.2 notice is relatively straight-forward in that Rule 12.2(a) and (b)(1) do not restrict disclosures in any way.  Compare Rule 12.2(b)(2).  If the defendant provides notice of his intent to present an insanity defense or other evidence of a relevant mental condition during the guilt phase,[6] the Court should require that any notice pursuant to Rule 12.2(a) and (b)(1) include:  (1) the name of each mental health expert upon whom the defendant will rely, including those who reviewed records and/or testing results but did not personally examine the defendant; (2) each expert's qualifications; (3) a list of the specific tests administered to the defendant by each expert, including any tests not personally administered by the testifying expert, but upon which the expert will rely; and, (4) a written summary of any anticipated expert witness testimony that describes the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.  See Fed. R. Crim. P. 16(b)(1)(C).  This information will allow the United States to make informed decisions concerning what experts it will need to retain for rebuttal.

Within 30 days of the filing of the defendant's guilt-phase Rule 12.2 notice, the defendant should also be required to provide the United States with the results or reports of any mental

---

[6]  The United States, likewise, has no reason to expect that the defendant intends to advance an insanity defense and/or rely on any mental condition during the guilt phase.

10

examination or scientific test or experiment he intends to use in his case-in-chief and the report of any expert who he intends to call to testify.  See Fed. R. Crim. P. 16(b)(1)(B).  These productions should include the experts' raw data.[7]  Within 30 days of that production, the United States should be required to file any motion for mental health examination of the defendant.[8]

## 2.    Penalty-phase Rule 12.2 notice

Although Rule 16 does apply to the penalty phase of a capital case, not all of the reciprocal obligations contained in Rule 16(b) can be fulfilled at the time a defendant files his Rule 12.2(b)(2) notice because of the restrictions on penalty-phase mental health disclosures imposed by Rule 12.2(c)(3).  Accordingly, the contents of Rule 12.2(b) notice addressing penalty-phase mental health evidence will differ from Rule 12.2 notice addressing guilt-phase mental health evidence. The United States therefore requests that the Court order that the defendant's Rule 12.2(b)(2) penalty-phase notice include (1) the name of each mental health expert who the defendant will rely upon, including those who reviewed records and/or testing results but did not personally examine the defendant; (2) each expert's qualifications; and (3) a list of the specific tests administered to the defendant by each expert, including any tests not personally administered by the testifying expert, but upon which the expert will rely.

---

[7]  Raw data includes all medical records upon which the expert relied, any underlying data reviewed and/or relied upon in reaching the expert's opinion, including reports and testing performed by non-testifying experts, any test and examination questions and answers in unredacted form,  handwritten or typed notes, and any audio or video recordings or transcripts of interviews with the defendant.

[8]  Other deadlines may need to be scheduled related to any request for a government examination of the defendant.  However, those deadlines are best determined in conjunction with litigation concerning the United States' requested examination of the defendant.

3.    **Meaningful Notice under Rule 12.2(b)**

Courts have routinely construed Rule 12.2(b) to require not just perfunctory notice of a defendant's intent to introduce mental health evidence—but <u>meaningful</u> notice of the defendant's anticipated mental health examinations and evidence.  Meaningful Rule 12.2(b) notice must "provid[e] the government with an opportunity to conduct the kind of investigation needed to acquire rebuttal testimony."  <u>United States v. Johnson</u>, 362 F.Supp.2d 1043, 1079 (N.D. Iowa 2005) (<u>discussing</u> <u>United States v. Sampson</u>, 335 F.Supp.2d 166, 242-43 (D. Mass. 2004)). Providing meaningful notice in advance of trial is crucial to the United States' ability to adequately identify, investigate, and, where appropriate, rebut the defendant's claims regarding his mental condition. <u>See</u> <u>Kansas v. Cheever</u>, 571 U.S. 87, 94 (2013) (failing to allow government to present rebuttal psychiatric evidence would "undermine the adversarial process, allowing a defendant to provide the jury, through an expert operating as proxy, with a one-sided and potentially inaccurate view of his mental state at the time of the alleged crime").

As such, the defendant's Rule 12.2(b) notice should include the names and professional qualifications of the defense mental health experts upon whom the defendant may rely at trial. <u>See</u> <u>United States v. Beckford</u>, 962 F. Supp. 748, 763-64 (E.D. Va. 1997); <u>United States v. Taylor</u>, 320 F.Supp.2d 790, 791 (N.D. Ind. 2004) (referencing prior order requiring defendant to provide identities and qualifications of mental health experts who will testify or whose opinions will be relied upon); <u>Johnson</u>, 362 F.Supp.2d at 1079-81 (rejecting a government request for notice of defendant's alleged mental health disorders because required disclosure of her expert's "specific identities, and hence, their qualifications" sufficiently narrowed the scope of conditions they might reasonably diagnose); <u>United States v. McCluskey</u>, No. 10-CR-2734, Doc. No. 219 at 1 (D.N.M.

Sept. 9, 2011) (ordering that defendant's Rule 12.2 notice include "the name and professional qualifications of any mental health professional who will testify as an expert and a brief, general summary of the topics to be addressed that is sufficient to permit the United States to determine the area in which its expert must be versed") (order attached as Exhibit G); United States v. Cramer, No. 1:16-CR-26, Doc. No. 378 at 1 (E.D. Tex. Feb. 21, 2018) (requiring that Rule 12.2 notice "include the names of each expert, types of experts, and the specific tests administered in their examination of Defendants") (order attached as Exhibit H).[9]  Indeed, as one district court found, "the right to offer rebuttal testimony . . . would be a hollow one indeed without discovery into the mental condition of the accused."[10]  United States v. Fell, 372 F.Supp.2d 753, 759 (D. Vt. 2005).  See also United States v. Wilson, 493 F.Supp.2d at 355-56 (applying reciprocal discovery provisions of Rule 16(b) to penalty mental health evidence).

Adequate notice also requires identification of "the nature of the tests that the defendant's experts have performed or will perform, e.g., the MMPI-2, the WAIS-2, etc., in the course of their evaluations of the defendant."  Johnson, 362 F.Supp.2d at 1080 (citing Sampson, 335 F.Supp.2d at 242-43).  Requiring inclusion of this type of information in the defendant's notice is necessary to permit the prosecution trial team to hire the appropriate expert(s) to respond meaningfully to any mental health claims the defense asserts.

---

[9]  To be sure, some courts have ordered the defendants to produce only the types of experts upon which they would rely in penalty hearing Rule 12.2 notices.  Based upon the cases cited herein and in order to avoid unnecessary delay, the better practice is for the defendant to provide meaningful notice and for the Court to require disclosure of the identities of the experts.

[10]  The FDPA also permits the United States "to rebut any information received [at the sentencing hearing], and [that it] shall be given a fair opportunity to present argument as to the adequacy of the information to establish the existence of any . . . mitigating factor."  18 U.S.C. § 3593(c).

