# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CR404 HEA/NAB |
| | ) |
| ANTHONY JORDAN (3), | ) |
| | ) |
| Defendant. | ) |

## SCHEDULING ORDER

The above matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b). On December 19, 2016, the undersigned deemed this matter a complex case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). [Doc. #765]. On December 20, 2018, the Government filed a Notice of Intent to Seek the Death Penalty Pursuant to Title 18, United States Code, Section 3593 as to Defendant Anthony Jordan. [Doc. #1988.] On March 5, 2019, this matter came before the undersigned for a status conference. J. William Lucco, Michael Gorla, and Maria Pedraza appeared on behalf of Defendant and Tom Rea and Erin Granger appeared on behalf of the Government. The parties discussed the joint proposed scheduling order submitted on March 4, 2019. [Doc. #2098.] For the reasons stated on the record at the status conference, the undersigned will ADOPT the parties' joint proposed scheduling order *as it applies to pretrial matters.* The parties also included proposed deadlines to be considered by the District Judge, therefore the undersigned will not include those deadlines in this order.

Accordingly,

**IT IS HEREBY ORDERED** that The Government is to make disclosures required by Brady v. Maryland, 373 U.S. 83 (1963) (evidence which might tend to exculpate a defendant or

mitigate punishment) on or before **June 3, 2019**. Any exculpatory evidence coming into the possession of the Government after this deadline will be promptly provided to Defendant.

**IT IS FURTHER ORDERED** that the deadline for the Government to comply with all discovery and inspection obligations required by Rule 16(b) of the Federal Rules of Criminal Procedure is on or before **June 3, 2019**.

**IT IS FURTHER ORDERED** that any motion challenging the death penalty, including legal challenges to the validity of the aggravating factors, and the Government's notice of intent shall be filed on or before **July 15, 2019**. The Government may respond by **August 15, 2019**. Defendant may reply by **September 16, 2019**.

**IT IS FURTHER ORDERED** that the deadline for the Government to provide notice of intent to utilize evidence pursuant to Fed. R. Evid. 404(b) is on or before **August 5, 2019**.

**IT IS FURTHER ORDERED** that Defense's response to any notice of intent to utilize evidence pursuant to Fed. R. Evid. 404(b) is **September 9, 2019**.

**IT IS FURTHER ORDERED** that the Government shall disclose all evidence it intends to offer in support of the aggravating factors set out in the notice of intent on or before **September 9, 2019**. Subsequent modifications or additions to such matters shall be promptly provided to the Defendant on a continuing basis.

**IT IS FURTHER ORDERED** that the deadline for the Defendant to file motions that would be dispositive, including motions to dismiss the indictment, motions for bill of particulars, factual challenges to the validity of the aggravating factors, challenges to the grand jury and venire, motions attacking institution of the prosecution, and motions alleging selective prosecution, is **October 21, 2019**. The Government's response to any such motions is due on or before **November**

**21, 2019**.  The Defendant's reply to the Government's response is due on or before **December 20, 2019**.  Any hearing necessary on dispositive motions will be promptly scheduled by the Court.

**IT IS FURTHER ORDERED** that the Government is directed to file a proposal in the matter of Rule 12.2 procedures on or before **October 28, 2019**.  The Defendant is directed to respond to the Government's proposal on or before **November 18, 2019**.  The Government may file a reply to the Defendant's response on or before **December 20, 2019**.

**IT IS FURTHER ORDERED** that the deadline for any Defense notice of intent to offer penalty phase mental health evidence required under Fed. R. Crim. P. 12.2(b)(2) is **April 23, 2020**.  Any necessary additional deadlines concerning penalty phase mental health evidence shall be promptly scheduled by the Court in conjunction with, or after, the Court rules on the parties' Rule 12.2(b)(2) proposals.

**IT IS FURTHER ORDERED** that the deadline for filing motions to suppress statements and evidence, including electronic surveillance conducted by the government, is **February 20, 2020**.  The Government's response to any such motions to suppress is due on or before **March 20, 2020**.  The Defendant's reply to the Government's response is due on or before **April 20, 2020**.  Any hearing necessary on Defendant's suppression motions will be promptly scheduled by the Court.

**IT IS FURTHER ORDERED** that the deadline for Defendant to raise issues of competency is **March 23, 2020**.  Any additional deadlines or hearing necessary to this issue will be promptly scheduled by the Court.

**IT IS FURTHER ORDERED** that the deadline for Defendant to raise claims under Atkins v. Virginia, 563 U.S. 304 (2002) is **March 23, 2020**.  Any additional deadlines or hearing necessary to this issue will be promptly scheduled by the Court.

      **IT IS FURTHER ORDERED** that the deadline for Defendant to provide notice of his intention to present an insanity defense under Fed. R. Crim. P. 12.2(a) or notice to present expert evidence relating to a mental disease or defect or any other mental condition of Defendant bearing on the issue of guilt under Rule 12.2(b)(1) is on or before **March 23, 2020**.  Any additional deadlines or hearing necessary to this issue will be promptly scheduled by the Court if such notice is filed.

      **IT IS FURTHER ORDERED** that the deadline for Defendant to comply with all discovery and inspection obligations required by Rule 16(b) of the Federal Rules of Criminal Procedure is on or before **March 23, 2020**.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of March, 2019.