UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, ) | Crim. No.: 4:17-cr-00866-RBH |
| ) | |
| v.                                              ) | **SCHEDULING ORDER** |
| ) | |
| Brandon Michael Council, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Court hereby sets the following schedule in the above-captioned matter:[1]

1.       The Government is directed to file a proposal on the matter of jury selection procedures on or before **May 4, 2018**. The Defense is directed to respond to the Government's proposal on or before **May 18, 2018**. The parties may file responses to the proposals of the opposing party on or before **June 4, 2018**. **In addition to general jury selection procedures such as the method of strikes, manner of conducting voir dire, etc., Counsel are also directed to address deadlines for submission of a case specific questionnaire and any request for a state-wide panel.**

2.       The Government is directed to file a proposal on the matter of Rule 12.2 procedures on or before **May 21, 2018**. The Defense is directed to respond to the Government's proposal on this matter on or before **June 6, 2018**. The parties may file responses to the proposals of the opposing party on or before **June 20, 2018**. The deadline for any Defense notice of intent to offer evidence required under Fed. R. Crim. P. 12.2 is **October 15, 2018**.

3.       The deadline for the defendant to raise issues of competency is **June 1, 2018**. In the event that no motion is filed, the Defense shall file an ex parte declaration under seal explaining why.

4.       The deadline for the defendant to raise claims under *Atkins v. Virginia*, 536 U.S. 304 (2002) is **August 31, 2018**.

5.       The deadline for filing any motions addressing venue is **June 1, 2018**. The Government may respond by **June 25, 2018**.

---

[1]     Except for the Notice of Mitigation Factors deadline in paragraph 15 below, this Scheduling Order is based on dates agreed to by the parties as set forth in the joint motion to set a scheduling order. [ECF No. 118]. The Court may, in its discretion, alter this schedule if the need should arise. Should either party believe a necessary deadline has not been addressed, they should consult and bring the matter to the Court's attention.

         The Court will issue a subsequent order addressing Rule 12.2 disclosures and procedures and jury selection procedures after it receives the parties' proposals as set forth in paragraphs 1 and 2 above.

6.  The deadline for filing motions to suppress any statements made by the Defendant is **September 17, 2018**. The Government's response to any motions to suppress statements is due on or before **October 8, 2018**.

7.  The deadline for defendant to file motions that would be dispositive (i.e. motions to dismiss based on challenges to sufficiency of the indictment, grand jury process, etc.) is **August 27, 2018**. The Government's response to any such motions is due on or before **September 10, 2018**.

8.  The deadline for filing motions to suppress evidence that is the fruit of any searches is **July 20, 2018**.[2] The Government's response to any motions to suppress evidence that is the fruit of any searches is due on or before **August 3, 2018**.

9.  The parties are directed on or before **August 31, 2018**, to make disclosure of guilt phase non-mental health expert summaries required by Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Crim. P. 16(b)(1)(C). Parties are directed to file on or before **September 21, 2018**, any summaries for experts identified in response to the opposing party's August 31 summaries. Any challenge to the testimony of guilt phase non-mental health experts or experts identified in response to such experts must be filed on or before **November 12, 2018**, with responses due on **November 26, 2018**.

10. The parties are directed on or before **November 5, 2018**, to make disclosure of sentencing phase non-mental health expert summaries required by Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Crim. P. 16(b)(1)(C). Parties are directed to file on or before **November 19, 2018**, any summaries for experts identified in response to the opposing party's November 5 summaries. Any challenge to the testimony of sentencing phase non-mental health experts or experts identified in response to such experts must be filed on or before **December 3, 2018**, with responses due on **December 19, 2018**.

11. Any motion challenging the death penalty and the Government's notice of intent (if any) shall be filed on or before **September 18, 2018**. The Government may respond by **October 9, 2018**.

12. The parties are directed to confer on the matter of jury instructions and verdict form for all phases of the trial and to submit on or before **November 16, 2018**, a joint proposal regarding any areas of common agreement and separate proposals regarding any areas in dispute. The parties may file responses to the proposals of the opposing party on or before **November 30, 2018**.

13. The Government shall produce its guilt and sentencing phase witness and exhibit lists no

---

[2] This deadline is based on the Government's assurances it will provide all outstanding discovery known to the Government by June 1, 2018.

later than **November 16, 2018**. The Defense shall produce its witness and exhibit list for the guilt phase (excluding any witnesses or exhibits related to Rule 12.2) no later than **December 31, 2018**. The Defense shall produce its witness and exhibit lists for any additional witnesses for the sentencing phase at the close of the Government's evidence in the guilt phase.

14.     Any motions *in limine* regarding the guilt phase shall be filed on or before **December 7, 2018**. Deadlines regarding motions *in limine* as to the penalty phase shall be decided by the Court pursuant to briefings to be filed by the parties.

15.     In the event of a guilty verdict in this matter, the Defense shall, **within 12 hours of a guilty verdict**, present its Notice of Mitigation Factors.

16.     The Court will begin jury selection, with trial to follow, on or about **January 14, 2019**.[3]

    IT IS SO ORDERED.

May 2, 2018                                               s/ R. Bryan Harwell
Florence, South Carolina                                  R. Bryan Harwell
                                                          United States District Judge

---

[3] The Court notes defense counsel's continuing objection to beginning the trial on or about January 14, 2019. The government proposed a November 5, 2018 trial date. *See* [ECF No. 91-1]. Defense counsel proposed an April 1, 2019 trial date. *See* [ECF No. 92-1]. The Court, in its discretion, rejected both proposed dates and has set a date for January 14, 2019.

The Court previously continued this case to January 14, 2019. *See* [ECF No. 99]. The Court construes defense counsel's continuing objection to the January 14, 2019 trial date as a request to continue the case beyond January 14, 2019. Defense counsel contends that this case is proceeding faster than most other death penalty cases and suggests Defendant's 5th, 6th, and 8th Amendment rights could be violated if Defendant is rushed to trial. *See* [ECF No. 92].

"In the course of trial, after due appointment of competent counsel, many procedural questions necessarily arise which must be decided by the trial judge in the light of facts then presented and conditions then existing. Disposition of a request for continuance is of this nature and is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed." *Avery v. State of Alabama*, 308 U.S. 444, 446 (1940); *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) (stating "broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitary 'insistence upon expeditiousness in the face of a justifiable request for a delay' violates the right to assistance of counsel").

The Defendant has four exceptional and highly qualified lawyers representing him. The Court is not aware of any reason Defendant's lawyers cannot be ready to try this case on January 14, 2019, and defense counsel has offered no specific reason why they cannot be adequately prepared for trial on January 14, 2019. Therefore, the Court, at this time, denies defense counsel's request for a continuance beyond the January 14, 2019 trial date.