IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT BOWERS | Criminal No. 18-292 |

**NOTICE BY UNITED STATES SETTING FORTH POINTS
OF DISAGREEMENT REGARDING MENTAL HEALTH EVIDENCE**

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, Troy Rivetti and Soo C. Song, Assistant United States Attorneys for said district, and Julia Gegenheimer, Special Litigation Counsel, Civil Rights Division, and pursuant to this Court's directive (see Doc. No. 181), hereby files this Notice Setting Forth Points of Disagreement Regarding Mental Health Evidence:

On January 22, 2020, the United States filed a Motion to Set Deadlines for Meaningful Notice of Defendant's Intent to Use Mental Health Evidence (Doc. No. 180).  That pleading explained the manner in which a defendant may rely upon mental health evidence at the guilt- or penalty-phase of a federal criminal trial involving a death-eligible offense.  The pleading further set forth the government's proposed manner by which the parties could address these issues, including proposed deadlines for the disclosure of mental health notices pursuant to Fed. R. Crim. P. 12.2 and Atkins v. Virginia, 536 U.S. 304 (2002).

On January 23, 2020, this Court directed the parties to "confer, and by 2/13/20, file a joint proposed order setting forth a schedule regarding the notice and briefing issues raised in the Government's Motion … or, in the alternative, a joint notice apprising the Court that they have failed to agree."  Doc. No. 181.  If unable to agree, the parties were directed to "file a notice by 2/20/20, setting forth each point of disagreement and the party's position thereon."  Id.

1

On February 11, 2020, counsel for the United States, in an effort to comply with the Court's directive, met in person with counsel for defendant Bowers. At that meeting, defense counsel asserted that, at this stage of their investigation, they were not prepared to agree to, or even discuss, any of the deadlines or issues addressed in the government's motion regarding mental health evidence. They further asserted, notwithstanding the fact that this case has been pending for almost 16 months, that they required an additional 6 months before they could begin to engage regarding points of disagreement and the party's positions thereon. Counsel for the United States then unsuccessfully sought to negotiate agreements in principle related to the timing or content of notice and exchange of mental health evidence, whenever it should occur. Defense counsel was not willing to discuss or agree to any such proposal.

Counsel for the United States further inquired as to whether it would be possible to at least discuss preliminary matters – such as whether defense counsel intends to assert that defendant Bowers suffers from a severe intellectual disability (formerly referred to as "mental retardation"), such that it would be unconstitutional to subject him to the death penalty. See Atkins v. Virginia, 536 U.S. 304 (2002).[1] Here, again, defense counsel remained unwilling to discuss this issue, asserting that they required another 6 months in order to even begin to engage in such a discussion.

Thus, defense counsel – who have been counsel of record for almost 16 months – are unwilling to discuss or provide even a preliminary assessment of whether they intend to assert an Atkins claim here. And they take this position notwithstanding the fact that, during discovery, the United States has provided documentation to defense counsel which indicates that defendant Bowers has an above-average aptitude.

---

[1] The United States notes, again, that it has no basis to anticipate an Atkins claim by defendant.

Stated simply, defense counsel appear to have adopted a strategy of intentional delay and obfuscation in an effort to preclude the parties from addressing, and the Court resolving, the many issues attendant to moving this case forward to trial.[2]  These unwarranted delays prejudice the United States and undermine the rights of the victims of defendant Bowers's crimes and the public to a speedy trial and resolution of this pending criminal prosecution, free from "unreasonable delay."  See 18 U.S.C. § 3771(a)(7); 18 U.S.C. § 3161.

The United States sees no alternative other than to seek intervention and relief from this Court.

The United States, in its Motion to Set Deadlines for Meaningful Notice of Defendant's Intent to Use Mental Health Evidence (Doc. No. 180), has fully set forth its position on the mental health notice and procedure issues.  Due to defense counsel's stated position, the United States is unable to provide a more meaningful assessment of "each point of disagreement" as requested in the Court's January 23, 2020, directive (Doc. No. 181).

---

[2] Before this Court, defense counsel have attempted to inappropriately attribute delay to the alleged failure of the government to accede to every defense discovery request.  As one such example, in Doc. No. 191, at 7 (filed on 2/7/2020), counsel complain that "the government is in possession of **records pertaining to Mr. Bowers' commitment to a psychiatric institution as a juvenile**, but has not yet produced them to the defense."  In fact, defense counsel conceded at the February 11, 2020, meeting that the "records" to which they refer consist of a single 2-page police report, not mental health documentation, already in the possession of the defense and known to be in their possession, that merely references a juvenile psychiatric commitment.  Further, in February 2019, the government provided documentation to defense counsel that the specific hospital's records had been destroyed.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

By:   s/Troy Rivetti
TROY RIVETTI
Assistant U.S. Attorney
PA ID No. 56816

s/Soo C. Song
SOO C. SONG
Assistant U.S. Attorney
DC ID No. 457268

s/Julia Gegenheimer
JULIA GEGENHEIMER
Special Litigation Counsel
Civil Rights Division
NY ID No. 4949475