**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| -vs- | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS, | ) | |

Defendant.

AMBROSE, Senior District Judge.

## ORDER OF COURT

And Now, this 25ᵗʰ day of February, 2020, the Court has considered the

Defendant's Motion for Disclosure of Jury Records, the Government's Response, and

the Defendant's Reply. *See* ECF Docket Nos. 158, 176, and 188. The Motion is

GRANTED in part, and it is ORDERED that the Clerk of the Court produce the following

to the parties within sixty (60) days from the date of this Order:

1. The written plan for the random selection of grand and petit jurors currently in effect in the Western District of Pennsylvania ("Jury Plan") and, if different in any respect, at the time grand jurors were summoned in this case. This Jury Plan is believed to be the "Plan of the United States District Court for the Western District of Pennsylvania for the Random Selection of Grand and Petit Jurors," effective April 1, 2009.

2. Any AO-12 form or JS-12 form created which relates to the Master Jury Wheel and Qualified Jury Wheel that was used to summon the grand jurors who returned the indictment and the superseding indictment in this case as required by 28 U.S.C. § 1863(a).

3. Any other statistical or demographic analyses produced to ensure the quality and compliance of the Master Jury Wheel and Qualified Jury Wheel used to summon grand jurors in this case with the Jury Plan, especially Sections 1 and 2, the Jury Selection and Service Act, and the U.S. Constitution.

4. The date or dates when the Master Jury Wheel used to summon grand jurors in this case was refilled.

5.  The date or dates when grand jurors were summoned in this case.

6.  The number of persons summoned from the Qualified Jury Wheel to be considered as grand jurors in this case.

7.  The Master Jury Wheel data as described in the Jury Plan Section 8 in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Division, and not Name or Address.

8.  The Qualified Jury Wheel data as described in the Jury Plan Section 13 in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Division, and not Name or Address.

9.  Status Codes for potential jurors who were selected from the Master Jury Wheel for qualification but either had their qualification form returned by the postal service, did not respond, or were disqualified or exempted from jury service as described in the Jury Plan. The data should be in electronic and accessible form that includes Juror Number, whether the form was returned Undeliverable, whether the form was not returned, Reason for Disqualification, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division, and not Name or Address.

10. The Juror Number only (and not name or address) and status for persons whose juror summons and qualification form were not returned as described in the Jury Plan.

11. The Juror Number only (and not name or address) for persons selected as potential grand jurors in this case.

12. The source of data in electronic form for the Master Jury Wheel used to summon grand jurors in this case as described in the Jury Plan Section 5 (voter registration list). Upon consultation with the Clerk of Courts, the Court concludes that redacting identifying information from this source, which is supplied to the Clerk of Courts by a third party, would place an extraordinary administrative burden on the Clerk of Courts and other Court personnel. Therefore, the Clerk of Courts shall make the source of data available for inspection, on the premises of the Clerk of Courts, to all counsel, proposed expert Jeffrey Martin, and a proposed expert for the Government.

13. Blank juror qualification and summons forms for persons summoned to potentially become grand jurors in this case. To the extend Defendant is requesting the completed questionnaires and summons for persons summoned to potentially become grand jurors in this case, the Court concludes that redacting identifying information from completed juror

questionnaires would place an extraordinary administrative burden on the Clerk of Courts and other Court personnel. Therefore, the Clerk of Courts shall make completed questionnaires and summons for persons summoned to potentially become grand jurors in this case available for inspection, on the premises of the Clerk of Courts, to all counsel, proposed expert Jeffrey Martin, and a proposed expert for the Government.

14. The disposition of each summoned potential grand juror in this case as to excusal, deferment, disqualification, or selection as described in the Jury Plan, without any information that could be used to identify any individual, such as name or address.

15. The material described in items (7) through (10) above for all grand jury wheels since May 1, 2015, to the extent that the Clerk of Courts maintains such information in redactable electronic form. All other material described in items (7) through (10) for grand jury wheels since May 1, 2015, such as paper or scanned documents, shall be made available for inspection, on the premises of the Clerk of Courts, to all counsel, proposed expert Jeffrey Martin, and a proposed expert for the Government.

With respect to each item identified in this Order, the Clerk of Courts shall not produce any electronic or paper document or other item containing the name, address, or other information from which any potential or empaneled juror could be identified.

All discovery addressed herein, including any inspections specified in items 12, 13, and 15, shall be subject to the terms of the Protective Order dated November 25, 2018. *See* ECF Docket No. 24.

No copies or reproduction of any kind shall be made of any document reviewed on inspection.

The Clerk of Courts has advised the Court that items 1-4 and 7-15 relate to both grand juries and petit juries. To the extent that Defendant requests information relating specifically and solely to the petit jury to be empaneled in this matter, the request is DENIED as premature.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge