**CLARKE JOHNSTON THORP & RICE, PC**
180 Broadway, Ste. 1800
San Diego, California 92101
Phone: (619) 308-8484
Fax: (619) 243-7386

**FEDERAL PUBLIC DEFENDER OFFICE**
**WESTERN DISTRICT OF PENNSYLVANIA**
1001 Liberty Avenue, Suite 1500
Pittsburgh, Pennsylvania 15222
Phone: (412) 644-6565
Fax: (412) 644-4594

February 27, 2020

Soo C. Song
Troy Rivetti
Assistant United States Attorneys
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
via email

Re:  *U.S. v. Bowers*, 18-291

Dear Counsel:

We were stunned by your aggressive response in person, and your subsequent letter condemning our approach to this round of evidence review. As you know, we worked expeditiously through the review of approximately 200 items. We worked straight through the first day, with only the one short break which was requested by you and the agents. We then worked into the evening of the first day assessing what we had seen, and how to make the most of the remaining review. We were also aware – from discussions with you – that the evidence would be made available for further review.[1]

As we explained yesterday, during this review we discovered the "green sheet packets" – which provide additional, and clarifying, information about the items as well as the chain of custody. We immediately asked to bring in a scanner to make copies. You declined this request and advised the FBI would make copies of these "packets" for us.

We returned to the office after the second day review to compile a list of the additional items we needed photographs or copies of – and have already sent this list to

---

[1] We object to your continued erroneous characterization of how long it took to schedule this review. On December 9, 2019, shortly after the court ruled on motions regarding the scope of the evidence review, we wrote to you suggesting January 10, 2020 for the evidence review. We suggested one day given your prior comments that one day should be sufficient. You then advised the review could take 2 to 3 days, and offered different dates in January. We were not able to accommodate those dates, and suggested dates in February, that were later adjusted slightly. Your attempts to create a narrative of delay by us is unfair, inappropriate and just plain wrong.



**EXHIBIT A**

Letter to Soo Song, Troy Rivetti
February 27, 2020
Page | 2

you.  We were asked to make a list of the items because we were not permitted to bring in a camera to take our own photographs.

The items we haven't yet reviewed are primarily packets of bullets (approximately 231 single package 1B numbers) collected in the synagogue, and a handful of bloody sheets or cotton bandages along with some DNA related items concealed in tubes.  As you know, we have pictures taken by the FBI of these items, so are generally aware of what the items are.  Based on our experience reviewing the 200 items – and given limited resources, we have chosen to inspect these items at a later time, and at a time when we can make that review more efficient and effective.  It is far more efficient to look at these remaining items after we're able to make better sense of the source of many of these items, identified items we may want to see a second time, and after we've been able to get answers to some lingering questions.  Having copies of the "green sheet packets" for the remaining items will also make the review of these items much more meaningful, efficient and effective.

On a related note, the conditions placed on this review were of the FBI's choosing, and as we advised you, more cumbersome than we've experienced before.  We were not permitted to bring in a camera to take pictures of items of interest, and instead had to provide a list of these items to you for the FBI to follow up.  This both intruded on our work and is resulting in delay.   Your continued presence in the room, after we thanked you for getting the review started but asked you to leave, was another inappropriate intrusion – but one that we accepted, and continued with the review.[2]   While the agents were pleasant and helpful, the fact that each – including the FBI's chief and associate chief regional counsel – wore visible firearms, was not something that we've experienced before, and found to be excessive. However, we proceeded with the review without objection.

---

[2] We requested on scene, and reiterate our request that you maintain a copy of your notes in the event it becomes necessary at some future time to determine whether you were making observations about our focused interest on certain items, or comments you overheard.  Again, on scene, we noted our concerns about your proximity to us, and ongoing observations of our work.  We recognize that the review was conducted by FBI agents, but note that they were not making notes of our work.



**EXHIBIT A**

Letter to Soo Song, Troy Rivetti
February 27, 2020
Page | 3

      As we told you yesterday, we will work with you to schedule a second review – to include the remaining items and any additional ones that we need to inspect a second time.

                      Sincerely,
                      */s/*
                      Judy Clarke
                      Elisa A. Long
                      Michael Novara
                      Counsel for Robert Bowers

cc: Julia Gegenheimer (via email)

# EXHIBIT A