IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|     -vs- | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS, | ) | |
| | ) | |
|     Defendant. | ) | |

AMBROSE, Senior District Judge

**OPINION AND ORDER**

The Defendant moves to strike the Federal Death Penalty Act ("FDPA") based upon the contention that the "Use"[1] and "Implementation"[2] execution provisions violate the anticommandeering provision of the Tenth Amendment and the non-delegation doctrine of the Constitution. The Government counters that the Defendant's challenges are not ripe and lack substantive merit. The Court has considered the Defendant's Motion, the Government's Response, and the Defendant's Reply. *See* ECF Docket Nos. 162, 182, 198.

Invocation of each provision at issue is dependent upon a sentence of death. Yet this case is still in a pretrial posture. No jury has been empaneled. No verdict of guilt has been rendered. Questions regarding "use" and "implementation" and the effectuation of

---

[1] The "Use" provision permits "[a] United States marshal charged with supervising the implementation of a sentence of death" to use "appropriate State or local facilities" as well as the services of "an appropriate State or local official" provided that the costs of such use are paid. 18 U.S.C. § 3597(a).

[2] The "Implementation" provision instructs that a person who has been sentenced to death shall be placed into the custody of a Untied States marshal, "who shall supervise implementation of the sentence in the manner prescribed by the law of the State in which the sentence is imposed." 18 U.S.C. § 3596(a).

capital punishment at this stage are speculative. The Supreme Court cautions that, "[a] claim is not ripe for adjudication if it rests 'upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998). I find persuasive the decisions rendered by other courts facing similar challenges. *See United States v. Smith*, Crim. No. 16-86, 2019 WL 1450315, * 2 (D. Alaska April 1, 2019) (rejecting the defendant's "implementation" and "use" challenges as unripe, stating, "[s]ince this case is still in a pretrial posture, questions about effecting capital punishment rest on 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"); *United States v. Madison*, 337 F. Supp.3d 1186, 1198 (M.D. Fla. 2018) (characterizing the defendant's implementation and use argument as "not ripe, rooted in speculation, as the Court is still in pretrial posture, and no death sentence has been imposed. As such, the Court can neither address nor strike down these FDPA provisions as unconstitutional."); *United States v. Mills*, 393 F. Supp.3d 650, 668 (E.D. Mich. 2019) ("because the Court is still in the pre-trial stage of this case and no death sentence has been imposed, Defendants' abstract and speculative anticommandeering arguments rest entirely upon contingent future events that may never occur, and, therefore, they are not ripe."); and *United States v. Ofomata*, Crim. No. 17-201, 2019 WL 1409764 (E.D. La. March 28, 2019) (after finding the implementation and use provisions are severable from the remainder of the FDPA, denying the motion challenging the constitutionality of those provisions as unripe).

Based upon the sound approach taken by these courts, which I adopt, the Defendant's Motion (ECF No. 162) is denied. If the Defendant is convicted on a capital

count, and if the jury decides to impose the death penalty, this motion may be renewed at that time.

Date: April 6, 2020

                                              BY THE COURT:

                                              _____
                                              Donetta W. Ambrose
                                              United States Senior District Judge