IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT BOWERS | Criminal No. 18-292 |

**UNITED STATES' POSITION WITH RESPECT TO PRETRIAL MOTIONS
DEADLINES**

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, Troy Rivetti and Soo C. Song, Assistant United States Attorneys for said district, and Julia Gegenheimer, Special Litigation Counsel, Civil Rights Division, and hereby files its position with respect to the continuation of pretrial motions deadlines beyond April 23, 2020:

The United States has opposed the defense request to suspend all filing deadlines due to COVID-19.  As explained below, legal challenges to the Superseding Indictment and Notice of Intent to Seek the Death Penalty should be addressed expeditiously, consistent with this Court's orders.  At the same time, the United States recognizes that additional time (90 days) will be necessary to litigate other motions and prepare the case for trial.  In formulating its position, the United States has given careful consideration to the remarkable number of crime victims in this case, the severe, profound impacts upon them, and their statutory right to proceedings "free from unreasonable delay."

By way of background, on April 13, 2020, defense counsel filed a pleading, styled as a status report, in which they announced their intent to "ask the Court to suspend pending deadlines and delay setting a deadline for the filing of the second round of motions … Instead, the defense

1

will request that the Court schedule another status conference for the end of May and determine then whether it is appropriate to set new deadlines." (Doc. No. 218, at p. 5). This Court conducted a telephonic status conference today, April 14, 2020, at which time the United States opposed the defense request to suspend all deadlines. Acknowledging that accommodations can and should be made in light of the disruptive impacts of COVID-19 upon the criminal justice system, and given the predominantly legal nature of any challenges to the Indictment and Notice of Intent to Seek the Death Penalty,[1] the United States proposed that the defense filing deadline be extended for one to two weeks. The government further noted that the Superseding Indictment was returned on January 29, 2019, the Notice of Intent was filed on August 26, 2019, and that it was therefore reasonable for the defense to be prepared to proceed with briefing those issues, notwithstanding the contingencies borne of the COVID-19 pandemic.

At the conclusion of the telephonic status conference, this Court addressed the general pretrial motions deadline, presently set for April 23, 2020. In light of the substantial number of issues that remain to be decided before trial, including suppression motions and mental health procedures pursuant to Fed. R. Crim. P. 12.2, the United States concurred with the defense request for an additional 90 days. To be clear, extending the general pretrial motions deadline by 90 days: 1) does not affect the United States' position that defense challenges to the Superseding Indictment and Notice of Intent should proceed well before then;[2] and, 2) does not constitute an agreement

---

[1] During the October 31, 2019, status conference, this Court clearly articulated to both parties that, "so the defense can be looking forward and knowing what I'm looking for next and continuing to work, the next set of motions that I will be looking for are motions challenging the indictment, jury plan and notice of intent." (Doc. No. 109, at p. 14). On November 6, 2020, this Court continued the general pretrial motions deadline to April 23, 2020, with the assent of both parties. (Doc. No. 108). Subsequently, a status hearing was scheduled for April 14, 2020, at which time it was anticipated that additional filing deadlines would be set for the next series of pretrial motions, consistent with the Court's previously articulated schedule. (Doc. No. 181).

[2] In fact, during the telephonic status conference today, counsel for the defendant represented to the Court that they should be able to file said motions by early June 2020.

that the contingencies related to COVID-19 are an adequate basis in this, or any other, criminal case to completely suspend orderly progress towards trial.

After consideration of the positions of the defense and the United States, and "in light of Chief Judge Hornak's numerous Administrative Orders issued in response to the recent outbreak of novel coronavirus disease 2019 (COVID-19) in this District," this Court ruled today that pending deadlines shall be suspended until May 30, 2020.  (Doc. No. 220).

Finally, at the status hearing before this Court, the government discussed whether in-person, attorney visits at the Butler County Prison were temporarily suspended.  In fact, as subsequently confirmed by the U.S. Marshals Service, and as defense counsel has stated and is aware, Bowers's attorneys currently are permitted to visit him in-person at the Butler County Prison, provided that they adopt appropriate personal protective measures.  In its order, issued today, this Court emphasized that "[t]he in-person nature of criminal proceedings, including travel/transportation, and close consultation, are heightened in the context of a capital case." (Doc. No. 220).  Accordingly, notwithstanding the challenges of COVID-19, in-person consultation continues to be available to the defendant and his counsel.

    Respectfully submitted,

    SCOTT W. BRADY
    United States Attorney

By:    s/Troy Rivetti
    TROY RIVETTI
    Assistant U.S. Attorney
    PA ID No. 56816

    s/Soo C. Song
    SOO C. SONG
    Assistant U.S. Attorney
    DC ID No. 457268

s/Julia Gegenheimer
JULIA GEGENHEIMER
Special Litigation Counsel
Civil Rights Division
NY ID No. 4949475