IN THE UNITED STATES DISTRICT COURT

OF WESTERN PENNSYLVANIA

UNITED STATES OF AMERICA,   CRIMINAL ACTION

    vs.      No. 18-292

ROBERT BOWERS,

   Defendant.

=========================

 Transcript of TELECONFERENCE held on April 14, 2020
 United States District Court, Pittsburgh, Pennsylvania
 BEFORE:  HONORABLE DONETTA W. AMBROSE, DISTRICT JUDGE

APPEARANCES:

For USA:       Soo C. Song, Esq.
          Troy Rivetti, Esq.
          Assistant U.S. Attorneys
          U.S. Attorney's Office
          700 Grant Street
          Pittsburgh, PA 15219

For the Defendant:   Elisa A. Long, Esq.
          Michael Novara, Esq.
          Federal Public Defender's Office
          1001 Liberty Avenue
          Pittsburgh, PA 15222-3716

Court Reporter:    Karen M. Earley, RDR-CRR
          6260 U.S. Courthouse
          700 Grant Street
          Pittsburgh, PA 15219
          412-201-2660

Proceedings reported by mechanical stenography.
Transcript produced by computer-aided transcription.

<pre>
 1                P R O C E E D I N G S
 2      (April 14, 11:05 a.m.  Telephone conference.)
 3               THE COURT:  Good morning, everyone.
 4               Since we are on the phone, I would just ask
 5      each of you to identify yourselves for the purposes of
 6      the court reporter knowing who is speaking before you
 7      speak.
 8               Well, I think everyone has seen the defense
 9      status report that was filed yesterday.  I have reviewed
10      that.  We have some deadlines approaching, so it is
11      important that we talk about those today.  I'm just
12      wondering who wants to start.
13               I read the defense status report.  Does the
14      government have anything they want to say about it?  I
15      know what the defense thinks.  I read that.
16               MR. RIVETTI:  Judge, yes.  This is Troy
17      Rivetti.
18               We have reviewed the defense filing and we
19      agree that COVID 19 does present unique challenges.
20      This is an unprecedented time, and we acknowledge that
21      accommodations have been made and likely will continue
22      to need to be made regarding scheduling and how
23      proceedings can be held.
24               I have been working closely with Chief Judge
25      Hornak, Chief Magistrate Judge Eddy, the probation
</pre>

1    office, the marshals, the clerk's office to address many

2    of these unique challenges and the efforts that are

3    being made to keep the courts open and to keep cases

4    moving.  New protocols, new procedures, new processes

5    are in place so our work can continue and these tools

6    have enabled the work to proceed, including

7    videoconferencing and teleconferencing capabilities on

8    behalf of the local facilities, which include Butler

9    County Prison where this defendant is being held.

10            I confirmed with Jason Byham of the marshals

11   that Butler County Prison does have a temporary

12   suspension in place for two to three weeks of in-person

13   visits but the video and telephone capabilities remain

14   operational and available.

15            So, Your Honor, given that and the procedural

16   posture of this case, we don't think that the requested

17   relief sought in the defense motion is warranted.

18            At the October telephone status conference,

19   this Court explained the manner in which pretrial

20   motions should proceed, what the first round would be

21   and that first round of motions defense filed in

22   December, but at the October conference, the Court

23   forecasted what the next set of motions would be,

24   including motions challenging the indictment, the jury

25   plan, and the notice of intent.

1          The jury plan I think is a unique issue.  We

2    can set that aside for now, but the other motions are

3    primarily legal in nature and we do believe that once

4    defense counsel had filed their motions in December,

5    they then had months to work on this next round of

6    motions.

7          So, we do believe that work should have

8    continued and the work can continue during these times.

9    Certainly, we recognize perhaps a week or two extension

10   of the current deadline might be needed to finalize

11   these motions, to consult with Mr. Bowers but we don't

12   think this case, given how long it has been pending,

13   should be just put on ice for the next six weeks.

14         We recognize COVID 19 presents unique

15   challenges and we are willing to make appropriate

16   accommodations, but we don't think the relief requested

17   in this status report is warranted.

18         THE COURT:  Let me ask you, anybody from the

19   defense, whoever wants to answer, do you have any idea

20   of what the progress is with the jury records?

21         MS. LONG:  We do not have an update, Your

22   Honor.  This is Elisa Long.

23         THE COURT:  Okay.  Because I do think they do

24   present a unique challenge.  In terms of the motion to

25   dismiss the indictment and the challenges to the notice

of intent, I know what you said in your status report
but maybe you can elaborate a little on what you're
thinking -- by the way, I want to make clear on the
record, I was told, Ms. Long, that you had indicated
that Mr. Bowers waived his appearance for this
proceeding, is that correct?

MS. LONG:  That is correct, Your Honor.

THE COURT:  Okay.  So, I don't know if you
want to elaborate a little about the motion to dismiss
the indictment and the challenges to the notice of
intent.

MS. LONG:  Sure.

THE COURT:  In light of what Mr. Rivetti said.

MS. LONG:  Correct.

So, we have continued to do the work that we
can do.  We have continued, even though we are all
teleworking and Mr. Novara and I were, in large part,
responsible for trying to move our office to
teleworking, the issue really is, and we have continued
to research, we understand that this is the next round
of motions that the Court indicated on October 31, but
it's our position we can't really adequately communicate
with Mr. Bowers about these motions and about the Court
Orders that were handed down recently in April over the
phone or over videoconference.

1    We have tried to do -- tried to communicate

2 with him through various means that are available to us

3 at the Butler County Prison.  They are inadequate for a

4 give and take, for meaningful discussions to discuss

5 documents, to discuss legal theories and valid

6 strategies.  We cannot share discovery with him unless

7 we are in person.

8    So, for all of these reasons we don't think we

9 can responsibly and in accordance with our heightened

10 duty because this is a capital prosecution, that we can

11 and should be filing significant motions without

12 having -- without consulting with him and having

13 interaction with him that is meaningful.

14    These are actions through the

15 videoconferencing and telephone that just are not

16 adequate.  We have consulted with the mental health

17 expert.  He has underscored the need for us -- the

18 importance in a capital prosecution where the government

19 is seeking the death penalty and has chosen to make this

20 a capital prosecution, we need to be communicating with

21 our client in person.  That is the way to do that, that

22 is the standard of care that is our duty as defense

23 counsel.

24    So, while we can prepare and research, we

25 cannot responsibly accomplish and file without

1   complications to Mr. Bowers.

2           THE COURT:  Okay.  Just so I'm clear.  What

3   the defendant is asking is an order suspending all

4   deadlines at least until the end of May when we will

5   have another status conference and I think from what I

6   heard, that the government is opposed to this except for

7   perhaps the challenges to the jury.

8           MS. SONG:  That is correct, Your Honor.  This

9   is Soo Song.

10          THE COURT:  Okay.  Just so I know where both

11  of you are.  I got that.

12          Anything else anybody wants to talk about?

13  Are there other issues that you might be anticipating

14  that you would be -- that you can talk about today in

15  terms of motions to be filed, Ms. Long or Mr. Novara or

16  Ms. Clark, any of you?

17          MS. LONG:  I think Mr. Novara wanted to

18  address this.

19          MR. NOVARA:  Sure.  Your Honor, this is

20  Michael Novara.

21          I worked with Troy and with the Chief Judge as

22  well in all of these matters trying to keep things

23  moving and it has been rather tricky.

24          I know we started out focusing specifically on

25  these motions but I don't want us to lose track of the

1  idea that this pandemic was unexpected to everyone and
2  has essentially taken a huge chunk of time away from our
3  ability to focus on this case.
4          So, in terms of specific motions, that's one
5  thing; but we are really kind of behind the eight ball
6  in many ways as set forth in our status report.  We have
7  many obligations that take us away from focusing right
8  now.
9          What we're just asking for is what every other
10 litigant in this district is asking for and expecting.
11 As you know from Judge Hornak's I think it's March 13
12 Order staying all the jury trials in this district,
13 which I expect will be extended shortly --
14         THE COURT:  Well, we're having a meeting today
15 at noon.  I'll be talking -- you'll probably be getting
16 an update on that in some sort of order filed in the
17 next few days.
18         Mr. Novara, you can finish and then we'll go
19 on.
20         MR. NOVARA:   Paragraph 3, he makes it clear
21 to the sense, judicial officers will apply the
22 principles of flexibility and accommodation to
23 reasonable requests for filing and scheduling
24 adjustments necessitated by reasonable and fact-based
25 travel, health, and safety concerns and that's really

1  just what we're asking for.  So, every other litigant is

2  asking and getting these accommodations.

3          Again, these are very weighty proceedings and

4  we think that it's more appropriate now given this case

5  for us to get that accommodation.

6          MS. LONG:  Your Honor, this is Elisa Long.  If

7  I can address one additional thing.

8          I think Mr. Rivetti said he wouldn't be

9  opposed to a week extension of time and I think that's

10 really -- that doesn't adequately accommodate the

11 disruption and the delay that has been caused by the

12 pandemic.

13         I think we can -- if the Court were to set a

14 status conference in May, that assuming we would be able

15 to have communication, amenable communication with

16 Mr. Bowers, that we would be prepared to file motions in

17 early June, but we would need to have that critical

18 communication with Mr. Bowers before we do that.

19         THE COURT:  Thank you.

20         Ms. Song, you wanted to talk?

21         MS. SONG:  Yes, Your Honor.

22         I just wanted to respectfully address the

23 challenges to the indictment should have been

24 contemplated and certainly have been worked on since

25 January 29 of 2019.  The notice of intent in this case

was filed in August of 2019.  These are primarily legal
challenges that the defense has had a significant amount
of time to prepare their filing on.

Because this case is so important and because
we do have a defendant in custody, it is a capital case,
we have an extraordinary number of victims who were
severely impacted, we think as any other case in this
district under less than optimal circumstances we need
to work together to move it forward.

So, for that reason, we discourage suspending
the deadlines and we think that the Court can and should
accommodate the defense by giving them a couple more
weeks, if necessary, but we do think motions can
proceed.

THE COURT:  Okay.  Well, I'm going to
be -- first of all, I'm going to be mulling this over
but I am going to get an Order out shortly, I can
guarantee you all of that.

What other issues did you want to discuss
today?

MS. LONG:  Your Honor, I just wanted to add
one additional thing on this point before we move on to
additional issues.  This is Elisa Long.

With respect to the videoconferencing with
Mr. Bowers, Judge Hornak's Order allowing

videoconferencing consistent with the CARES Act that was
passed requires that the Court before the proceedings
begin and before the defendant is permitted to appear
via videoconference, that the Court find for specific
reasons that the proceedings cannot be further delayed
without serious harm to the interest of justice.

I just don't think what we're requesting here,
basically a six-week continuance of the status
conference, really does harm to the interest of justice.

The government can't show there is serious
harm in putting this off for several weeks until we can
better understand the circumstances and better figure
out how we can effectively communicate with our client
in this matter.

MR. RIVETTI:  This is Troy Rivetti.  If I can
briefly respond.

The CARES Act recognizes that there are
unique -- these are unique circumstances.  It recognizes
that for felony guilty pleas or sentencings to proceed,
the defendant needs to waive their right to be
physically present; but the CARES Act also recognizes
that the important aspect of the defendant being
physically present before the judge can be
meaningfully addressed by videoconferencing and the
judge is able to assess the demeanor of the defendant,

the judge is able to assess whether the defendant is
understanding and making meaningful waivers of rights
and the like.

These are not ideal conditions but given the
technology available, there still can be meaningful
consultation.

THE COURT:  Okay.  That having been said,
I'll, as I said, consider all that.

What else did anyone want to address today?

MS. SONG:  Your Honor, we do have a pretrial
motions deadline set.

THE COURT:  Ms. Song, thank you.  We are going
to need a motion to extend that pretrial motions
deadline because it expires on April 23.

So, Ms. Long or Mr. Novara or Ms. Clark, do
you want to address that?

MS. LONG:  Your Honor, we would file a motion
and I would hope that the government would consent to
extend that for at least 90 days.

THE COURT:  Any problem with that, Ms. Song?

MS. SONG:  No, Your Honor.  We would consent
to 90 days.

THE COURT:  So, if you can file that before
April 23.

MS. LONG:  Okay.  We'll do that.

1           THE COURT:  Thank you.

2           Thank you for reminding me of that, Ms. Song.

3           Anything else?

4           MS. SONG:  Not from the United States, Your

5    Honor.

6           MS. LONG:  Not from the defense, Your Honor.

7           THE COURT:  Okay.  So you're waiting for an

8    Order from me and I'm waiting for a motion from

9    Ms. Long, which is consented to by the government, and I

10   will certainly sign that for an extension of 90 days

11   which would take us to the end of July.

12           In any event, I think whatever happens, we are

13   going to still have a status conference before then.

14           I think maybe then if nobody has anything

15   else -- I don't know who is on the line from my office,

16   everybody.  Can anybody think of anything else that we

17   need to resolve here?

18           THE LAW CLERK:  No.

19           THE COURT:  No?

20           THE LAW CLERK:  Wait, Judge.  This is Carolyn.

21   I think you were going to raise the issue of --

22           THE COURT:  Yes.  I know.  Thank you, Carolyn.

23           You know, I'm directing this to Ms. Song,

24   Mr. Rivetti, you know that the defense has filed a

25   motion to file a motion ex parte and under seal.  We

1    know that it is a more detailed status report from the

2    one that was filed at Document No. 218.

3              Do you have any objection to my granting that?

4              MR. RIVETTI:  Your Honor, again, I think it's

5    our standard position that we are at a disadvantage in

6    not knowing exactly what is the issue.  We generally

7    object to anything that is other than administrative

8    matters or non-merits issues.

9              Our position with respect to ex parte sealed

10   filings I think has been set forth in our prior

11   pleadings.

12             If it's for payment of experts, that's one

13   thing.  If it goes more to a merits issue, we do object.

14             THE COURT:  Well, it is an ex parte pleading

15   which would identify additional impact on the work

16   product of the defense team, which is what it has been

17   described as, and you would object to that?

18             MR. RIVETTI:  We definitely do not want to

19   have access to the defense work product, Your Honor.

20   So, we don't object to a pleading that could be placed

21   before the Court explaining work product as long as it

22   is addressing administrative matters.

23             THE COURT:  Do you want to say anything about

24   that Ms. Long, Mr. Novara, or Ms. Clark?

25             MS. LONG:  No, Your Honor.  I think we set

forth the information that we were seeking to provide.
The Court has described specifically to the defense team
investigation and our work with the experts, as we said
in the ex parte motion, and we think it would be helpful
for the Court to have and to understand the impact that
this pandemic has had on our work.

THE COURT: Okay. Does that help in any way,
Mr. Rivetti, or not?

MR. RIVETTI: I really don't think that it
does, Your Honor, because I don't know if the relief
requested is just payment for an expert or if it's
additional time and an extension for pretrial motions.

That would go more towards the type of issue
that I think the government needs to be informed about
so we can weigh in on that.

THE COURT: Well, the request for additional
time comes into the status report that we have all seen.

MR. RIVETTI: Yes, Your Honor.

MS. LONG: It is not a request for an
extension of time. It's a status report, Your Honor,
providing additional details about our investigation and
our work with experts, the details that the government
has agreed they are really not entitled to have and
should not have.

THE COURT: Okay. Does that help any more,

1   Mr. Rivetti?

2           MR. RIVETTI:  It's helpful, Your Honor.  I

3   don't understand why something like this needs to be

4   filed with the Court, so it's hard for me to say more

5   than that, why this information needs to be set forth

6   before the Court.  I don't understand why it needs to be

7   set forth before the Court.

8           THE COURT:  I see.  All you really said,

9   Ms. Long, was that it would be helpful.  Is that what it

10  is?  You thought it would be helpful?

11          MS. LONG:  Your Honor, as you are making this

12  decision, I think it would be helpful for you to see in

13  a little bit more specificity, it's not like a long

14  filing, what the hurdles have been in particular so that

15  you can understand why we're asking for what we are

16  asking for and then the support for it.

17          THE COURT:  In terms of what, your

18  investigation?

19          MS. LONG:  The investigation and our work with

20  experts and how the pandemic has impacted both of those

21  and it's information I do think that would be very

22  helpful for the Court.  The only reason we cannot put it

23  in a public filing for obvious reasons, but we think the

24  Court should know it because it will inform the Court's

25  decision.

1          It's the circumstances under which we are

2     operating and we think it would be very helpful to the

3     Court and inform your decision as to whether or not to

4     set deadlines right now or to put off this until the end

5     of May or some later date when we can more realistically

6     have a better understanding of where we are.

7          MS. SONG:  Your Honor, his is Soo.  If it is

8     bolstering the defense argument to move the deadline, we

9     don't think that's appropriate and we do object because

10    we can't respond to that in this hearing or on paper if

11    we don't know what additional information the defense is

12    putting before the Court in supporting their argument to

13    push off the deadline.

14          THE COURT:  Ms. Long, anything you want to

15    say?

16          MS. LONG:  I mean, Your Honor, we simply

17    cannot provide that to the government because it's

18    confidential and privileged information but we think the

19    Court should have it in making its decision.

20          THE COURT:  Okay.  Carolyn, does that satisfy

21    you that we have addressed this?

22          THE LAW CLERK:  Yes, Judge.

23          THE COURT:  Okay.  So there is nothing else

24    from anyone, is that correct?

25          MS. SONG:  That's correct, Your Honor.

1         MS. LONG:  Yes.

2         MR. NOVARA:   Yes, Your Honor.

3         THE COURT:  Okay.  Then, thank you all and I

4 will be in touch soon.

5         Stay safe.

6         (Whereupon, the above teleconference was

7 concluded at 11:30 a.m.)

8            - - -

9

10        I hereby certify by my original signature

11 herein, that the foregoing is a correct transcript, to

12 the best of my ability, from the record of proceedings

13 in the above-entitled matter.

14

15

16        S/ Karen M. Earley

17         Karen M. Earley

18         Certified Realtime Reporter