IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 18-292 |
| ROBERT BOWERS | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO CLARIFY AND AMEND ORDER REGARDING DISCLOSURE OF JURY RECORDS**

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, Troy Rivetti and Soo C. Song, Assistant United States Attorneys for said district, and Julia Gegenheimer, Special Litigation Counsel, Civil Rights Division, and hereby submits this Response to Defendant's Motion to Clarify and Amend Order Regarding Disclosure of Jury Records. Doc. No. 231. Although styled as a motion to "clarify and amend," the defendant's motion is actually one for reconsideration. But this Court's order of February 25, 2020, (Doc. No. 206), was clear and unambiguous on its face. The defendant fails to set forth any intervening change in controlling law, new evidence, or clear error of law that warrants the requested relief.

I.  Relevant Procedural and Factual History

On December 18, 2019, the defendant filed a Motion for Disclosure of Jury Records and requested 15 categories of materials related to grand juries and trial juries. Doc. No. 158 at 4-7. The government responded on January 17, 2020, (Doc. No. 176), and the defendant replied on February 7, 2020, (Doc. No. 188).

On February 25, 2020, this Court ruled upon the defendant's motion, denying the motion in part and granting it in part. Doc. No. 206. As to defense request number 2, the Court

unambiguously limited the production to requested documents "which relate[] to the [Wheels] used to summon the grand jurors **who returned the indictment and the superseding indictment in this case**. . ." Id. at 1 (emphasis added).  As to defense request number 3, the Court unambiguously limited the production to the requested documents that were "produced to ensure the quality and compliance of the [Wheels] used to summon grand jurors **in this case**. . ." Id. (emphasis added).  Regarding defense request numbers 7 through 10, the Court unambiguously limited its order to materials related to "all grand jury wheels since May 1, 2015." Id. at 3.  The Court also specified that materials related to defense requests 12 and 13, as well as any responsive materials in paper format (rather than electronic), would be made available for inspection at the Clerk's office.  Id. at 3-4.  Finally, the Court ordered that all materials, whether viewed on-site or produced to the defendant, were subject to the Protective Order.  Id. at 4.

On June 2, 2020, the defendant filed the instant motion stating that defense request 2 and 3 had been "omitted" from the Court's time limitations on materials and requesting that the Court amend its order to now require the Clerk's office to copy and provide approximately 10 years of materials to the defendant.  Doc. No. 231.  In support, the defendant cited only to information provided in its original reply.  Id. at ¶ 3 (noting that the reasons were previously stated in defendant's reply).

    II.    <u>Legal Standard and Analysis</u>

"Motions for reconsideration may be filed in criminal cases," and the District Court has broad discretion to reconsider its interlocutory orders.  <u>United States v. Fiorelli</u>, 337 F.3d 282, 286 (3d Cir. 2003); <u>United States v. Solomon</u>, Crim. No. 11-245, 2013 WL 2641674, at *2 (W.D. Pa. June 12, 2013).  Reconsideration is appropriate when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law

or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam); see also United States v. Banks, Crim. No. 03-00245, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008); United States v. Perminter, Crim. No. 10-204, 2012 WL 642530, at *3 (W.D. Pa. February 28, 2012); United States v. Solomon, Crim. No. 11-245, 2013 WL 2641674, at *2 (W.D. Pa. June 12, 2013).

### A. The Instant Motion is a Motion for Reconsideration

This Court's Order was unambiguous and the defendant's renewed motion does not claim otherwise. See Doc. No. 231 at ¶ 4 (noting "the Court limited the historical materials to be produced to May 1, 2015"). The defendant presumes that the Court "omitted" time frames for the materials to be produced in response to defense requests 2 and 3. The Court, however, was explicit in specifying the materials to be provided per those requests -- namely, those materials related to the convening of the grand juries who returned a true bill for the Indictment and Superseding Indictment in this matter. Doc. No. 206 at 1. Accord United States v. Poplar, No. 13-20107, 2014 WL 584924, at *2 (E.D. Mich. Feb. 14, 2014) (granting access to records related to the wheels "from which the grand jurors in this case were drawn"); United States v. Davenport, No. 96-40019-01-SAC, 1997 WL 109972, at *4 (D. Kan. Feb. 6, 1997) (limiting inspection to records related to qualification of "the grand jury which returned the indictment in this case").

Rather than clarification, what the defendant actually seeks is a new order granting the defense the relief the Court originally declined to order. This is the essence of a motion for reconsideration and the defense request should be analyzed under those standards.

### B. The Defendant Does Not Attempt to Meet His Burden for Reconsideration of the Time Limitations Set Forth in the Court's Order

In support of his motion, the defendant merely states that he wants access to more documentation than the Court ordered. He has failed to establish (or even allege) "(1) an

3

intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice;" and, therefore, fails to meet his burden for reconsideration.  Lazaridis, 591 F.3d at 669.

This Court's ruling, which will provide the defendant with information related to three jury wheels,[1] is sound and is consistent with case law.  Howell v. Superintendent Rockview SCI, 939 F.3d 260, 269 (3d Cir. 2019) (indicating that the length of time of the underrepresentation is not a bright-line test, but rather, depends on the magnitude of the disparity and the type and quality of data offered by the defendant); United States v. Turner, No. 3:08CR141-DPJ-LRA, 2016 WL 5887760, at *5 (S.D. Miss. Oct. 7, 2016) (with respect to grand jury, granting defendant access to demographic information for four-year qualified jury wheel from which the grand jury that indicted defendant was selected); United States v. Savage, 2013 WL 797417 (E.D. Pa. March 5, 2013) (involving three jury wheels and five years of juror information); United States v. LaChance, 788 F.2d 856 (2d Cir. 1986) (involving two master wheels covering eight years).[2]

    C.  The Defendant's Motion to Send Materials Directly to His Expert
        is Unduly Burdensome and Impermissibly Invasive

The defendant newly requests "that the items designated for onsite review be provided to the defense expert under the Protective Order already entered in this case" due to impediments to travel posed by COVID-19.  Doc. No. 231 at 4.  The government does not object to some reasonable accommodation in light of COVID-19, such as a limited extension of time for the defense to arrange an on-site review of the jury materials at the expert's direction.  The precise

---

[1] According to the Clerk's Office, a new Master Wheel is created every two years.
[2] See also Taylor v. Louisiana, 419 U.S. 522 (1975) (suggesting that time frame of almost a year was sufficient in challenge to systematic exclusion of women from jury service); but see Ramseur v. Beyer, 983 F.2d 1215 (3d Cir. 1992) (among other factors, juror study documenting two years not enough for claim of racial disparity).

4

relief sought by the defendant, however, is unduly burdensome to the Clerk's office, could compromise the integrity of the grand jury system, and is impermissibly invasive of citizens' privacy interests.

The defendant does not offer any reason why the defense itself cannot make accommodations to address the conditions created by COVID-19.  This Court has already concluded that copying, redacting, and sending the materials specified in its original order "would place an extraordinary administrative burden on the Clerk of Courts and other Court personnel." Doc. No. 206 at 2, ¶¶ 12 and 13; see Savage, 2013 WL 797417, at *3 ("Highly invasive requests that pose an extraordinary administrative burden on the courts will be deemed 'infeasible' and can be denied on that basis alone.").

The United States objects to the wholesale copying of materials due to the significant intrusion into the privacy of citizens as well as the potential for abuse to the grand jury process. See Doc. No. 176 at 3-7.  See also United States v. Van Pelt, No. 92-40042-01-SAC, 1993 WL 23730, at *9 (D. Kan. Jan. 13, 1993) (denying multiple requests, including for list of grand jurors serving on grand jury in defendant's case, and noting with concern that defendant "would be able to determine the names and addresses of the persons serving on the grand jury which indicted him" and finding that "[a]t this point, the defendant has not demonstrated to the court that he is entitled to know such information or that such information is necessary for preparation of a motion to challenge this district's compliance with 28 U.S.C. § 1861 et seq.").  This Court has already recognized these concerns by ordering that "[n]o copies or reproduction of any kind shall be made of any document reviewed on inspection" and by ordering that all materials viewed by the expert

be "subject to the terms of the Protective Order." [3]  Doc. No. 206 at 3.

Indeed, the privacy interest is so strong that this Court specifically directed that "[w]ith respect to each item identified in this Order, the Clerk of Courts shall not produce any electronic or paper document or other item containing the name, address, or other information from which any potential or empaneled juror could be identified."  Doc. No. 206 at 3.  The completed questionnaires contain precisely that type of information, and it is imperative that these materials be maintained in the Clerk's Office and protected in in such a manner as to preclude the parties from ascertaining and/or copying that information.  The United States further urges this Court to specifically direct that the defense and/or any expert refrain from using any of the requested information to deduce the identity of any individuals in the materials, and to refrain from contacting any such individual.[4]  Cf. United States v. Richard A. Causey & Jeffrey K. Skilling, 2004 WL 1243912, at *15 (S.D. Tex. May 25, 2004) (requiring in-person inspection of juror questionnaires at which government counsel must be present and, due to sensitive nature of personal information in questionnaires, prohibiting counsel from "reproduce[ing], copy[ing], or extract[ing] any information from the returned questionnaires without further order of the court.").

---

[3]     The Protective Order mandates that experts subject to the Protective Order review said order and "sign a certification that they have read the Protective Order and agree to be bound by its restrictions."  Doc. No. 24.  It is unclear from the defendant's motion whether this requirement has been fulfilled since the entry of the Court's order in February.

[4]     The United States understands the Court's order to implicitly include this prohibition and the defense expert likewise confirmed that his stated intent is consistent with such a prohibition. See e.g., Declaration of Jeffrey Martin, Doc. No. 188-1 at ¶¶ 7 and 9 ("I do not seek any personal information that would allow the identification of any individual," as the purpose of reviewing the materials is "to analyze the demographic and systematic factors in the jury system in the Western District of Pennsylvania.").  To the extent this understanding is incorrect, or contested by the defense, the government requests that this prohibition be affirmed.

III.     Conclusion

Defendant Bowers has raised no basis that warrants granting his Motion to Clarify and Amend Order Regarding Disclosure of Jury Records.  This Court's Order of February 25, 2020, should stand.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

s/Troy Rivetti
TROY RIVETTI
Assistant U.S. Attorney
PA ID No. 56816

s/Soo C. Song
SOO C. SONG
Assistant U.S. Attorney
DC ID No. 457268

s/Julia Gegenheimer
JULIA GEGENHEIMER
Special Litigation Counsel
Civil Rights Division
NY ID No. 4949475
