IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**DEFENSE STATUS CONFERENCE REPORT**

The defendant, Robert Bowers, through counsel, files this report in advance of the currently scheduled June 25, 2020 status conference to address the scheduling issues set forth in the Court's May 26, 2020 Order. (ECF 230.) Mr. Bowers also moves this Court to postpone the previously scheduled discussion regarding setting a deadline for the defense to file notice of intent to use mental health evidence. (ECF 208.)

(1) <u>The setting of deadlines regarding mental health notice(s)</u>. By way of an Order entered on February 25, 2020, this Court denied the prosecution's Motion to Set Deadlines for Notice of Defendant's Intent to Use Mental Health Evidence, and scheduled a telephone status conference for June 25, 2020 for a discussion of these issues. (ECF 208.) The Order set forth the Court's expectation that deadlines would be set during the status conference, as well as its expectation that the defense would make productive use of the interim four months.[1]

---

[1] The prosecution's Motion asked the Court to set April 23, 2020 as the deadline for all mental health notices and requested various procedures to guide the process if the defense provided such notice. (ECF 180.) In response, the defense asserted that the prosecution's motion was premature and that granting it would unfairly and unnecessarily prevent the defense from conducting a constitutionally adequate investigation and from

1

However, by March 16, 2020, the COVID-19 global pandemic completely turned the work of the defense team upside down – largely halting multiple defense functions necessary to determining whether the defense intends to raise mental health issues as well as the scope of any issues to be raised. But for the full stop caused by the pandemic, the defense expected to make productive use of the four months as directed by the Court, and expected to be prepared to address the status of that work and engage in a discussion of scheduling and procedure. However, due to no fault of Mr. Bowers or his counsel, the defense remains in the same position articulated in its Position on Government Motion to Set Mental Health Deadlines. (ECF 196.)

The Administrative Order issued by the Chief Judge of the United States District Court for the Western District of Pennsylvania on May 29, 2020 recognizes the impact of COVID-19 not only on jury trials, all of which have been continued to at least September 8, 2020, but also on the defense function. *In Re: Administrative Order Concerning Jury Trials and Certain Other Proceedings Relative to COVID-19 Matters*, No. 2:20-mc-00394-MRH, ECF 12 (May 29, 2020). Specifically, the Administrative Order recognizes the impairment and/or curtailment of the ability of defense counsel to engage in case and field investigations, as well as the limitations on consultation, trial preparation, and the full engagement by the charged individuals in the defense of their case. (ECF 12 at 2-3.)

---

preparing for trial on a fundamental aspect of Mr. Bowers' case. (ECF 196.) The defense response set forth the multi-step process required to make competent, informed decisions about its intent to use such evidence, the timing and content of notice(s), and procedures pertaining to potential mental health expert testimony.

These impediments are magnified in a capital case given the heightened duty of defense counsel to investigate mitigating evidence and to develop a social history sufficient for mental health experts to rely upon in making their assessments. Indeed, the Supreme Court has recently reiterated capital counsel's duty to thoroughly investigate mental health mitigation. *See Andrus v. Texas*, No. 18-9674, __ U.S.__, 2020 WL 3146872 (June 15, 2020) (per curiam) (defense counsel provided constitutionally deficient performance in failing to investigate mitigating evidence and failing to rebut aggravating evidence).

The impact of COVID-19 is likely incalculable at this time; however, suffice it to say that it has stalled the defense work with mental health experts and the ability of the experts to meet with and evaluate Mr. Bowers for the past four months.[2] Because of the effective loss of this period of time, the defense asks the Court to postpone discussion of the mental health notice and related procedures and schedule a status conference in four

---

[2] Even the government has encountered difficulties in meeting mental health deadlines during the pandemic. *See United States v. John Pearl Smith,* No. 16-86 (D. Alaska), ECF 864 at 2 (Apr. 20, 2020). In *Smith*, government counsel wrote:

> Apart from considerations due to travel limitations and access restrictions, the United States did not anticipate needing additional time from that originally scheduled by the Court and agreed to by the defense for mental health testing and reporting. However, due to access issues at FDC SeaTac as well as other COVID-19 related concerns, the United States respectfully requests that the Court vacate the May 22, 2020 testing deadline and the May 29, 2020 report submission deadline. The defendant does not object to this request.

*Id.*

months when the defense may be in a better position to address the mental health deadlines and procedures.[3]

The proposed *ex parte* pleading the defense sought to file on April 14, 2020[4] addresses the administrative efforts of the defense to retain and work with experts, and to meet the Court's expectations and make productive use of the intervening four months; it cannot be provided to the prosecution given that it reveals defense work product. If the Court would find that information useful now, the defense is prepared to update and file this *ex parte* pleading.

(2) <u>Challenges to the Indictment and Notice of Intent</u>. The Court directed counsel to file any challenges to the superseding indictment and the Notice of Intent by June 15, 2020. Defense counsel have filed these challenges. (ECF 237, 239, 241.) Responses are currently due June 30, 2020 and July 1, 2020, and replies are due July 13, 2020. (ECF 230, 240.)

(3) <u>Challenges to Jury Selection/Jury Plan</u>. Anticipating that the Clerk of Court would be able to provide jury records data to the parties on June 22, 2020, the Court set July 20, 2020 as the date for the defense to file any challenge to the jury selection/jury

---

[3] The request for four months presupposes safe travel and reopening without delay and the ability of the defense team and experts to engage fully in their work.

[4] In anticipation of a telephonic status conference scheduled for April 14, 2020, on April 10, 2020, the defense filed a Motion to File under seal and *ex parte* a status report pertaining to the defense team's investigation and work with experts. (ECF 217.) The Court denied the request as moot after granting the defense counsel's request to suspend deadlines for six weeks because of the pandemic. (ECF 220.)

plan, August 3, 2020 as the government's response date, and August 17, 2020 as the defense reply date.[5]

(4) <u>The next round of motions.</u> The defense anticipates that the next round of motions should address suppression issues. The government executed twenty-six search warrants and applications for Orders under 18 U.S.C. § 2703(d). While review and research is ongoing, the defense anticipates filing challenges to sixteen search warrants and § 2703(d) applications, as well as the seizure of license plate reader data. The defense may also challenge the use of post arrest statements purportedly made by Mr. Bowers. Given the breadth and potential complexity of these challenges, and the litigation already scheduled, the defense asks the Court to set October 1, 2020 as the filing deadline for suppression motions.[6]

Dated: June 23, 2020

Respectfully submitted,

<u>/s/ Judy Clarke</u>
Judy Clarke
Clarke Johnston Thorp & Rice, PC

<u>/s/ Michael J. Novara</u>
Michael J. Novara
First Assistant Federal Public Defender

<u>/s/ Elisa A. Long</u>
Elisa A. Long
Supervisory Assistant Federal Public Defender

---

[5] As of the time of filing this Status Conference Report, the defense has not received the jury data.

[6] Before the June 25, 2020 status conference, the defense will file a motion seeking production of laboratory case files and cell site location information.