IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

### MOTION TO SUPPRESS EVIDENCE SEIZED
### FROM INTERNET SERVICE PROVIDER FOR RECORDS ASSOCIATED
### WITH A SPECIFIC INTERNET PROTOCOL ADDRESS
### (MOTION TO SUPPRESS NO. 3)

Defendant Robert Bowers, through counsel, moves this Court, pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure, 18 U.S.C. § 2703(d), and the Fourth Amendment of the U.S. Constitution, to suppress evidence seized from Google for records associated with the Internet Protocol ("IP") address 2601:548:4100:552c:dead:beef:cafe:a. The government obtained records despite failing to establish "specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought [] are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). For this reason, this Court should suppress the ill-gotten evidence.

### BACKGROUND

The government moved for a court order under 18 U.S.C. § 2703(d) requiring Google to disclose "certain records and information associated with the IP Address, and any Google services/accounts accessed from the IP Address: 2601:548:4100:552c:dead:beef:cafe:a." Exhibit A at 9. In support of the motion for a

1

court order, the government alleged the following: that on October 27, 2018, Mr. Bowers killed and wounded multiple individuals at the Tree of Life Synagogue; that police heard Mr. Bowers make anti-Semitic statements; that police "confirm[ed]" that Mr. Bowers made "numerous anti- Semitic statements on certain social media account(s)"; that the police "learned" that Mr. Bowers "used the Comcast IP Address 2601:548:4100:552c:dead:beef:cafe:a"; and, finally, that agents "believe[d] that Mr. Bowers used an Android based cell phone, which likely mean[t] he has a Google account." Exhibit A at 2–4. On the same date as the alleged offense, October 27, 2018, the Magistrate granted the government's motion. Exhibit A at 7–10.

## ARGUMENT

The government moved for a court order requiring Google to disclose Mr. Bowers' records associated with a specific IP address. An order for disclosure under 18 U.S.C. § 2703(d) must be based on more than "'conclusory' government statements." *In re Applications of the United States of America*, 206 F. Supp. 3d 454, 456 (D.D.C. 2016). Though a § 2703(d) order does not require "the traditional probable cause determination," it does require that the government identify "'specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought [] are relevant and material to an ongoing criminal investigation.'" *In re Application of U.S.*, 620 F.3d 304, 313 (3d Cir. 2010), *reversed on other grounds*.

Whether a court applies a traditional probable cause standard or the lesser standard under § 2703(d), still the government must show a nexus between the place to be searched and the crime under investigation. *See United States v. Stearn*, 597 F.3d 540,

560 (3d Cir. 2010). Embedded in the question of a nexus between the place to be searched—here, Mr. Bowers' Google records—and criminal activity is a two-part inquiry: whether the items sought are connected with criminal activity; and, if so, whether those items are likely to be found in the place to be searched. *United States v. Abernathy*, 843 F.3d 243, 249 (6th Cir. 2016). As applied to the circumstance here, the government must show specific facts connecting the items sought—that is, records from the identified IP address—to criminal activity. In other words, the government must articulate facts showing that the IP address was connected to criminal activity. Also, the government must show specific facts connecting the items sought—that is, records from the identified IP address—to the place to be searched—that is, Google records. In other words, the government must articulate facts showing that records associated with the IP address would be located within Google's records.

Here, the government failed to set forth specific facts showing reasonable grounds first, for any nexus between the IP address and criminal activity and, second, for any nexus between records associated with the IP address and Google records.

The government set forth few details in its motion. It offered the assertion that law enforcement "learned" that Mr. Bowers "used" the IP address; that Mr. Bowers made anti-Semitic statements on certain social media accounts; and, that agents "believe[d]" Mr. Bowers "used an Android based cell phone, which likely means he has a Google account." These assertions without basis are not appropriately considered "facts."

The government did not even attempt to assert a nexus between Mr. Bowers' use of the IP address and criminal activity. While it could be reasonably argued Mr. Bowers

used the internet in relation to criminal activity when he allegedly posted anti-Semitic statements on social media accounts, even if the government had spelled out the assertion that he used the specific IP address to do so, such an assertion is nothing more than a "'conclusory' government statement[]" based on a hunch, not "specific and articulable" facts, and is therefore insufficient to establish a right to disclosure under § 2703(d). *See In re Applications of the United States of America*, 206 F. Supp. 3d at 456. The government's motion did not set forth specific facts establishing reasonable grounds to infer a nexus between the IP address and criminal activity.

      The government similarly failed to articulate facts establishing reasonable grounds for finding a nexus between the items sought and the place to be searched—that is, between the records associated with the IP address and records at Google. Any link here is even more tenuous than the inference that the IP address was connected with criminal activity. Here, the government piled inference upon inference to reach the conclusion that records associated with the IP address would be found in the Google records. Not only does the government ask the Court to infer that Mr. Bowers used the IP address when posting anti-Semitic statements on social media accounts, it then asks the Court to infer additionally that Mr. Bowers used his Android-based cell phone to post the anti-Semitic statements. The government alleged no facts providing reasonable grounds first for a nexus between the IP address and the posting of anti-Semitic statements, and then second for a nexus between the IP address and the Android phone. Instead, the government asked the Court to pile impermissibly inference upon inference to establish the required connections. *See, e.g., United States v. Rice*, 704 F. Supp. 2d 667, 670 (E.D. Ky. 2010)

("If an officer can pile inference upon inference to achieve reasonable reliance, he can simply infer away the protections of the Fourth Amendment."). Piling inference upon inference is improper and cannot substitute for "specific and articulable facts showing that there are reasonable grounds to believe that" the records associated with the IP address would be found in the Google records.

Here, the government failed both to provide reasonable grounds for finding any nexus between the IP address and criminal activity and, also, for finding any nexus between records associated with the IP address and Google records. The Magistrate erred in granting the government's motion. The ill-gotten evidence should be suppressed.

Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*/s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender