IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA　　　)
　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　)　　　Criminal No. 18-292
　　　　　　　　　　　　　　　　)
ROBERT BOWERS　　　　　　　　 )

**MOTION TO SUPPRESS EVIDENCE OF FORENSIC TEST
(MOTION TO SUPPRESS NO. 8)**

Defendant Robert Bowers, through counsel, moves this Court, pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure and the Fourth Amendment of the U.S. Constitution, to suppress evidence of any Gun Shot Residue (GSR) test. Government agents obtained a test sample from Mr. Bowers in violation of the Fourth Amendment.

**BACKGROUND**

On October 27, 2018, government agents apprehended Mr. Bowers after he had killed and wounded multiple individuals at the Tree of Life Synagogue in Pittsburgh. Mr. Bowers had himself been shot and wounded by government agents. At approximately 11:49 a.m., Mr. Bowers was transported to the hospital. Exhibit A at 1. At 1:03 p.m., a detective informed Mr. Bowers he would administer a Gun Shot Residue (GSR) test. *Id*. at 2. Mr. Bowers asked if he could refuse the test. *Id.* Agents told him he could not refuse the test. *Id.* Agents then administered the test without Mr. Bowers' consent and without a warrant. *Id.*

1

### ARGUMENT

A warrantless search is "'per se unreasonable . . . subject only to few specifically established and well-delineated exceptions.'" *Schneckloth v. Bustamonte,* 412 U.S. 218, 219 (1973) (quoting *Katz v. United States,* 389 U.S. 347, 357 (1967)). The government "bears the burden of demonstrating that exigent circumstances justified a warrantless search, and that burden is 'heavy.'" *United States v. Mallory*, 765 F.3d 373, 383 (3d Cir. 2014) (citation omitted). *See United States v. Rubin*, 474 F.2d 262 (3d Cir. 1973) ("Mere probable cause does not provide the exigent circumstances necessary to justify a search without a warrant.").

"Exigent circumstances exist when officers are in hot pursuit of a fleeing suspect, . . . when they 'reasonably . . . believe that someone is in imminent danger,' . . . or when they reasonably believe that they must act 'to prevent the imminent destruction of evidence.'" *Mallory*, 765 F.3d at 384 (citations omitted). Imminence means "'the existence of a true emergency.'" *Id*. (citation omitted).

Here, the government cannot meet its burden of establishing a "true emergency. There was no hot pursuit; nor was the test needed to prevent imminent danger.  In addition, the facts show that the circumstances were such that officers did not "reasonably believe" that, without consent and without a warrant, they needed to obtain a GSR swab from Mr. Bowers' body to prevent the destruction of evidence.

The agents who conducted the GSR swab of Mr. Bowers' body knew that Mr. Bowers was in custody, under continuous surveillance, in cuffs, unable to move his hands or arms, and without ability to destroy any GSR evidence. Agents knew they had the

means and ability to obtain a warrant quickly. In fact, that same day, agents obtained

search warrants for Mr. Bowers' residence, vehicle, and P.O. Box. Agents further knew

that any GSR evidence on Mr. Bowers' body would have been present within the

timeframe that agents could have obtained a warrant. Under these circumstances, the

agents who conducted the GSR swab of Mr. Bowers' body did not "reasonably believe"

that they needed to act to prevent the destruction of evidence. Because there are no

exigent circumstances to justify the warrantless search, the Court should suppress the

GSR evidence.

Respectfully submitted,

/s/ Judy Clarke
Judy Clarke
Clarke Johnston Thorp & Rice, PC

/s/ Michael J. Novara
Michael J. Novara
First Assistant Federal Public Defender

/s/ Elisa A. Long
Elisa A. Long
Supervisory Assistant Federal Public Defender