IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**MOTION TO SUPPRESS EVIDENCE SEIZED DURING SEARCH AND SEIZURE OF RECORDS AND INFOMATION ASSOCIATED WITH DOMAIN NAME FROM INTERNET SERVICE PROVIDER
(MOTION TO SUPPRESS NO. 12)**

Defendant Robert Bowers, through counsel, moves this Court, pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure and the Fourth Amendment of the U.S. Constitution, to suppress evidence seized during the search and seizure from Tucows/Hover/eNom of information associated with the domain "onedingo.com." Government agents obtained a search warrant in violation of the Fourth Amendment. The search warrant was overbroad in failing to limit the information seized to that for which there may have existed probable cause.

### BACKGROUND

On November 6, 2018, the government submitted an affidavit in support of a warrant to search and seize records from Tucows/Hover/eNom. Exhibit A at 10–21. The affidavit described an investigation into Mr. Bowers' alleged conduct in shooting and killing multiple individuals and wounding others at the Tree of Life Synagogue. It sought authorization to search "information associated with the domain, **ONEDINGO.COM**," including thirty-eight named email accounts, and any "**FILE STORAGE, OR OTHER**

1

ACCOUNTS ASSOCIATED WITH THE 'ONEDINGO.COM' DOMAIN OR ITS SUBSCRIBER, ROBERT BOWERS**." Exhibit A at 3–4 (emphasis in original). It sought authorization to seize "files, videos, sound files, databases, and database records" and "[s]ubscriber information" since April 27, 2018 related to certain enumerated federal offenses. *Id.* at 6–7.

The affidavit alleged that during the shooting, Mr. Bowers "made audible statements indicating an animus towards people of the Jewish faith." Exhibit A at 12, ¶ 10. It quoted a statement by Mr. Bowers to law enforcement that "they're committing genocide to my people" and "I just want to kill Jews." *Id.* The affidavit further claimed that Mr. Bowers "has made numerous anti-Semitic statements on internet posts, indicating that [Mr. Bowers] had access to the internet and/or internet capable devices." *Id.* at 12, ¶ 11. The affidavit additionally alleged that "[e]arly indications of the investigation are that [Mr. Bowers] engaged in planning and premeditation prior to executing the killings and injury associated with this crime." Exhibit A at 13, ¶ 16. The affidavit did not offer any further information or details about alleged planning and premeditation.

The affidavit included information gleaned from interviews of Mr. Bowers' family members, in which "relatives provided 'R.Bowers@onedingo.com' as an email account that he used for communicating with them." Exhibit A at 4, ¶ 18. Mr. Bowers' mother indicated that "she became aware of [Mr. Bowers'] bias toward Jewish people approximately four (4) to six (6) months ago" and that he "sent her a 'video email' on October 25, 2018, which depicted the unprovoked attack by Jews on the USS Liberty."

2

*Id.* at 14, ¶ 19. Agents also interviewed Raymond Bolt, Ms. Bowers' mother's husband, who said that Mr. Bowers "despised Jewish people and had begun feeling this way two (2) to three (3) years ago, or more recent than that," and that Mr. Bowers "would 'email' videos to Barbara Bolt about his views since Raymond Bolt could hear them playing." *Id.* at 14, ¶ 20.

The affidavit further alleged that through "[o]pen source information from May 10, 2000," agents "located a second email account, 'warroom@onedingo.com.'" *Id.* at 14, ¶ 21. Agents learned that the email address "was attached to a website called 'www.warroom.com,' which hosted information concerning a conservative radio host's talk show," that Mr. Bowers "was the show archiver," and that Mr. Bowers "solicited sponsors for server space using the 'warroom@onedingo' email address." *Id.* at 14–15, ¶ 21. Agents determined that the domain "onedingo.com" was registered with Tucows/Hover/eNom. *Id.* at 15, ¶ 23.

Through a Court Order under 18 U.S.C. § 2703(d), agents learned that "[e]mail transaction logs" showed that the "R.Bowers@onedingo.com" email address "communicated by email with persons at gunownersamerica.com; usconcealedcarry.com; GAB AI; Underwood Ammo, and Sig sauer." Exhibit A at 15, ¶ 24. Agents also learned that "email transaction logs" showed 695 email communications from October 23, 2016 and October 25, 2018 between the R.Bowers@onedingo.com email address and "shabaray@gmail.com," the email address belonging to Mr. Bowers' mother. Through the email transaction logs, agents learned that Mr. Bowers established "a large number of

3

additional email accounts." *Id.* at 16, ¶ 24. The affiant then identified thirty-six additional email accounts with the onedingo.com domain name. *Id.*

Based on the information included in the affidavit, the affiant concluded: "Your Affiant believes it is reasonable to infer that [Mr. Bowers] may have also used his domain and email accounts at Tucows/Hover/eNom to communicate his animus toward other races and religions." *Id.* at 16, ¶ 25.

## ARGUMENT

The crux of the affidavit is the affiant's conclusory assertion that it is "reasonable to infer that [Mr. Bowers] may have also used his domain and email accounts at Tucows/Hover/eNom to communicate his animus toward other races and religions." *Id.* at 16, ¶ 25. Though the affiant only established a connection between one email address—"R.Bowers@onedingo.com"—and racial animus, the affiant sought to search and seize all information and accounts, including the more than thirty additional email accounts, connected with the "onedingo.com" domain. To the extent that any probable cause existed, it existed only for information associated with the "R.Bowers@onedingo.com" account. The search warrant was overbroad in failing to limit the information seized to that for which there existed probable cause.

The warrant affidavit failed to establish probable cause that a search and seizure of *all* records and information from Tucows/Hover/eNom related to the domain "onedingo.com" would uncover evidence of a crime. "Probable cause exists when 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Grubbs*, 547 U.S. 90, 96 (2006) (citation omitted). There must

4

exist "a nexus between" the particular place—the defendant's private space—"and the crime under investigation." *United States v. Stearn*, 597 F.3d 540, 560 (3d Cir. 2010).

The government agent preparing the affidavit must "spell out the complete factual basis for a finding of probable cause within the affidavit's four corners." *Virgin Islands v. John*, 654 F.3d 412, 420 (3d Cir. 2011). Embedded in the question of a nexus between the defendant's private space and criminal activity is a two-part inquiry: whether the items sought are connected with criminal activity; and, if so, whether those items are likely to be found in the defendant's private space. *See United States v. Abernathy*, 843 F.3d 243, 249 (6th Cir. 2016) ("[T]o establish probable cause for a search, an affidavit must show a likelihood of two things: first, that the items sought are 'seizable by virtue of being connected with criminal activity'; and second, 'that the items will be found in the place to be searched.'") (internal quotation marks and citation omitted). The issue here is that the affidavit failed to provide facts to establish probable cause that the items the government sought to seize, other than the information associated with the "R.Bowers@onedingo.com" email address, were connected with criminal activity.

This Court exercises "plenary review" of the Magistrate's decision to issue a warrant, determining whether the Magistrate "had a 'substantial basis' for determining that probable cause existed." *United States v. Zimmerman*, 277 F.3d 426, 431 (3d Cir. 2002). The Court "is restricted to viewing only the information confined by the 'four corners' of the affidavit before the magistrate." *United States v. Burnett*, No. 16-185, 2019 WL 109333, at *2 (W.D. Pa. 2019) (citing *United States v. Whitner*, 219 F.3d 289, 295–96 (3d Cir. 2000)). While "[t]he decision of the magistrate 'should be paid great

deference, ' [t]his . . . 'does not mean that reviewing courts should simply rubber stamp a magistrate's conclusions.'" *Zimmerman*, 277 F.3d at 431 (internal citations omitted).

The warrant affidavit here failed to provide a substantial basis to conclude that evidence of criminality would be found in any of the Tucows/Hover/eNom records other than those records associated with the "R.Bowers@onedingo.com" email account. While the affidavit described how Mr. Bowers used the "R.Bowers@onedingo.com" email to communicate racial animus toward Jewish people, it failed to allege any facts to link any other email accounts, or any other accounts related to the "onedingo.com" domain, to such racial animus. The email transaction logs uncovered emails between the "R.Bowers@onedingo.com" email account and others, but it failed to uncover any communications between any other email accounts and others. And witness interviews established that Mr. Bowers used the "R.Bowers@onedingo.com" account to communicate and that he in fact used it to communicate racial animus. The only claim offered that suggested any possible communication between another email account and others is the affiant's assertion that the "www.warroom.com" website indicated that Mr. Bowers "solicited sponsors for server space using the 'warroom@onedingo.com' email address." Exhibit A at 14–15, ¶ 21. But even with respect to that email address, the affiant offered no facts indicating that the website was connected in any way to criminal activity. Regarding the website, the affiant offered only that it "hosted information concerning a conservative radio host's talk show." *Id.* But that fact had no relevance to whether the website or the email address "warroom@onedingo.com" exhibited racial animus or was in any other way connected with criminal activity.

To the extent that any inference could be made about the "onedingo.com" accounts and criminal activity, it was only that Mr. Bowers solely used the "R.Bowers@onedingo.com" email address in relation to criminal activity: the affiant provided information that the "R.Bowers@onedingo.com" email address communicated with Mr. Bowers' mother's email address on October 25, 2018, the date that she said he sent her a "video email" with content suggesting racial animus toward Jewish people, and that the "R.Bowers@onedingo.com" email address "communicated by email with persons at gunownersamerica.com; usconcealedcarry.com; GAB AI; Underwood Ammo, and Sig Sauer," which appear to be firearms-related entities. Exhibit A at 15, ¶¶ 19, 24. The affiant failed to provide any facts that suggested any link between any other "onedingo.com" account and activity related to the criminal behavior described in the affidavit.

In sum, the affidavit failed to provide a substantial basis for finding probable cause that all records from Tucows/Hover/eNom associated with the domain "onedingo.com" would yield evidence of criminal activity. Rather, it provided probable cause for only a limited subset of information: information associated with the "R.Bowers@onedingo.com" account. For this reason, the warrant was overbroad and the Court should suppress the other information illegally seized—that is, all records and information other than that associated with the "R.Bowers@onedingo.com" account.

Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*/s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender