# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | CR 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |
| | ) | |

## OPINION AND ORDER

## SYNOPSIS

Defendant has filed a Motion to Dismiss Counts 23-33, 38-39, and 52-63 of the Superseding Indictment charging the use of a firearm in connection with a crime of violence pursuant to 18 U.S.C. § 924.  [237].  Defendant contends that the predicate crimes, § 249(a)(1) and § 247(a)(2), are not qualifying crimes of violence; Section 924(c) is void for vagueness; each Section 924(c) count is not supported by an independent use of a firearm; Counts 23-33, charging §§ 924(c) and 924(j), are multiplicitous in violation of double jeopardy principles; and are also multiplicitous in violation of  the Eighth Amendment and the Federal Death Penalty Act ("FDPA"). The Government has responded to Defendant's Motion. [248].  Defendant filed a Reply. [252].  For the following reasons, Defendant's Motion will be denied in all respects.

## OPINION

Counts 23-33 charge Section 924(c), based on predicate offenses charged in Counts 1-11 and 12-22 of the Superseding Indictment, which in turn charge violations of Sections 247(a)(2) and 247(d)(1), and 249(a)(1)(B)(i)), as to 11 separately alleged and identified murder victims. [44].  Counts 38 and 39 charge Section 924(c), based on predicate offenses charged in Counts 36 and 37, which charge violations of Section 249(a)(1)(B)(ii) as to two separately identified victims who suffered bodily harm.  Counts 52-63 rest on the predicate offenses charged in

Counts 40-51, which in turn charge violations of Sections 247(a)(2), (d)(1), and (d)(3), as to separately identified civilian and public safety officer victims.   In sum, Defendant has been charged with a total of 25 Section 924(c) Counts, each resting on a separate predicate offense relating to a separately identified person who was allegedly killed, injured, or escaped injury.

### A. Crime of Violence

18 U.S.C. § 924(c)(1)(A) applies to "any person who, during and in relation to any crime of violence" "uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm."  Subsections (i) through (iii) address the applicable terms of imprisonment for a violation of Section 924(c)(1)(A), including separate provisions for brandishing (ii) and discharging (iii) the firearm.   Section 924(c)(3)(A) defines "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another…."  As discussed supra, the Section 924(c) charges against Defendant are premised on violations of 18 U.S.C. §§ 247(a)(2) and 249(a)(1).

Section 247, titled "Damage to religious property; obstruction of persons in the free exercise of religious beliefs," provides, in pertinent part, as follows:

(a) Whoever, in any of the circumstances referred to in subsection (b) of this section—
***
 (2) intentionally obstructs, by force or threat of force, any person in the enjoyment of that person's free exercise of religious beliefs, or attempts to do so…

shall be punished as provided in subsection (d).
***
(d) The punishment for a violation of subsection (a) or (c) of this section shall be—

(1) if death results from acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, a fine in accordance with this title and imprisonment for any term of years or for life, or both, or may be sentenced to death;
***

(3) if bodily injury to any person, including any public safety officer performing duties as a direct or proximate result of conduct prohibited by this section, results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, a fine in accordance with this title and imprisonment for not more than 20 years, or both….

Section 249, titled "Hate crime acts," reads, in pertinent part, as follows:

(1) Offenses involving actual or perceived race, color, religion, or national origin. Whoever, whether or not acting under color of law, willfully causes bodily injury to any person or, through the use of fire, a firearm, a dangerous weapon, or an explosive or incendiary device, attempts to cause bodily injury to any person, because of the actual or perceived race, color, religion, or national origin of any person—
***
(B) shall be imprisoned for any term of years or for life, fined in accordance with this title, or both, if—

(i)      death results from the offense; or

(ii) the offense includes kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill.

In United States v. Roof, 225 F. Supp. 3d 438, 459 (D.S.C. 2016), the Court found that the pertinent Sections of 247 and 249 furnish predicate crimes of violence under Section 924(c)(3)(A).  In so doing, it stated that "a violation of [Section 249(a)(1)] is…categorically a crime of violence under § 924(c)."   Id. at 459.  As regards Section 247, the Court stated: "Violation of a statute that prohibits the intentional obstruction of religious exercise by force resulting in death—i.e., by deadly force—is categorically a crime of violence under § 924(c)." Id. at 459-60 (emphasis in original).  The Court later reaffirmed its conclusions.  Cf.  United States v. Roof, 252 F. Supp. 3d 469, 474-76 (D.S.C. 2017).  I find the analyses in Roof persuasive, and conclude that each pertinent statute has as an element the use, attempted use, or threatened use of physical force against the person or property of another.  Therefore, the Court declines to adopt Defendant's arguments.

### B.  Vagueness

Next, Defendant argues that Section 924(c) is void for vagueness. "The void-for-vagueness doctrine reflects the fundamental principle that, in order to comply with the requirements of due process, a statute must give fair warning of the conduct that it prohibits." United States v. Fontaine, 697 F.3d 221, 226 (3d Cir. 2012) (citations omitted).   "To succeed on a facial vagueness challenge, the plaintiff must 'demonstrate that the law is impermissibly vague in all of its applications.'" CMR D.N. Corp. v. City of Philadelphia, 703 F.3d 612, 631 (3d Cir. 2013) (quoting Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 498, 102 S.Ct. 1186, 1186 , 71 L.Ed.2d 362 (1982)).  Defendant has pointed to no caselaw that has accepted an argument such as his, and does not suggest that his own alleged conduct was not clearly proscribed by Section 924(c).  Further, I note that a Court should not demand "absolute unambiguity in evaluating a criminal statute," and may not invalidate a statute merely because its provisions are ambiguous to some degree.  United States v. Ortiz, 738 F. Supp. 1394, 1397 (S.D. Fla. 1990); see also CMR D.N. Corp., 703 F. 3d at 631-32.  Section 924(c) is not void for vagueness, and Defendant's Motion will be denied to that extent.

### C.  Independent Use of a Firearm

Next, Defendant contends that the government must prove a separate predicate crime for each § 924(c) count, as well as a separate use, carry, or possession of a firearm.  The 25 Section 924(c) Counts, Defendant argues, must each be supported by an allegation of an independent act of using a firearm.  The Government alleges that a firearm was employed multiple times to commit multiple predicate crimes, involving multiple victims.  The Section 924(c) Counts are based on predicate crimes of violating Section 247 and 249, as separately charged for each of the

25 victims identified.[1]  The Superseding Indictment avers that Defendant "opened fire" inside the synagogue, and carried multiple firearms.

In United States v. Hodge, 870 F. 3d 184, 188 (3d Cir. 2017), our Court of Appeals considered a defendant who shot a man holding a bag of cash, in an attempt to steal the bag. When the victim resisted, defendant shot him twice more.  Id.  He then shot the man's companion, and fled with the bag.  Id.  Defendant was charged, inter alia, with three Section 924(c) Counts, two premised on the attempted murder of each of the two men, and one premised on the robbery.  Id.  The defendant argued that a single use, carry, or possession of a firearm could not support these multiple Section 924(c) prosecutions.  Id. at 196.  In rejecting his contention, the Court stated as follows:

> We have not held… that the unit of prosecution for a § 924(c) count is each use of the firearm regardless of how many predicate offenses are charged. Rather, we have held that "crimes occurring as part of the same underlying occurrence may constitute separate predicate offenses if properly charged as separate crimes. It follows that each may be a separate predicate for a § 924(c)(1) conviction."

Id. at 196 (quoting United States v. Casiano, 113 F.3d 420, 426 (3d Cir. 1997) (citations omitted).

The Court further distinguished the case before it from United States v. Diaz, 592 F.3d 467, 474-75 (3d Cir. 2010), in which two Section 924(c) convictions were based on a single predicate crime of possession with intent to distribute heroin.  Hodge, 870 F. 3d at 196-97.  In contrast to the defendant in Diaz, the Court observed, the Hodge defendant engaged in multiple uses of a firearm in the commission of several predicate offenses during the same criminal episode.  Id. at 197.  Moreover, the Court analogized the case before it to Casiano, in which defendant pistol-whipped the victim while carjacking him, and held a gun to his head and pistol-

---

[1] As the Government points out, it did not charge Defendant with a Section 924(c) Count premised on each obstruction of religion and each hate crime charge tied to each victim.

whipped the victim again while in the car; there, two Section 924(c) charges were predicated on carjacking and kidnapping.  Id. at 196 (citing Casiano, 113 F. 3d at 423).  In both Hodge and Casiano, the Court stated, "a firearm was employed multiple times to commit multiple predicate crimes."  Id.

At this juncture, the case at bar appears unlike those to which Defendant cites in support of his argument.  Those cases involved, for example, multiple Section 924(c) charges based on a single firearm act or simultaneous predicate offenses.  See, e.g., United States v. Cureton, 739 F. 3d 1032, 1040 (7th Cir. 2014) (defendant "pointed a single gun…a single time" while demanding that the victim call relatives to obtain cash; predicate offenses of interstate communication of a ransom request and attempted extortion were both based on the same conduct); United States v. Rentz, 777 F.3d 1105, 1107 (10th Cir. 2015) (defendant charged with both assault and murder based on firing a single shot that killed one victim and injured another).[2]

Against this backdrop and at this juncture in the case, I decline to endorse an approach that our Court of Appeals has not adopted, and which would potentially be inconsistent with extant caselaw in this Circuit.  This aspect of Defendant's Motion will be denied.

### D. Multiplicity/Double Jeopardy

Defendant contends that Counts 23-33, charging violations of Sections 924(c) and (j), are multiplicitous in violation of double jeopardy.  Defendant preserves his argument in this regard due to a Circuit split created by United States v. Berrios, 676 F.3d 118, 140-144 (3d Cir. 2012) and United States v. Julian, 633 F.3d 1250 (11th Cir. 2011). This Court is bound to follow Berrios.  Defendant's argument is rejected accordingly.

---

[2] As another Court observed, "none of these cases considered whether multiple successive shots fired at multiple victims must be considered a single use of a firearm limiting the government to one § 924(c) conviction."  United States v. Voris, 964 F.3d 864, 872 (9th Cir. 2020); cf. United States v. Mejia, 545 F.3d 179, 205 (2d Cir. 2008) (multiple shootings with multiple bullets, even if "clustered in time and space," supported multiple Section 924(c) charges).

### E.  Multiplicity/Eighth Amendment and FDPA

Defendant contends that Counts 23-33, charging violations of Sections 924(c) and (j), are multiplicitous in violation of the Eighth Amendment and the FDPA.   Defendant does not, however, raise a typical multiplicity argument – i.e., that the same crime is charged in multiple Counts.  Instead, Defendant asserts that the nature of the charges against him may render a jury determination of punishment unreliable due to juror confusion and the risk of double counting both charges and aggravating circumstances.  In that vein, Defendant expresses concern that jurors may be under the impression that just because there are multiple Counts, the crime is worse or Defendant more culpable.  There is, however, no reason to believe that Defendant's concerns cannot be addressed through appropriate instructions to the jury and conscientious management of the trial and evidence presented.  Likewise, at this juncture, there is no reason to believe that a jury will be unwilling or unable to properly carry out its duties. This aspect of Defendant's Motion will be denied.

### CONCLUSION

In conclusion, Defendant's Motion will be denied in its entirety.  An appropriate Order follows.

BY THE COURT:

_____
Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: October 16, 2020

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | CR 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |
| | ) | |

**ORDER**

AND NOW, this 16th day of October, 2020, it is hereby ORDERED, ADJUDGED, and

DECREED that Defendant's Motion to Dismiss Counts 23-33, 38-39 and 52-63 of the

Indictment Charging the Use of a Firearm in Connection With a Crime of Violence [237] is

DENIED.

BY THE COURT:

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court