IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**MOTION TO VACATE CLERK OF COURT'S NOTICE OF COMPLIANCE AND REQUEST TO RESET DEADLINE TO FILE JURY COMPOSITION CHALLENGE**

The defendant, Robert Bowers, through counsel, hereby moves this Court to vacate the "Notice" filed by the Deputy Clerk of Court on October 30, 2020 (ECF 337) and reset the deadline to file challenges to the 2009 Jury Plan, and composition of the grand jury in this case. Mr. Bowers requests that the Court reset the deadline to the later of 30 days after full compliance by the Clerk of Court to the February 25, 2020 Order (ECF 206), or 30 days after production of any documents ordered as a result of the Court's ruling on the defendant's Motion to Compel the Production of Further Records in Support of an Anticipated Jury Composition Motion. (ECF 280, 333.)

The Clerk's Notice was filed prematurely because the disclosure ordered by the Court on February 25, 2020 is not complete. In addition, Mr. Bowers' Motion to Compel, supported by the declarations of three separate experts, is pending. A ruling on this Motion to Compel – regardless of outcome – is relevant to Mr. Bowers' jury composition challenge.

## I. FACTUAL BACKGROUND

1. On February 25, 2020, the Court ordered the disclosure of 15 separate items, directing that certain items be produced to the parties and other items be made available on site in the Clerk's office. (ECF 206.) The Order directed that the items be produced within sixty (60) days. The records were not produced by the deadline.

2. On June 2, 2020, the defense filed a motion to clarify and amend the order regarding disclosure of jury records, seeking to ensure production of historical items. (ECF 231.) Due to the health and safety risks posed by COVID-19, the motion also asked the Court to permit the defense expert to be provided with the items designated for onsite review. (*Id.*) The defense requests were denied. (ECF 236.)

3. On June 25, 2020, given the global pandemic and the impact on the work of the Clerk of Court's staff, the deadline for production was extended. (ECF 226.) The Court eventually directed that the Clerk of Court file a Notice upon production of the materials. (ECF 247.) The Court also directed that any challenges to the Jury Plan shall be due within 30 days of the Clerk's filing of the Notice. *Id.*

4. On September 14, 2020, counsel confirmed with the Deputy Clerk receipt of three emails, identified as Part I, II.a. and III, that contained:[1]

Part I:
- Item 1 (2009 Jury Plan)

---

[1] None of the items were received by the Federal Public Defender until Item 7 was sent and received on September 18, 2020.

- Items 2-3 (2017 AO 12 data for each of the three divisions)
- Item 4 (a pdf note that the master wheel used to summon grand jurors was filled 2/7/17)
- Item 5 (a pdf note that grand jurors were summoned in this case on 2/21/18),
- Item 6 (a pdf note that 85 grand jurors were summoned in this case from the Qualified Wheel)
- Item 10 (a pdf note that one grand juror summons was returned due to relocation out of state and the grand juror was disqualified)
- Item 11 (23 juror numbers)
- Item 12 (notice that the source of data was available for inspection on premises of the Clerk)[2]
- Item 13 (blank juror summons and juror qualification questionnaire)[3]
- Item 14 (Excel spreadsheet showing disposition of 85 juror numbers, including a note that there was 1 replacement of a seated grand juror)

Part II.a.:

- Item 8 (an Excel spreadsheet containing 103,420 entries by number, race, gender, year of birth, zip code, city, and county)
- Items 9 (an Excel spreadsheet contained 77,529 entries by number and a note "summoned")

Part III:

- Item 15 (an Excel spreadsheet of 85 numbers showing excuse and disqualification)

That same day, counsel advised the Deputy Clerk that Item 7 was not received. The Deputy Clerk confirmed that Item 7 was too large to send via email.

---

[2] The "Source of Data" for the Master Wheel used to summon grand jurors.
[3] The completed questionnaires and summons for those summoned for the grand jury in this case were to be made available onsite.

Eventually, on September 18, 2020, Item 7 was sent to the Federal Public Defender:

- Item 7 (an Excel spreadsheet labeled "Point 7" containing 599,290 entries by number, race, gender, year of birth, zip code, city, and county)

5. Upon review of the items that were provided, counsel emailed questions to the Deputy Clerk on September 22, 2020. The email sought clarification of the content of Item 7, the reason for repeating juror numbers and a discrepancy in the numbers in Item 8, identification of juror numbers returned as undeliverable in Item 9, clarification of juror numbers in Item 11 and Item 14, and juror numbers and status code information for Item 15.[4]

---

[4] In the email, counsel sought to clarify some of content of the items sent:

1. Item 7 seems to contain multiple master jury wheels – can you confirm the juror number ranges for each of the Master wheels, and dates those Master wheels were drawn?  Item 7 also seems to have some missing juror numbers, e.g. 888018 and 888054.  Is there a reason there are missing juror numbers?

2. Item 8 seems to have some juror numbers repeated, e.g. 1034510 and 1222682.  Is there a reason some juror numbers are repeated? The data for the range 1287952 to 1387953 shows 1,999 in Division 1, 15,589 in Division 2, and 2,481 in Division 3.  The AO-12 Forms (Item #2) for the Qualified Jury Wheel shows 3,559 in Division 1, 14,689 in Division 2, and 4,914 in Division 3.  Is there a reason there are more in the AO-12 Form Qualified Jury Wheel in some divisions than there are in Item 8?

3. In Item 9: All but 10 of the 77,528 records are marked "summoned" – are you able to identify which juror numbers reflect that the form was returned undeliverable, that the form was not returned, and the reason for disqualification?

4. In Item 11: in order to match the Juror numbers in Item 11, our guess is the "10" in front of each of the numbers needs to be deleted – is that correct?

6. On September 25, 2020, counsel reached out to the Deputy Clerk to arrange to inventory the items that were to be made available to the experts onsite once the experts were able to travel to Pittsburgh. It was not until October 9, 2020 that the Deputy Clerk made certain items available in the courthouse. The items made available for review included several redwell folders containing sets of papers, disks, and computer printouts. Counsel inventoried what she could and identified items that were missing. On that same date, the Deputy Clerk acknowledged that he had not yet had a chance to respond to counsel's September 22, 2020 email, but indicated that he would do so soon.

7. Counsel then returned on October 16, 2020 for a second day to review and inventory the items. At the conclusion of the second day of review, counsel advised the Deputy Clerk that items were still missing. The Deputy Clerk agreed to locate the missing items. On October 21, 2020, counsel sent a follow-up email to the Deputy Clerk asking him to advise her when the missing materials, as well as the responses to the questions posed by counsel in the previous email of September 22, 2020, would be

---

5. In Item 14: Same question regarding the "10" in front of each number (as in Item 11); Juror number 1363805 is listed as "Juror" but is not listed in Item 11. Likewise, Juror number 1362805 is listed in Item 11 but not in Item 14. Can you verify the numbers are correct, and/or figure out why 1363805 is not listed in Item 11?

6. In Item 15: Do you have the juror number for each of the records in Item 15? (and if so, can you provide it?) Why were the 920 records in Item 15-7 selected? If they reflect the summons for persons used to create the Grand Juries, can you identify the separate grand juries and provide the "status code" information that was provided in Item 9.

available for review: "As we discussed, the materials you provided do not include all of the completed juror questionnaires and juror information forms.[5] I know you are still getting those together, along with the responses to the technical questions that Judy [Clarke] posed in her email, so please let me know when everything is ready and I will come back to the courthouse to review."

8. The Deputy Clerk did not respond to counsel's email. Instead, to counsel's surprise, he filed a Notice with the Court on October 30, 2020 stating that all materials had been provided. To date, the Deputy Clerk has not made the complete materials ordered by the Court available, nor has he responded to the questions in the September 22, 2020 email.

9. One item that the Deputy Clerk did make available at the courthouse, the "Source data" for the Master Wheel (Item 12), is in a format that cannot be interpreted or analyzed by counsel. Review of this item must be by an expert with the proper computer program and skill to interpret the data, as indicated in the three expert declarations filed in support of Mr. Bowers' Reply to Responses In Opposition To Motion To Compel the Production of Further Records In Support of an Anticipated Jury Composition Motion. (ECF 333.)

10. The United States District Court for the Western District of Pennsylvania relies entirely on voter registration lists as the sole source of grand jurors and petit jurors. As a

---

[5] The juror information form is part of the juror summons.

result, the defense investigated issues with voter registration lists and the accuracy of those lists in Pennsylvania, seeking access to information relevant to understanding their accuracy. The defense investigation surfaced a variety of problems with the Pennsylvania voter registration lists, including duplicate and inaccurate voter records, as well as potential violations of the National Voter Registration Act in Allegheny County, the largest county in the Pittsburgh Division. (*See, e.g.,* December 2019 Performance Audit Report of the Pennsylvania Department of State, ECF 280-1, at 5 (finding duplicate and inaccurate voter records, due to weaknesses in voter registration application process and the maintenance of voter records); December 2019 correspondence between Judicial Watch and Pennsylvania Department of State and Public Interest Legal Foundation lawsuit, ECF 280-9 through 280-12 (alleging violations of the National Voter Registration Act in Allegheny County).)

11. In light of these troubling allegations, and as stated in the Motion to Compel, the defense sought the voluntary production of additional records. Three experts have now advised the Court that these records are necessary to the full and fair litigation of a challenge to the composition of jurors in this District. (*See* ECF 333 (reply); ECF 333-1 (declaration of Dr. John Weeks); ECF 333-2 (declaration of Jeffrey Martin); ECF 333-3 (declaration of Dr. Joseph Kadane)).

12. Failing to obtain the requested records voluntarily, the defense filed a Motion to Compel on August 28, 2020, in which it asked for the assistance of the Court in obtaining the Voter Registration Lists for the 13 counties in the Pittsburgh Division of the Western

District of Pennsylvania[6] and records concerning the attempts to ensure their accuracy. The Motion to Compel also requested various records maintained by the Electronic Registration Information Center, Inc. (ERIC) and the AOPC lists for the 13 counties in the Pittsburgh Division.[7] Further, the defense sought information regarding the reason for the Court's amendment of Section 8 of the District's Jury Plan (effective March 2, 2020). (*See* ECF 280, 333.)

    II.    **THE NOTICE FILED BY THE CLERK MUST BE VACATED BECAUSE THE CLERK HAS NOT PRODUCED THE INFORMATION ORDERED BY THE COURT.**

13. As noted above, the Clerk of Court has not fully complied with the Court's February 25, 2020 Order in that all of the 85 completed juror qualification questionnaires and summons for the grand jurors in this case have not yet been produced. In addition, the information counsel sought to understand the electronic data that was produced has not been provided.

---

[6] These records are publicly available online subject to the affirmation that "the records requested from the Department of State will not be used for commercial or other purposes, except purposes related to elections, political activities and law enforcement, as required by 25 Pa. C.S. sections 1207(b) & 1404(c)(2)."

[7] The AOPC lists are statutorily available to the federal courts in Pennsylvania. *See* 42 Pa. C.S.A. §4521.1(d)(2) ("Upon request from the Clerk of Court for a United States District Court, the Court Administrator shall make available to the requesting Clerk of Court the list of names for the counties comprising the district within the jurisdiction of the request court from the Statewide jury information system. …")

14. During the November 2, 2020 telephonic status conference, the Court asked counsel not to communicate with the Clerk of Courts, but rather to file a motion.[8] Accordingly, the defense asks the Court to direct the Clerk to provide answers to the clarifying questions emailed to the Deputy Clerk on September 22, 2020, which are set forth above. Without this information, the experts retained by the defense are left to speculate about how many master wheels are contained within Item 7, the reason for repeating juror numbers and a discrepancy in the numbers in Item 8, the identification of juror numbers returned as undeliverable in Item 9, the juror numbers in Item 11 and Item 14, and the juror numbers and status code information for Item 15.

### III.     THE 30-DAY DEADLINE FOR FILING THE JURY COMPOSITION CHALLENGE SHOULD NOT BEGIN UNTIL FULL COMPLIANCE AND PRODUCTION OF ANY DOCUMENTS DIRECTED BY THE COURT IN RULING ON THE DEFENDANT'S MOTION TO COMPEL PRODUCTION OF JURY RECORDS.

15. The Court has pending before it a meritorious Motion to Compel the Production of Further Records. (ECF 280, 333.) Three experts support the need for production of the requested records as necessary to the full and fair litigation of defendant's jury composition challenge. (ECF 333-1, 333-2, 333-3.) These expert declarations set forth serious concerns with the issues of randomness, proportionality, and representativeness arising out of reliance on unreliable and duplicative voter registration lists as a sole

---

[8]In seeking clarification directly with the Deputy Clerk, counsel were pursuing their obligation to investigate factual issues.

source of selecting grand or petit jurors in this case, and explain the reasons for compelling production of the additional records.

16. Mr. Bowers' challenge to the Jury Plan and jury composition will either need to include an analysis of the additional records, or will need to include briefing on why a denial of the motion denies him a full and fair opportunity to litigate a jury challenge. *See Coleman v. Alabama* 377 U.S. 129, 132 (1964) (holding that denial of a full and fair opportunity to challenge a jury selection system renders a conviction constitutionally void); *id.* at 132 (citing *Carter v. State of Texas*, 177 U.S. 442, 447 (1900) ("When the defendant has had no opportunity to challenge the grand jury which found the indictment against him, the objection to the constitution of the grand jury upon this ground may be taken…by motion to quash the indictment… ."); *see Test v. United States*, 420 U.S. 28, 30 (1975) ( An "unqualified right to inspect jury lists" is required by the JSSA because "without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge.")

## CONCLUSION

For the above stated reasons, and those set forth in Mr. Bowers' Motion to Compel and the supporting expert declarations, the defense asks the Court:

- to vacate the Notice filed by the Clerk on October 30, 2020 (ECF 337);

- to order the Clerk to fully comply with the February 25, 20202 Order (ECF 206) by producing the missing juror qualification questionnaires and juror summons;

- to order the Clerk to respond to the questions posed by the defense in the September 22, 2020 email;

- to order the Clerk to provide an electronic copy of the "Source data" for the Master Wheel (Item 12) to defense counsel with permission to provide to defense experts, subject to the non-disclosure agreement;

- to reset the deadline to file challenges to the 2009 Jury Plan and composition of the grand jury in this case to 30 days after full compliance by the Clerk of Court with the February 25, 2020 Order (ECF 206), or 30 days after production of any documents ordered as a result of the Court's ruling on the Motion to Compel (ECF 280,333), whichever date is later.

Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*/s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.           ) | Criminal No. 18-292 |
| ) | |
| ROBERT BOWERS      ) | |

**ORDER OF COURT**

Upon consideration of the forgoing Motion to Vacate Clerk of Court's Notice of Compliance and Request to Reset Deadline to File Jury Composition Challenge, it is hereby ORDERED that the Motion is GRANTED.

IT IS ORDERED that the Notice filed by the Clerk of Court on October 30, 2020 (ECF 337) is VACATED.

IT IS FURTHER ORDERED that the Clerk of Court

1. shall fully comply with the February 25, 20202 Order (ECF 206) by producing the missing juror qualification questionnaires and juror summons;

2. shall respond to the questions posed by the defense in the September 22, 2020 email; and

3. shall provide an electronic copy of the "Source data" for the Master Wheel (Item 12) to defense counsel with permission to provide to defense experts, subject to the non-disclosure agreement.

IT IS FURTHER ORDERED that the deadline to file challenges to the 2009 Jury Plan and composition of the grand jury is 30 days after full compliance by the Clerk of Court with the February 25, 2020 Order (ECF 206), or 30 days after production of any documents ordered as a result of the Court's ruling on the Motion to Compel (ECF 280, 333), whichever date is later.

_____  _____
Date  Donetta W. Ambrose
United States Senior District Judge