IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

ROBERT BOWERS

Criminal No. 18-292

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENSE MOTION TO
SUPPRESS EVIDENCE SEIZED DURING SEARCH AND SEIZURE OF RECORDS
AND INFORMATION ASSOCIATED WITH DOMAIN NAME FROM INTERNET
SERVICE PROVIDER (MOTION TO SUPPRESS NO. 12)**

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United

States Attorney for the Western District of Pennsylvania, Troy Rivetti and Soo C. Song, Assistant

United States Attorneys for said district, and Julia Gegenheimer, Special Litigation Counsel, Civil

Rights Division, and hereby files its response to the defendant's motion to suppress certain

electronic evidence the government obtained via a search warrant directed ███████████████

(Motion to Suppress Evidence Seized During Search and Seizure of Records and Information

Associated with Domain Name from Internet Service Provider, Doc. No. 299).

I.     <u>SUMMARY</u>

Defendant Robert Bowers urges this Court to suppress evidence the government obtained

from ████████████████████████████████████████████████████████

██████████████ Conceding that the warrant affidavit establishes a connection between his racial

animus and one of his ██████ accounts ██████████████████████, Bowers's motion claims that

the warrant was impermissibly overbroad for allowing the search of records related to ████████

██████████████████████████████ because the affidavit did not make the same direct

connection between ██████████████ and his racial animus.

To the contrary, considering both direct evidence and reasonable inferences based on the information provided, the warrant, as a whole, provided ample probable cause that evidence of the defendant's crimes could be found in ████████████████████████████████████████████ ████████████████████████████████████.

## II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On October 27, 2018, Bowers drove to the Tree of Life Synagogue and entered the building carrying multiple firearms, including an assault-style rifle and multiple handguns.  The Synagogue housed three separate Jewish congregations, and at the time Bowers entered the building, people had already gathered within the building or were arriving to engage in religious services and worship.  Bowers opened fire, killing 11 worshipers.  Law enforcement officers responded to the scene and Bowers also opened fire upon them, injuring four officers.  While inside the Tree of Life Synagogue, Bowers made statements indicating his desire to "kill Jews."  Doc. No. 299, Exh. A at 12, ¶ 10.  Investigators learned that, prior to the attack, Bowers had made "█████████ anti-Semitic statements on internet posts."  Id. at 12, ¶ 11.  ██████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████

Seeking  further  information ████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

The defendant's motion to suppress should be denied.

### III.   <u>LEGAL STANDARD</u>

The Fourth Amendment protects against "unreasonable searches and seizures," mandating that "no warrants shall issue, but upon probable cause, supported by oath or affirmation."  U.S. Const. Amend. IV.   Federal Rule of Criminal Procedure 41 – which governs the issuance, execution, and return of federal search warrants – further provides that "[a]fter receiving an affidavit or other information, a magistrate judge ... must issue the warrant if there is probable cause to search for and seize" the property.   Fed. R. Crim. P 41(d)(1).

Probable cause is a "fluid concept" that turns on the "assessment of probabilities in particular factual contexts" and is "not readily, or even usefully, reduced to a neat set of legal rules." <u>Illinois v. Gates</u>, 462 U.S. 213, 232 (1983).  It is a "commonsense, nontechnical conception that deal[s] with the factual and practical considerations of everyday life on which reasonable and prudent [people], not legal technicians, act." <u>United States v. Laville</u>, 480 F.3d 187, 196 (3d Cir. 2007) (citing <u>Ornelas v. United States</u>, 517 U.S. 690, 695 (1996)) (internal quotations marks omitted); <u>Gates</u>, 462 U.S. at 231 (citing <u>Brinegar v. United States</u>, 338 U.S. 160, 175-76 (1949)).

A magistrate judge's probable cause determination thus involves a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." <u>United States v. Stearn</u>, 597 F.3d 540, 554 (3d Cir. 2010) (citing <u>Gates</u>, 462 U.S. at 238).  The judge must read a warrant's supporting affidavit "in its entirety and in a common sense, nontechnical manner." <u>United States v. Miknevich</u>, 638 F.3d 178, 182 (3d Cir. 2011); <u>United States v. Conley</u>, 4 F.3d 1200, 1206 (3d Cir. 1993).  Indeed, "statements in an affidavit may not be read in isolation – the affidavit must be read as a whole." <u>Conley</u>, 4 F.3d at 1208 (citations omitted).  This totality-of-the-circumstances approach requires that a judge "focus on what the affidavit includes, not what

is missing." Miknevich, 638 F.3d at 184. Furthermore, in making the probable cause determination, the judge is permitted to draw reasonable inferences from the facts set forth in an affidavit. United States v. Jones, 994 F.2d 1051, 1056 (3d Cir. 1993).

A magistrate judge's conclusions regarding probable cause "are entitled to a great deal of deference by a reviewing court, and the temptation to second-guess those conclusions should be avoided." United States v. Ritter, 416 F.3d 256, 264 (3d Cir. 2005). The reviewing court may not conduct a de novo review of a probable cause determination. Gates, 462 U.S. at 236. It must instead cabin its "after-the-fact scrutiny" to whether the magistrate judge "had a substantial basis for concluding that a search would uncover evidence of wrongdoing[.]" Id. (internal quotations and modifications omitted); Stearn, 597 F.3d at 554; United States v. $92,422.57, 307 F.3d 137, 146 (3d Cir. 2002) ("a deferential standard of review is applied in determining whether the magistrate judge's probable cause decision was erroneous"). In conducting this review, the court is limited to the facts that were before the magistrate judge – that is, the "four corners" of the warrant affidavit. Jones, 994 F.2d at 1055; United States v. Whitner, 219 F.3d 289, 295-96 (3d Cir. 2000). If the magistrate judge's finding "was made consistent with the minimal substantial basis standard[,]" the court must uphold that finding. Conley, 4 F.3d at 1205. This is so even if the reviewing court, or a different magistrate judge, might not have found probable cause in that particular case. Id.; Stearn, 597 F.3d at 554.

Thus, "the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." United States v. Ventresca, 380 U.S. 102, 109 (1965); United States v. Hodge, 246 F.3d 301, 305 (3d Cir. 2001). Moreover, where a warrant invalidly authorizes the seizure of items, the offending phrases may be stricken and the

resulting materials seized may be suppressed, such that the warrant need not fail as a whole.  United States v. Beatty, 437 F. App'x 185, 187 (3d Cir. 2011); $92,422.57, 307 F.3d at 149.

## IV.   **ANALYSIS**

As a preliminary matter, Bowers fails to assert standing or otherwise set forth his privacy interest in the targets of the search.  See United States v. Padilla, 508 U.S. 77, 81 (1993) (A defendant may invoke the exclusionary rule "only if [he] demonstrates that his Fourth Amendment rights were violated by the challenged search or seizure.").  A defendant may not simply rely on the government's intention to link the defendant to the accounts or the government's pleadings, and must at least identify specific evidence in the record to establish standing.  See e.g., United States v. Gatson, 744 F. App'x 97, 100 (3d Cir. 2018) (rejecting defendant's reliance on "Government's attribution of Phone 1 to him . . . because [defendant himself] must demonstrate his 'expectation of privacy' in the phones"), cert. denied, 140 S. Ct. 124 (2019); United States v. Watson, 404 F.3d 163, 166-67 (2d Cir. 2005);  see also United States v. Zermeno, 66 F.3d 1058, 1062 (9th Cir. 1995) ("[The] defendant is not entitled to rely on the government's allegations in the pleadings, or positions the government has taken in the case, to establish standing.  The government's assertions in its pleadings are not evidence.").

Bowers has not asserted that he held any privacy or possessory interest in ███████████ ██████████████████  While he concedes that the government established a connection between him and the ███████████████  ███████████, he does not assert that he used, owned, or had any interest in ████████████████████████████████████████████ ███████████████████████████.  Such omissions leave Bowers far short of his burden to establish a personal, reasonable expectation of privacy in the property searched and the items seized.  United States v. Burnett, 773 F.3d 122, 131 (3d Cir. 2014) (defendant has burden of establishing standing

(citing <u>Minnesota v. Olson</u>, 495 U.S. 91, 95-97 (1990)); <u>Stearn</u>, 597 F.3d at 553 (court "erred in ordering the suppression of evidence without regard to the defendants' ability to demonstrate legitimate expectations of privacy in the locations searched").  For this reason alone, the Court should deny his motion.

### A. The Magistrate Had a Substantial Basis to Believe that Evidence of Bowers's Crimes Could be Found in the ████████████████

While Bowers does not concede that agents had probable cause to seize and search all records at ███████████████, he admits that "[t]o the extent that any probable cause existed, it existed for information associated with █████████████████████████."  Doc. No. 299 at 4.  Bowers acknowledges that ████████████████████████████



.  Contrary to the defendant's position, the law clearly permits a magistrate to rely on reasonable inferences to find probable cause even without "direct evidence linking the place to be searched to the crime."  <u>Jones</u>, 994 F.2d at 1056.

In his motion, Bowers utilizes a myopic, overly narrow application of probable cause, arguing that the Court can find probable cause only when the affidavit offers direct evidence tying a record sought with a crime.  However, the law requires a magistrate to review the affidavit "as a whole," <u>Conley</u>, 4 F.3d at 1208, and in "context," <u>Gates</u>, 462 U.S. at 236, to determine if there is a fair probability that agents will locate evidence of a crime when conducting the search.  Further, the magistrate is "entitled to draw reasonable inferences," <u>Hodge</u>, 246 F.3d at 305, to determine

where evidence may be found and is not bound to rely on "direct evidence linking the place to be searched to the crime." <u>Jones</u>, 994 F.2d at 1056.

Here, the affidavit established ██████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ █████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████

The government's investigation indicated that Bowers's conduct violated 18 U.S.C. §§ 247 (Obstruction of Free Exercise of Religious Beliefs), 249 (Hate Crime Acts), and 924 (Use of a Firearm in Connection with a Crime of Violence).  Relevant here, such violations variously require proof that the offense was motivated by a victim's actual or perceived religion or race, involved the use of a firearm, resulted in bodily injury, resulted in death, or involved an attempt to kill.  <u>See, e.g.</u>, 18 U.S.C. §§ 247(d)(1), (d)(3); 249(a)(1); 924(c), (j).  These offenses involved the use of firearms to carry out lethal attacks motivated by Bower's anti-Semitic bias.

---

[1] ██████████████████████████████████████████████████████████████
██████████████████████████████████

Based on information gleaned from their investigation, agents sought a warrant to seize ███

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████ The  appropriate

standard does not require that "it was more likely than not" that incriminating evidence existed in

███████████, but only a fair probability that evidence would be there.  See Texas v. Brown, 460

U.S. 730, 742 (1983) (probable cause "does not demand any showing that such a belief be correct

or more likely true than false").  ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

        ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████  ████  ████ █ ███ █ ███ ███ █ ████

████████████  ███ █ █ █ █ ███ ████ ███ ███ █

████████████████████████████████████████████████████████████

████████████████████████████████████  ████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████



Accordingly, the defendant's motion to suppress evidence ██████████████████████ ███████████████████████████████ should be denied.

**B.    The Warrant Was Not Overbroad**

"An overly broad warrant 'describe[s] in both specific and inclusive generic terms what is to be seized,' but it authorizes the seizure of items as to which there is no probable cause." $92,422.57, 307 F.3d at 149 (citing United States v. Christine, 687 F.2d 749, 753-54 (3d Cir. 1982)).  "The fact that [a] warrant authorize[s] a search for a large amount of documents and records does not necessarily render the search invalid so long as there exists a sufficient nexus between the evidence to be seized and the alleged offenses."  United States v. American Investors of Pittsburgh, Inc., 879 F.2d 1087, 1105-06 (3d Cir. 1989).

An overbreadth challenge is "closely intertwined" with a probable cause challenge.  See id. at 1106.  "[T]he breadth of items to be searched depends upon the particular factual context of each case and also the information available to the investigating agent that could limit the search at the time the warrant application is given to the magistrate."  United States v. Yusuf, 461 F.3d 374, 395 (3d Cir. 2006) (upholding an expansive warrant that (1) limited the search to evidence of "specifically enumerated federal crimes"; (2) "limited in time" the dates of the materials searched; and (3) limited the search to certain subject matter).

An overly broad warrant "can be cured by redaction, that is by 'striking from [the] warrant those severable phrases and clauses that are invalid for lack of probable cause or generality and preserving those severable phrases and clauses that satisfy the Fourth Amendment.'" $92,422.57, 307 F.3d at 149 (quoting Christine, 687 F.2d at 754). Therefore, even if the court determines that some provisions of a warrant are impermissibly overbroad, the fruits of those portions of the search can be excised and the remainder admissible.

      1.   The Warrant Provided Probable Cause to Search ███████████████

As discussed above, the affidavit provided probable cause for agents to seize and search ████████████████████████████████████████ and for that reason, the warrant was not overbroad. Electronic searches necessarily entail collection of large amounts of data, but courts have upheld warrants that included attachments sufficiently limiting the seizure to relevant materials. "A warrant is not unconstitutionally general 'unless it can be said to vest the executing officer with unbridled discretion to conduct an exploratory rummaging ... in search of criminal evidence.'" United States v. Karrer, 460 Fed. Appx. 157, 161 (3d Cir. 2012) (quoting United States v. Leveto, 540 F.3d 200, 211 (3d Cir. 2008)); see United States v. Harder, 2016 WL 7647635, *3-4 (E.D. Pa. April 18, 2016) (concluding that a warrant was not overbroad because an attachment "detailed precisely the items to be seized, including only those documents relating to [the crime]," "required that any seized emails involve[d] the Subjects and pertain[ed] to seven enumerated categories," and "included a temporal limitation on the emails to be seized."); Yusuf, 461 F.3d at 395.

Searches of electronic data can be compared to searches through file cabinets full of papers. Agents searching through the file cabinets may need to scan through large amounts of innocuous papers to locate those that actually relate to the crime; agents would then seize only those relevant

documents.  Electronic data is no different; agents must comb through many files in order to find and seize those relevant to the crime at issue.  However, instead of being on-site at a business, interrupting the business by searching through the file cabinets, agents can search electronic data by having the host transfer the files to servers at the law enforcement agency, enabling the agents to search them without interrupting the host's business.  This transfer of data does not make the search overbroad, as long as the warrant sufficiently limits the agents' seizure.

      2.   <u>The Warrant Circumscribed the Items to be Seized</u>

Here,

Stated simply overbreadth is not an issue here.  There was probable cause to search ███

████████████████████████████████████████████████████████████████████

██████████████████████████████████████.

### C. Agents Acted in Good Faith

The extraordinary remedy of suppression is not appropriate here even in the unlikely event that the Court were to determine that the warrant was deficient in some respect.  "Whether to suppress evidence under the exclusionary rule is a separate question from whether the Government has violated an individual's Fourth Amendment rights."  United States v. Katzin, 769 F.3d 163, 170 (3d Cir. 2014) (citing Hudson v. Michigan, 547 U.S. 586, 591-92 (2006)).  A defendant thus has no constitutional right to suppression, and it "is not an automatic consequence of a Fourth Amendment violation."  Herring v. United States, 555 U.S. 135, 137 (2009).

Courts have long recognized that the exclusionary rule imposes "substantial social costs" by hiding often crucial evidence and hindering the courts' truth-seeking function.  United States v. Leon, 468 U.S. 897, 907 (1984).  As a result, they have repeatedly affirmed that suppression "has always been our last resort, not our first impulse."  Hudson, 547 U.S. at 591; Herring, 555 U.S. at 140; Katzin, 769 F.3d at 170.  The police conduct at issue "must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system."  Herring, 555 U.S. at 144 (The exclusionary rule is meant only "to deter deliberate, reckless, or grossly negligent conduct, or in some circumstances recurring or systemic negligence.").  Where there is "an objectively reasonable good-faith belief that [the conduct] is lawful, or when [the] conduct involves only simple, isolated negligence, the deterrence rationale loses much of its force, and exclusion cannot pay its way."  United States v. Franz, 772 F.3d 134, 145 (3d Cir. 2014) (quoting Davis v. United States, 564 U.S. 229, 238 (2011), and citing Herring, 555 U.S. at 137, Leon, 468 U.S. at 919, Katzin, 769 F.3d at 171).

Deciding whether the exclusionary rule applies thus requires a careful balancing of suppression's significant costs against the possible value of deterrence.  Relying on Supreme Court precedent, the Third Circuit has demanded a case-by-case cost-benefit analysis, rather than a categorical approach, when evaluating whether officers acted with objectively reasonable good-faith belief in their actions.  Franz, 772 F.3d at 145.  This "fact-specific analysis is required," and "the need to weigh the costs and benefits of exclusion is constant."  Id. at 146.  Using this approach, the Third Circuit has declined to categorically exclude evidence, even where officers relied on warrants that were facially deficient.  See, e.g., Franz, 772 F.3d 134; United States v. Wright, 777 F.3d 635 (3d Cir. 2015).  The Circuit instead affirmed the need to examine the totality of the circumstances, such as the officer's conduct and knowledge, noting that the Supreme Court has "suggested that the absence of culpability is dispositive."  Franz, 772 F.3d at 147, citing Davis, 564 U.S. at 238.

The circumstances of this case do not suggest a deliberate, reckless, or grossly negligent disregard for Fourth Amendment protections; nor do they indicate any systemic or recurring negligence.  In the wake of a mass shooting event, investigators sought information ████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████        Investigators then provided the information to a neutral magistrate in support of a search warrant that would help uncover essential evidence ████████████████████.

14

This is precisely the process that the Fourth Amendment requires in order to prevent unreasonable searches.

The defendant has not "demonstrated that a reasonably well-trained officer would have known that the search was illegal, despite the magistrate's authorization." <u>Am. Inv'rs of Pittsburgh, Inc.</u>, 879 F.2d at 1107, citing <u>Leon</u>, 468 U.S. at 919, n.20.  Indeed, the Supreme Court has held that "a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search" such that the exclusionary rule should not apply.  <u>Leon</u>, 468 U.S. at 922 (internal quotations omitted).  <u>Accord</u> <u>Stearn</u>, 597 F.3d at 561 ("Ordinarily, the 'mere existence of a warrant . . . suffices to prove that an officer conducted a search in good faith,' and will obviate the need for 'any deep inquiry into reasonableness.'") (citations omitted).  This is so because "[i]n the ordinary case, an officer cannot be expected to question the magistrate's probable cause determination." <u>United States v. Williams</u>, 3 F.3d 69, 74 (3d Cir. 1993) (quoting <u>Leon</u>, 468 U.S. at 921).

At most, even if the warrant affidavit "presented a close call," then "[o]nce the magistrate judge made that call, it was objectively reasonable for the officers to rely on it." <u>Hodge</u>, 246 F.3d at 309.  Exclusion would secure no benefit and deter no improper conduct.  It would instead inflict the significant cost of suppressing highly probative evidence that is plainly within the scope of the warrant and supporting affidavit.

### D.     <u>An Evidentiary Hearing is Not Warranted</u>

Bowers does not request an evidentiary hearing to resolve these motions.  Nor is he entitled to one, where his claims lack merit and he raises no disputed issues of material fact.  An evidentiary hearing on a suppression motion is not presumed as a matter of course.  <u>United States v. Hines</u>, 628 F.3d 101, 104-05 (3d Cir. 2010). Courts have recognized that an evidentiary hearing on a

suppression motion is required only if the motion is "sufficiently specific, non-conjectural, and detailed to enable the court to conclude that (1) the defendant has presented a colorable constitutional claim, and (2) there are disputed issues of material fact that will affect the outcome of the motion to suppress."  Hines, 628 F.3d at 105 (citing United States v. Voigt, 89 F.3d 1050, 1067 (3d Cir. 1996)); see also United States v. Brown, No. CR 15-182, 2017 WL 3593883, at *11 (W.D. Pa. Aug. 21, 2017) (to seek suppression hearing, defendant must state a colorable legal claim, identify material facts, show facts are disputed, and request a hearing to resolve the dispute (citing Hines, 628 F.3d at 108)); United States v. Solomon, No. CR 05-385, 2007 WL 9702871, at *3 (W.D. Pa. June 26, 2007) (denying hearing in capital prosecution where defendant did not demonstrate the need).  This widely-accepted standard is justified by the need to avoid convening unnecessary evidentiary hearings that waste scarce judicial resources and misuse the hearing as a tool to preview the trial evidence.

Bowers's suppression motion presents solely legal claims – primarily, whether the undisputed facts at issue satisfy the Fourth Amendment's probable cause requirements.  Each of his claims raise legal (not factual) challenges that can and should be denied on the briefing alone.

V.      **<u>CONCLUSION</u>**

For the reasons stated herein, the United States opposes Bowers's motion to suppress, Doc.

No. 299, and requests that the Court deny his motion in its entirety.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

By:     <u>s/Troy Rivetti</u>
TROY RIVETTI
Assistant U.S. Attorney
PA ID No. 56816

<u>s/Soo C. Song</u>
SOO C. SONG
Assistant U.S. Attorney
DC ID No. 457268

<u>s/Julia Gegenheimer</u>
JULIA GEGENHEIMER
Special Litigation Counsel
Civil Rights Division
NY ID No. 4949475