IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO SUPPRESS NO. 4**

On October 1, 2020, the defendant, Robert Bowers, filed a motion to suppress evidence seized during searches of the [redacted] (“Target Device”). (ECF 291.) The government responded on November 4, 2020. (ECF 353.) Mr. Bowers now replies and requests an evidentiary hearing in connection with this motion.

**I. Mr. Bowers had a reasonable expectation of privacy in his [redacted]—the Target Device.**

The government asserts that the defense “fails to establish [Mr. Bowers’] standing to seek suppression of [] evidence in the first place.” (ECF 353 at 25.) The defense did not envision that the government would challenge Mr. Bowers’ privacy interest in his own [redacted] when its affidavit clearly and indisputably recognizes and asserts that the [redacted] is in fact Mr. Bowers’ and his alone.

The law governing reasonable expectation of privacy is well-established. Fourth Amendment standing “requires that the individual challenging the search have a reasonable expectation of privacy in the property searched . . . and that he manifest a subjective expectation of privacy in the property searched[.]” *United States v. Baker,* 221

F.3d 438, 441 (3d Cir. 2000). For the objective prong, the Court asks "whether the individual's expectation of privacy is 'one that society is prepared to recognize as reasonable.'" *Bond v. United States,* 529 U.S. 334, 338 (2000) (quoting *Smith v. Maryland,* 442 U.S. 735, 740 (1979)). Regarding the subjective prong, the Court asks "whether the individual, by his conduct, has exhibited an actual expectation of privacy; that is, whether he has shown that 'he [sought] to preserve [something] as private.'" *Id.*

The discovery provided by the government includes evidence that [REDACTED] [REDACTED], and the government, in its response, cites to evidence that Mr. Bowers [REDACTED]. (ECF 353 at 25 n.11.) These facts establish Mr. Bowers' reasonable expectation of privacy in the [REDACTED]. However, now that the government has raised a disputed factual issue, the defense requests an evidentiary hearing to put in the record the evidence establishing Mr. Bowers' privacy interest in the [REDACTED].

**II. The warrant affidavit failed to establish probable cause for records other than [REDACTED], and absent paragraph 20 in the affidavit, no probable cause existed for any records.**

In its response, the government includes numerous factual allegations about the offense conduct but little to establish a nexus between the Target Device and criminal activity. The only nexus to criminal activity the government establishes is to that "area" of the Target Device that stores [REDACTED]. The government stretches the numerous other factual allegations in the affidavit to attempt to connect those facts to the Target Device and conjure a nexus between the Target Device and the offense conduct. In attempting to create a nexus where there is none, the government's response ultimately

reduces to the claim that because one "area" in the [REDACTED]—that area of the device that stored [REDACTED]—had a nexus with criminal activity, it then had authority to search and seize the totality—the entire storehouse—of data contained in the [REDACTED]. The law does not support the government's position.

The government asks the Court to make inferential leaps beyond that supported by the information in the affidavit. For example, the government writes:



(ECF 353 at 11.) The affidavit includes no information that searching the device, as opposed to [REDACTED], would yield evidence of [REDACTED] such that agents could track Mr. Bowers' movements in traveling to the Synagogue; it included no information that searching [REDACTED] would yield information about whether Mr. Bowers surveilled the Synagogue; and it provided no information to suggest that searching the device would yield information about any contact with co-conspirators. These are all inferential leaps unsupported by the facts set forth in the affidavit. The only probable cause that the warrant affidavit set forth was for those records connected with [REDACTED]. Probable cause did not extend to support the search of any of the Target Device's other applications, files, or data.

Absent paragraph 20 in the affidavit, which must be excised as tainted evidence should the Court grant the defense motion to suppress the evidence seized from [redacted] (ECF 292 (Motion to Suppress No. 5)), the affidavit failed to set forth probable cause for a search of any area of the Target Device. Other than the information alleged in paragraph 20, no other facts support a nexus between the Target Device and criminal activity.

**III. Good faith does not apply.**

The defense challenges the application of the good faith exception to the exclusionary rule. The warrant for the Target Device was based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *United States v. Zimmerman*, 277 F.3d 426, 437 (3d Cir. 2002) (internal quotation marks and citation omitted). The question is "'whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.'" *United States v. Loy,* 191 F.3d 360, 367 (3d Cir. 1999) (internal citation omitted).

The government bears the burden of establishing good faith, *United States v. Rodriguez*, No. 13-619, 2014 WL 4413606, at *4 (E.D. Pa. 2014), and it cannot simply cite good faith and assert the conclusion that "agents relied in good faith on a detailed and well-supported affidavit." (ECF 353 at 23.) As the Third Circuit recognizes, "'Good faith is not a magic lamp for police officers to rub whenever they find themselves in trouble.'" *Zimmerman*, 277 F.3d at 438 (internal citation omitted).

Good faith does not apply to an affidavit containing "mere conclusory assertions" or "a single piece of evidence which the law of the stationhouse shop would recognize as clearly insufficient." *United States v. Williams*, 3 F.3d 69, 74 (3d Cir. 1993). As in *Rodriguez*, the facts in the affidavit in support of the warrant to search the Target Device "are slim." *Rodriguez*, 2014 WL 4413606 at *5. The affidavit utterly failed to establish a nexus between those areas of the device unconnected with [redacted] and criminal activity. It set forth facts that only supported an inference that [redacted] on the Target Device would yield evidence of criminal activity.

Agents appear to have assumed that because of the nature and scale of the shooting incident, they had license to search and seize any property belonging to Mr. Bowers. The law is clear, however, that the government must establish a nexus between items the government seeks to seize—here, all areas of the Target Device, and not just that area containing [redacted]—and criminal activity. The warrant affidavit here was so deficient in probable cause that a reasonably well-trained officer would have known that the search was illegal. Good faith does not apply. The government has not met its burden of establishing good faith and the Court, therefore, should suppress the evidence seized.

**IV. To the extent that the government relies on inevitable discovery or the independent source doctrine, an evidentiary hearing is necessary to elicit relevant facts.**

The government argues that "multiple inevitable means would have led to the discovery of [redacted]

[redacted]

[redacted] (ECF 353 at 25.) It alleges that "the government has independent source evidence that the defendant [redacted] (*Id*. at 25 n.11.)

Without further disclosures by the government, the defense disputes the government's claims concerning independent sources. The government should be required to establish a factual basis at an evidentiary hearing prior to the Court's determination of the application of the independent source doctrine.

Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*/s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender