IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**REPLY TO GOVERNMENT'S RESPONSE TO
MOTION TO SUPPRESS NO. 12**

On October 1, 2020, the defendant, Robert Bowers, filed a motion to suppress evidence seized during the search and seizure from ▮▮▮▮▮▮▮▮ of information associated with the ▮▮▮▮▮▮▮▮ (ECF 299.) The government responded on November 4, 2020. (ECF 350.) Mr. Bowers now replies and requests an evidentiary hearing in connection with this motion.

**I.    Mr. Bowers had a reasonable expectation of privacy in the information associated with the ▮▮▮▮▮▮▮▮**

While the government asserts on one hand that "the affidavit established that [Mr. Bowers] was the sole owner and administrator of onedingo.com and described a clear and long-standing connection between the defendant and the onedingo.com domain," it argues on the other that Mr. Bowers "fails to assert standing or otherwise set forth his privacy interest in the targets of the search." (ECF 350 at 3, 6.) The defense asserts that Mr. Bowers had a reasonable expectation of privacy in the information associated with the ▮▮▮▮▮▮▮▮

The law governing reasonable expectation of privacy is well-established. Fourth Amendment standing "requires that the individual challenging the search have a

1

reasonable expectation of privacy in the property searched . . . and that he manifest a subjective expectation of privacy in the property searched[.]" *United States v. Baker,* 221 F.3d 438, 441 (3d Cir. 2000). For the objective prong, the Court asks "whether the individual's expectation of privacy is 'one that society is prepared to recognize as reasonable.'" *Bond v. United States,* 529 U.S. 334, 338 (2000) (quoting *Smith v. Maryland,* 442 U.S. 735, 740 (1979)). Regarding the subjective prong, the Court asks "whether the individual, by his conduct, has exhibited an actual expectation of privacy; that is, whether he has shown that 'he [sought] to preserve [something] as private.'" *Id.*

Now that the government has raised a disputed factual issue, the defense requests an evidentiary hearing to put in the record evidence provided by the government in discovery concerning Mr. Bowers' subjective expectation of privacy and evidence establishing that his privacy interest was one that society would accept as reasonable.

**II.  The government eviscerates the probable cause standard in arguing that there existed probable cause for records associated with the** ▇▇▇▇▇▇▇▇▇▇▇▇▇

Under the guise of viewing the affidavit "as a whole" and "reasonable inferences," the government extinguishes the requirement that a warrant affidavit establish a nexus between the items sought and criminal activity. It claims that the defense argument "rests on the assertion that the government did not uncover direct evidence linking each of the other accounts" to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. (ECF 350 at 7.)

The government misstates the defense argument. The crux of the defense argument is that the affidavit must establish a nexus between the items sought and criminal activity. *United States v. Stearn*, 597 F.3d 540, 560 (3d Cir. 2010) (recognizing

there must exist "a nexus between" the particular place – the defendant's private space – "and the crime under investigation"). Under the guise of viewing the affidavit "as a whole" and "reasonable inferences," the government eviscerates the probable cause standard. It asks the Court to make inferential leaps unsupported by the facts set forth in the affidavit.

For example, the government asserts that "the affidavit provides ample basis," without identifying the basis, "to presume that communications with like-minded individuals (on █████████████████████████) or co-conspirators could be contained in the █████████████████, as well as important evidence to show the evolution of the defendant's █████████████████████████ ████████████████████████████████████████████████████ ████████████" (ECF 350 at 8.) But the affidavit provided no indication that ████████████ generally would contain such "important evidence." Rather, it provided only the limited information that a specific "room" within the █████████████— the █████████████████████—would contain evidence related to Mr. Bowers' ████████████████████████ Yet, though there existed evidence only that one "room" contained such evidence, it sought authority to search the ████████████. But probable cause was lacking for such an extensive search, as it was not based on facts, but rather on an unsupported inferential leap that because █████████████████ ██████████████████████████████████████████.

The government additionally argues that "the names that Bowers chose and assigned to some of his ████████████████████ suggest that he may have used

3

them for distinct reasons." (ECF 350 at 9.) It suggests, "for example:



*Id.* But the affidavit does not indicate in any way any connection between these and other ████████████████████████████████████████████ related to the criminal activity described. All that the affidavit states about ████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████ (ECF 299, Exhibit A at 16.) After-the-fact rationalizations in the government's response cannot now establish the required nexus between ████████████ and criminal activity.

The affidavit, taken "as a whole" and with all "reasonable inferences," failed to provide a substantial basis for finding probable cause that records from ████████████ other than those records associated with ████████████████████ would yield evidence of criminal activity. For this reason, the evidence must be suppressed.

**III.  Good faith does not apply.**

The defense challenges the application of the good faith exception to the exclusionary rule. The warrant was based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *United States v. Zimmerman*, 277 F.3d 426, 437 (3d Cir. 2002) (internal quotation marks and citation omitted). The question is "'whether a reasonably well trained officer would have

4

known that the search was illegal despite the magistrate's authorization.'" *United States v. Loy,* 191 F.3d 360, 367 (3d Cir. 1999) (internal citation omitted). The government cannot simply cite good faith and assert the conclusion that agents relied in good faith on the Magistrate issuing the warrant. As the Third Circuit recognizes, "'Good faith is not a magic lamp for police officers to rub whenever they find themselves in trouble.'" *Zimmerman*, 277 F.3d at 438 (internal citation omitted).

While the government asserts that the defense "has not 'demonstrated that a reasonably well-trained officer would have known that the search was illegal, despite the magistrate's authorization,'" (ECF 350 at 15 (citation omitted)), it is in fact the government who bears the burden of establishing good faith. *United States v. Rodriguez*, No. 13-619, 2014 WL 4413606, at *4 (E.D. Pa. 2014). It has not done so.

Good faith does not apply to an affidavit containing "mere conclusory assertions" or "a single piece of evidence which the law of the stationhouse shop would recognize as clearly insufficient." *United States v. Williams*, 3 F.3d 69, 74 (3d Cir. 1993). As in *Rodriguez*, the facts in the affidavit supporting the search warrant here "are slim." *Rodriguez*, 2014 WL 4413606 at *5. The government does not offer facts to connect the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ or specifically, other than the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓, to criminal activity. It offers conclusory assertions based on unsupported inferential leaps and after-the-fact rationalizations. There was no basis to search and seize the totality of records associated with the ▓▓▓▓▓▓▓▓▓▓▓▓, and any "reasonably well trained officer" would know that.

5

Good faith cannot save the search. The government has not met its burden of establishing good faith and the Court, therefore, should suppress the evidence seized.

Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender