IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**REPLY TO GOVERNMENT'S RESPONSE TO
MOTION TO SUPPRESS NO. 14**

Defendant Robert Bowers, through undersigned counsel, filed a Motion to Suppress ▮▮▮▮▮▮▮▮. (ECF 301.) In response, the government raises a factual dispute regarding whether Mr. Bowers had a reasonable expectation of privacy in his ▮▮▮▮▮▮. It additionally argues that any Fourth Amendment violation is excused by the inevitable discovery and good faith doctrines. Mr. Bowers submits this reply and asks this Court to hold an evidentiary hearing to resolve the disputed factual issues.

  I.  **Mr. Bowers had a reasonable expectation of privacy in his ▮▮▮▮▮▮.**

The government challenges whether Mr. Bowers had a reasonable expectation of privacy in his ▮▮▮▮▮▮▮▮. (ECF 349 at 6-9.) The law governing reasonable expectation of privacy is well-established. Fourth Amendment standing "requires that the individual challenging the search have a reasonable expectation of privacy in the property searched . . . and that he manifest a subjective expectation of privacy in the property searched[.]" *United States v. Baker,* 221 F.3d 438, 441 (3d Cir.

1

2000). For the objective prong, the Court asks "whether the individual's expectation of privacy is 'one that society is prepared to recognize as reasonable.'" *Bond v. United States*, 529 U.S. 334, 338 (2000) (quoting *Smith v. Maryland*, 442 U.S. 735, 740 (1979)). Regarding the subjective prong, the Court asks "whether the individual, by his conduct, has exhibited an actual expectation of privacy; that is, whether he has shown that 'he [sought] to preserve [something] as private.'" *Id*.

To the extent the government challenges whether the medical records at issue are, in fact, Mr. Bowers' records, the discovery provided by the government indicates ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

To the extent the government is disputing whether Mr. Bowers had a reasonable expectation of privacy in his ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (ECF 349 at 4, n.1; *id*. at Exh. 2), an evidentiary hearing is required. Even if the ▇▇▇▇▇▇▇▇▇ was in fact the policy in effect when Mr. Bowers sought the ▇▇▇▇▇▇▇▇▇, the government incorrectly asserts that Mr. Bowers ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. (ECF 349, at 4.) The records provided by the government in discovery indicate only that, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. The records further indicate that, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇,

▉▉▉▉▉▉▉▉▉▉▉▉.[1]

Because the government has raised disputed factual issues regarding Mr. Bowers' expectation of privacy in his medical records, an evidentiary hearing is required.

**II. To the extent that the government relies on the inevitable discovery doctrine for the ▉▉▉▉▉▉▉▉, an evidentiary hearing is necessary to elicit relevant facts.**

The government speculates that it would have inevitably discovered the ▉▉ ▉▉▉▉▉▉▉ even if it had not conducted the unlawful search of Mr. Bowers' residence. (ECF 349 at 12-14.) The government bears the burden of establishing that it would have inevitably discovered the ▉▉▉▉▉▉▉ through lawful means. *Nix v. Williams*, 467 U.S. 431, at 444 (1984). The government speculates that it had enough information "to inquire, independently, about any prior [to 2017] medical examinations . . . ." (ECF 349 at 13-14.) The government's speculation is insufficient: it should be required to establish at an evidentiary hearing the factual basis for its reliance on the independent source doctrine.

---

[1] The government's reliance on an unpublished case involving FAA records, *United States v. Cooper*, No. CR 05-0549 VRW, 2005 WL 3555713 (N.D. Ca. Dec. 28, 2005), is unhelpful to support its claim that Mr. Bowers did not have a reasonable expectation of privacy in his ▉▉▉▉▉▉▉. First, the government fails to explain how the FAA medical certification process is substantially similar to the ▉▉▉▉▉▉ such that an unpublished FAA ruling by a judge in California is dispositive here. Second, the court in *Cooper* relies upon the particular waiver signed by the defendant in that case, a waiver that is significantly different than the ▉▉▉▉▉▉▉▉▉▉▉ the government retrieved from an archived website in Mr. Bowers' case.

### III.   Good faith does not apply.

The government bears the burden of establishing that the good faith exception excuses any unlawful search. *United States v. Rodriguez*, No. 13-619, 2014 WL 4413606, at *4 (E.D. Pa. 2014). It cannot simply cite good faith and assert the conclusion that "the affidavit, if deficient at all, was not so deficient as to prevent an experienced agent from reasonably relying on it." (ECF 349 at 17-18.) As the Third Circuit recognizes, "'Good faith is not a magic lamp for police officers to rub whenever they find themselves in trouble.'" *United States v. Zimmerman*, 277 F.3d 426, 438 (3d Cir. 2002) (internal citation omitted). The government has not met its burden of establishing good faith and the Court, therefore, should suppress the evidence seized.

Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*/s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender