IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT BOWERS | Criminal No. 18-292 |

**UNITED STATES' RESPONSE TO DEFENSE'S FURTHER BRIEFING REGARDING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF ADDITIONAL RECORDS**

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, Troy Rivetti and Soo C. Song, Assistant United States Attorneys for said district, and Julia Gegenheimer, Special Litigation Counsel, Civil Rights Division, and hereby files its response to defendant's further briefing regarding defendant's motion to compel the production of additional records, (Doc. No. 375).

**I.   SUMMARY**

The defendant references three possible sources of authority for his motion: (1) the All Writs Act, which allows courts to enter orders "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651; (2) Federal Rule of Criminal Procedure 17; and, 3) a non-specific notion of equities unsupported by any rule, statute, or case.  These sources do not authorize production of the documents sought and this Court should deny the defendant's motion.

The All Writs Act does not provide authority for the production of the voter list and National Voter Registration Act (NVRA) materials, as the production of these materials are governed by other authorities (the Jury Selection and Service Act of 1968 (JSSA) and the NVRA). Carlisle v. United States, 517 U.S. 416, 429 (1996) ("[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically

1

addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."). Rule 17 also does not authorize compulsion here, as such subpoena authority is limited to the production of evidence for formal proceedings or trials. United States v. Keen, 509 F.2d 1273, 1275 (6th Cir. 1975). Finally, the defendant offers no authority for the proposition that the Due Process Clause is a means to compel third-party production of materials.

## II.  LEGAL STANDARD AND ANALYSIS

### A.  Compulsion is not Warranted under the All Writs Act

While the All Writs Act allows the Court to issue orders "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," the defendant has failed to articulate the standard for obtaining such relief and offers nothing to demonstrate that he meets any such prerequisite. See Doc. No. 375 at 1-3. Generally, the All Writs Act requires a showing that the issuing court has jurisdiction over the underlying subject matter, that the relief sought is not covered by another statute, and that the order is necessary, narrowly tailored, and not unduly burdensome. See, e.g., United States v. New York Telephone Co., 434 U.S. 159, 172–73 (1977) (courts may enter orders when necessary "to achieve the rational ends of law" and "the ends of justice entrusted to it" but "unreasonable burdens may not be imposed") (internal quotation marks and citations omitted); Carlisle, 517 U.S. at 429 ("[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."); Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) ("The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute," citing Penn. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43, (1985)); United States v. Apple MacPro Computer, 851 F.3d 238 (3d Cir. 2017), cert. denied, 138 S.Ct. 1988 (discussing jurisdictional

requirements); United States v. Blake/Moore, 868 F.3d 960 (11th Cir. 2017) (listing requirements when writ is sought to effectuate previously issued order).[1]

With regard to the voter lists in question, the relief sought is covered by another statute, the JSSA, because these lists are used by (and in the possession of) the Clerk of Court in connection with the jury process. Carlisle, 517 U.S. at 429 ("Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."). Thus, seeking any relief regarding the voter lists via the All Writs Act is inappropriate. To the extent that the defendant seeks voter-list records in excess of those specified by this Court's previous order (Doc. No. 206), the defendant should seek those records from the Clerk of Court by way of a motion for reconsideration.

Nor is it appropriate for the defendant to seek voter lists from the Secretary of State by authority of an All Writs Act order. Not only would this allow the defendant to circumvent the JSSA, a statute which "specifically addresses the particular issue at hand," Carlisle, 517 U.S. at 429, such an order may also impose an unnecessary burden on another entity. New York Telephone Co., 434 U.S. at 172–73 ("unreasonable burdens may not be imposed" by All Writs Act orders) (internal quotation marks and citations omitted).[2] In other words, compelling the Secretary of State to produce the jury-list records sought is not narrowly tailored relief and may be unduly burdensome.

---

[1] An All Writs Act order may be issued when necessary to effectuate a previously issued order. For instance, a Court may order a defendant to decrypt devices for which search warrants had already been issued. See, e.g, Apple MacPro Computer, 851 F.3d 238 (3d Cir. 2017). Here, the Court ordered the Clerk's office to produce and make available certain records, Doc. No. 206, and the Clerk's office has complied with that Order, Doc. No. 337. All Writs Act relief is not needed to effectuate the Order. In any case, even if the Clerk's office had not complied with the Order, the Court could simply rely upon the JSSA, as the prevailing statutory authority, to compel compliance.

[2] It is worth noting that such a burden may be heightened in the context of a contested presidential election and during a pandemic. This is especially true if the Court were to compel the Secretary of State to produce all of the other materials sought by the defendant. See Doc. No. 280-14, items 2 through 10. Should the Court be inclined to order the production of any materials by a third party, the third parties should first be given an opportunity to present their own interests to the Court.

The same is true for the defendant's request for NVRA-related information, the disclosure of which is covered by another statutory authority. See Doc. No. 322 at 18-19 (government discussion of NVRA); see e.g., Project Vote/Voting for Am., Inc. v. Long, 682 F.3d 331, 340 (4th Cir. 2012). Accordingly, any perceived failures to produce records pursuant to the NVRA must be litigated pursuant to that statutory authority and the defendant may not make an end-run around such requirements by invoking the All Writs Act. Penn. Bureau of Corr., 474 U.S. at 43 ("Although [the All Writs] Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.").

Finally, as fully set forth in the government's original response, Doc. No. 322, the defendant has failed to establish that the AOPC materials, ERIC materials, and Items 2 through 10 are necessary for purposes of his fair-cross section motion. Accordingly, an All Writs Act order compelling their production is not appropriate.

B.     Compulsion is not Warranted under Fed. R. Crim. Proc. 17

The defendant does not claim that compulsion may be ordered pursuant under Rule 17(c) subpoena power. Rather, he argues that his motion is "the functional equivalent" of a subpoena for records to be produced prior to a proceeding. Doc. No. 375 at 3. Rule 17(c), however, may not be used as a means of discovery for criminal cases. United States v. Nixon, 418 U.S. 683, 698 (1974). Instead, Rule 17 is reserved for the production of evidence for use at a formal proceeding. Keen, 500 F.2d at 1275; United States v. LaFuente, 991 F.2d 1406, 1411 (8th Cir.1993); United States v. Hedge, 462 F.2d 220, 222-23 (5th Cir.1972); United States v. Standard Oil Co., 316 F.2d 884, 897 (7th Cir.1963); see also Fed. R. Crim. Proc. 17(a) (requiring that subpoenas bear, among other things, "court's name and the title of the proceeding") (emphasis added). Currently, no trial

4

date or hearing date on the defendant's as-of-yet unfiled motion has been set.  Therefore, Rule 17 does not provide authority for ordering the production of the materials sought.

      C.      <u>Compulsion is not Warranted under the Due Process Clause</u>

Finally, the defendant obliquely asserts that the production of the records may be compelled under Due Process Clause authority.  Doc. No. 375 at 4-5.  The defendant cites <u>no</u> authority for his proposition that, because the government might obtain evidence by a variety of legally authorized pretrial means, due process notions allow the defendant to compel production of materials notwithstanding the absence of any statutory, rule-based, or case-based authority.  As this Court has previously noted, it is not the "role of the Court," nor that of the government, "to develop arguments for the Defendant."  Doc. No. 324 at 7, n.5.  This unsupported claim should not be entertained by the Court and the defendant's motion (Doc. No. 280) should be denied.

                                                    Respectfully submitted,

                                                    SCOTT W. BRADY
                                                    United States Attorney

                        By:     <u>s/Troy Rivetti</u>
                              TROY RIVETTI
                              Assistant U.S. Attorney
                              PA ID No. 56816

                              <u>s/Soo C. Song</u>
                              SOO C. SONG
                              Assistant U.S. Attorney
                              DC ID No. 457268

                              <u>s/Julia Gegenheimer</u>
                              JULIA GEGENHEIMER
                              Special Litigation Counsel
                              Civil Rights Division
                              NY ID No. 4949475