IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                                              Criminal No. 18-292

ROBERT BOWERS

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO VACATE CLERK OF COURT'S NOTICE OF COMPLIANCE AND REQUEST TO RESET DEADLINE TO FILE JURY COMPOSITION CHALLENGE**

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, Troy Rivetti and Soo C. Song, Assistant United States Attorneys for said district, and Julia Gegenheimer, Special Litigation Counsel, Civil Rights Division, and hereby files its response in opposition to the defendant's request to vacate the Clerk of Court's notice of compliance with the Court's Order to produce certain jury records, (Doc. No. 347). This Court should deny the motion as moot and enter an appropriate order that prohibits the defendant from engaging in further substantive ex parte communications with the Clerk's Office and that outlines a process through which the parties can obtain any necessary clarification from the Clerk's Office, under the Court's supervision.

Counsel for the United States attempted to file this response on November 25, 2020. After conferring with the Clerk's Office, and for reasons that remain unclear, filing was unsuccessful. The government respectfully requests that the Court and counsel accept the response at this time.

On February 25, 2020, the Court entered an Order directing the Clerk of Court to produce 15 categories of information that the defendant claimed were relevant to his anticipated jury composition challenge. Doc. No. 206. On June 25, 2020, the Court extended the Clerk's deadline to August 3, 2020, in light of delays related to COVID-19. Doc. No. 247. The Court further

1

directed that the Clerk file a notice of compliance upon production of the relevant materials.  Id.
The Court's order directed that:

> Any challenges to the Jury Plan shall be due within 30 days of the Clerk's filing of
> Notice.  Responses to any challenges shall be due 30 days thereafter and Replies
> no later than 15 days following the filing of the Response.

Id.

On September 13, 2020, the Clerk's Office transmitted a single email to all parties that
included a collection of PDF documents and Excel spreadsheets that "have been compiled in
response to the Judge's order of February 25 at doc. #206."  On October 30, 2020, the Clerk filed
a notice in compliance with the Court's June 25, 2020 Order, stating:

> Notice is hereby given, pursuant to the Court's order of June 25, 2020 (doc. #247),
> that disclosure of those jury records identified in the Court's order of February 25,
> 2020 (doc. #206) was made to the parties, via electronic format on September 13,
> 2020, and since that date, parties have viewed and/or been offered the opportunity
> to view those items which were unable to be disclosed for inspection on the
> premises of the Clerk of Court.

Doc. No. 337.

Subsequently, during a telephonic court hearing on November 2, 2020, and based on a
status report filed by the defendant, Doc. No. 338, the Court expressed concern that counsel for
the defendant may have engaged in substantive communications with the Clerk's Office without
informing counsel for the United States and/or the Court.  Doc. No. 370, at 2 ("One thing I would
say about this is, I have not spoken directly to the jury office, but from what I see in the status
report, I really don't think there should be communication between defense counsel and the jury
office.").  The Court further directed that anything related to this matter should be pursued by way
of a motion.  Id.

On November 4, 2020, the defendant filed the instant motion to vacate the Clerk's notice.
Doc. No. 347.  In his motion, the defendant outlined a timeline of production from the Clerk's

office that was previously unknown to the United States—and indeed indicates that the defendant has received records in at least a different format or means of production than what the government received.  For example, although the United States received what it believes is the Clerk's entire production via a single email on September 13, 2020, it appears from the defendant's motion that he received records from the Clerk in more piecemeal fashion over a period of additional days.  Id. at 2-4.  While the government has no basis to question whether the Clerk's productions to the defense have been substantively different than those the government received, it currently has no way to so affirm.

Of greater import, the defendant's motion makes clear that the Court's concerns during the November 2 status conference were well-founded—i.e., the defendant has, in fact, engaged in multiple substantive communications with the Clerk's office in an effort to glean additional information in support of his anticipated jury composition motion.  To that end, the defendant has acknowledged sending a list of detailed follow-up questions to the Clerk focused not simply on whether all relevant information has been produced but also inquiring as to what certain information means.  See, e.g., id. at 4 & n.4 (quoting six detailed questions and sub-questions sent to the Deputy Clerk on September 22, 2020).  Until the filing of the defendant's motion, the United States was unaware that defense counsel was engaging in such substantive discussions with the Clerk's Office.

Given the current posture of the litigation, the defendant's one-sided communications with the Clerk's Office regarding substantive matters related to the produced documents should not continue.  The Clerk's Office is an arm of the Court.  Cf. Williams v. Wood, 612 F.2d 982, 985 (5th Cir. 1980) ("[T]he clerk of court acts as the arm of the judge and comes within his absolute immunity.") (citing Barr v. Matteo, 360 U.S. 564, 569 (1959)).  Neither party should be permitted

to obtain, or attempt to obtain, substantive information from the Clerk without informing the other party, obtaining leave of Court, or both.

Notwithstanding the defendant's ex parte contacts with the Clerk's Office, the United States does acknowledge that clarification may be necessary as to certain aspects of the materials produced in response to the Court's Order, Doc. No. 206.  To ensure that both parties receive the same substantive information regarding relevant jury records, the government proposes that the Court order that the parties: (1) confer with one another regarding the materials each has received to date to confirm they are the same; (2) schedule a time to meet and confer jointly with a representative of the Clerk's Office as to any questions, clarifications, or other issues related to the Clerk's productions; and (3) submit any remaining questions in writing to the Clerk's Office by a deadline set by the Court.  The United States further requests that the Court Order that all parties be copied on all communications and responses (i.e., no further ex parte communications).

As for the defendant's motion to vacate the Clerk's notice, the Court should deny the motion.  It is not the province of the defendant to adjudge the compliance of the Clerk of Court. The notice was not defective merely because the defendant alleges omissions or would have preferred that the production take a different form.  The Clerk's Office, not the defendant, is the custodian of the relevant records and is best situated to know what materials it possesses and whether the required productions are complete.

The defendant's motion to vacate is also moot.  The Court has now suspended the filing deadline for the defendant's jury composition motion.  Doc. No. 367.  The briefing timeline previously triggered by the Clerk's notice is no longer in place and there is no need to vacate the notice.

For the foregoing reasons, the Court should deny the defendant's motion as moot, prohibit further ex parte contacts with the Clerk's Office, and enter an Order outlining a timeline for the parties, under the Court's supervision, to seek and obtain any necessary clarification regarding what the Clerk has previously produced or otherwise is to make available pursuant to the Court's prior Order, Doc. No. 206.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

By:    s/Troy Rivetti
TROY RIVETTI
Assistant U.S. Attorney
PA ID No. 56816

s/Soo C. Song
SOO C. SONG
Assistant U.S. Attorney
DC ID No. 457268

s/Julia Gegenheimer
JULIA GEGENHEIMER
Special Litigation Counsel
Civil Rights Division
NY ID No. 4949475