IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR DISCLOSURE OF MINISTERIAL GRAND JURY MATERIALS**

Defendant Robert Bowers, through counsel, replies to the government's opposition to his Motion for Disclosure of Ministerial Grand Jury Materials. ECF 376.

**I.   Mr. Bowers' motion is timely.**

The government—as it does routinely—has claimed that Mr. Bowers' request is untimely. ECF 376 at 4-5. The Court most recently extended the deadline for filing pretrial motions until January 20, 2021 (ECF 334), a ruling the government, notably, did not oppose. ECF 332. As it has continued to do throughout the course of this case, the defense will file a pleading not specifically enumerated in a scheduling order when an issue or need arises in the course of its investigation, research, and pretrial preparation. *See, e.g.*, ECF 60, 101, 102, 111, 152, 280.

**II.   Mr. Bowers is not required to provide a "particularized need" for the disclosure of ministerial grand jury records.**

The government is incorrect in asserting that the defense must demonstrate a "particularized need" for the records and that the request must be structured to cover only the material needed. ECF 376 at 3-4. The common law right of public access to

1

grand jury records does not require any specific showing by the defense to trigger disclosure of matters that do not reveal "the essence of what takes place in the grand jury room." *In re Grand Jury Investigation*, 630 F.2d 996, 1000 (3d Cir. 1980). As explained in the motion and below, the ministerial materials requested do not reveal the essence of the matters that took place in the grand jury room. *See* ECF 336 at 2-4, 5-14.

The cases cited by the government to support the requirement of a showing of a "particularized need" involve materials that may indeed reveal the essence of what occurred in the grand jury room. For example, in *United States v. Smith*, 123 F.3d 140, 148 (3d Cir. 1997), the government publicly disclosed its sentencing memorandum containing allegations of related criminal conduct against individuals who had not been charged by a grand jury. The issue was whether the memorandum contained "secret grand jury material." The Third Circuit ordered the district court to hold an *in camera* hearing to determine whether and which aspects of the materials were covered under Rules 6(e)(5) and 6(e)(6). There is no indication that the grand jury materials at issue in *Smith* resembled the dates of the terms of the grand jury, the attendance records, the court's instructions, or the other ministerial records requested here.

Likewise, in *United States v. Norian Corp.*, 709 F.App'x 138, 140 (3d Cir. 2017), the materials in dispute included transcripts of grand jury testimony, memoranda of grand jury witness interviews, and documents produced to the grand jury. In *United States v. McDowell*, 888 F.2d 285 (3d Cir. 1989); *United States v. Minerd*, 299 F.App'x 110 (3d Cir. 2008); and *United States v. Bunty*, 617 F. Supp. 2d 359, 372 (E.D. Pa. 2008), the transcripts of grand jury witness testimony were at issue. In *United States v.*

2

*Kelly,* No. 08-374-12, 2017 WL 11518829, at *2 (W.D. Pa. Sept. 20, 2017), the defendant broadly requested "all records regarding grand jury matters for the original indictments, the superseding indictments," and a related case.

Here, unlike the cases relied upon by the government, Mr. Bowers requests records that do not relate to the essence of the matters that took place in the grand jury room. The materials reflecting the beginning, end and extension of the grand jury term are procedural in nature and do not relate to the substance of the grand jury's investigation. *See In re Grand Jury Investigation*, 903 F.2d 180 (3d Cir. 1990) (holding that "disclosure of the commencement and termination dates of the grand jury does not disclose the essence of what took place in the grand jury room"); *id.* (citing with approval *In re Special Grand Jury (for Anchorage, Alaska)*, 674 F.2d 778, 781 (9th Cir. 1982) ("We therefore hold that, as members of the public, the appellants have a right, subject to the rule of grand jury secrecy, of access to the ministerial records in the files of the district court having jurisdiction of the grand jury. Absent specific and substantial reasons for a refusal, such access should not be denied.").

The government's assertion that the Third Circuit has backed down from this position is completely unfounded. Indeed, the only Third Circuit case it cites, *United States v. Murphy,* 646 F. App'x 153, 156 (3d Cir. 2016), underscores this position. In *Murphy*, the government **voluntarily** provided "non-secret" information to the defendant, including "the date the grand jury was impaneled and expired; the name of the judge who supervised the grand jury; and the date on which the grand jury was convened and returned an indictment for each particular criminal case." *Id*. It is curious

3

that the government here mounts such a strenuous objection to a court order compelling the disclosure of these records, which plainly reveal nothing of the substance of the proceedings, while another United States Attorney's Office has voluntarily turned them over.

Taking attendance and recording the number of jurors concurring in the return of an indictment, duties of the grand jury foreperson, are "purely ministerial." *See United States v. Aimone*, 715 F.2d 822, 826-827 (3d Cir. 1983). Not only do these records fail to reveal the essence of the grand jury proceeding, where, as here, the indictment has been returned and a defendant is held in custody without bond, any the secrecy concerns are not implicated. Similarly, the other categories of materials requested, as explained in the motion to compel (ECF 336), do not reveal the essence of the grand jury proceedings, and the public right of access to these materials should prevail. Accordingly, the defense need not demonstrate a "particularized need" for the records.

For the reasons set forth above, Mr. Bowers requests disclosure of the ministerial grand jury materials listed in his motion to compel, regardless of whether they currently are in the custody of the Court or the government.

Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

4

                */s/ Elisa A. Long*
                Elisa A. Long
                Supervisory Assistant Federal Public Defender