IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO
VACATE CLERK OF COURT'S NOTICE OF COMPLIANCE
AND REQUEST TO RESET DEADLINE TO FILE
JURY COMPOSITION CHALLENGE**

Defendant Robert Bowers, through counsel, files this reply to the government's opposition to his Motion to Vacate the Clerk's Notice of Compliance. ECF 399.

While acknowledging that it "has no basis to question whether the Clerk's productions to the defense have been substantively different than those the government received" (ECF 399 at 3), the government feels at liberty to not only question but to raise the specter of misconduct by defense counsel and impropriety by the Clerk of Court. The government also condemns the defense attempts to clarify and complete the document production by suggesting that "one-sided" discussions with the Clerk's office were improper. These reckless and baseless accusations do nothing to address the factual matter at issue here; they simply further harm the ability of the parties to obtain the materials the Court ordered on February 25, 2020. ECF 206.

With respect to defense counsel's communications, the Court's order anticipated contact with the Clerk's office by the parties, including their potential experts. *See* ECF 206 (ordering that certain documents "shall be made available for inspection, on the

1

premises of the Clerk of Courts…"). Indeed, until the Court's November 3, 2020 instruction to the parties to address concerns regarding the production by way of motion, the Court did not set restrictions on contact with the Clerk's office. Notably, government counsel have also had discussions with the Clerk's office regarding the production of materials. *See* ECF 332 at 3. As the government acknowledged, "[O]n October 20, 2020, the Operations Supervisor for the Clerk of Court indicated to the government that the Clerk's office has fully complied with the Court's order. The United States has since provided a copy of the June 25, 2020, Court Order, Doc. No. 247, to the Operations Supervisor…" ECF 370 at 2.

Although facts appear to be inconsequential to the government, they are essential to this Court's resolution of the instant motion. In sum, the facts are these:

- The Clerk's office has **not** made available all of the materials ordered by the Court.
- Defense counsel has **not** received records beyond those provided to or made available to the government.
- Defense counsel has **not** engaged in any improper conversations with the Clerk's office.

**I. The Clerk's office has not yet made available all of the records ordered by the Court.**

As the defense noted in at least three pleadings filed prior to the Motion to Vacate, the materials available in the Clerk's office are incomplete. *See* ECF 329 at 4 (filed Oct. 19, 2020) ("Mr. Bowers is currently awaiting full receipt of the jury records that the Court ordered the Clerk of the Court to produce. . . . Although the Clerk of Court has provided a substantial number of the materials, **full disclosure has not yet been made.**")

(emphasis added); ECF 333 at 18 (filed Oct. 21, 2020) ("Defense counsel were also recently given access to **some of the material** the Court ordered could be inspected at the Clerk's office.") (emphasis added); ECF 338 at 22-23 (filed Oct. 30, 2020) ("Although notice of compliance was filed on October 30, 2020, full disclosure has not yet been made . . . . Counsel has reviewed the materials available at the Clerk of Courts, and **those materials do not include all of the completed questionnaires, nor do they include all of the summons**.") (emphasis added).

Because it apparently has not reviewed the materials at the Clerk's office, the government cannot credibly claim that the materials are complete. Had the government taken the time to review the materials, as the defense has done on two occasions, the government would quickly learn what cannot be disputed: there are missing juror questionnaires and missing juror summonses.

Undeterred by its lack of diligence, the government asserts that the defense has no business assuring the Clerk's compliance with an order of this Court, an order the defense requested. ECF 399 at 4 ("It is not the province of the defendant to adjudge the compliance of the Clerk of Court. . . . . The Clerk's Office, not the defendant, is the custodian of the relevant records and is best situated to know what materials it possesses and whether the required productions are complete.") To the contrary, it makes no sense to render a litigant powerless to raise compliance issues with the Court, or to render the Court powerless to determine compliance.

Because the materials are incomplete, the Clerk has not complied with this Court's order, and the Notice of Compliance should be vacated. This Court's suspension of the deadline for filing a jury challenge in no way moots the Motion to Vacate the Notice.

**II.    Defense counsel has not received records beyond those provided to or made available to the government.**

On September 13, 2020, the Deputy Clerk sent an email to all parties attaching the items compiled in response to the Court's order of February 25, 2020. Due to the email capacity of defense counsel, that email bounced back to the Deputy Clerk. The Deputy Clerk then divided the same attachments into four separate emails and resent them to defense counsel. Apparently, the government's email server accepted the original email sent by the Deputy Clerk, obviating the need for the Deputy Clerk to send subsequent emails with those same attachments.

In its Motion to Vacate, the defense explained in some detail the four emails it received from the Clerk's office. It further described each of files attached to the emails with specificity. ECF 347 at 2-4. For example, "Item 7," corresponding to the numbering in the Court's order, is described as "an Excel spreadsheet labeled 'Point 7' containing 599,290 entries by number, race, gender, year of birth, zip code, city, and county." *Id*. "Item 9" is described as "an Excel spreadsheet containing 77,529 entries by number and a note 'summoned.'" *Id*.

The government seems to be alleging that the Deputy Clerk did something improper—perhaps adding in an additional file or two—in dividing up the attachments to

allow receipt by defense counsel's lower capacity server. To make matters worse, the government claims that it "has no way to so affirm" whether the Deputy Clerk sent additional or different files to defense counsel. ECF 399 at 3. **This is false**. The government could have easily compared the files it received to the detailed descriptions of each file provided by defense counsel in the Motion to Vacate. The Court should not countenance the government's misrepresentations nor its thinly veiled accusations of impropriety by the Deputy Clerk or defense counsel.

> **III.   Defense counsel has not engaged in any improper conversations with the Clerk's office.**

As noted, until the Court's instruction of November 2, 2020, the Court did not prohibit contact with the Clerk's office by either party. Indeed, implicit in the Court's order was the expectation there would be contact with the Clerk of Courts regarding the production. The Court ordered the Clerk to provide certain materials to the parties directly and to make other materials available at the Clerk's office for review by the parties. ECF 206. Defense counsel communicated with the Deputy Clerk to arrange dates and times to review the materials available. Defense counsel then met with the Deputy Clerk at the courthouse, who directed counsel to a location where she could review the materials. Certainly, defense counsel did not—as the government falsely alleges—engage in "multiple substantive communications with the Clerk's office in an effort to glean additional information in support of his anticipated jury composition motion." ECF 399 at 3. The communications were about scheduling dates and times for review, and in pleadings filed prior to the Motion to Vacate, the defense informed the Court and the

government that it was working with the Deputy Clerk to access all of the materials ordered. *See* ECF 333 at 16 (filed Oct. 21, 2020); ECF 338 at 22-23 (filed Oct. 30, 2020). The government's insistence that this fact was unknown to it prior to the filing of the Motion to Vacate on November 4, 2020 (*see* ECF 399 at 3) is simply false.

Further, just as the defense volunteered the information about its efforts to obtain a complete set of the materials ordered from the Deputy Clerk, the defense voluntarily provided to the Court and the government the clarifying questions it emailed to the Deputy Clerk *verbatim*. ECF 338 at 22-23 n. 26 (filed Oct. 30, 2020). This was not an attempt to surreptitiously or improperly obtain information; the defense willingly, and without prompting, shared the precise content of the questions with the Court and the prosecution.

Consistent with its voluntarily sharing the entire substance of its communications with the Clerk's office with this Court and the government well before filing the Motion to Vacate, the defense has no objection to scheduling a time for counsel to meet and confer jointly with a representative of the Clerk's office as to any questions, clarifications, or other issues related to the Clerk's productions. Nor does the defense object to submitting any remaining questions in writing to the Clerk's office. To the extent the government persists in its belief that the Clerk's office may have provided additional or different files to the defense than to the government, that matter may be put to rest during the joint meeting with a representative of the Clerk's office. To avoid any

further misunderstanding, or misrepresentations, any such meeting should be of record, with a court reporter present.

## CONCLUSION

For the reasons stated above and in his Motion to Vacate (ECF 347), Mr. Bowers asks this Court to vacate the Notice filed by the Clerk of Court on October 30, 2020 and to order the parties to meet and confer jointly with a representative of the Clerk's office as to any questions, clarifications, or other issues related to the Clerk's productions. The Court should further direct that a court reporter be present to record and transcribe the meeting.

Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*/s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender