IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|    -vs- | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS, | ) | |
| | ) | |
|    Defendant. | ) | |

AMBROSE, Senior District Judge

## OPINION

### Synopsis

The Defendant seeks the disclosure of materials relating to the federal grand jury that returned the Indictment on October 31, 2018 as well as the Superseding Indictment on January 29, 2019. Specifically, he seeks the production of five categories of grand jury records that he describes as "ministerial."[1] The Government objects to the production of all requested documents, urging that the Defendant has not shown a "particularized need" for the information as required by Federal Rule of Criminal Procedure 6(e). The parties have fully briefed the issues. (ECF Nos. 336, 376, 402) for the reasons below, the Motion is granted in part and denied in part.

---

[1] Those items are: (1) any records reflecting the beginning, end, or extension of any term of any grand juror who sat on the grand jury that returned the indictment and the superseding indictment, and any records reflecting any substitution of grand jurors; (2) any records reflecting the attendance and substitution of grand jurors, as well as the number of grand jurors who voted to return the indictment and superseding indictment; (3) a copy of all grand jury subpoenas for documents or testimony issued in this case, as well as the dates the material obtained from the subpoenas were returned to the grand jury, and a list of all exhibits or materials presented to the grand jury; (4) any records of disclosure of names of persons receiving information about matters occurring before the grand jury, as defined in Fed. R. Crim. P. 6(e), and a list of all persons to whom the grand jury material were disclosed, the dates of such disclosure, and any petitions for disclosure or notifications of disclosure given to the court concerning such disclosures; and (5) any instructions, advice or comments – written or oral – communicated to the grand jury that returned the indictment.

1

## Analysis

"Since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 n. 9 (1979). *See also, Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 399, 79 S. Ct. 1237 (1959) (there is a "long-established policy of secrecy associated with grand jury proceedings). The secrecy doctrine safeguards many interests:

> [f]irst, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

*Douglas Oil*, 441 U.S. at 219 (citations omitted). Consequently, "courts have been reluctant to lift unnecessarily the veil of secrecy from the grand jury." *Id*. Federal Rule of Criminal Procedure 6(e) "codifies the requirement that grand jury activities generally be kept secret…." *Douglas Oil*, 441 U.S. at 218, n. 9.

However, the "policy of secrecy is not absolute." *In re Grand Jury Investigation*, 630 F.2d 996, 1000 (3d Cir. 1980), *citing, United States v. Stanford*, 589 F.2d 285, 291 (7th Cir. 1978), *cert. denied*, 440 U.S. 983 (1974). "Rule 6(e) shields solely 'matters occurring before the grand jury.' It is designed to protect from disclosure *only the essence of what takes place in the grand jury room*, in order to preserve the freedom and integrity of the deliberative process." *In re Grand Jury*, 630 F.2d at 1000 (emphasis added), *citing, United States v. Proctor & Gamble*, 356 U.S. 677, 681, 78 S. Ct. 983,

985 (1958); *United States v. Rose*, 215 F.2d 617, 628-29 (3d Cir. 1954). *See also, United States v. Norian Corporation*, 709 Fed. Appx. 138, 141 (3d Cir. 2017) ("[t]he touchstone is not what has been examined by the grand jury, but what may reveal 'the essence of what takes place in the grand jury room.'") (citations omitted) and *U.S. v. Chang*, 47 Fed. Appx. 119, 121 (3d Cir. 2002).

Broadly speaking, the relevant inquiry is "whether disclosure would reveal something about the nature or the course of the grand jury's investigation…." *What Are "Matters Occurring Before Grand Jury" Within Prohibition of Rule 6(e) of the Federal Rules of Criminal Procedure*, 154 A.L.R. 385 (1999). "If not, then they are not entitled to secrecy and Rule 6(e) is inapplicable." *In re Grand Jury Matter*, Misc. No. 8-303, 2009 WL 249796, at * 2 (W.D. Pa. Feb. 2, 2009) If they are, then the movant must show a "particularized need" before the materials may be disclosed. *In re Grand Jury Matter (Catania)*, 682 F.2d 61, 64 (3d Cir. 1982). If the defendant shows a particularized need, then the court "must weigh the competing interests and order so much disclosure as needed for the ends of justice." *United States v. McDowell*, 888 F.2d 285, 289 (3d Cir. 1989) (citations omitted). *See also Douglas Oil*, 441 U.S. at 222 ("parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another proceeding, that the need to disclose is greater than the need for continued secrecy, and that their request is structured to cover only the material so needed.") "To prove particularized need, the party must demonstrate that (1) 'the material they seek is needed to avoid a possible injustice in another judicial proceeding'; (2) 'the need for disclosure is greater than the need for secrecy'; and (3) 'their request is structured to cover only the materials so needed.'" *United States v.*

*Norian*, 709 Fed. Appx. 138, 142 (3d Cir. 2017), *citing, Douglas Oil v. Petrol Stops NW.*, 441 U.S. 211, 222, 99 S. Ct. 1667 (1979). A particularized need can be shown when a litigant seeks to impeach a witness, refresh recollection, or test credibility. *Norian*, 709 Fed. Appx. at 142. But vague references are insufficient. A party must identify actual inconsistencies that could be remedied by disclosing the grand jury materials. A district court is afforded substantial discretion in handling these matters. *Id.*

> (A) Records reflecting the beginning, end, or extension of the term of any grand juror who sat on the grand jury that returned the indictment and superseding indictment and any records reflecting any substitution of grand jurors

After careful consideration, I find that the Defendant is entitled to this information because it does not relate to a "matter occurring before the grand jury" and would not reveal something about the nature or the course of the grand jury's investigation. In *In re Grand Jury Investigation (DiLoreto)*, 903 F.2d 180 (3d Cir. 1990), the Third Circuit reversed a district court's denial of a motion for disclosure of the commencement and termination dates of a grand jury investigation. The court determined that those dates were ministerial and did not reveal "matters occurring before the grand jury." *In re Grand Jury Investigation (DiLoreto)*, 903 F.3d at 182. Such information, the court explained, "does not disclose the essence of what took place in the grand jury room." *Id.* "Additionally, disclosure of such information does not violate the freedom and integrity of the deliberative process of the grand jurors." *Id.* The Third Circuit did not engage in a "particularized need" inquiry, finding that the right to public access was "sufficient to require disclosure." *Id.* at 183.

This finding reflects those reached by others. *United States v. Fattah, Jr.*, Crim. No. 14-409, 2014 WL 11318334 (E.D. Pa. Dec. 22, 2014) (ordering the disclosure of

4

grand jury commencement, extension and termination dates where the government failed to provide "specific or substantive reasons why the information requested should not be disclosed.");[2] *United States v. Benoit*, Crim. No. 2010-39, 2012 WL 12893786, at * 2 (D. V.I. Jan. 5, 2012) (permitting the disclosure of the beginning and extension of the grand jury term because "[t]hese documents do not pose any risk of revealing matters actually presented to the grand jury or undermining the grand jury's deliberative process."); *In re Cudahy*, 294 F.3d 947, 951 (7th Cir. 2002) (*citing*, with approval, *In re Grand Jury Investigation (DiLoreto)*, 903 F.2d 180 (3d Cir. 1990) and finding that the disclosure of the mere existence of a grand jury does not amount to a "matter occurring before it," "unless revelation of its existence would disclose the identities of the targets or subjects of the grand jury's investigation and by doing so either incite them to flee or, should they never be indicted, subject them to undeserved bad publicity."); *In re Special*

---

[2] I recognize that several district courts within the Third Circuit have declined to disclose the commencement and termination of grand jury dates. I disagree with those holdings. For instance, in *United States v. Li*, Crim. No. 16-194, 2017 WL 590275, at * 6 n. 6 (M.D. Feb. 14, 2017), the court distinguished the *In re Grand Jury Investigation (DiLoreto)* holding, noting that there was a "specific reason" militating against disclosure of the relevant dates: "Defendant has failed to offer anything more than conclusory allegations of defective process." *Li*, 2017 WL 590275, at * 6 n. 6. I do not read *In re Grand Jury (DiLoreto)* as requiring a movant to show a "particularized need." Nor do I read the *In re Grand Jury (DiLoreto)* decision as limited to the facts of the case – involving contempt proceedings. Indeed, the Third Circuit conducted a survey which revealed "that in the vast majority of the United States District Courts, the commencement and termination dates of the grand jury are matters of public record." *In re Grand Jury (DiLoreto)*, 903 F.2d at 183-184. If the disclosure of such information violated the "freedom and integrity of the deliberative process of the grand jurors" one would hardly expect that such dates would routinely be made a matter of public record. Rather, the relevant query is whether the disclosure of such information would reveal the essence of what took place in the grand jury room. Here, the Government has provided no argument that disclosing the dates would reveal such information. The Government also cites the decision in *United States v. Murphy*, 646 Fed. Appx. 153 (3d Cir. 2016) for the proposition that the Third Circuit Court has "repeatedly denied requests for disclosure of grand jury commencement, discharge, or extension records where a defendant failed to provide compelling justification." ECF No. 376, p. 10. Yet in *Murphy*, in denying the requested disclosure of the court orders empaneling, extending and discharging the grand jury, the court explained that the Government had provided "the date the grand jury was impaneled and expired; the name of the judge who supervised the grand jury; and the date on which the grand jury was convened and returned an indictment for each particular criminal case." *Murphy*, 646 Fed. Appx. at 156. The court also noted that the defendant was not seeking the information in order to challenge the indictment. I find these distinctions to be significant.

5

*Grand Jury (for Anchorage, Alaska),* 674 F.2d 778, 784 (9th Cir. 1982) (finding that appellants had public access rights to grand jury ministerial records and remanding for the characterization and scope of the right to such records); *United States v. Abernathy*, Crim. No. 8-20103, 2009 WL 982796, at * 3 (E.D. Mich. Apr. 13, 2009) ("[s]ince the Government has not set forth specific reasons why the impanelment, session and discharge dates should be kept secret, Defendant is entitled to this information."); *United States v. Smith*, Crim. No. 2-20380, 2004 WL 784521, at * 2 (W.D. Tenn. Jan. 26, 2004) (same); *United States v. Koerber*, Crim. No. 17-37, 2017 WL 2992090, at * 3 (D. Utah July 13, 2017) (permitting disclosure of beginning and extension date for grand jury returning initial indictment but declining as to the grand jury returning the second indictment as it may still have been in session); *U.S. v. Fuentes*, Crim. No. 7-248, 2008 WL 2557949, at * 3 (E.D. Cal. June 24, 2008) (*citing In re Grand Jury Investigation* for the proposition that the beginning term and extension of the terms of any grand jury investigating the defendants are ministerial grand jury records and are properly subject to disclosure); *U.S. v. Diaz*, 236 F.R.D. 470, 478-79 (N.D. Cal. 2006) (permitting disclosure of the commencement and extension of any term of the grand jury that returned an indictment against the defendants where that grand jury was no longer sitting and there was no apparent risk to any jurors); *In re Grand Jury Proceedings, Special Grand Jury 89-2*, 813 F. Supp. 1451 (D. Colo. 1992) (granting disclosure of order empaneling and extending grand jury); *United States v. Burgoin*, Crim. No. 11-40057-04, 2011 WL 6372877, at * 6 (D. Kan. Dec. 20, 2011) (granting disclosure of order to draw the grand jury that produced the indictment and superseding indictment and subsequent orders to reconvene the grand jury when the indictment and

superseding indictment were issued and denying as moot the request for orders extending the grand jury because no extensions were ordered); *United States v. Benavides*, Crim. No. 6-62, 2009 WL 10679151, at *1-2 (E.D. Mt. Jan. 23, 2009) (disclosing records documenting commencement, extensions and terminations of grand juries) and *United States v. Reed*, Crim. No. 1L12-0058, 2015 WL 12915108, at *1-2 (D. Wyo. May 4, 2015) (finding that ministerial grand jury records, such as records relating to the length of the term of the grand jury, including any extensions or renewal of that term, can be disclosed).

> (B) Records reflecting the attendance and substitution of grand jurors, as well as the number of grand jurors who voted to return the indictment and superseding indictment

The Defendant cites the decision in *United States v. Aimone*, 715 F.2d 822, 826-827 (3d Cir. 1983) for the proposition that the taking of attendance and recording the number of jurors concurring in the return of the indictment are "purely ministerial." (ECF No. 402, p. 4). I do not find the *Aimone* decision to be on point. The Court did not contemplate the "discoverability" of grand jury voting records. Rather, the Court considered challenges to convictions based, in part, upon the defendants' contentions that a proportionate number of women had not been appointed as forepersons over a five-year period, warranting a dismissal of the indictment. Rejecting the challenge, the Court affirmed the district court's finding that the foreperson's duties are "purely ministerial." *Aimone*, 715 F.3d at 826-827. The defendants had not shown that the foreperson has a "disproportionate influence in the deliberative process." *Id.* at 826. Noting that the foreperson "administers oaths, keeps a record of the number of jurors concurring in the finding of an indictment, and signs all indictments," the court described

7

the position as "constitutionally insignificant." *Id*. That a foreperson's particular duties may be ministerial does not mean that the substance of the votes are ministerial.

Indeed, several courts contemplating the discoverability of grand jury voting records have denied disclosure absent "a particularized discrete showing of need." *United States v. Enigwe*, 17 F. Supp. 2d 390, 393 (E.D. Pa. July 8, 1998) (denying a request for grand jury voting record where defendant failed to show "particularized need"); *United States v. Li*, Crim. No. 16-194, 2017 WL 590275, at * 6 (M.D. Pa. Feb. 14, 2017) (denying disclosure of the grand jury voting record for failure to show particularized need where defendant alleged documents would help determine whether dismissal of indictment was merited based on defects in the institution of the prosecution); *United States v. Benoit*, Crim. No. 2010-39, 2012 WL 12893786, at * 2 (D. V.I. Jan. 5, 2012) (denying disclosure of roll sheets reflecting attendance records of the jurors and any substitutions); *United States v. Vaughn*, 510 F. Supp. 206, 209-210 (D. N.J. 1981); *United States v. Boffa*, 513 F. Supp. 444, 497 (D. Del. 1980).

The Defendant contends that these matters are necessary "to confirm that those grand jury members involved in the indictment were present during the investigative hearings and did in fact see and hear the evidence presented." ECF No. 336, p. 6. He has not shown a particularized need at this stage – he has not alleged a deficient indictment, much less offered any evidence in support of such an assertion. Yet without the requested discovery, it would be difficult if not impossible for the Defendant to demonstrate a particularized need. Thus, I will adopt a procedure followed by many courts in similar situations. After an in-camera review, the Court will advise the Defendant whether 12 or more jurors concurred in finding the indictment without

8

revealing the number. This will preserve the secrecy provided by Rule 6. *See, U.S. v. Deffenbaugh Industries, Inc.* 957 F.2d 749, 757-58 (10th Cir. 1992) ("when there is a dispute regarding the number of grand jurors voting to indict, the proper procedure is for the court, after an in camera review of the record, to advise the defendant only that 12 or more jurors concurred in finding the indictment, and *not* to reveal the exact number concurring, in order to preserve the secrecy provided by Rule 6.") (emphasis in original; citation and internal quotation marks omitted); *United States v. Friel*, Crim. No. 6-25-P-H, 2006 WL 2061395, at * 3 (D. Maine, July 21, 2006) (court reviewed grand jury voting records in camera and affirmed to the defendant that 12 or more grand jurors concurred in returning both counts of the indictment against him); *United States v. Missler*, 299 F. Supp. 1268 (D. Md. 1969), *aff'd*, 427 F.2d 1369 (4th Cir. 1970), *cert. denied*, 400 U.S. 997 (1971); *United States v. Ostrer*, 481 F. Supp. 407, 417 (S.D. N.Y. 1979). If, upon review, the Court determines that fewer than 12 jurors concurred in returning the indictment, then the records may be produced in a manner to avoid revealing the identity of the grand jurors.

> (C) A copy of all grand jury subpoenas for documents or testimony issued in this case, as well as the dates the materials obtained from the subpoenas were returned to the grand jury, and a list of all exhibits or materials presented to the grand jury

The Defendant asks for copies of the grand jury subpoenas themselves, the dates the materials were received by the grand jury and the list of exhibits presented to the grand jury. The Defendant reasons that, because the indictment has been returned, the "work" of the grand jury has concluded and there is no need to protect any subpoenas or exhibits from disclosure. Accepting this argument, once a grand jury

returned an indictment, the secrecy rules governing Rule 6 would not apply (save for those protecting revelation of grand jurors' identities), an argument the Third Circuit has rejected. *United States v. Smith*, 123 F.3d 140, 148 (3d Cir. 1997) ("'interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities.'") (*citations omitted*). Nor has the Defendant identified any case law in this Circuit permitting disclosure of subpoenas or the exhibits list. Further, the case the Defendant does cite, *In re Grand Jury Investigation*, 630 F.2d 996 (3d Cir. 1980), for the proposition that "the mere fact that a particular document is reviewed by a grand jury does not convert it into a 'matter occurring before the grand jury' within the meaning of Rule 6(e)", is distinguishable. (ECF No. 336, p. 9) In that case, the litigant sought disclosure of documents that had been *reviewed* by the grand jury rather than the grand jury subpoenas themselves. The court explained that documents "such as business records … created for purposes independent of grand jury investigations … have many legitimate uses unrelated to the substance of the grand jury proceedings." *In re Grand Jury Investigation*, 630 F.2d at 1000. (citations omitted).

Thus, the Defendant's request is denied. Again, the touchstone is whether disclosure would reveal the essence of what takes place in the grand jury room. Subpoenas issued by the grand jury and the list of exhibits the grand jury examined would disclose the grand jury's inner workings and strategy. *Labow v. U.S. Dep't. of Justice*, 278 F. Supp. 3d 431, 443 (D.D.C. 2017) ("[g]rand jury subpoenas themselves, on their face, reveal something critical about the grand jury's investigation – its targets and / or the direction of the investigation."). Grand jury subpoenas reflect the line of inquiry, what the grand jury deemed relevant, and what exhibits it considered. This is at

the heart of what takes place in the grand jury room. The Defendant has not identified a "particularized need" for the materials, other than to say that a review of the materials would ensure that the "subpoenas were in fact used to obtain materials for the grand jury, the materials were returned to the grand jury as required, and the materials could have been considered by the grand jurors." ECF No. 336, p. 9. Under these circumstances, I find disclosure to be unwarranted. *See United States v. Mariani*, 7 F. Supp. 2d 556, 565 (M.D. Pa. 1998); *Labow*, 278 F. Supp. 3d at 446 (denying disclosure of grand jury subpoenas); *United States v. Diaz*, 236 F.R.D. 470 (N.D. Cal. 2006) (denying request for disclosure of subpoenas for documents, names of persons receiving them, lists of exhibits presented to grand jury and list of persons to whom materials were disclosed because such information could reveal the essence of the grand jury proceedings).

> (D) Any records of disclosure of names of persons receiving information about matters occurring before the grand jury, as defined in Federal Rule of Criminal Procedure 6(e), and a list of all persons to whom the grand jury materials were disclosed, the dates of such disclosure, and any petitions for disclosure or notifications for disclosure given to the court concerning such disclosure(s)

The Defendant cites the decision in *United States v. Fuentes*, Crim. No. 7-248, 2008 WL 2557949, at * 4 (E.D. Cal. 2008) for the proposition that this information is "ministerial" and generally relates to procedural aspects of grand jury operations. ECF No. 336, p. 8-9. Although accurate, the statement is incomplete. The *Fuentes* court recognized that other district courts found such materials to be "nonministerial in nature" *but* noted that it was constrained by the Ninth Circuit's decision in *In re Grand Jury (for Anchorage, Alaska)*, 674 F.2d 778, 779 n. 1 (9th Cir. 1982). In *In re Grand Jury (for Anchorage, Alaska)*, subjects of an investigation by a special grand jury sought access

11

to various records. ³ The court described these records as "ministerial"; however, it also cautioned that "[o]ur use of this label should not be taken to indicate any settled judgment on our part that none of the records could be classified as 'matters occurring before the grand jury' as that expression is used in Rule 6(e)...." *Id.* So, the *Fuentes* court was constrained to use the word "ministerial" in describing such materials but was not constrained by Ninth Circuit precedent to automatically order the disclosure of such material. Indeed, the *Fuentes* court ordered the government to produce the records for *in camera* review. As a result, it is disingenuous to read the *Fuentes* decision as standing for the proposition that records of the names of persons receiving information about matter occurring before the grand jury are automatically disclosed.

In fact, as the *Fuentes* court noted, two other courts have declined to order the disclosure of such documents. *In re Grand Jury Proceedings, Special Grand Jury 89-2 (Rocky Flats Grand Jury),* 813 F. Supp. 1451, 1470 (D. Colo. 1993) (all records of names of persons receiving information about matters occurring before the grand jury is nonministerial in nature); *Diaz*, 236 F.R.D. at 480. *See also, United States v. Koerber*, Crim. No. 2:17-37, 2017 WL 2992090, at * 4 (D. Utah July 13, 2017) (disclosure of names of persons receiving information about matters occurring before the grand jury "would impermissibly invade matters occurring before the grand jury.") Because the Defendant has not made a sufficient showing of a particularized need to warrant disclosure of this information, his request is denied.

---

³ The records included: orders authorizing the summons and extension of a special grand jury; roll sheets reflecting the composition of the special grand jury as well as attendance records of jurors and any substitutions; any written authority permitting a special prosecutor to present evidence; records setting forth the method by which the special grand jury was empaneled; voting records relating to any decision to extend the life of the special grand jury, and all records of disclosure of names of persons receiving information about matters occurring before the grand jury. *Id.*

12

> (E) Any instructions, advice or comments – written or oral – communicated to the grand jury that returned the indictment and the superseding indictment by any judge or magistrate judge, any court staff, and any member of the United States Attorney's Office relating to the duties of the grand jurors or to the law applicable to the instant case

Finally, the Defendant seeks disclosure of grand jury instructions. He cites to publicly available court-administered general instructions given to grand juries as support for the assertion that this Court should order the disclosure of the requested information in this case. But he asks for more than this already accessible information. The requested information would bear directly on the particular matters at issue in this case. Although courts in other Circuits have held that such instructions "do not fall within the bar of Rule 6(e) because their disclosure would not reveal the substance or essence of the grand jury proceedings," *Diaz*, 236 F.R.D. at 477-78, courts in this Circuit have not adopted that argument. *See United States v. Chalker*, Crim. No. 12-0367, 2013 WL 454774, at 6 n. 7 (E.D. Pa. Aug. 27, 2013) ("[l]egal instructions provided to the grand jury are entitled to the 'presumption of regularity' and can only be disclosed upon a showing of particularized need"); *United States v. Mariani*, 7 F. Supp. 2d 556, 568 (M.D. Pa. 1998) (no disclosure absent showing of particularized need); *United States v. Islam*, Crim. No. 20-45, 2021 WL 312681, at * 2 n. 3 (E.D. Pa. Jan. 29, 2021) (ordering disclosure of grand jury instructions because the defendant showed a particularized need); *United States v. Segura*, Crim. No. 14-286, 2016 WL 1623182, at * 5 (W.D. Pa. Apr. 25, 2016) (defendant failed to meet "heavy" of showing particularized need for disclosure of legal instructions provided by prosecutor to grand jury); *United States v. Li*, Crim. No. 3:16-194, 2017 WL 590275, at * 5-6 (M.D. Pa. Feb. 14, 2017) (failure to show particularized need). *See also, United States v. Murphy*, 646 Fed. Appx. 153, 155-156

13

(3d Cir. 2016) (finding that the district court did not abuse its discretion in declining to order the disclosure of the judge's instructions to the grand jury). Because the Defendant has not identified a particularized need for the materials, disclosure is not warranted.

## **Conclusion**

For all of the reasons set forth above, the Defendant's Motion for Disclosure of Ministerial Grand Jury Material is granted in part and denied in part. It is granted insofar as the Defendant is entitled to any records reflecting the beginning, end, or extension of the term of any grand juror who sat on the grand jury that returned the indictment and superseding indictment in this case. It is denied in all other respects except that the Court will review, in camera, any records reflecting the attendance and substitution of grand jurors, as well as the number of grand jurors who voted to return the indictment and superseding indictment in this case.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
|    -vs- ) | Criminal No. 18-292 |
| ) | |
| ROBERT BOWERS, ) | |
| ) | |
|    Defendant. ) | |

AMBROSE, Senior District Judge

### ORDER OF COURT

And Now, this 22nd day of February, 2021, for the reasons set in the accompanying Opinion, the Defendant's Motion (ECF #336) is granted in part and denied in part.

It is granted insofar as the Clerk of Courts and / or the United States Attorney is ordered to disclose to the Defendant the following materials from the grand jury that returned the indictment and the superseding indictment in this case:

> (1) any records reflecting the beginning, end, or extension of the term of any grand juror who sat on the grand jury that returned the indictment and superseding indictment in this case.

The documents must be produced on or before April 1, 2021.

It is further ORDERED that the Clerk of Courts and / or the United States Attorney is ordered to produce to the Court, for in-camera review, the following materials from the grand jury that returned the indictment and the superseding indictment in this case:

> (2) any records reflecting the attendance and substitution of grand jurors, as well as the number of grand jurors who voted to return the indictment and superseding indictment in this case.

The documents must be produced on or before April 1, 2021.

It is further ORDERED that the Motion is DENIED in all other respects.

BY THE COURT:

_Donetta F. Ambrose_
Donetta W. Ambrose
United States Senior District Judge