IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT BOWERS | Criminal No. 18-292 |

**UNITED STATES' MOTION FOR COURT TO ORDER DEFENDANT BOWERS TO PROVIDE MEANINGFUL NOTICE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 12.2 AND TO APPROVE THE USE OF FIREWALL COUNSEL**

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, Troy Rivetti and Soo C. Song, Assistant United States Attorneys for said district, and Julia Gegenheimer, Special Litigation Counsel, Civil Rights Division, and hereby files the instant motion requesting the Court to order defendant Bowers, pursuant to Fed. R. Crim. P. 12.2, to provide meaningful notice of the defendant's anticipated mental health evidence, and to approve the use of firewall counsel.

Throughout at least the past year, the United States has urged the Court to require that defendant Robert Bowers file notice of his intention to assert mental health defenses – a primary aspect of this capital case that will require many months to resolve. The United States asserts that a comprehensive procedural framework for addressing any mental health issues, including notices and deadlines, is critical.[1] At the most recent status conference, on April 5, 2021, the United States

---

[1] See United States' Motion to Set Deadlines for Meaningful Notice of Defendant's Intent to Use Mental Health Evidence, Doc. No. 180, which fully addresses these issues both at the guilt- and penalty-phase of a federal criminal trial involving a death-eligible offense, and is incorporated here by reference. See also Response in Opposition by United States to Defendant's Request to File Document Concerning Confidential Defense Mental Health Investigation Information Under Seal and Ex Parte, Doc. No. 372, and attached Exhibits, Doc. Nos. 372-1 and 372-2 (mental health expert affidavits explaining manner in which mental health assessments and examinations are continuing despite COVID-19).

1

stressed that notwithstanding the many challenges presented by the COVID-19 pandemic, the purely legal issues of the content of any Rule 12.2 notice and the use of firewall counsel should be addressed now, so that resolution of these issues will not cause further delay.

## I.      THE RULE 12.2 NOTICE MUST BE INFORMATIVE AND DETAILED

### A.  All Testing Should Be Complete

As a threshold matter, the United States requests that the Court require that all testing, examinations, and evaluations of the defendant by any defense mental health expert be completed prior to any deadline that the Court sets for the defendant's Rule 12.2 notice.  Requiring completed examinations prior to the notice deadline ensures that any such notices are, in fact, meaningful and complete, and that the defendant does not inadvertently and unnecessarily compound delays in these proceedings by way of belated mental health examination and testing.

Requiring meaningful notice predicated upon completed testing and examination of the defendant will ameliorate the risk of any potential delay between the guilt- and penalty-phases of trial in this case and enable the United States to prepare an appropriate rebuttal.  Therefore, the United States requests an order requiring the defendant to complete all testing, evaluations, and examinations prior to the Rule 12.2 notice deadline.

### B.  Content of Defendant's Guilt-Phase Rule 12.2 Notice

Rule 12.2 differentiates among the requisite procedures following notice, depending on the type of mental health evidence the defendant intends to introduce.  If a defendant provides notice of his intent to assert an insanity defense pursuant to Rule 12.2(a), "the court must, upon the government's motion, order the defendant to be examined under 18 U.S.C. § 4242." Fed. R. Crim. P. 12.2(c)(1)(B).  Conversely, if a defendant provides notice of his intent to introduce other mental

2

health evidence in the guilt- or penalty-phases pursuant to Rule 12.2(b), "the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court." Fed. R. Crim. P. 12.2(c)(1)(B).[2]

Guilt-phase Rule 12.2 notice is relatively straightforward, in that Rule 12.2(a) and (b)(1) do not restrict disclosures in any way. Compare Rule 12.2(b)(2) (discussing procedures for penalty-phase notice). If the defendant provides notice of his intent to present an insanity defense or other evidence of a relevant mental condition during the guilt phase, the Court should require that any notice pursuant to Rule 12.2(a) and (b)(1) include: (1) the name of each mental health expert upon whom the defendant will rely, including those who reviewed records and/or testing results but did not personally examine the defendant; (2) each expert's qualifications; (3) a list of the specific tests administered to the defendant by each expert, including any tests not personally administered by the testifying expert, but upon which the expert will rely; and, (4) a written summary of any anticipated expert witness testimony that describes the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. See Fed. R. Crim. P. 16(b)(1)(C). This information will allow the prosecution team to make informed decisions concerning which experts it will need to retain for rebuttal.

---

[2] The Rule imposes additional restrictions on penalty-phase mental health evidence, providing that the results and reports of any such examinations by government experts must be sealed and not disclosed to any government or defense attorney until after the defendant is found guilty of a capital crime and has confirmed his intention to offer expert evidence on mental condition at the sentencing proceeding. Fed. R. Crim. P. 12.2(c)(2). Further, once the United States has complied with Rule 12.2(c)(2)—i.e., by disclosing the results and reports of its examinations—the defendant is required to make reciprocal disclosures of any reports and results of expert examinations conducted on his behalf about which he intends to offer evidence during the penalty phase. Fed. R. Crim. P. 12.2(c)(3). In short, the Rule 12.2(c) framework is designed to insulate a defendant against the prosecution team's acquisition and use during the guilt-phase of any court-compelled statements made to government experts in preparation for the potential sentencing proceeding.

Within 30 days of the filing of the defendant's guilt-phase Rule 12.2 notice, the defendant should also be required to provide the United States with the results or reports of any mental examination or scientific test or experiment he intends to use in the defense case and the report of any expert who he intends to call to testify. See Fed. R. Crim. P. 16(b)(1)(B). These productions should include the experts' raw data.[3] Thereafter, pursuant to a scheduling order set by the Court, the United States should be required to file any motion for mental health examination of the defendant.[4]

### C. Content of Defendant's Penalty-Phase Rule 12.2 Notice

Although Rule 16 does apply to the penalty phase of a capital case, not all of the reciprocal obligations contained in Rule 16(b) can be fulfilled at the time a defendant files his Rule 12.2(b)(2) notice because of the restrictions on penalty-phase mental health disclosures imposed by Rule 12.2(c)(3). Accordingly, the contents of Rule 12.2(b) notice addressing penalty-phase mental health evidence will differ from Rule 12.2 notice addressing guilt-phase mental health evidence. The United States therefore requests that the Court order that the defendant's Rule 12.2(b)(2) penalty-phase notice include (1) the name of each mental health expert who the defendant will rely upon, including those who reviewed records and/or testing results but did not personally examine the defendant; (2) each expert's qualifications; and (3) a list of the specific tests administered to

---

[3] Raw data includes all medical records upon which the expert relied, any underlying data reviewed and/or relied upon in reaching the expert's opinion, including reports and testing performed by non-testifying experts, any test and examination questions and answers in unredacted form, handwritten or typed notes, and any audio or video recordings or transcripts of interviews with the defendant.

[4] Other deadlines likewise may need to be scheduled related to any request for a government examination of the defendant. However, those deadlines are best determined in conjunction with litigation concerning the United States' requested examination of the defendant.

4

the defendant by each expert, including any tests not personally administered by the testifying expert, but upon which the expert will rely.

Courts have routinely construed Rule 12.2(b) to require <u>meaningful</u> notice to the prosecution team of the defendant's anticipated mental health examinations and evidence – not just perfunctory notice of a defendant's general intent to introduce mental health evidence. Meaningful Rule 12.2(b) notice must "provid[e] the government with an opportunity to conduct the kind of investigation needed to acquire rebuttal testimony." <u>United States v. Johnson</u>, 362 F. Supp. 2d 1043, 1079 (N.D. Iowa 2005) (<u>discussing</u> <u>United States v. Sampson</u>, 335 F. Supp. 2d 166, 242-43 (D. Mass. 2004)). Providing meaningful notice to the prosecution team in advance of trial is critical to the United States' ability to adequately identify, investigate, and, where appropriate, rebut the defendant's claims regarding his mental condition. <u>See</u> <u>Kansas v. Cheever</u>, 571 U.S. 87, 94 (2013) (failing to allow government to present rebuttal psychiatric evidence would "undermine the adversarial process, allowing a defendant to provide the jury, through an expert operating as proxy, with a one-sided and potentially inaccurate view of his mental state at the time of the alleged crime").

Accordingly, the defendant's Rule 12.2(b) notice should include the names and professional qualifications of the defense mental health experts upon whom the defendant may rely at trial. <u>See</u> <u>United States v. Beckford</u>, 962 F. Supp. 748, 763-64 (E.D. Va. 1997); <u>United States v. Taylor</u>, 320 F. Supp. 2d 790, 791 (N.D. Ind. 2004) (referencing prior order requiring defendant to provide identities and qualifications of mental health experts who will testify or whose opinions will be relied upon); <u>Johnson</u>, 362 F. Supp. 2d at 1079-81 (rejecting a government request for notice of defendant's alleged mental health disorders because required disclosure of

her expert's "specific identities, and hence, their qualifications" sufficiently narrowed the scope of conditions they might reasonably diagnose); United States v. McCluskey, No. 10-CR-2734, Doc. No. 219 at 1 (D.N.M. Sept. 9, 2011) (ordering that defendant's Rule 12.2 notice include "the name and professional qualifications of any mental health professional who will testify as an expert and a brief, general summary of the topics to be addressed that is sufficient to permit the Government to determine the area in which its expert must be versed"); United States v. Cramer, No. 1:16-CR-26, Doc. No. 378 at 1 (E.D. Tex. Feb. 21, 2018) (requiring that Rule 12.2 notice "include the names of each expert, types of experts, and the specific tests administered in their examination of Defendants").[5] Indeed, as one district court found, "the right to offer rebuttal testimony . . . would be a hollow one indeed without discovery into the mental condition of an accused."[6] United States v. Fell, 372 F. Supp. 2d 753, 759 (D. Vt. 2005).  See also United States v. Wilson, 493 F. Supp. 2d 348, 355-56 (E.D.N.Y. 2006) (applying reciprocal discovery provisions of Rule 16(b) to penalty-phase mental health evidence).

Adequate notice also requires identification of "the nature of the tests that the defendant's experts have performed or will perform, e.g., the MMPI-2, the WAIS-2, etc., in the course of their evaluations of the defendant." Johnson, 362 F. Supp. 2d at 1080 (citing Sampson, 335 F. Supp. 2d at 242-43).  Requiring this type of information in the defendant's notice is necessary to permit the prosecution team to hire the appropriate expert(s) to respond meaningfully to any mental health

---

[5] Some courts have ordered defendants to produce only the types of experts upon which they would rely in penalty hearing Rule 12.2 notices.  Based upon the cases cited herein and in order to avoid unnecessary delay, the better practice is for defendants to provide meaningful notice and for the Court to require disclosure of the identities of the experts.

[6] The Federal Death Penalty Act permits the United States "to rebut any information received [at the sentencing hearing], and [that it] shall be given a fair opportunity to present argument as to the adequacy of the information to establish the existence of any . . . mitigating factor."  18 U.S.C. § 3593(c).

claims the defense asserts. Thereafter, pursuant to a scheduling order set by the Court, the United States should be required to file any motion seeking examination of the defendant.

## II. THE COURT SHOULD APPROVE THE USE OF FIREWALL COUNSEL

In order to facilitate the goal of full and fair discovery regarding penalty-phase mental health evidence, many courts have adopted procedures for the appointment of government firewall counsel who will receive defense disclosures that may contain information subject to constitutional or other protections. Firewall counsel, typically an Assistant United States Attorney from another district with no connection to the prosecution, is able to receive and review defense disclosures, facilitate the mental health testing and examination of the defendant by government experts, and prepare the government's rebuttal case in the time before the penalty-phase begins, all the while maintaining a strict adherence to the integrity of a firewalled separation from the prosecution team. See Wilson, 493 F. Supp. 2d at 350-60.

The utilization of firewall counsel protects the defendant's rights while enabling the United States to fairly and timely respond to defense mental health evidence. The appointment of government firewall counsel allows an earlier exchange of mental health evidence, avoids unwarranted delays in the sentencing phase of the case, and assures that a defendant is insulated against any potential acquisition and improper use of court-compelled statements by the prosecution team during the guilt-phase of trial. United States v. Williams, 731 F. Supp. 2d 1012, 1026 (D. Haw. 2010); United States v. Umana, No. 3:08-CR134, 2009 WL 2489309, *3-4 (W.D.N.C. Aug. 12, 2009); United States v. Lujan, 530 F. Supp. 2d 1224, 1240 (D.N.M. 2008); Wilson, 493 F. Supp. 2d at 353–57; Johnson, 362 F. Supp. 2d at 1082–84.

In order to facilitate the earlier exchange of penalty-phase mental health evidence, while strictly protecting the defendant's constitutional rights, the United States hereby requests that the Court approve the appointment of an Assistant United States Attorney from another district to serve as government firewall counsel. The United States is prepared to submit the name, address, and capital-litigation experience of proposed firewall counsel for the Court's consideration.

### III.  A BRIEFING SCHEDULE MAY BE NEEDED TO ADDRESS FURTHER RULE 12.2 PROCEDURES

In light of the wide discretion vested in the Court, and the special parameters Rule 12.2 imposes with respect to penalty-phase mental health evidence, specific procedures will need to be implemented to address such evidence, its admission, and its rebuttal. Once this Court has resolved the preliminary issues discussed above (i.e., the content of the defendant's Rule 12.2 notice and the use of firewall counsel), the parties should thereafter be directed to meet and confer, and then submit a joint statement setting forth points of agreement and disagreement related to Rule 12.2 penalty-phase mental health procedures. A briefing schedule could then be set to assist the Court in assessing the relative merits of, among other things, the mechanics and parameters of the United States' examination of the defendant, the appropriate timing of the exchange of penalty-phase mental health discovery, and other post-guilty-verdict procedures.

IV.     **CONCLUSION**

Pursuant to the foregoing, the United States respectfully requests that the Court order defendant Bowers, pursuant to Fed. R. Crim. P. 12.2(a) and (b), to provide meaningful notice to the prosecution team of the defendant's anticipated mental health evidence and approve the appointment of firewall counsel.  A proposed Order is attached.

                                          Respectfully submitted,

                                          STEPHEN R. KAUFMAN
                                          Acting United States Attorney

                                          <u>s/Troy Rivetti</u>
                                          TROY RIVETTI
                                          Assistant United States Attorney
                                          PA ID No. 56816

                                          <u>s/ Soo C. Song</u>
                                          SOO C. SONG
                                          Assistant United States Attorney
                                          DC ID No. 457268

                                          <u>s/Julia Gegenheimer</u>
                                          JULIA GEGENHEIMER
                                          Special Litigation Counsel
                                          Civil Rights Division
                                          NY ID No. 4949475