# IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |  |
|---|---|---|---|
| | ) | | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| vs. | ) | No. | 18-292 |
| | ) | | |
| ROBERT BOWERS | ) | | |
| | ) | | |
| Defendant. | ) | | |

## <u>MEMORANDUM OPINION AND ORDER</u>

The Government has filed a Motion For Court To Order Defendant Bowers To Provide Meaningful Notice Pursuant To Federal Rule Of Criminal Procedure 12.2 And To Approve The Use Of Firewall Counsel. (ECF No. 446) The Defendant has filed a Response to the Motion, to which the Government has filed a Reply. (ECF No. 462, 470). For the reasons set forth below, the Motion is denied as premature.

Rule 12.2 addresses the notice a defendant must provide the government if (s)he intends to rely upon the defense of insanity or to introduce expert testimony of mental disease bearing on the issue guilt or bearing on the issue of punishment in a capital sentencing. Specifically, Rule 12.2 provides, in relevant part:

(a) Notice of an Insanity Defense. A defendant who intends to assert a defense of insanity at the time of the alleged offense must so notify an attorney for the government in writing within the time provided for filing a pretrial motion, or at any later time the court sets, and file a  copy of the notice with the clerk. A defendant who fails to do so cannot rely on an insanity defense. The court may, for good cause, allow the defendant to file the notice late, grant additional trial-preparation time, or make other appropriate orders.

(b) Notice of Expert Evidence of a Mental Condition. If a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of punishment in a capital case, the defendant must – within the time provided for filing a pretrial motion or at any later time the court sets – notify an attorney for the government

1

in writing of this intention and file a copy of the notice with the clerk. The court may, for good cause, allow the defendant to file the notice late, grant the parties additional trial-preparation time, or may other appropriate orders.

(c) Mental Examination.

(1) Authority to Order an Examination; Procedures.

…

(B) If the defendant provides notice under Rule 12.2(a), the court must, upon the government's motion, order the defendant to be examined under 18 U.S.C. 4242. If the defendant provides notice under Rule 12.2(b) the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court.

(2) Disclosing Results and Reports of Capital Sentencing Examination. The results and reports of any examination conducted solely under Rule 12.2(c)(1) after notice under Rule 12.2(b)(2) must be sealed and must not be disclosed to any attorney for the government or the defendant unless the defendant is found guilty of one or more capital crimes and the defendant confirms an intent to offer during sentencing proceedings expert evidence on mental condition.

(3) Disclosing Results and Reports of the Defendant's Expert Examination. After disclosure under Rule 12.2(c)(2) of the results and reports of the government's examination, the defendant must disclose to the government the results of any examination on mental condition conducted by the defendant's expert about which the defendant intends to introduce expert evidence.

…

Fed. R. Crim. Pro. 12.2. As the Government recognizes, "Rule 12.2 does not dictate the contents of what must be in the notice…." (ECF 470, p. 7)

Federal Rule of Criminal Procedure 16(b)(1) also addresses a defendant's duty to disclose information regarding those experts whom it expects to use in a capital sentencing proceeding to speak to issues of mental condition:

(C) Expert witnesses. – The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial if –

…

(ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.

This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

…

Fed. R. Crim. P. 16(b)(1).

The Government asks the Court to read Rule 12.2 and Rule 16(b)(1) together, and enter an Order requiring that any Rule 12.2 notice pertaining to the guilt phase include: (1) the name of each mental health expert upon whom the Defendant will rely, including those who reviewed records and/or testing results but did not personally examine the Defendant; (2) each expert's qualifications; (3) a list of the specific tests administered to the Defendant by each expert, including any tests not personally administered by the testifying expert, but upon which the expert will rely; and, (4) a written summary of any anticipated expert witness testimony that describes the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. (ECF 446, p. 3) The Government further requests that, 30 days following the provision of notice, the Defendant be required to provide the results or reports of any mental examination or scientific test or experiment he intends to use in his case and the report of any expert he intends to call. *Id.*, p. 4. With respect to the Rule 12.2 notice regarding the penalty phase, the Government again requests that the Defendant's notice include: (1) the name of each mental health expert upon whom the Defendant will rely, including those who have reviewed records and / or testing results but did not personally examine him; (2) each expert's qualifications; (3) a list of the specific tests administered to the Defendant by each expert, including any tests not personally administered by the testifying expert, but upon which the expert will rely. *Id.*, p. 4-5. The Government further invites the Court to appoint firewall counsel in connection with the penalty phase mental health evidence to allow for the earlier exchange of mental health

evidence.

The parties and the Court have visited this issue multiple times, with the Government repeatedly advocating the need for establishing deadlines to move the case forward and the Defendant responding that information gathering has been curtailed in light of the COVID-19 pandemic. As of today, the Defendant has not proffered notice under subsection (a) of an intent to assert an insanity defense or under subsection (b) of an intent to offer expert evidence relating to a mental disease or condition bearing on the issue of guilt of punishment. The time for filing pretrial motions has not yet expired. The Court appreciates the Government's position that addressing this issue now, after the delays caused by the pandemic, would help to advance the mental health aspects of this case. Nevertheless, this case has progressed on many other fronts during the past year. This case would not be in a trial-ready position but for Rule 12.2 notice.

This Court retains wide discretion in setting a deadline for providing Rule 12.2 notice. Should deadlines for such notice be set closer to a trial date, this Court may be inclined to agree with the Government that the content of the notice must be more robust in order to proceed expeditiously. In contrast, should the notice deadline be set well in advance of a trial date, then the additional information the Government requests be included may be unnecessary.

In any event, the pending Motion is premature.[1] The Defendant 's ability to

---

[1] I recognize the merit behind appointing firewall counsel in order to facilitate the Government's examination for purposes of rebuttal evidence for use in the penalty phase of capital cases. *See United States v. Watts*, Crim. No. 14-40063, 2016 WL 7337986, at * 1 (S.D. Ill. Dec. 19, 2016) (observing that Rule 12.2 permits the government to conduct the mental health examinations of the defendant it needs to rebut the defendant's mental condition mitigation evidence prior to the commencement of the guilt phase of trial in order to avoid unnecessarily delaying the penalty phase). However, given the Defendant's objection and the absence of Rule 12.2 notice, I decline to appoint firewall counsel at this juncture.

proceed with discovery relevant to a Rule 12.2 notice has been impacted by the nationwide lockdown caused by the pandemic. This Court expects that, as some restrictions begin to lift, the Defendant will be able to proceed with his investigation. A conference is scheduled for July 12, 2021. The Court anticipates that the Defendant will be better positioned to inform the Court as to the progress made on this front. At this juncture, defining the content of Rule 12.2 notice and the appointment of firewall counsel is unnecessary.

Date: May 24, 2021

BY THE COURT:

Donetta W. Ambrose
United States Senior District Judge

5