# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) |
| --- | --- |
| | ) |
| v. | ) CR 18-292 |
| | ) |
| ROBERT BOWERS | ) |
| | ) |

## MEMORANDUM ORDER

The Defendant has filed two Motions requesting *Daubert* hearings: (1) a Motion To Exclude DNA Evidence, And Request For *Daubert* Hearing And For Discovery In Support Of Motion (ECF 405), and (2) a Motion To Exclude Firearm Toolmark Evidence, And Request For *Daubert* Hearing And For Discovery In Support Of Motion (ECF 410). Having reviewed the submissions, the Government's responses thereto, and the Defendant's replies, the Motions are denied as premature.

In so ruling, I note that this Court did not *sua sponte* "invite" the Defendant to file the pending Motions. Rather, during the Status Conference held on November 2, 2020, the Court solicited the parties' positions regarding mental health investigations. (ECF 370, p. 3). In response, Defense counsel initiated discussions related to the DNA and firearm toolmark evidence, indicating that the Defendant intended to file *Daubert* motions challenging such evidence. In support of the anticipated motions, counsel requested that the Court order the Government to disclose the case litigation packets or the lab reports or lab packets for the forensic evidence. (ECF 370, p. 4-5). The Government noted that the Defendant had twice requested the same information and had twice been denied.[1] Declining to address the Defendant's request informally during a Status Conference, the Court explained that it would "prefer" that the issue be

---

[1] In December of 2019, the Defendant filed a Motion to Compel seeking the same materials. (ECF 154). That request was denied insofar as it related to the items at issue. (ECF 202). Four months later, the Defendant filed a Motion for Reconsideration. (ECF 244). Again, the Court denied the Motion, stating that "[t]he dates for expert disclosure will be set by this Court well in advance of trial and at a time when a trial date is more certain." (ECF 278).

1

raised via a motion. (ECF 370, p. 7-8).[2]

Granting the Defendant's request at this juncture would be disruptive and a waste of judicial resources. This Court has not yet ordered the disclosure of expert reports. It appears that the Government has not yet selected its experts or identified the particular DNA evidence or firearm toolmark evidence it intends to utilize at trial. (ECF 422, p. 2). Depending on the Government's decisions, and/or the Defendant's trial strategy, these Motions may ultimately be moot. Further, although styled as "Daubert" motions, the motions are preliminary and would have to be supplemented after identification of experts. This Court recognizes the degree to which COVID-19 has impacted the parties' ability to move forward on certain fronts and appreciates the Defendant's efforts to make progress where it feels able, but that effort should not result in forcing only the Government's hand with respect to its experts.

Consequently, the Motions are DENIED without prejudice. This Court will set a deadline for expert disclosures well in advance of trial. The Court makes no ruling on the merits of the Defendant's *Daubert* challenges to the DNA or toolmark evidence, and the Defendant may renew those arguments and request a hearing at the appropriate time.

Date: June 28, 2021

By the Court:

_Donetta F. Ambrose_
Donetta W. Ambrose
Senior U.S. District Judge

---

[2] The Court stated:
I don't know what you are planning to do, Ms. Long, but I would really prefer that you file some sort of motion on this. You know, who knows what is going on? We know now that we are going to be doing one criminal trial at a time in the court, and that isn't even going to be able to begin until at least March because of the questionnaires that go out, and so it's very hard to envision what's happening in the future right now, at least my perspective. But I see your point and I see the government's point as well that they do experience some COVID-related issues with Quantico, so I'm not even sure what your motion would be, but maybe it would be to compel the government to provide case litigation packets in assistance in filing Daubert motions or whatever, but let's get it all down so that there's -- not that this isn't on the record because it is, but there's a better record of exactly what is happening.
(ECF 370, p. 7-8). The Court later noted that it was going to "wait and see what the defense files in terms of the *Daubert* motions…" (ECF 370, p. 19). In accordance with Chambers' practice regarding memorializing parties' representations during conferences of "next steps," the Minute Entry filed in connection with the Status Conference indicates that the Defendant would file "motion related to *Daubert* issues." (ECF 341).