**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | CR 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |
| | ) | |

**MEMORANDUM ORDER**

Defendant has filed a Motion to Suppress Evidence Seized During Search of Records

from Medical Records Facilities Identified as Target Location 1 and Target Location 2 (Motion

to Suppress No. 14). [301 (Redacted Motion), 307 (Sealed Motion)]. The Government has filed

a Response [349 (Redacted Response); 357 (Sealed Response)]. Defendant has replied, and the

Government has filed a sur-reply. [383 (Redacted Reply), 395 (Sealed Reply), 401 (Sur-reply)].

By way of brief background, the Affidavit in support of the warrant, filed on February 10,

2020, indicates that agents found two medical certificates, dated 2015 and 2017, each bearing the

name and signature of a physician.[1] The Affiant, via telephone call with Concentra, confirmed

that Defendant was a patient of the two physicians and that Concentra retained records that

physicians review prior to issuing such certificates. The Affidavit states that there was probable

cause to believe that Defendant committed the crimes identified in the Affidavit; that the

Government will be required to prove that Defendant acted intentionally and/or willfully; that

Defendant's "mental health will be at issue in this prosecution at both the guilt and penalty

phases…"; and that there was probable cause to believe that Concentra had records that were

"relevant and probative of the defendant's mental health." The consequent warrant incorporated

by reference Attachment A, which identified Concentra's medical records facility, and

Attachment B, which identified the records to be seized: those related to Defendant's 2015 and

---

[1] The Affidavit and warrant are attached to Defendant's Sealed Motion [307] as Exhibit 1.

1

2017 medical examinations "in accordance with the Department of Transportation Commercial Driver's License Application and Certification."

Defendant contends that the Affidavit failed to establish probable cause, and that the warrant lacked particularity such that it was an illegal general warrant.[2] For present purposes, I will assume without deciding that Defendant had a reasonable expectation of privacy in the subject records, and that the warrant was not supported by probable cause.

Pursuant to the good faith exception to the exclusionary rule, suppression is unwarranted when an officer's reliance on a warrant is objectively reasonable. United States v. Morrison, No. 15-306, 2017 U.S. Dist. LEXIS 11912, at *25 (E.D. Pa. Jan. 27, 2017); see also United States v. Caesar, No. 19-3961, 2021 U.S. App. LEXIS 18692, at **15-17 (3d Cir. June 23, 2021). The goal of the exclusionary rule is to deter Fourth Amendment violations; in the case of good faith as contemplated by the exception, deterrence does not justify suppression.  See, e.g., United States v. Werdene, 883 F.3d 204, 215 (3d Cir. 2018); United States v. Katzin, 769 F. 3d 163, 171 (3d Cir. 2013). "'[A] warrant issued by a magistrate normally suffices to establish' that a law enforcement officer has 'acted in good faith in conducting the search.'"  Werdene, 883 F.3d at 217 (quoting United States v. Leon, 468 U.S. 897, 922, 104 S.Ct. 3405, 82 L. Ed. 2d 677)). Consistent with this proposition, the central inquiry is whether a reasonably well-trained officer would have known that the warrant was illegal, despite the fact that it was authorized by a magistrate.  Morrison, 2017 U.S. Dist. LEXIS 11912 at *25.  Pertinent here, the good faith exception does not apply when the affidavit was so deficient as to render belief in probable cause unreasonable or when the warrant was so facially deficient in particularity that reliance thereon

---

[2] Defendant also contends that if probable cause existed as to the 2017 records, it was based on evidence illegally seized during a search of Defendant's residence. The Court has denied Defendant's challenges related to the searches of his residence, and thus rejects the present argument based on their illegality.

was unreasonable. U.S. v. American Investors of Pittsburgh, Inc., 879 F.2d 1087, 1106-07 (3d Cir. 1989).

The case at bar does not present any circumstance that warrants suppression. Although the Court harbors doubts about the warrant's support,[3] the Affidavit was not so lacking in indicia of probable cause as to make belief in its existence objectively unreasonable. In addition, the warrant was not so facially deficient in terms of particularity as to preclude good faith reliance thereon. A warrant that lacks particularity -- one that "vest[s] the executing officers with unbridled discretion to conduct an exploratory rummaging through appellees' papers in search of criminal evidence" – is subject to invalidation as a general warrant. United States v. Christine, 687 F.2d 749, 753 (3d Cir. 1982). To meet particularity standards, a warrant need not specify the crime under investigation. United States v. Kofsky, No. 06-392, 2007 U.S. Dist. LEXIS 64161, at *44 (E.D. Pa. Aug. 28, 2007). Here, the warrant incorporated by reference Attachment B, which specified records related to Defendant's 2015 and 2017 medical examinations in accordance with the Department of Transportation Commercial Driver's License Application and Certification. [307, Ex. 1]. The warrant was sufficiently limited in scope, and did not allow unbridled discretion or exploratory rummaging. In sum, even assuming underlying defects, a reasonably well-trained officer would not have known that the warrant lacked probable cause or was illegal.

---

[3] Despite the multitude of crimes that require the state to prove intentional conduct, there is a dearth of case law finding probable cause to search and seize medical records based on the possibility that they contain evidence relating to the ability to form intent. While I need not fully explore this issue, I note concerns about the suggestion that probable cause to search an accused's mental health history exists because the crime charged requires a mens rea.

AND NOW, this 8th day of July, 2021, Defendant's Motion to Suppress Evidence Seized During Search of Records from Medical Records Facilities Identified as Target Location 1 and Target Location 2 (Motion to Suppress No. 14) [301, 307] is DENIED.

BY THE COURT:

_Donetta F. Ambrose_

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court