IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 2:18-CR-00292-DWA |
| ) | |
| vs. ) | |
| ) | |
| ROBERT BOWERS, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, United States Senior District Judge

## MEMORANDUM ORDER OF COURT
## RE: MOTION TO SUPPRESS NO. 8

The Defendant filed a Motion to Suppress Evidence of Forensic Test - Motion to Suppress No. 8. (ECF No. 295, sealed at No. 310). Specifically, the Defendant seeks to suppress evidence of any Gun Shot Residue ("GSR") test. The Government filed a Response in Opposition thereto. (ECF No. 342/356). The issue is now ripe for review.

As set forth by Defendant, on October 27, 2018, the Government apprehended the Defendant "after he had killed and wounded multiple individuals at the Tree of Life Synagogue in Pittsburgh." (ECF No. 295/310, p. 1). The Defendant was also shot and wounded. *Id.* At 11:49 a.m., the Defendant was transported to the hospital. *Id.* At 1:03 p.m., a detective informed the Defendant that he would administer a GSR test. *Id.* The Defendant asked if he could refuse the test and the detective told the Defendant he could not refuse. *Id.* The detective then administered the GSR test. *Id.* The Defendant now moves to suppress the evidence obtained from that GSR test. (ECF No. 295/310).

The Defendant asserts that the GSR test was a warrantless search and that no "exigent circumstances" existed to justify a warrantless search. (ECF No. 295/310). To that end, the Defendant contends that the detective could not have "reasonably believed" he needed to act to prevent the destruction of evidence because the Defendant "was in custody, under continuous

surveillance, in cuffs, unable to move his hands or arms, and without ability to destroy any GSR evidence. *Id.* In response, the Government contends that the exigent circumstances exception to the warrant search requirement is irrelevant because "the administration of a gunshot residue test is a search incident to arrest." (ECF No. 342/356). As such, the Government argues that the GSR evidence was obtained pursuant to a valid search and suppression is not appropriate. *Id.* After a review, I agree with the Government.

"[A] search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment." *United States v. Robinson*, 414 U.S. 218, 224 (1973). "'[I]t is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction." *Id.* at 226 (*quoting Chimel v. California*, 395 U.S. 752, 762-63 (1969)). "It is the fact of the lawful arrest which establishes the authority to search…." *Id.* at 235. "[I]n the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment." *Id.*

GSR tests following an arrest have been considered to be lawful searches incident to a lawful arrest. *See United States v. Simmons,* 380 F. App'x 323, 330 (4th Cir. 2010) (GSR test was a lawful "very limited search" incident to arrest); *United States v. Johnson,* 445 F.3d 793, 795-96 (5th Cir. 2006) ("Because the presence of gun powder on his hands was relevant evidence that [the defendant] (or merely time) could have eventually removed or destroyed, if his arrest was valid, the performance of the gun powder residue test was lawful, and the admission of the results at trial was proper."); *United States v. Allen,* 358 F. App'x 697, 699 (7th Cir. 2009). The Defendant makes no effort to cite or even distinguish such cases. *See* ECF No. 295.

Moreover, I am not persuaded by the Defendant's argument that he was without the ability to destroy any GSR evidence. Such is not necessarily the case. *See United States v. Shakir,* 616 F.3d 315, 320-21 (3d Cir. 2010) (holding a search is permissible, even when a defendant is handcuffed); *Roberts v. Twp. of Upper Darby,* No. 2:20-CV-190, 2012 WL 5928993, at *7 (E.D.

Pa. Nov. 26, 2012), *aff'd,* 550 F. App'x 90 (3d Cir. 2014).  Although the Defendant was under surveillance and in cuffs, gunshot residue is delicate by nature and the Defendant could have rubbed his hands on anything or the gunshot residue could have dissipated with the mere passage of time causing the destruction of the evidence. *See Allen,* 358 F. App'x at 699 ("[T]he delicate nature of the gunshot residue required law enforcement to administer the test quickly before the evidence could be wiped off or destroyed."); *United States v. Johnson,* 445 F.3d 793, 796 (5th Cir. 2006) (gun powder residue could be destroyed or removed by the mere passage of time).  Thus, under the circumstances of this case, I find the administration of the GSR test was a valid search incident to the Defendant's arrest.  Consequently, suppression of such evidence is not warranted.

      THEREFORE, this 8th day of July, 2021, the Defendant's Motion to Suppress No. 8 (ECF No. 295, sealed at No. 310) is denied.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge