IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.              ) | Criminal No. 18-292 |
| ) | |
| ROBERT BOWERS ) | |

**MOTION TO MODIFY CONDITIONS OF PHYSICAL EVIDENCE REVIEW TO PROTECT DEFENSE WORK PRODUCT**

The defendant, Robert Bowers, through counsel, hereby moves this Court to modify the conditions of the physical evidence review to ensure a full, fair, and independent review of the physical evidence as requested below.

## Background

1. During the telephonic status conference on July 12, 2021, the government asked the court to direct the parties to arrange a mutual time to conclude the physical evidence review. (Status Conf. Tr., 7/12/21, at 14.) Defense counsel advised that production of the case litigation packets would greatly assist the process. (*Id.* at 15.) However, that same day, the Court filed an Order directing that

> the parties meet and confer regarding a date(s) for completion of physical evidence review. Such review shall not be predicated upon the exchange of case litigation packets. The Court expects that such review will be done by the end of September.

(ECF 508.)

1

2. The prosecution team has since offered available dates, and defense counsel have tentatively confirmed mid-September dates.[1] Defense counsel asked the prosecutors to reconsider their previous position and permit the defense to bring one camera to take photographs, to exclude prosecutors during the review, and to instruct law enforcement present during the review to not discuss any of their observations of the defense team with the prosecutors.[2] The prosecution recently relented and agreed to permit the defense to bring a camera to the second-round review to photograph items of evidence, including the packaging and "green sheets" (containing information regarding seizure and chain of custody). However, concerns about confidentiality of the evidence review remain.

---

[1] On July 12, 2021, when the Court directed that the physical evidence review be completed by the end of September, it appeared that individuals could safely gather indoors. However, two weeks later, the Centers for Disease Control (CDC) released updated guidance recommending everyone in areas of substantial or high transmission (Allegheny County is such an area) to wear a mask in public indoor spaces, even if fully vaccinated. This guidance was issued due to concerning developments in transmission of the Delta variant, and newly emerging data. By August 6, 2021, the CDC warned that the Delta variant is nearly twice as contagious as previous variants, might cause more severe illness than previous strains in unvaccinated persons, and fully vaccinated persons with Delta variant infections can spread the virus to others. *See* https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html.

Given this recent uptick in COVID-19 infections, including among those who have been fully vaccinated, and warnings to individuals in higher risk categories, defense counsel will continue to assess the viability of an in-person physical evidence review in mid-September.

[2] Defense counsel are in the process of reviewing the status of the items not previously reviewed, assessing necessary follow up from the first round of review, and determining which members of the defense team should be present for this review.

3. During the first-round review, the government imposed stringent conditions on the defense, including:

- limiting the defense to the use of a single laptop;

- requiring that the single laptop's audio and video recording capacity be disabled;

- requiring inspection of the laptop by the FBI to confirm that it had no audio or video recording capacity;

- insisting on clearance checks by the FBI of defense team members, including staff of the Federal Public Defender and CJA appointed counsel;

- requiring each defense team member to produce their date of birth and driver's license information in advance of the review;

- producing only one item of evidence at a time (rather than placing groups of items on tables so different members of the defense team could review them at the same time);[3]

- prohibiting any cameras;

- prohibiting any cell phones.

4. Over objection, two of the prosecutors in this case remained in the room during the entire review and took notes. The FBI agents were also armed with firearms visible to counsel.

5. The various limitations imposed by the government impeded the review and necessitated several follow up requests by the defense. The prosecution declined to

---

[3] In an effort to speed up what would otherwise be a very time-consuming process given the prosecution's insistence on producing only one item at a time, defense counsel reluctantly provided a list of 1B numbers (evidence labeling) in order of priority to the prosecutors.

produce some 19 additional photographs of items inspected. The prosecution also declined a request for advance production of "green sheet packets" of the remaining items.

6.  The vast majority of the items not yet reviewed are packets of bullets and number of DNA-related items. With regard to these items, defense counsel advised the government back in February 2020 that "it is far more efficient to look at these remaining items after we're able to make a better sense of the source of many of these items, identified items we may want to see a second time, and after we've been able to get answers to some lingering questions. Having copies of the 'green sheet packets' for the remaining items will also make the review of these items much more meaningful, efficient and effective." (ECF 211-1.)

7.  Defense counsel sought Court assistance in obtaining case litigation packets, and other information relevant not only to potential challenges under *Daubert* but also to an efficient review of the remaining items of physical evidence, which are mostly ballistics, and DNA related. The government objected on the grounds the defense requests were premature, and the Court agreed. (ECF 485.)[4]

---

[4] At the point the relevant discovery is provided, the defense will need certain ballistics and DNA related items again made available and/or delivered to one or more defense-retained laboratories for independent expert inspection and review. *See* American Bar Association, *Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases*, 31 Hofstra Law Review 913 (2003) ("With respect to the guilt/innocence phase, defense counsel must independently investigate the circumstances of the crime and all evidence--whether testimonial, forensic, or otherwise--purporting to inculpate the client. To assume the accuracy of whatever information the client may initially offer, or the prosecutor may choose or be compelled to disclose is to render

**Request to Protect the Confidentiality of the Defense Evidence Review**

8. To protect defense work product, and the ability of defense counsel to communicate with one another confidentially, defense counsel ask the Court to prohibit the prosecution attorneys from being present in the room with defense counsel during the review, and to direct the law enforcement supervising the review to not discuss any information obtained from observing the defense review with the prosecution attorneys. *See Hickman v. Taylor*, 329 U.S. at 510–11 ("In performing his various duties ... it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel."). Though the prosecutors have advised that it is their "established practice for every physical evidence review" to be present in the room during evidence reviews, it is the collective experience of the Federal Public Defender, as well as CJA appointed counsel, that prosecution counsel are **not** present for every physical evidence review, indeed, they are not present for many reviews or are present only at the beginning and leave once the review is underway. Moreover, it is the collective experience of the Federal Public Defender and CJA counsel that, at most, prosecutors are in a separate area from the defense and do not observe (and certainly do not take notes of) the defense review.

9. The most effective way of restricting access to the defense review would be to employ the use of agents unrelated to the prosecution of this case. *See United States v.*

---

ineffective assistance of counsel.") Expert review has not yet occurred for any items of the physical evidence.

*DeLeon*, 428 F. Supp. 3d 716, 772-773 (D.N.M. 2019) (allowing defense to handle physical evidence and directing United States to provide a custodian who is not a member of the prosecution team to supervise).

10. Members of the defense team are entitled to a robust discussion and examination, where they can talk, look at items, and work outside of the presence of the prosecution. *See United States v. DeLeon*, 2017 WL 2271427, *58 (D. N.M. Mar. 8, 2017) (granting motion to exclude the prosecution team); *id*. ("The Defendants are owed as robust of an opportunity to gather work product as possible consistent with security needs, and the United States' presence is likely to unnecessarily put pressure on that product and create an environment and atmosphere that does not facilitate work product development.").

11. To protect potential work product, to the extent that providing 1B numbers in advance of the review will assist the agents supervising the review, the defense asks that it be permitted to provide that information directly to supervising agents, who will be directed to have no contact with the prosecution team regarding the evidence review.

## CONCLUSION

Mr. Bowers respectfully requests that this Court order that (1) members of the prosecution team are excluded from the reviewing room during the evidence review by members of the defense team, (2) law enforcement agents facilitating the review of the physical items may not be members of the prosecution team, and (3) law enforcement agents facilitating the review are prohibited from sharing the prosecution team their

observations of the defense review of the evidence, the items reviewed, and any overheard conversations among members of the defense team.

                              Respectfully submitted,

                              */s/ Judy Clarke*
                              Judy Clarke
                              Clarke Johnston Thorp & Rice, PC

                              */s/ Michael J. Novara*
                              Michael J. Novara
                              First Assistant Federal Public Defender

                              */s/ Elisa A. Long*
                              Elisa A. Long
                              Supervisory Assistant Federal Public Defender