IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 18-292 |
| ROBERT BOWERS | |

**UNITED STATES' OPPOSITION TO DEFENSE NOTICE OF WAIVER OF APPEARANCE AT SCHEDULED SUPPRESSION HEARING AND REQUEST FOR A COLLOQUY REGARDING PHYSICAL EVIDENCE REVIEW**

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, Troy Rivetti and Soo C. Song, Assistant United States Attorneys for said district, and Julia Gegenheimer, Special Litigation Counsel, Civil Rights Division, and hereby opposes the defense Notice of Waiver of Appearance at Scheduled Suppression Hearing (Doc. No. 606) and further requests that the Court conduct a colloquy of defendant Robert Bowers regarding the review of physical evidence in this case.

The United States opposes defense counsel's attempt to waive the defendant's appearance at the suppression hearing by written notice. In this nearly three-year-old capital prosecution, the defendant has <u>not once</u> appeared in person or by video before this Court. The government further requests that this Court conduct a colloquy of defendant Bowers to ensure that he is knowingly and voluntarily discontinuing the physical evidence review in this case.

**PROCEDURAL HISTORY**

Defense counsel filed written notice waiving their client's appearance at the suppression hearing one week before the October 12-13, 2021, hearing. Doc. No. 606. Despite much discussion of and litigation related to the hearing, this notice is the first indication that defendant Bowers may not appear at the upcoming suppression hearing.

Indeed, this Court had previously made clear that it expected defendant Bowers's presence at the hearing. At the July 12, 2021, status conference, when discussing the suppression hearing, the Court stated, "And I will say this to the defense: I am not comfortable—and I don't know what your plan is, but probably <u>I'm not comfortable with Mr. Bowers waiving appearance for that</u>." Doc. No. 519 at 6 (Transcript of July 12, 2021, Status Conference) (emphasis added). Defense counsel assented. <u>Id.</u> ("We understand, Your Honor. Thank you."). At a more recent status conference on September 21, 2021, the Court expressed that, should it agree with the government's request for a colloquy of the defendant—that would, of course, require the defendant's presence— "[t]hat is something that could be accomplished during the time set aside" for the suppression hearing. Transcript of September 21, 2021, Status Conference, at 9 ("Again, I don't think that that's something we could not accomplish, if necessary, during those days in October."). Defense counsel again made no comment or indication that the defendant would not, in fact, be present.

The upcoming suppression hearing is scheduled to occur against the backdrop of longstanding discussions between the parties (and, now, the Court) over the defense review of physical evidence in this case. <u>See</u> Doc. No. 548 (overview of attempts to schedule and conduct review, beginning on December 2018). The government extensively prepared and staged evidence for a scheduled defense review at the FBI Pittsburgh office on February 25, 26, and 27, 2020. After one day of inspection, the defense team informed the United States that they would not continue the review. Then, following the government's attempts for over one year to reschedule the review, both through discussion between the parties and by litigation before this Court, the government urged the Court to direct the parties to arrange a time to conclude the physical evidence review. <u>See</u> Doc. No. 519 at 14 (Transcript of July 12, 2021, Status Conference).

On July 12, 2021, this Court issued an order on the evidence review. The Court's Order

stated that it "expect[ed] that such review will be done by the end of September." Doc. No. 508. The parties then scheduled the physical evidence review to be completed over the course of two days, on September 13 and 14, 2021. But the defense again moved to delay that review, filing a motion to direct the prosecution to reschedule it to November 2021 and reiterating concerns related to COVID-19. Doc. No. 552. This Court denied the defense request to reschedule the September 13-14 evidence review, but ordered that the review take place under certain conditions to mitigate any possible COVID-19 exposure. Doc. No. 560. Read in tandem, the Court's clear expectation that the review would conclude by September 30, 2021, along with its denial of defense efforts to delay the review until November, confirmed that the defense review should occur in September 2021 or not at all.

> On September 10, 2021, the defense sent a letter to the United States, in which they stated,
>
> Your opposition to our request to postpone the review until November, and Judge Ambrose's apparent reliance on your opposition in denying our motion, has forced us to choose between Mr. Bowers' right to have counsel inspect the physical evidence at this time and our own and our families' health and safety. We felt compelled to choose the latter.

Doc. No. 564-1. Despite acknowledging that this Court had denied the defense request to delay the evidence review, the letter sought to place "the ultimate decision regarding access to the evidence" with the government, again proposing completion of the review at a later date. Id.

At a status conference on September 21, 2021, the United States noted that the defense letter "appeare[d] to set up some sort of dichotomy in terms of the defendant's right to review the evidence and their desire to protect their own health." Transcript of September 21, 2021, Status Conference, at 8. The government further expressed concern "that the defendant in the future could allege that he had no idea that his counsel had taken this position and that he, in a case of this magnitude and this serious, does not think that his best interests were being vindicated." Id.

3

The Court agreed that the defense letter presented such a dichotomy, "[p]erhaps dramatically." Id. at 9. When the government requested a colloquy of the defendant on this point, the Court suggested formal presentation of the issue. See id. The Court indicated that it may hold a status conference immediately after the October 12-13, 2021, suppression hearing, id. at 7, and that resolution of this issue could be accomplished at that time, id. at 9. Defense counsel did not object to a post-hearing conference; nor did they indicate that the defendant would not attend the suppression hearing or status conference.

## ARGUMENT

Because the defendant has never appeared before this Court,[1] the United States opposes defense counsel's waiver of their client's appearance at the upcoming court dates. See Doc. No. 606 (defense notice of waiver). Although Federal Rule of Criminal Procedure 43 does not specifically demand a defendant's appearance at a pretrial suppression hearing, the government shares this Court's stated discomfort with defendant Bowers waiving his appearance. See Doc. No. 519 at 6. As a matter of practice in the Western District of Pennsylvania, it is exceptionally unusual that a defendant would not be present in court for a suppression hearing. Furthermore, for a hearing that will involve not just legal argument but also testimony from witnesses who may later testify at trial, it is important (as with the waiver of the physical evidence review, discussed below), for the Court to confirm with the defendant himself that his waiver of his presence is knowing and voluntary. It is important to make a clear record of the defendant's own understanding as appellate litigation could well arise from the defendant's absence from the suppression hearing. Moreover, this Court very well may determine that it is imperative, at this

---

[1] Defendant Bowers has only appeared in court in this case upon his initial appearance on the Complaint (October 29, 2018), and at his arraignments on the original Indictment (November 1, 2018) and the Superseding Indictment (February 11, 2019). See Doc. Nos. 6, 13 and 46. These appearances were all before the magistrate judge.

4

late stage in the prosecution, for the defendant himself to be present for the suppression hearing, notwithstanding his decision to waive his presence.

Over the course of nearly three years, defendant Bowers, through counsel, has waived every single appearance before this Court. He likewise, through counsel, has made ongoing waivers of his right to a Speedy Trial. The upcoming suppression hearing and ensuing status conference present a well-timed and appropriate juncture for the Court to require his appearance.

Defendant Bowers's appearance in court is particularly warranted given the status of the physical evidence review and the government's request that this Court colloquy the defendant on his understanding, and potential waiver, of the right to inspect physical evidence in this case. Federal Rule of Criminal Procedure 16 provides that, "[u]pon a defendant's request, the government <u>must</u> permit the defendant to inspect and to copy or photograph" discovery in his case, including "tangible objects" or portions thereof. Fed. R. Crim. P. 16(a)(1)(E) (emphasis added). Although a defendant is not compelled to examine this discovery, the Rule makes clear that it is his right to do so. The Rule does not require the government to produce discovery for inspection at any moment, on however many occasions, and under any and all conditions a defendant desires. <u>See</u> <u>United States v. Hofstetter</u>, No. 3:15-CR-27-TAV-DCP, 2019 WL 3997913, at *4 (E.D. Tenn. Aug. 23, 2019) ("The right to inspect evidence pursuant to Rule 16(a)(1)(E) does not permit a defendant to view the evidence free from reasonable restriction.").

This right to inspect evidence is presumptively waivable. Just as a defendant can "knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution," <u>United States v. Mezzanatto</u>, 513 U.S. 196, 201 (1995), so too can he waive those created by statute or Rule, <u>see</u> <u>United States v. Grimes</u>, 739 F.3d 125, 128 (3d Cir. 2014). There are, of course, some rights established under the Federal Rules of Criminal Procedure that a

5

defendant may not waive, or that he may waive only under limited circumstances. For instance, the Supreme Court has held that Rule 43, requiring a defendant's presence at certain stages of criminal proceedings, may only be waived in limited circumstances in non-capital cases. Fed. R. Crim. P. 43; see Crosby v. United States, 506 U.S. 255, 258-60 (1993); see also Smith v. United States, 360 U.S. 1, 9 (1959). But no court has held that rights under Rule 16 cannot be waived. Indeed, the very language of Rule 16 suggests that a defendant's right to review discovery is a waivable one. See Fed. R. Crim. P. 16(a)(1) (requiring disclosures only "[u]pon a defendant's request"); cf. Mezzanatto, 513 U.S. at 201-02 (suggesting that where a Rule is silent as to waiver, rights are presumptively waivable).

Thus, the fact remains that Rule 16 can be said to confer a right to inspect (and copy or photograph) certain pieces of discovery, including physical evidence. While not mandatory, this right accrues upon a defendant's request. Here, in response to a defense request and in compliance with Rule 16, the United States made the physical evidence available for review. It facilitated such review and, based on defense representations that they desired to review all the physical evidence, endeavored to ensure the review was completed. Defense counsel's decision to cancel the review—and to portray that decision as pitting their own self-interests against their client's "right to have counsel inspect the physical evidence"—suggests, though ambiguously so, a waiver of the defendant's rights under Rule 16.[2]

Particularly in a capital case of this magnitude, this Court should require defendant Bowers to be present for the suppression hearing. In addition, it is important that the Court have confidence that the defendant comprehends the rights he is waiving through counsel (i.e., his right to a Speedy

---

[2] It is important to note that the United States does not construe any potential waiver of a Rule 16 right to inspect physical evidence as a waiver of the government's obligations under Brady v. Maryland, 373 U.S. 83 (1963), or Giglio v. United States, 405 U.S. 150, 154 (1972). The government will continue to abide by its obligations under both Brady and Giglio.

Trial, and his right to inspect the physical evidence), that he is aware of the consequences of those waivers, and that his waivers are knowing and voluntary. The government therefore requests that this Court conduct a colloquy of defendant Bowers so that the knowing and voluntary nature of these waivers are clear on the record.

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney

s/Troy Rivetti
TROY RIVETTI
Assistant U.S. Attorney
PA ID No. 56816

s/Soo C. Song
SOO C. SONG
Assistant U.S. Attorney
DC ID No. 457268

s/Julia Gegenheimer
JULIA GEGENHEIMER
Special Litigation Counsel
Civil Rights Division
NY ID No. 4949475