IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**REPLY TO UNITED STATES' OPPOSITION TO DEFENSE NOTICE OF WAIVER OF APPEARANCE AT SUPPRESSION HEARING (ECF 608)**

The defendant, Robert Bowers, through counsel, files this Reply to the United States to the United States' Opposition to the Defense Notice of Waiver (ECF 608).

Government counsel acknowledge that Rule 43 does not require a defendant's presence at a suppression hearing, and they do not challenge the validity of Mr. Bowers' prior waivers through counsel. Indeed, Mr. Bowers has, through counsel, waived a number of appearances – mostly telephonic status conferences – throughout this case, and no one has challenged the validity of those waivers.[1] There is no reason why counsel's representation that Mr. Bowers has waived his right to be present at the suppression hearing should not be similarly accepted by the Court. Although the government appears to dislike the lapse in time between Mr. Bowers' prior court appearance and the hearing next week, that has no bearing – legally or otherwise – on the validity of his waiver.

---

[1] The defendant filed a "Notice of Waiver" because the Court had earlier expressed concern about Mr. Bowers waiving his presence at suppression hearing. As a result, the Notice of Waiver addressed whether Rule 43 obligated a defendant to be present at a suppression hearing.

However, rather than doing as promised 16 days ago – at the status conference on September 21, 2021 – and filing a motion to address whether the Court should conduct a colloquy of Mr. Bowers "to ensure he is knowingly and voluntarily discontinuing the physical evidence review in this case," the government seeks to hijack the Notice of Waiver to raise its complaints about an entirely unrelated issue. The government further seeks – unexpectedly and with no support or connection to the Notice of Waiver – to obtain Mr. Bowers' waiver of his right to a speedy trial on the record. All of this is improper, particularly given the 3-hour deadline to respond.

The government is treading on thin ice, asking this Court to colloquy Mr. Bowers about decisions made by counsel. In *Jones v. Barnes*, 463 U.S. 745 (1983), the Supreme Court explained that "the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his own behalf, or take an appeal." *Id.* at 751. Except for those decisions, the attorney, "not the client, has the immediate and ultimate responsibility of deciding if and when to object, which witnesses, if any, to call, and what defenses to develop." *Wainwright v. Sykes*, 433 U.S. 72, 93 (1977) (Burger, J., concurring) (concurrence cited with approval in *Jones*, at 751); *see Virgin Islands v. Weatherwax*, 77 F.3d 1425, 1433-34 (3d Cir. 1996) (except for the decisions as to the plea to be entered, whether to waive jury trial, and whether the client will testify, "an attorney's duty is to take professional responsibility for the conduct of the case, after consulting with the client"); *Taylor v. Illinois*, 484 U.S. 400, 417-18 (1988) ("Although there are basic rights that the attorney cannot waive without the fully

informed and publicly acknowledged consent of the client, the lawyer has – and must have – full authority to manage the conduct of the trial").

The Court should reject the government's attempt to intrude into the attorney-client relationship and seek Mr. Bowers on the record agreement to decisions that are clearly within the province of counsel.

Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*/s/ Michael N. Burt*
Michael N. Burt
Law Offices of Michael Burt, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*/s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender