IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v. | ) CR 18-292 |
| | ) |
| ROBERT BOWERS | ) |
| | ) |

**MEMORANDUM ORDER**

The City of Pittsburgh has filed a Motion to Quash Defendant's Subpoena Directed to Sgt. Brendan Flicker. (ECF # 611) ("Flicker"). Flicker was subpoenaed pursuant to Federal Rule of Criminal Procedure 17(b) to appear to testify in connection with the evidentiary hearing currently scheduled for October 12, 2021. Flicker was subpoenaed in connection with his employment with the City of Pittsburgh Bureau of Police and the events that occurred at the Tree of Life Synagogue on October 27, 2018. Flicker was also served with a Rule 17(c) subpoena, requesting that he produce certain documents.

Flicker represents that, practically speaking, he is unable to attend the evidentiary hearing currently scheduled for October 12, 2021 because of his service in the National Guard. He is in flight training in Fort Rucker, Alabama and expects to remain there until at least September 2022.[1]

As to the requested documents, counsel for the City of Pittsburgh represents:

Sgt. Flicker does not believe he is in possession [of] any handwritten or typed notes, reports, memoranda, or other documents, electronically stored information related to his personal interaction or observation of Robert Bowers on October 27, 2018, as requested by this subpoena.

---

[1] Flicker states that travel for purpose of the evidentiary hearing would greatly delay his current training. Further, because his current employment is with the National Guard, rather than with the City of Pittsburgh, securing permission to travel and making travel arrangements would take longer than necessary to secure his timely attendance.

(ECF # 611, para. 18). He contends that any relevant and responsive documents should be obtained "via the criminal discovery process." However, there is no meaningful discussion or application of the factors set forth in *United States v. Nixon*, 418 U.S. 683, 698-99, 94 S.Ct. 3090 (1974) or of how responding to the subpoena would be "unreasonable or oppressive."

The Defendant has responded to the Motion to Quash. (ECF # 614). The Defendant states:

> [t]o the extent that Sgt. Flicker does not possess or have personal access to or control over any responsive documents and makes that clear through counsel, there is no issue, because there are no items to produce. However, the record is far from clear at this point as the motion to quash only states that he "does not believe" that he is in possession.

(ECF # 614, p, 1). With respect to his appearance in Court, the Defendant asks whether, if Flicker is unavailable to testify either in person or by video, this Court would permit his testimony to be taken at a later date which is convenient to Flicker, the Court and both parties. (ECF #614, p. 1).

Given Flicker's unavailability to attend in person, this Court's inability on short notice to secure his attendance by video at a proceeding scheduled to occur on the Court's next-scheduled work day, and Flicker's representation that he does not have responsive documents, the Court will grant the Motion to Quash. It should be clear, however, that this is predicated upon the Defendant's unavailability and his assertion that he does not believe he has responsive documents, rather than based upon unreasonableness or oppressiveness regarding the production of such documents. However, the grant is without prejudice to re-file. If, upon further exploration or

consideration, the Defendant determines that Flicker's representation regarding possession of responsive documents is inaccurate, he may move for the reissuance of the subpoena. Further, if it appears that his testimony would provide relevant insight to the issues before the Court at this evidentiary hearing, he may move for the reissuance of the subpoena.

Dated: October 8, 2021

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge