IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 18-292 |
| ROBERT BOWERS | |

### MOTION TO UNSEAL

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, Troy Rivetti, Soo C. Song, and Eric G. Olshan, Assistant United States Attorneys for said district, and Julia Gegenheimer, Special Litigation Counsel, Civil Rights Division, and hereby moves to unseal Doc. Nos. 650, 650-1, 650-2, 650-3, 650-4, 650-5, 650-6, 650-7, 650-8, 650-9, 650-10, 650-11, 650-12, 650-13, 659, 659-1, and 659-2:

On December 6, 2021, the defendant filed his motion to dismiss the Superseding Indictment based on alleged constitutional and statutory violations related to the implementation of this district's jury plan. Doc. No. 650. He attached 14 exhibits to his motion. Doc. Nos. 650-1 to 650-14. The defendant filed his motion and exhibits under seal with the following justification: "Because the materials provided by the Clerk of Court are covered by the protective order in this case, and because the materials provided by the Clerk and the Department of State implicate privacy concerns, Mr. Bowers files this motion and the exhibits under seal." Doc. No. 650 at 2 n.1.

On January 10, 2022, the United States submitted its response, which included two exhibits. Doc. Nos. 659, 659-1, 659-2. In its response, the government noted that it was filing

under seal but only doing so in anticipation of seeking to unseal both pleadings.  Doc. No. 659 at 70 n.46.  By this motion, the government requests such unsealing.

The defendant's motion does not contain any personal identifying or otherwise sensitive information that would justify sealing.  All references to materials made available by the Clerk of Court are statistical or demographic in nature and do not identify any prospective jurors.  The same is true for all but one of the defendant's exhibits.  Exhibits 1 through 13 comprise expert reports, publicly filed court documents, other publicly available materials, and information from the Clerk of Court (e.g., the date on which the grand jury was empaneled) that do not contain any sensitive information.  Exhibit 14, however, appears to be a compilation of all productions from the Clerk of Court in this case, including unredacted voter registration lists and master jury wheels.  The defendant's motion includes no reference to this compilation exhibit, and it is thus unclear how it is relevant to the Court's consideration of the defendant's motion.  Regardless, because it contains personal identifying information—including names, dates of birth, and addresses—of prospective jurors, this single exhibit should remain sealed.

The government's response also contains statistical and demographic analysis but no reference to any sensitive information related to individual prospective jurors.  Doc. No. 659.  Nor do the government's two exhibits—an expert report and a compilation of publicly available district jury plans—contain any such sensitive information.  Doc. Nos. 659-1 & 659-2.  As the case citations in the parties' pleadings demonstrate, challenges related to districts' jury plans are regularly litigated on the public docket, as are the district court orders and appellate decisions resolving them.  Indeed, affidavits submitted by one of the defendant's experts, Jeffrey Martin, are available to the public in connection with similar litigation in multiple other criminal cases.  See Doc. No. 659 at 18.

Because the nature of the litigation in this case is no different from the many cases that have been litigated publicly, the Court should unseal the defendant's motion, his first 13 exhibits, the government's response, and the government's two exhibits.  See Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) ("This Court has made it clear that our strong presumption of openness does not permit the routine closing of judicial records to the public." (internal quotation marks omitted)).

WHEREFORE, the United States moves to unseal Doc. Nos. 650, 650-1, 650-2, 650-3, 650-4, 650-5, 650-6, 650-7, 650-8, 650-9, 650-10, 650-11, 650-12, 650-13, 659, 659-1, and 659-2.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

s/Troy Rivetti
TROY RIVETTI
Assistant U.S. Attorney
PA ID No. 56816

s/Soo C. Song
SOO C. SONG
Assistant U.S. Attorney
DC ID No. 457268

s/Julia Gegenheimer
JULIA GEGENHEIMER
Special Litigation Counsel
Civil Rights Division
NY ID No. 4949475

s/Eric G. Olshan
ERIC G. OLSHAN
Assistant U.S. Attorney
IL ID No. 6290382