IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 18-292 |
| ROBERT BOWERS | |

**RESPONSE BY UNITED STATES TO DEFENDANT'S REQUEST TO
FILE A MOTION UNDER SEAL AND EX PARTE (Doc. No. 657)**

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, Troy Rivetti, Soo C. Song, and Eric G. Olshan, Assistant United States Attorneys for said district, and Julia Gegenheimer, Special Litigation Counsel, Civil Rights Division, and hereby submits this Response to Defendant's Request to File a Motion Under Seal and Ex Parte (Doc. No. 657):

The United States objects to the filing of another sealed, ex parte defense motion. As it has emphasized in prior pleadings (see Doc. Nos. 66, 79, 372), ex parte communication with the Court is strongly disfavored. Ex parte contacts are only "tolerated of necessity . . . where related to non-merits issues [and] for administrative matters, and in emergency circumstances." See In re Sch. Asbestos Litig., 977 F.2d 764, 789 (3d Cir. 1992), as amended (Oct. 8, 1992); see also United States v. Fulton, No. 13-261, 2013 WL 4609502, at *2 (D.N.J. Aug. 29, 2013) (ex parte applications for Rule 17(c) subpoenas must be "justified by some exceptional circumstance").

Title 18, United States Code, Section 3599(f) specifically addresses the propriety of ex parte communications or requests by a defendant in a capital-eligible case:

> Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such

> services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses thereof under subsection (g). No *ex parte* proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality. Any such proceeding, communication, or request shall be transcribed and made a part of the record available for appellate review.

18 U.S.C. § 3599(f); cf. 18 U.S.C. § 3006A(e) (addressing funding for indigent defendants and ex parte communications for obtaining "investigative, expert, or other services necessary for adequate representation").

The United States has not and will not seek defense work product. The defendant's bare and often-repeated assertion that his request addresses "privileged work product regarding the work of the defense," Doc. No. 657, without more, does not provide the emergency or exceptional circumstances necessary for a sealed ex parte filing.

The United States cannot consent to the defendant's sealed, ex parte filing, given that Bowers fails to cite any statute or legal authority in support of his request. See Carter v. Turley, No. 02CV326, 2009 WL 2057492, at *1-2 (D. Utah July 15, 2009) (denying request for ex parte status conference based on alleged need to avoid "possible exposure of privileged information"; petitioner failed to make the "'proper showing' required by § 3599(f) for this court to hold an ex parte hearing on the matter"); Barnett v. Roper, No. 03CV614, 2010 WL 1268030, at *1 (E.D. Mo. Apr. 1, 2010) (denying request to file ex parte document where defendant failed to make a proper showing of the need for confidentiality); Fulton, 2013 WL 4609502, at *2 (denying ex parte subpoena application where defense asserted but failed to explain how notice would compromise defense strategy).

In the interests of fairness and adherence to the narrow justifications for ex parte communications, the Court should deny the defense motion.

2

        Respectfully submitted,

        CINDY K. CHUNG
        United States Attorney

        <u>s/Troy Rivetti</u>
        TROY RIVETTI
        Assistant U.S. Attorney
        PA ID No. 56816

        <u>s/Soo C. Song</u>
        SOO C. SONG
        Assistant U.S. Attorney
        DC ID No. 457268

        <u>s/Julia Gegenheimer</u>
        JULIA GEGENHEIMER
        Special Litigation Counsel
        Civil Rights Division
        NY ID No. 4949475

        <u>s/Eric G. Olshan</u>
        ERIC G. OLSHAN
        Assistant U.S. Attorney
        IL ID No. 6290382