IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**MOTION FOR DISCLOSURE OF JURY RECORDS COMPILED USING THE 2020 VOTER REGISTRATION SOURCE LIST AND RENEWED REQUEST FOR AUTHORIZATION TO SUBPOENA RECORDS REGARDING 2020 JURY PLAN AMENDMENT**

Robert Bowers, by and through counsel, and pursuant to the Fifth, Sixth, and Eighth Amendments to the United States Constitution, *Test v. United States*, 420 U.S. 28 (1975), and the Jury Selection and Service Act, 28 U.S.C. §§ 1867(a) and (f), respectfully moves this Court for an Order directing the Clerk of Court to make available to the defense, for inspection and copying, all records or papers used or relied upon by the Clerk of this Court, and its designees, in connection with any jury selection process utilizing either the procedures outlined in this Court's March 2020, Jury Plan or the 2020 voter registration source list. *See* Plan of the United States District Court for the Western District of Pennsylvania for the Random Selection of Grand and Petit Jurors (effective March 2, 2020) at § 15(b).[1]

---

[1] Available at https://www.pawd.uscourts.gov/sites/pawd/files/Jury_Plan_Final_2020.pdf.

I. **Immediate production of jury records utilizing either the procedures outlined in the March 2020 Jury Plan or the 2020 voter registration source list is necessary to rebut the unsupported assertion in the government's opposition to Mr. Bowers' Motion to Dismiss the Superseding Indictment and in further support of his petit jury challenge.**

In responding to Mr. Bowers' Motion to Dismiss, the government concedes that its own expert "was able to identify significant disparities between Whites, African Americans, and Hispanics with respect to unreturned and undeliverable juror qualification questionnaires." ECF 659 at 19. The government attempts to downplay the significance of this finding in two ways. First, it asserts that "the law is clear that disparities caused by undeliverable or unreturned questionnaires reflect external forces that do not justify invalidating a jury plan." ECF 659 at n.1. But the law is not "clear" on this point. *See Berghuis v. Smith*, 559 U.S. 314, 333 at n.6 (2010) ("We have … never 'clearly' decided, and have no need to consider here, whether the impact of social and economic factors can support a fair-cross-section claim."); *id.* (*comparing People v. Smith*, 615 N.W.2d 1, 3 (Mich. 2000) ("[T]he influence of social and economic factors on juror participation does not demonstrate a systematic exclusion of [a distinctive group].") *with Smith v. Berhuis,* 543 F.3d 326, 341 (6th Cir. 2008) ("[T]he Sixth Amendment is concerned with social or economic factors when the particular **system** of selecting jurors makes such factors relevant to who is placed on the qualifying list and who is ultimately called to or excused from service on a venire panel.").) The government's first attempt to sweep its own expert's finding under the rug is therefore unpersuasive.

Second, the government makes the sweeping and unsupported allegation that "the effect of the revised 2020 Jury Plan likely is to increase the representation of these

cognizable groups – particularly African Americans – by sending new questionnaires to individuals residing in the same zip code as the original intended recipient." ECF 659 at 34; *see id*. at 38 ("Such a reform will likely help ensure greater representation of certain demographic groups – principally African Americans – who tend to live in more concentrated areas and who are both less likely to return juror qualification questionnaires and more likely to be sent questionnaires that are undeliverable."). Such assertions can be tested only if the defense is given access to all records utilizing either the procedures outlined in this Court's March 2020 Jury Plan or the 2020 voter registration source list, including the master wheels, the qualified wheels, and AO-12 forms that have been created since the Court modified its Jury Plan in March 2020. It is only fair that the defense should have access to such material in a case in which the government is contending, without supporting evidence, that changes in the Court's Jury Plan have "likely" remedied a serious problem that the government's own expert has acknowledged.[2]

---

[2] These records are also relevant to the pending challenge to the petit jury to be selected in this case. In granting the defense request for jury records relevant to the selection of the grand jury that returned the indictment and superseding indictment in this case, the Court found the defense request for records regarding the petit jury to be premature. *See* ECF 206 at 4. However, because the defense has now filed both a grand and a petit jury challenge, ECF 650, the request for records is no longer premature. Further, the government has made immediate production of the jury materials arising out of the March 2020 Jury Plan and the 2020 Source List relevant to the current challenge to the grand and petit jury selection process in the Western District of Pennsylvania.

More specifically, the defense requests the following records created from jury selection processes utilizing either the procedures outlined in the March 2020 Jury Plan or the 2020 voter registration source list:[3]

1) Any AO-12 forms or JS-12 forms created which relate to the March 2020 Jury Plan, the 2021 Master Jury Wheels, or the 2021 Qualified Jury Wheels.

2) Any other statistical or demographic analyses produced to ensure the quality and compliance of all Master Jury Wheels with the March 2020 Jury Plan, especially Sections 1 and 2, the Jury Selection and Service Act, and the U.S. Constitution.

3) The date when the Master Jury Wheels were refilled as described in the March 2020 Jury Plan.

4) The 2021 Master Jury Wheel data as described in Section 8 of the March 2020 Jury Plan in electronic and accessible form that includes Juror Number, Name, Address, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division.

5) The 2021 Qualified Jury Wheel data as described in the March 2020 Jury Plan Section 13 in electronic and accessible form that includes Juror Number, Name, Address, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division.

6) Status Codes for potential jurors who were selected from the 2021 Master Jury Wheels for qualification but either had their qualification form returned by the postal service, did not respond, or were disqualified or exempted from jury service as described in the Jury Plan. The data should be in electronic and accessible form that includes Juror Number, Name, Address, whether the form was returned Undeliverable, whether the form was not returned, Reason for Disqualification, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Management Division.

---

[3] The Court has previously permitted the parties access to electronic copies of the source list, the master wheels, and the qualified wheels pursuant to the Protective Order. ECF 483.

    7)        The Juror Number, Name, Address, and status for persons whose juror summons and qualification form were not returned as described in the 2020 Jury Plan.

    8)        The source of data in electronic form for the 2021 Master Jury Wheels as described in the March 2020 Jury Plan Section 5 (voter registration lists). The data should be in electronic and accessible form, and include, as available, Name, Address, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division.

## II. The defense renews it request for Rule 17 subpoenas requiring the production of materials explaining the reasoning behind the amendment of Section 9 to the Jury Plan.

The government's opposition also breathes new life into Mr. Bowers' prior request for subpoenas requiring the production of materials explaining the reasoning behind the amendment of Section 9 to the Jury Plan, an amendment that went into effect on March 2, 2020.[4] The Court denied the request without prejudice, in part on the ground that the request was premature because "the Court can only speculate as to the substance of Defendant's anticipated motion, the Government's response thereto, and whether it will be necessary to reach the issue of the jury plan amendment." ECF 579 at 3. In its opposition, the government asserts that "[a]t no time, [going back to 1995], would the Clerk's Office have examined [jury] data and had reason to believe that systemic underrepresentation was occurring in a manner that violated federal law." ECF 659 at 30. This bold assertion, however, ignores the 1996 Third Circuit's Task Force recommendation that this District abandon its sole reliance on voter registration lists. *See*

---

[4] *See* ECF 533 (defense request), 546 (government opposition), 558 (defense reply), 579 (court denial).

ECF 650 at 14-16 (citing Report of the Third Circuit Task Force on Equal Treatment in the Courts, 42 Vill. L. Rev. 1355 (1997); *see id*. at 15 (quoting the Third Circuit Task Force's finding that "racial and ethnic minorities, particularly African-Americans and Hispanics, are not represented in numbers as great as their percentage of the general population"). The government's assertion also begs the question of why, if all was well with the system, the Court modified its Jury Plan in March 2020.

The defense has asked before, and here asks again, for permission to issue narrow Rule 17 subpoenas to the architects of the amendment to Section 9 of the Jury Plan in order to determine whether the Clerk of Court, or the Court itself, changed the jury plan because of perceived and documented problems of persistent underrepresentation.

## Conclusion

For the foregoing reasons, the defense asks that the Court order the immediate production of the jury records requested herein and reconsider the defense request for Rule 17 subpoenas for records requested in ECF 533.

Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*/s/ Michael N. Burt*
Michael N. Burt
Law Offices of Michael Burt, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*/s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender