IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

## ORDER OF COURT

AND NOW, this 19th day of April, 2022, upon review and consideration of the parties' Joint Notice Regarding Proposed Case-Related Deadlines (ECF No. 719) and Defendant's Supplement thereto (ECF No. 720),[1] the Court hereby sets forth the following deadlines in the above-captioned matter:

1) With respect to FBI Laboratory "case litigation packets" pertaining to DNA, Firearm Toolmark, and Fingerprints, the United States shall provide the requested "case litigation packets" on or before **April 22, 2022**.

2) The United States shall file a motion requesting that the Court conduct a colloquy of the Defendant regarding his waivers of appearance and Speedy Trial time by **May 9, 2022**. Defendant shall file his response to the Government's motion regarding Defendant's waiver of appearance by **May 23, 2022**. The Government shall file a reply in support of its motion by **June 6, 2022**.

3) The Government's guilt-phase lay opinion testimony disclosures shall be made on or before **May 16, 2022**.

---

[1] The Court recognizes that the Government has indicated that it intends to file a Response to Defendant's Supplement. *See* ECF No. 721. The same shall be filed by April 22, 2022, and will be considered by the Court when appropriate.

1

4) The Government's guilt-phase expert disclosures shall be made on or before **June 6, 2022**. Following the Government's provision of its guilt-phase expert disclosures, the Defendant's guilt-phase expert disclosures shall be made within **thirty (30) days** following the Government's request for the same, but in no event earlier than **July 7, 2022**.[2] Guilt-phase rebuttal expert disclosures shall be made on or before **July 28, 2022**.

5) Defendant's motion challenging the sufficiency of the Government's expert and lay opinion disclosures shall be filed on or before **August 11, 2022**. The Government's response to Defendant's motion challenging the sufficiency of expert/lay opinion disclosures shall be filed by **August 25, 2022**. Defendant's reply shall be filed by **September 8, 2022**.

6) On or before **June 13, 2022**, the parties shall confer and submit a Joint Proposed Jury Questionnaire and Joint Proposed Voir Dire Procedures, and shall further submit: (1) any questions and proposals for a case-specific juror questionnaire to which the opposing party has not agreed; and (2) any stipulated and non-stipulated proposed voir dire procedures.

7) On or before **June 21, 2022**, the Government may file a motion seeking the production of a notice, on a date to be determined by the Court, of proposed mitigating factors. As the Court believes this issue is intertwined, at least to some extent, with the Government's request to submit supplemental briefing as to the content of Rule

---

[2] The Court acknowledges Defendant's statement that: "Mr. Bowers anticipates only the potential for rebuttal forensic experts during the guilt phase. He therefore proposes a disclosure date follow a determination of the admissibility of the government's forensic expert testimony in the guilt phase." The parties are directed that these initial guilt-phase disclosure obligations are imposed upon any guilt-phase expert testimony reasonably expected or plausibly anticipated in either party's case in chief, regardless of characterization as "rebuttal" or otherwise.

12.2(b)(2) Notice and the use of firewall counsel, this motion may also address those issues. The Defendant shall file his response to this motion by **July 5, 2022**.

8) Defendant shall file his motion to disclose guilt-phase victim impact evidence on or before **July 5, 2022**. The Government shall file its response to Defendant's motion to disclose guilt-phase victim impact evidence by **July 19, 2022**. Defendant shall file a reply in support of this motion by **August 2, 2022**.

9) Defendant shall file his motion seeking confidential access to items of forensic evidence for testing and for a protective order restricting the use of the fact of defense expert testing of forensic evidence by **August 1, 2022**. Prior to this deadline, the parties shall confer in an effort to reach an agreement regarding confidential testing. The Government shall file its response to this motion by **August 15, 2022**. The Defendant shall file his reply by **August 29, 2022**.

10) The Government shall provide Rule 404(b) Notice by **August 31, 2022**.

11) The Government shall make required *Giglio* disclosures by **September 12, 2022**. Such production shall be made with the understanding that if additional discoverable information is obtained subsequent to this deadline, it will be disclosed promptly upon discovery.

12) With respect to Jencks disclosures, the Court acknowledges that "[t]here is no authority by which this court can order the government to provide Jencks Act statements prior to the time the witness has testified on direct examination at trial." *United States v. Lightfoot*, No. 08-cr-127, 2008 WL 3050300, at *3 (W.D. Pa. Aug. 5, 2008). That said, the Court encourages the Government to make those disclosures as early as possible, so as to avoid unnecessary delays during trial. As the Government has proposed a date of

September 12, 2022 for Jencks production (though the Court acknowledges the same is clearly dependent on the Government's proposed trial date of October 19, 2022), the Court would encourage such production to occur as early as September 12, 2022.  In any event, the Court notes that the Government's proposed date at least indicates a willingness to provide such information ahead of trial in this matter.

13) Defendant's motion to trifurcate the proceedings shall be filed on or before **September 29, 2022**.  The Government's response to this motion shall be filed on or before **October 13, 2022**.  Defendant's reply shall be filed by **October 24, 2022**.

14) Defendant shall comply with all remaining guilt-phase discovery and inspection obligations required by Rule 16(b) of the Federal Rules of Criminal Procedure by **October 25, 2022**.

15) *Daubert* Challenges to Expert Testimony shall be filed by **November 7, 2022**.  Responses thereto shall be filed by **November 28, 2022**.  Replies shall be filed by **December 12, 2022**.

16) The Court will convene a Status Conference via Videoconference on **December 15, 2022 at 1:00 p.m.** to discuss jury selection, final pretrial deadlines, and trial date.

17) The parties shall confer and submit Joint Proposed Jury Instructions and Verdict Forms by **January 13, 2023**.  Along with these joint submissions, either party may also individually submit objections and alternative instructions and/or verdict-form language.

18) Consistent with the Court's Order at ECF No. 640, Rule 12.2(b)(2) notice shall be provided sixty (60) days prior to trial.

    - Within fourteen (14) days of the Government's receipt of Defendant's Rule 12.2(b)(2) Notice, if any, the parties shall confer and submit a joint statement setting

forth points of agreement and disagreement related to Rule 12.2(b)(2) penalty-phase mental health procedures.  Each party shall also file with the Court a brief that specifically addresses any points of disagreement, including, if applicable, the mechanics and parameters of the United States' examination of the defendant, the appropriate timing of the exchange of penalty-phase mental health discovery, and other post-guilty verdict procedures.

19) A Status Conference via Videoconference is hereby scheduled in this matter for **June 29, 2022 at 1:00 p.m.**

                                BY THE COURT:

                                s/*Robert J. Colville*
                                Robert J. Colville
                                United States District Judge


cc: All counsel of record