The United States further proposes that it be required to file any motion seeking examination of the defendant within 45 days of the filing of the defendant's notice.

### 4.       Contents of <u>Atkins</u> notice

No federal rule or statute governs a defendant's notice of his intention to file an <u>Atkins</u> claim.  Given the numerous areas that will need to be litigated in the event of an assertion by the defendant that he cannot be subjected to capital punishment due to intellectual disability, an <u>Atkins</u> notice should include substantive notice of the bases for the <u>Atkins</u> claim, and, in particular: (1) the name of each mental health expert upon whom the defendant will rely, including those who reviewed records and/or testing results but did not personally examine the defendant; (2) each expert's qualifications; (3) a list of the specific tests administered to the defendant by each expert, including any tests not personally administered by the testifying expert, but upon which the expert will rely; and, (4) a written summary of the experts' opinions, and the bases and reasons for those opinions.  This information will allow for the United States to retain its own experts, move for an examination of the defendant, and identify which tests its experts propose to administer to the defendant.

The defense experts' final reports and raw data[11] likewise will need to be produced to the United States for its own experts' review prior to government expert testing and examination.  <u>See</u> <u>Northington</u>, 2012 WL 2873360, at *6 ("This right to rebut the mental health evidence [described in 18 U.S.C. § 3593(c)] would be rendered meaningless if the Government and the Government's experts were not timely provided Defendant's expert reports. . . . We are satisfied that the

---

[11] <u>See</u> footnote 7.

Government's experts must be permitted to review the reports and the examination and testing procedures used by Defendant's experts prior to their examination of Defendant.  Meaningful rebuttal means being permitted to test not only the conclusions of Defendant's expert, but also the testing procedures used to reach those conclusions.") (internal citations omitted).  Therefore, within 30 days of the filing of the <u>Atkins</u> notice, the defendant should also provide the United States with the reports of any experts named in the notice as well as the results or reports of any mental examination or scientific test or experiment conducted by the experts or upon which the experts will rely.  Such disclosures will be necessary to ensure that the United States has sufficient information to determine whether to retain its own experts and to litigate the substance of the <u>Atkins</u> claim, including at any evidentiary hearing.  Any motion seeking relief pursuant to <u>Atkins</u> should also be filed by this deadline; that is, within 30 days of the defendant's notice.

The United States further requests that the Court order that any motion to examine the defendant by the United States be filed within 30 days of receipt of the above production.

### C.      All Testing, Evaluations, and Examinations of the Defendant Should be Concluded Prior to the April 23, 2020, Notice Deadline

The United States further requests that the Court require that all testing, examinations, and evaluations of the defendant by any defense mental health expert be completed prior to the proposed April 23, 2020, notice deadline.  The defendant necessarily will want to have full information prior to making his notice decisions.  Requiring completed examinations prior to the notice deadline ensures that any such notices are, in fact, meaningful and complete, and that the defendant does not inadvertently and unnecessarily occasion delays in these proceedings by way of belated mental health examination and testing.

Simply put, a notice based on incomplete testing and that does not comprehensively address the defendant's intended mental health evidence does not serve the purpose of Rule 12.2 and will prevent the United States from being able to prepare an appropriate rebuttal. It would also hinder litigation of any <u>Atkins</u> claim, delaying the United States' ability to consider his claims, and further delay the court's ultimate resolution of the issue. By contrast, requiring meaningful notice predicated upon completed testing and examination of the defendant will ameliorate the risk of any potential delay between the guilt- and penalty- phases.

Therefore, the United States requests an order requiring the defendant to complete all testing, evaluations, and examinations prior to the April 23, 2020, notice deadline.

### D. The Court Will Need to Set A Briefing Schedule Related to Further Rule 12.2 Penalty Phase Procedures

In light of the wide discretion vested in the Court, and the special parameters Rule 12.2 imposes with respect to penalty-phase mental health evidence, specific procedures will need to be implemented to address such evidence, its admission, and its rebuttal. The United States believes that the parties should have the opportunity to fully brief their positions on the appropriate Rule 12.2 penalty-phase mental health procedures. <u>See, e.g.,</u> Exhibit A at 3 (setting deadlines for Rule 12.2 proposals); Exhibit B at 2 (setting a deadline for parties to submit a joint statement, setting forth points of agreement and disagreement related to Rule 12.2 and 16 penalty disclosures); Exhibit C at 1 (setting deadline for government proposed Rule 12.2 procedures and defense response thereto); Exhibit F at 2 (setting date for "[n]otice of firewall related procedures"). Such briefing will help the court to assess the relative merits of, among other things, the mechanics and parameters of the United States' examination of the defendant, the potential use of government

firewall counsel, the appropriate timing of the exchange of penalty-phase mental health discovery, and other post-guilty verdict procedures.  As to these matters, the United States proposes that the parties and the Court resolve the briefing schedule following the Court's ruling on the proposed April 23, 2020, notices deadline, and the other matters addressed in this motion.

IV.    <u>CONCLUSION</u>

Based on the foregoing, the United States respectfully moves the Court to set April 23, 2020, as the deadline by which the defendant must provide notice of his intent to raise a claim under <u>Atkins v. Virginia</u>, as well as any notice required by Rule 12.2(a) and (b); require that any such notice be meaningful and contain the detailed information described above; require that all testing and evaluations of the defendant by any defense mental health expert be completed prior to the proposed April 23, 2020, deadline; and, thereafter set a briefing schedule concerning additional Rule 12.2 penalty-phase mental health procedures.  A proposed Order is attached.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

s/Troy Rivetti
TROY RIVETTI, AUSA
PA ID No. 56816

s/ Soo C. Song
SOO C. SONG, AUSA
DC ID No. 457268

s/Julia Gegenheimer
JULIA GEGENHEIMER
Special Litigation Counsel
Civil Rights Division
NY ID No. 4949475

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

ROBERT BOWERS

Criminal No. 18-292

**ORDER**

AND NOW, upon due consideration of the United States' Motion to Set Deadlines for Meaningful Notice of Defendant's Intent to Use Mental Health Evidence,

IT IS HEREBY ORDERED that said motion is GRANTED.

IT IS FURTHER ORDERED:

(1)     On or before April 23, 2020, all mental health testing and examinations of the defendant by any defense mental health expert shall be completed;

(2)     On or before April 23, 2020, defendant Bowers shall provide notice to the United States of all mental health claims that he intends to raise in this prosecution, and in particular: notice of defendant Bowers's intent to raise a claim pursuant to Atkins v. Virginia, 536 U.S. 304 (2002); and notice of the defendant's intent to introduce expert evidence relating to a mental disease, defect, or condition bearing on the issue of guilt or punishment;

(3)     The contents of each such notice shall include the following:

A)     With respect to defendant's intention to raise an Atkins claim, the defendant shall file with the Court a notice of his intention to raise an Atkins claim, and shall provide notice to the United States, and file under seal with the Court, the bases for the Atkins claim.  Said notice to the United States and sealed filing shall set forth: (i) the name of each mental health expert upon whom the defendant will rely, including those who reviewed records and/or testing results but did

not personally examine the defendant; (ii) each expert's qualifications; (iii) a list of the specific tests administered to the defendant by each expert, including any tests not personally administered by the testifying expert, but upon which the expert will rely; and, (iv) a written summary of the experts' opinions, and the bases and reasons for those opinions.

Within 30 days of the filing of the Atkins notice, the defendant shall also provide to the United States, and file under seal with the Court, the reports of any experts named in the notice as well as the results or reports of any mental examination or scientific test or experiment conducted by the experts or upon which the experts will rely, including the experts' raw data.[1] Any motion seeking relief pursuant to Atkins shall also be filed by this deadline; that is, within 30 days of the filing of the Atkins notice.

Within 30 days of the receipt of the defendant's final expert reports and raw data, the United States shall provide to defense counsel, and file under seal with the Court, its determination as to whether it intends to move for an examination of the defendant, and identify its experts and which tests its experts propose to administer to the defendant.

B)      With respect to notice of defendant's intent to present an insanity defense or other evidence of a relevant mental condition during the guilt phase, the defendant shall provide notice to the United States, pursuant to Fed. R. Crim. P. 12.2(a) and (b)(1), and file under seal with the Court, notice setting forth:  (i) the name of each mental health expert who the defendant will rely upon, including those who reviewed records and/or testing results but did not personally examine the defendant; (ii) each expert's qualifications; (iii) a list of the specific tests administered

---

[1] Raw data includes all medical records upon which the expert relied, any underlying data reviewed and/or relied upon in reaching the expert's opinion, including reports and testing performed by non-testifying experts, any test and examination questions and answers in unredacted form, handwritten or typed notes, and any audio or video recordings or transcripts of interviews with the defendant.

to the defendant by each expert, including any tests not personally administered by the testifying expert, but upon which the expert will rely; and (iv) a written summary of any anticipated expert witness testimony that describes the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Within 30 days of providing to the United States the defendant's guilt phase Rule 12.2 notice, the defendant shall provide to the United States, and shall file under seal with the Court, the results or reports of any mental examination or scientific test or experiment he intends to use in his case-in-chief, and the reports of any experts who he intends to call to testify, including the experts' raw data.  Fed. R. Crim. P. 16(b)(1)(B).

Within 30 days of that production, the United States shall determine whether it intends to retain experts for rebuttal, and shall provide notice to the defendant, and file under seal with the Court, its decision as to whether it intends to move for an examination of the defendant, and identify its experts and which tests its experts propose to administer to the defendant.

(C)     With respect to notice of defendant's intent to present penalty-phase mental health evidence, the defendant's Rule 12.2(b)(2) notice, which shall be filed under seal with the Court and provided to the United States, shall set forth the following: (i) the name of each mental health expert who the defendant will rely upon, including those who reviewed records and/or testing results but did not personally examine the defendant; (ii) each expert's qualifications; and (iii) a list of the specific tests administered to the defendant by each expert, including any tests not personally administered by the testifying expert, but upon which the expert will rely.

Within 45 days of the filing of the defendant's notice, the United States shall determine whether it intends to retain experts for rebuttal, and shall file under seal with the Court, and provide notice to the defendant, its decision as to whether it intends to move for an examination

of the defendant, and identify its experts and which tests its experts propose to administer to the defendant.  The Court will thereafter set a briefing schedule to address additional Rule 12.2 penalty-phase mental health procedures.

IT IS SO ORDERED.

_____
Honorable Donetta Ambrose
Senior United States District Judge

_____
Date

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   4:15CR404 HEA/NAB |
| | ) | |
| ANTHONY JORDAN (3), | ) | |
| | ) | |
| Defendant. | ) | |

## SCHEDULING ORDER

The above matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b).  On December 19, 2016, the undersigned deemed this matter a complex case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). [Doc. #765].   On December 20, 2018, the Government filed a Notice of Intent to Seek the Death Penalty Pursuant to Title 18, United States Code, Section 3593 as to Defendant Anthony Jordan.  [Doc. #1988.]  On March 5, 2019, this matter came before the undersigned for a status conference.  J. William Lucco, Michael Gorla, and Maria Pedraza appeared on behalf of Defendant and Tom Rea and Erin Granger appeared on behalf of the Government.  The parties discussed the joint proposed scheduling order submitted on March 4, 2019.  [Doc. #2098.]  For the reasons stated on the record at the status conference, the undersigned will ADOPT the parties' joint proposed scheduling order *as it applies to pretrial matters.*  The parties also included proposed deadlines to be considered by the District Judge, therefore the undersigned will not include those deadlines in this order.

Accordingly,

**IT IS HEREBY ORDERED** that The Government is to make disclosures required by Brady v. Maryland, 373 U.S. 83 (1963) (evidence which might tend to exculpate a defendant or

mitigate punishment) on or before **June 3, 2019**. Any exculpatory evidence coming into the possession of the Government after this deadline will be promptly provided to Defendant.

**IT IS FURTHER ORDERED** that the deadline for the Government to comply with all discovery and inspection obligations required by Rule 16(b) of the Federal Rules of Criminal Procedure is on or before **June 3, 2019**.

**IT IS FURTHER ORDERED** that any motion challenging the death penalty, including legal challenges to the validity of the aggravating factors, and the Government's notice of intent shall be filed on or before **July 15, 2019**.    The Government may respond by **August 15, 2019**. Defendant may reply by **September 16, 2019**.

**IT IS FURTHER ORDERED** that the deadline for the Government to provide notice of intent to utilize evidence pursuant to Fed. R. Evid. 404(b) is on or before **August 5, 2019**.

**IT IS FURTHER ORDERED** that Defense's response to any notice of intent to utilize evidence pursuant to Fed. R. Evid. 404(b) is **September 9, 2019**.

**IT IS FURTHER ORDERED** that the Government shall disclose all evidence it intends to offer in support of the aggravating factors set out in the notice of intent on or before **September 9, 2019**.  Subsequent modifications or additions to such matters shall be promptly provided to the Defendant on a continuing basis.

**IT IS FURTHER ORDERED** that the deadline for the Defendant to file motions that would be dispositive, including motions to dismiss the indictment, motions for bill of particulars, factual challenges to the validity of the aggravating factors, challenges to the grand jury and venire, motions attacking institution of the prosecution, and motions alleging selective prosecution, is **October 21, 2019**.  The Government's response to any such motions is due on or before **November**

**21, 2019**. The Defendant's reply to the Government's response is due on or before **December 20, 2019**. Any hearing necessary on dispositive motions will be promptly scheduled by the Court.

 **IT IS FURTHER ORDERED** that the Government is directed to file a proposal in the matter of Rule 12.2 procedures on or before **October 28, 2019**. The Defendant is directed to respond to the Government's proposal on or before **November 18, 2019**. The Government may file a reply to the Defendant's response on or before **December 20, 2019**.

 **IT IS FURTHER ORDERED** that the deadline for any Defense notice of intent to offer penalty phase mental health evidence required under Fed. R. Crim. P. 12.2(b)(2) is **April 23, 2020**. Any necessary additional deadlines concerning penalty phase mental health evidence shall be promptly scheduled by the Court in conjunction with, or after, the Court rules on the parties' Rule 12.2(b)(2) proposals.

 **IT IS FURTHER ORDERED** that the deadline for filing motions to suppress statements and evidence, including electronic surveillance conducted by the government, is **February 20, 2020**. The Government's response to any such motions to suppress is due on or before **March 20, 2020**. The Defendant's reply to the Government's response is due on or before **April 20, 2020**. Any hearing necessary on Defendant's suppression motions will be promptly scheduled by the Court.

 **IT IS FURTHER ORDERED** that the deadline for Defendant to raise issues of competency is **March 23, 2020**. Any additional deadlines or hearing necessary to this issue will be promptly scheduled by the Court.

 **IT IS FURTHER ORDERED** that the deadline for Defendant to raise claims under Atkins v. Virginia, 563 U.S. 304 (2002) is **March 23, 2020**. Any additional deadlines or hearing necessary to this issue will be promptly scheduled by the Court.

**IT IS FURTHER ORDERED** that the deadline for Defendant to provide notice of his intention to present an insanity defense under Fed. R. Crim. P. 12.2(a) or notice to present expert evidence relating to a mental disease or defect or any other mental condition of Defendant bearing on the issue of guilt under Rule 12.2(b)(1) is on or before **March 23, 2020**. Any additional deadlines or hearing necessary to this issue will be promptly scheduled by the Court if such notice is filed.

**IT IS FURTHER ORDERED** that the deadline for Defendant to comply with all discovery and inspection obligations required by Rule 16(b) of the Federal Rules of Criminal Procedure is on or before **March 23, 2020**.


_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of March, 2019.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                         Criminal Case No.  16-cr-20460

                         Honorable Mark A. Goldsmith

D-1 EDWIN MILLS, and
D-2 CARLO WILSON

        Defendants.

_____/

## **SCHEDULING ORDER FOR GROUP TWO DEFENDANTS**

After considering the parties' various filings regarding the Court's proposed schedule

(Dkts. 446, 447, 465, 468) and the concerns raised by counsel at a telephonic status conference

held on August 24, 2018, the Court adopts the following schedule for Defendants Edwin Mills and

Carlo Wilson (the "Group Two Defendants"):

1. **September 28, 2018**: Deadline for the Government to file Rule 16 discovery materials regarding culpability[1];

2. **October 19, 2018**: Deadline for filing motions regarding discovery matters and timing of <u>Brady</u> or other Government disclosures and severance motions;

3. **November 2, 2018**: Deadline for responses in opposition to motions filed under Point 2;

4. **November 9, 2018**: Deadline for replies in support of motions filed under Point 2;

5. **December 7, 2018**: Deadline for filing motions to dismiss the indictment, motions for a bill of particulars, motions to suppress, challenges to warrants;

6. **January 2, 2019**: Deadline for Defendants to file a motion seeking relief under <u>Atkins</u> and its progeny, including expert reports;

---

[1] To the extent the parties do not reach agreement on the scope of the Government's production, discovery motions should be filed.  Regarding penalty phase disclosures, see Point 21 below.

1

7. **January 4, 2019**: Deadline for responses in opposition to motions filed under Point 5;

8. **January 16, 2019**: Deadline for the Government to identify experts and provide curriculum vitae that it intends to rely upon in opposition to any Atkins motion, and give notice of the type and scope of proposed Atkins-related testing of Defendants;

9. **January 18, 2019**: Deadline for replies in support of motions filed under Point 5;

10. **January 30, 2019**: Deadline for (i) Defendants to file objections to Government's proposed Atkins testing, (ii) Government to file requests for alibi and insanity disclosures, and (iii) Defendants to provide reciprocal discovery pursuant to Federal Rule of Criminal Procedure 16(b);

11. **February 8, 2019**: Deadline for (i) Government to file any response to Defendants' objections regarding Atkins testing; and (ii) filing motions challenging the Federal Death Penalty Act, the death penalty per se, the Notice of Intent (Dkt. 293), Special Findings, the aggravating factors, an "as applied" challenge, and the juror selection process;

12. **March 1, 2019**: Deadline for responses in opposition to motions filed under Point 11(ii);

13. **March 15, 2019**: Deadline for replies in support of motions filed under Point 11(ii);

14. **April 1, 2019**: Deadline for Government to file its response to any Atkins motion, including expert reports;

15. **April 8, 2019**: Evidentiary hearing on Atkins motion;

16. **June 3, 2019**: Deadline for Government to make disclosures regarding non-mental health experts under Fed. R. Crim. P. 16(a)(1)(G);

17. **June 24, 2019**: Deadline for Defendants to make disclosures regarding non-mental health experts under Fed. R. Crim. P. 16(b)(1)(C);

18. **July 8, 2019**: Deadline for (i) parties to file Daubert motions, and (ii) Government to file notice of intent to offer evidence under Federal Rules of Evidence 404(b), 609, and 807;

19. **July 22, 2019**: Deadline for (i) responses in opposition to Daubert motions, and (ii) Defendants' responses to Government's notice of intent under Point 18(ii);

20. **July 29, 2019**: Deadline for replies in support of Daubert motions;

21. **August 1, 2019**: Deadline for parties to submit a joint statement, setting forth points of agreement and disagreement, regarding the nature and timing of disclosures pertaining to the penalty phase, including disclosures pursuant to Federal Rules of Criminal Procedure 12.2 and 16. The Court envisions the process under Federal Rule 12.2 to begin with a deadline for Defendants to provide notice in December 2019;

22. **August 5, 2019**: Deadline for Government to file a reply regarding the notice of intent under Point 18(ii);

23. **August 19, 2019**: Deadline for all other motions not otherwise mentioned in this schedule to be filed, including motions in limine;

24. **September 3, 2019**: Deadline for responses in opposition to motions filed under Point 23;

25. **September 10, 2019**: Deadline for replies in support of motions filed under Point 23;

26. **December 6, 2019**: Deadline for parties to submit proposed voir dire questions, jury instructions, joint statement regarding the jury questionnaire, witness lists, and exhibit lists;

27. **December 20, 2019 at 9:30 a.m.**: Final Pre-trial conference and plea cutoff date;

28. **April 21, 2020 at 8:30 a.m.:** Jury trial.

SO ORDERED.

Dated: August 31, 2018                  s/Mark A. Goldsmith
Detroit, Michigan                       MARK A. GOLDSMITH
                                     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 31, 2018.

                                       s/Jennifer McCoy for Karri Sandusky
                                       Case Manager

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Crim. No.: 4:17-cr-00866-RBH |
| | ) | |
| v. | ) | **SCHEDULING ORDER** |
| | ) | |
| Brandon Michael Council, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Court hereby sets the following schedule in the above-captioned matter:[1]

1.      The Government is directed to file a proposal on the matter of jury selection procedures on or before **May 4, 2018**.  The Defense is directed to respond to the Government's proposal on or before **May 18, 2018**.  The parties may file responses to the proposals of the opposing party on or before **June 4, 2018**.  **In addition to general jury selection procedures such as the method of strikes, manner of conducting voir dire, etc., Counsel are also directed to address deadlines for submission of a case specific questionnaire and any request for a state-wide panel.**

2.      The Government is directed to file a proposal on the matter of Rule 12.2 procedures on or before **May 21, 2018**. The Defense is directed to respond to the Government's proposal on this matter on or before **June 6, 2018**. The parties may file responses to the proposals of the opposing party on or before **June 20, 2018**. The deadline for any Defense notice of intent to offer evidence required under Fed. R. Crim. P. 12.2 is **October 15, 2018**.

3.      The deadline for the defendant to raise issues of competency is **June 1, 2018**. In the event that no motion is filed, the Defense shall file an ex parte declaration under seal explaining why.

4.      The deadline for the defendant to raise claims under *Atkins v. Virginia*, 536 U.S. 304 (2002) is **August 31, 2018**.

5.      The deadline for filing any motions addressing venue is **June 1, 2018**. The Government may respond by **June 25, 2018**.

---

[1]      Except for the Notice of Mitigation Factors deadline in paragraph 15 below, this Scheduling Order is based on dates agreed to by the parties as set forth in the joint motion to set a scheduling order. [ECF No. 118]. The Court may, in its discretion, alter this schedule if the need should arise.  Should either party believe a necessary deadline has not been addressed, they should consult and bring the matter to the Court's attention.

      The Court will issue a subsequent order addressing Rule 12.2 disclosures and procedures and jury selection procedures after it receives the parties' proposals as set forth in paragraphs 1 and 2 above.

6.      The deadline for filing motions to suppress any statements made by the Defendant is **September 17, 2018**.  The Government's response to any motions to suppress statements is due on or before **October 8, 2018**.

7.      The deadline for defendant to file motions that would be dispositive (i.e. motions to dismiss based on challenges to sufficiency of the indictment, grand jury process, etc.) is **August 27, 2018**.  The Government's response to any such motions is due on or before **September 10, 2018**.

8.      The deadline for filing motions to suppress evidence that is the fruit of any searches is **July 20, 2018.**[2]  The Government's response to any motions to suppress evidence that is the fruit of any searches is due on or before **August 3, 2018**.

9.      The parties are directed on or before **August 31, 2018**, to make disclosure of guilt phase non-mental health expert summaries required by Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Crim. P. 16(b)(1)(C). Parties are directed to file on or before **September 21, 2018**, any summaries for experts identified in response to the opposing party's August 31 summaries. Any challenge to the testimony of guilt phase non-mental health experts or experts identified in response to such experts must be filed on or before **November 12, 2018**, with responses due on **November 26, 2018**.

10.     The parties are directed on or before **November 5, 2018**, to make disclosure of sentencing phase non-mental health expert summaries required by Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Crim. P. 16(b)(1)(C). Parties are directed to file on or before **November 19, 2018**, any summaries for experts identified in response to the opposing party's November 5 summaries. Any challenge to the testimony of sentencing phase non-mental health experts or experts identified in response to such experts must be filed on or before **December 3, 2018**, with responses due on **December 19, 2018**.

11.     Any motion challenging the death penalty and the Government's notice of intent (if any) shall be filed on or before **September 18, 2018**. The Government may respond by **October 9, 2018**.

12.     The parties are directed to confer on the matter of jury instructions and verdict form for all phases of the trial and to submit on or before **November 16, 2018**, a joint proposal regarding any areas of common agreement and separate proposals regarding any areas in dispute. The parties may file responses to the proposals of the opposing party on or before **November 30, 2018**.

13.     The Government shall produce its guilt and sentencing phase witness and exhibit lists no

---

[2]      This deadline is based on the Government's assurances it will provide all outstanding discovery known to the Government by June 1, 2018.

later than **November 16, 2018**. The Defense shall produce its witness and exhibit list for the guilt phase (excluding any witnesses or exhibits related to Rule 12.2) no later than **December 31, 2018**. The Defense shall produce its witness and exhibit lists for any additional witnesses for the sentencing phase at the close of the Government's evidence in the guilt phase.

14.     Any motions *in limine* regarding the guilt phase shall be filed on or before **December 7, 2018**.  Deadlines regarding motions *in limine* as to the penalty phase shall be decided by the Court pursuant to briefings to be filed by the parties.

15.     In the event of a guilty verdict in this matter, the Defense shall, **within 12 hours of a guilty verdict**, present its Notice of Mitigation Factors.

16.     The Court will begin jury selection, with trial to follow, on or about **January 14, 2019**.[3]

        IT IS SO ORDERED.

May 2, 2018                                          s/ R. Bryan Harwell
Florence, South Carolina                            R. Bryan Harwell
                                                    United States District Judge

---

[3]     The Court notes defense counsel's continuing objection to beginning the trial on or about January 14, 2019.  The government proposed a November 5, 2018 trial date. *See* [ECF No. 91-1].  Defense counsel proposed an April 1, 2019 trial date. *See* [ECF No. 92-1].  The Court, in its discretion, rejected both proposed dates and has set a date for January 14, 2019.

        The Court previously continued this case to January 14, 2019. *See* [ECF No. 99].  The Court construes defense counsel's continuing objection to the January 14, 2019 trial date as a request to continue the case beyond January 14, 2019.  Defense counsel contends that this case is proceeding faster than most other death penalty cases and suggests Defendant's 5th, 6th, and 8th Amendment rights could be violated if Defendant is rushed to trial. *See* [ECF No. 92].

        "In the course of trial, after due appointment of competent counsel, many procedural questions necessarily arise which must be decided by the trial judge in the light of facts then presented and conditions then existing. Disposition of a request for continuance is of this nature and is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed." *Avery v. State of Alabama*, 308 U.S. 444, 446 (1940); *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) (stating "broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitary 'insistence upon expeditiousness in the face of a justifiable request for a delay' violates the right to assistance of counsel").

        The Defendant has four exceptional and highly qualified lawyers representing him.  The Court is not aware of any reason Defendant's lawyers cannot be ready to try this case on January 14, 2019, and defense counsel has offered no specific reason why they cannot be adequately prepared for trial on January 14, 2019.  Therefore, the Court, at this time, denies defense counsel's request for a continuance beyond the January 14, 2019 trial date.

3

E-FILED
Wednesday, 14 February, 2018  11:36:44 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 17-CR-20037** |
| | ) | |
| **BRENDT A. CHRISTENSEN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

The court enters the following scheduling order in this matter.  If the parties

believe the court has omitted any deadlines they believe should be incorporated into the

scheduling order, they must file a motion seeking such incorporation with the court by

March 5, 2018.

- May 18, 2018 Government disclosure to Defendant of Rule 16 material and evidence required to be disclosed under *Brady* and *Giglio;*

    Government supplemental disclosure to Defendant of expert witnesses in case-in-chief and expected evidence in support of aggravating factors.

- July 13 , 2018    Defense motions concerning any contested discovery matters related to either guilt/innocence or penalty phases of trial.

- Aug. 24, 2018    Defendant disclosure to Government of non-Rule 12.2 expert witnesses, including rebuttal experts;

  New and amended pretrial motions due (other than motions *in limine*), specifically including the following:
  - Discovery motions;
  - Constitutional challenges to the Federal Death Penalty Act;
  - Challenges to Superseding Indictment or Notice of Intent;
  - Factual and legal challenges to validity of aggravating factors;
  - Challenges to Grand Jury venire
  - Motions attacking institution of prosecution;
  - Bill of Particulars;
  - Motions to suppress evidence;
  - Challenges to Government's expert witnesses (including *Daubert* motions);

- Sept. 21, 2018    Defendant's deadline to give notice of intent to offer *Atkins* defense or Rule 12.2 evidence during the guilt and/or penalty phase.

- Sept. 28, 2018    Motion to examine Defendant pursuant to Defendant's notice of intent to offer *Atkins* defense or Rule 12.2 evidence during the guilt and/or penalty phase (if such defense offered);

  Motion for change of venue.

- October 16, 2018    Responses to pretrial motions;

  Government disclosure of rebuttal experts;

  Government's challenge to defense expert witnesses;

  Government's response to Defendant's challenge to Government experts;

  Response to any motion for change of venue.

2

- Nov. 16, 2018     Parties' objections to court's proposed Juror Questionnaire.

- December 7, 2018     Responses to objections to court's proposed Juror Questionnaire;

  Defendant's challenges to Government's rebuttal witnesses;

  Defendant's response to Government's challenges to defense experts;

  Replies to responses to pretrial motions (*only with prior leave of court*).

- December 14, 17, 18, and 19, 2018     Hearings on any pretrial motions and proposed Juror Questionnaire (if necessary)

- January 4, 2019     Submission of proposed jury instructions;

  Objections to the court's jury selection procedures (including *voir dire* process).

- January 11, 2019     Jury Questionnaires to be mailed.

- January 18, 2019     Objections to proposed jury instructions;

  Responses to objections to jury selection procedures (including *voir dire* process);

  Deadline for completion of Government testing based on Defendant's notice of intent to offer *Atkins* defense or introduce Rule 12.2 evidence during the trial and/or penalty phase (if such defense offered).

- February 1, 2019     Conference on jury instructions, jury selection procedures and voir dire process.

- February 8, 2019     Motions *in limine*;

  Anticipated date for completed Juror Questionnaires to be provided to the parties.

3

- March 1, 2019      Responses to motions *in limine*.

- March 4, 2019      Motions to strike potential jurors for cause based on their answers to Juror Questionnaire.

- March 11, 2019      Pretrial conference which shall include any necessary hearings on motions *in limine,* parties' motions to strike potential jurors for cause, and probable jury instruction conference;

                          Government to provide defense with *Jencks* material pursuant to 18 U.S.C. § 3500;

                          Parties to file witness lists, exhibit lists, and proposed *voir dire* questions.

- March 25, 2019      Final Pretrial Conference
  10:00 a.m.

- April 2, 2019      Jury Orientation
  9:00 a.m.

- April 3, 2019      Jury Selection begins
  9:00 a.m.

ENTERED this 14th day of February, 2018.


                   s/ COLIN S. BRUCE
                   U.S. DISTRICT JUDGE

# UNITED STATES DISTRICT COURT     EASTERN DISTRICT OF TEXAS

|                                    |   |                                  |
|------------------------------------|---|----------------------------------|
| UNITED STATES OF AMERICA           | § |                                  |
|                                    | § |                                  |
| *versus*                           | § | CRIMINAL ACTION NO. 1:16-CR-26   |
|                                    | § |                                  |
| CHRISTOPHER EMORY CRAMER and       | § |                                  |
| RICKY ALLEN FACKRELL               | § |                                  |

## <u>SCHEDULING ORDER</u>

The court enters this case specific scheduling order which controls disposition of this action pending further court order. Although the provisions set forth herein are mandatory and binding upon all parties, nothing in this order limits the court's discretion to enhance, supplement, amend, or eliminate any provision in the interest of justice. The parties are advised that the court intends to adhere strictly to the following scheduling deadlines:

| | |
|---|---|
| July 15, 2016 | <u>*Brady* disclosure deadline</u>. Deadline for the Government to make disclosures required by *Brady v. Maryland*, 373 U.S. 83 (1963) (evidence which might tend to exculpate a defendant, mitigate punishment, or impeach testimony which may be determinative of a defendant's guilt or innocence). Any exculpatory evidence coming into the possession of the Government after this deadline shall be immediately provided to Defendants. |
| July 15, 2016 | <u>The Government's discovery deadline</u>. Deadline for the Government to comply with all discovery and inspection obligations required by Rule 16(a) of the Federal Rules of Criminal Procedure. |
| November 4, 2016 10:00 a.m. | <u>Hearing</u>. The court will testimony from the jury administrator regarding the creation of the master jury wheel and allow counsel to question her so as to make any record regarding the Eastern District Jury Plan they deem appropriate. |
| January 3, 2017 | <u>Expert witnesses</u>. Deadline to disclose identity of expert witnesses, a summary of their qualifications, and any reports of physical, scientific or mental examinations or experiments made by experts in connection with this case that the parties intend to introduce as evidence, including a |

written summary of any testimony of said expert witnesses as required by Rule 16.

| | |
|---|---|
| January 17, 2017 | <u>Motion to sever Defendants</u>. Deadline to file electronically a motion to sever Defendants. The motion and briefing in support thereof should be filed as one document. |

January 30, 2017      <u>Response to motion to sever Defendants</u>. Deadline to file electronically a response to the motion to sever. The response and briefing in support thereof should be filed as one document.

February 8, 2017      <u>Mental health evidence</u>. Defendants shall give written notice to the Government if they intend to introduce expert evidence or testimony regarding their mental health at any phase of the trial. *See* FED. R. CRIM. P. 12.2. The notice should be sufficiently explicit to allow the Government to find potential mental health expert witnesses in the same field.

March 17, 2017      <u>Plea agreement</u>. Deadline to notify the court of any plea agreement. No plea agreement entered into after the deadline shall be recognized by the court absent good cause shown.

April 3, 2017      <u>Proposed juror questionnaire</u>. Deadline to file electronically the joint proposed juror questionnaire. The parties shall endeavor to reach an agreement on the form and substance of the questions included. Those portions of the questionnaire that remain in dispute should be identified in boldface type.

April 28, 2017
10:00 a.m.      <u>Hearing</u> regarding proposed juror questionnaire, if necessary.

May 1, 2017      <u>Defendants' discovery deadline</u>. Deadline for Defendants to comply with all discovery and inspection obligations required by Rule 16(b) of the Federal Rules of Criminal Procedure.

May 1, 2017      <u>Guilt/Innocence pre-trial motions</u>. Deadline to file electronically all guilt/innocence pre-trial motions. Motions and briefing in support thereof should be filed as one document.

May 1, 2017      <u>Objections to expert witnesses</u>. Deadline to file any objections or challenges to expert witness testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

2

| | |
|---|---|
| May 8, 2017 | <u>Juror qualification questionnaire review deadline</u>.  Deadline for counsel to review the juror qualification questionnaires of those persons presumptively inappropriate for inclusion in the master jury wheel because they are disqualified, exempt, or have an excuse.  Counsel will need to make arrangements to review the questionnaires with the jury administrator prior to doing so. |
| May 8, 2017 | <u>Writ deadline</u>.  Deadline to file requests for the issuance of any writs of habeas corpus ad testificandum.  Requests should be filed under seal. |
| May 8, 2017 | <u>Deadline to file motions in limine and pre-trial motions regarding punishment</u>. |
| May 30, 2017 | <u>Responses to guilt/innocence pre-trial motions</u>.  Deadline to file electronically responses to all guilt/innocence pre-trial motions.  Responses and briefing in support thereof should be filed as one document. |
| May 30, 2017 | <u>Deadline for responses to motions in limine and pre-trial motions regarding punishment</u>. |
| May 30, 2017<br>10:00 a.m. | <u>Status conference</u>. |
| June 5, 2017 | Defendant's deadline for notice pursuant to *Atkins v. Virginia*, 536 U.S. 304 (2002), if necessary. |
| June 27, 2017<br>10:00 a.m. | <u>*Atkins* hearing</u>.  *Atkins* hearing to be held, if necessary. |
| July 6, 2017 | <u>Juror qualification questionnaire review</u>.  Counsel will jointly convene in the jury impaneling room to review the qualification questionnaires and consider additional disqualifications, hardships, excuses, and requests for deferment. |
| July 10, 2017 | <u>Potential witness lists due</u>.  Deadline for the parties to submit to the court potential witness lists identifying the residence (city and state) of each potential witness for the purpose of listing such persons in the juror questionnaire. |
| July 10, 2017 | <u>Jury instructions</u>.  Deadline to file proposed agreed jury instructions and proposed opposed instructions with appropriate citations to authority for each.  Those instructions that remain in dispute should be identified in boldface type.  Any party seeking to file proposed jury instructions after the deadline may do so only with leave of court. |

| | |
|---|---|
| August 2, 2017 | <u>Amended witness list due</u>.  Deadline to submit to the court any additions, deletions, or corrections to proposed witness lists for the purpose of listing each potential witness in the juror questionnaire. |
| August 2, 2017 | <u>Pre-trial disclosure</u>.  The Government shall disclose all *Giglio* and Jencks Acts materials in the Government's possession.  Subsequent modifications or additions to such matters shall be provided to Defendants on a continuing basis, but no later than the day prior to the date the Government plans to call the witness to testify. |
| August 4, 2017 | <u>Objections to proposed jury instructions</u>.  Deadline to file any written objections to proposed jury instructions.  Objections must be written, specific, cite authority, and include any alternate instructions counsel deems appropriate. |
| August 4, 2017 | <u>Exhibit lists due</u>.  Deadline to submit to the court exhibit lists and two copies of all exhibits expected to be introduced during trial.  All exhibits to be used at trial should be pre-marked numerically and in succession.  Groups of exhibits pertaining to the same subject matter may, at counsel's discretion, be numbered and lettered (i.e., 2a, 2b, 2c). |
| August 4, 2017 | <u>The Government shall provide to Defendants a copy of the Indictment and a list of veniremen and witnesses</u>.  Pursuant to 18 U.S.C. § 3432, the Government shall provide Defendants with a list of veniremen and the witnesses to be produced at trial, identifying the place of residence (city and state) of each veniremen and witness. |
| August 4, 2017 10:00 a.m. | <u>Pre-trial conference</u>.  The court shall convene a pre-trial conference with counsel to resolve outstanding jury selection issues, pending motions (if any), motions in limine, and trial scheduling matters. |
| September 5, 2017 9:00 a.m. | <u>General voir dire commences</u>. |
| September 11, 2017 9:00 a.m. | <u>Individual voir dire commences</u>. |
| October 10, 2017 9:00 a.m. | <u>Trial</u>. |

SIGNED at Beaumont, Texas, this 22nd day of March, 2016.


_____
4 MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 JUL 13 PM 3:51

CLERK

BY ____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 5:01-cr-12-01 |
| | ) | |
| DONALD FELL, | ) | |
| | ) | |
| Defendant. | ) | |

## PRE-TRIAL SCHEDULING ORDER

| | |
|---|---|
| BOP-related discovery motions filed by defense, set for hearing according to court schedule | July 25, 2015 |
| Government notice to defense of intent to conduct further testing of physical evidence and/or to involve further forensic experts (non-mental health related) | August 1, 2015 |
| Defense tenders requests for re-testing or examination of physical evidence by defense experts | August 15, 2015 |
| Case Management Conference | To be set in September 2015 |
| Government's Amended Notice of Intent to Seek the Death Penalty | September 8, 2015 |
| Defense Motion for Bill of Particulars to the Superseding Indictment | September 8, 2015 |
| Defense Notice of *Atkins* Claim, with notice of experts, CVs, and reports | October 26, 2015 |
| Government notice of *Atkins* experts and CVs | January 5, 2016 |
| Government's Rule 16 Expert Disclosures (Excluding Mental Condition Experts) | January 5, 2016 |

| | |
|---|---|
| Defense Venue Challenge | January 5, 2016<br>Response Feb. 19<br>Reply March 1 |
| Defense Motions Challenging Amended Notice of Intent, Including Motion for Bill of Particulars Specific to Notice of Intent | February 5, 2016 |
| Defense Notice of Guilt Trial Mental Condition Expert (Rule 12.2(b)) with CVs | February 5, 2016 |
| Defense files case-management related motions, including motions related to jury issues; general jury qualification issues; motion for discovery of trial-related jury wheel; trial management, including bifurcation or trifurcation of trial issues | March 1, 2016 |
| Defense Notice of Penalty Hearing Mental Condition Evidence/ CVs to Firewall Counsel/Notice of Firewall Related Procedures | March 15, 2016 |
| Atkins Hearing | March 15, 2016 |
| Venue Hearing | March 15, 2016 |
| Government notice of guilt trial mental condition experts and related guilt trial reports | April 1, 2016 |
| Defense Disclosure of Non-Mental Health Experts and Reports | April 5, 2016 |
| Government's Response to Defense Challenges to Amended Notice of Intent | April 5, 2016 |
| Agreed-Upon Jury Questionnaire submitted | May 1, 2016 |
| Defense Reply to Government's Notice of Intent Responses | May 5, 2016 |
| Motions re: specific jury issues, including challenges to composition; jury selection issues; voir dire process, initial *in limine* motions for guilt, eligibility, and penalty issues | May 16, 2016<br>Response June 6<br>Reply June 20 |

| | |
|---|---|
| Defense motions re: guilt, eligibility, and penalty trial management not already filed | August 1, 2016 |
| Simultaneous witness/Jencks material | August 1, 2016 |
| Agreed-upon juror strikes | August 15, 2016 |
| Government and defense witness lists and parties' consolidated witness list | August 16, 2016 |
| Government to produce guilt phase finalized witness/exhibit list | 30 days before trial |
| Penalty phase witness list – including experts | 14 days before trial |
| Case management conference | 7 days before trial |

Note:  Any *Daubert* Motions are to be filed not more than 30 days after disclosure with 15 days to respond   The court will hear these motions as they are filed rather than all at once in the final pre-trial months.


Dated at Rutland, in the District of Vermont, this 13th day of July, 2015.


Geoffrey W. Crawford, District Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CRIMINAL NO. 10-2734 JH** |
| | ) | |
| **JOHN CHARLES McCLUSKEY,** | ) | |
| **TRACY ALLEN PROVINCE, and** | ) | |
| **CASSLYN MAE WELCH,** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER REGARDING MENTAL HEALTH EVIDENCE</u>

Based upon Fed. R. Crim. P. 12.2 and the inherent authority of this Court, the Court hereby orders the following:

A.      If Defendant intends to introduce expert evidence during the penalty phase of his trial, relating to mental disease or defect, or any other mental condition of Defendant bearing on the issue of punishment, Defendant must file written notice thereof no later than June 8, 2012.

Defendant's notice shall include the name and professional qualifications of any mental health professional who will testify as an expert and a brief, general summary of the topics to be addressed that is sufficient to permit the Government to determine the area in which its expert must be versed.  The notice shall include experts who are basing their opinions on a review of records and not a personal examination of Defendant.

B.      If Defendant files notice of plans to introduce expert mental health evidence at the penalty phase, Defendant shall be examined by a psychiatrist or other mental health professional

selected by the Government.  The Government's examination shall take place no later than

August 8, 2012, presuming Defendant is made available to the Government during that time.

The report of that examination and the expert report of any examination initiated by Defendant

shall be filed under seal with the Court before the commencement of the guilt phase of

Defendant's trial.

       C.      In anticipation of such notice from Defendant, the Government shall designate an

Assistant United States Attorney ("AUSA") from the District of New Mexico as a fire-walled

AUSA to arrange for any evaluation by an expert designated by the Government, handle any

issues arising out of the evaluation process, and arrange for filing of expert reports under seal.

The fire-walled AUSA may not join the prosecution team until Defendant gives notice

confirming his intent to introduce expert mental health evidence during the penalty phase of the

trial.  Any individuals assisting the fire-walled AUSA shall be subject to the same requirements

and restrictions as the fire-walled AUSA.

       D.      If there is a guilty verdict on a death-eligible count in the trial of this case,

Defendant shall, no later than 24-hours after issuance of such a verdict, file a pleading

confirming or disavowing his intent to introduce mental health evidence at the penalty phase.  If

Defendant withdraws his previously tendered notice, the results of any mental health

examinations concerning Defendant will not be released to the Government's trial team and the

fire-walled AUSA may not join the Government trial team.

           If Defendant confirms his intent to introduce mental health evidence at the

penalty phase, the reports of any examinations by a Government expert shall be released to

Defendant immediately after Defendant files his pleading confirming the earlier notice.  No later

than 24 hours after release of the Government's reports, the report or reports of any defense

experts shall be released to counsel for the Government, or defendant shall file a notice of withdrawal of his intent to introduce expert mental health evidence.

E.      Even if Defendant confirms his intent to offer mental health evidence, Defendant may withdraw a notice of intent to introduce such evidence at any time before such evidence is presented at trial.  In that event, none of the fact of notice, results, or reports of any mental examination, or any facts disclosed only therein shall be admissible against Defendant.

F.      Failure of Defendant to provide notice, or to participate in a Court-ordered examination, or to confirm his intent to introduce mental health evidence at the penalty phase, may result in forfeiture of the right to present mental health testimony at trial.

IT IS SO ORDERED.


_____
JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:16-CR-26 |
| | § | |
| CHRISTOPHER EMORY CRAMER (1) | § | |
| RICKY ALLEN FACKRELL (2) | § | |

**ORDER**

The Government's Agreed Motion for Proposed Experts, Including Rule 12.2 Experts, Notice, Discovery, and Procedures (Doc. No. 369) is GRANTED. Accordingly, the Government's Motion for Proposed Rule 12.2 Notice, Discovery, and Procedures (Doc. No. 354) is DENIED AS MOOT.

It is ORDERED that Defendants must provide all information required under Rule 16, including the identity of expert witnesses, a summary of their qualifications, and any reports of physical, scientific, or mental examinations, or experiments, made by experts in connection with this case that the parties intend to introduce as evidence, including a written summary of any testimony of said expert witnesses by **Friday, March 9, 2018**, for witnesses to be called during the guilt/innocence phase of the trial, and by **Friday, March 23, 2018**, for witnesses to be called during the punishment hearing of the trial.

It is FURTHER ORDERED that Defendants provide meaningful notice of intent to introduce mental condition expert evidence to the prosecution trial team which shall include the names of each expert, types of experts, and the specific tests administered in their examination of Defendants by **Friday, March 9, 2018**.

It is FURTHER ORDERED that Defendants provide disclosures directly to mental health experts designated by the Government of any of their experts' results and reports, including raw data, notes, and any documents and records relied upon by their mental health experts by **Friday, March 23, 2018**.

It is FURTHER ORDERED that the Government's mental health experts will be directed to have no contact with the Government's prosecution team concerning the results of government testing, or the expert's evaluation of any disclosures made to him/her by Defendants.

It is FURTHER ORDERED that Defendants are to submit to examinations with mental health experts designated by the Government, if the Government requests such examinations, by **Monday, May 14, 2018**.

SIGNED at Beaumont, Texas, this 21st day of February, 2018.

_Marcia A. Crone_
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE