IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT BOWERS | Criminal No. 18-292 |

**UNITED STATES' MOTION TO VACATE FILING DEADLINE FOR
GOVERNMENT NOTICE OF LAY OPINION TESTIMONY**

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, Troy Rivetti, Soo C. Song, and Eric. G. Olshan, Assistant United States Attorneys for said district, and Julia Gegenheimer, Special Litigation Counsel, Civil Rights Division, and hereby files the instant Motion to Vacate Filing Deadline for Government Notice of Lay Opinion Testimony:

1. On April 12, 2022, pursuant to this Court's directive, the parties filed a Joint Notice Regarding Proposed Case-Related Deadlines. Doc. No. 719.

2. On April 19, 2022, this Court set numerous pretrial deadlines, including a directive that the "Government's guilt-phase lay opinion testimony disclosures shall be made on or before May 16, 2022." Doc. No. 723 at 1.

3. The United States did not concur in any such filing or deadline pertaining to lay opinion testimony when the parties submitted their Joint Notice Regarding Proposed Case-Related Deadlines (Doc. No. 719). This disclosure deadline appears to correspond with the defendant's proposal as set forth in Doc. No. 719-1 at 1 ("May 16, 2022 . . . Proposed deadline for the government to disclose guilt phase opinion testimony by lay witnesses pursuant to Fed. R. Crim. P. 16, and FRE 701, 703, and 705.").

4. The United States objects to this deadline.[1] The law imposes no requirement that either party in a criminal prosecution provide pretrial notice of anticipated lay opinion testimony, and none of the authorities referenced by the defendant in his request supports a contrary conclusion. Indeed, Rules 701, 703, and 705 of the Federal Rules of Evidence, which govern the admissibility of lay and expert testimony, contain no pretrial notice provisions whatsoever.[2] Rule 16 of the Federal Rules of Criminal Procedure, on the other hand, does require certain pretrial notice, but only as to anticipated <u>expert</u> testimony.[3] Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

5. Rule 16 imposes no such corresponding notice requirement for lay opinion testimony. As the Third Circuit has made clear, the district court may properly admit "lay opinion based upon [a] witness's everyday knowledge and experience" with a proper foundation, and "no notice [i]s necessary under Rule 16(a)(1)(G)." <u>United States v. Rampersad</u>, 380 F. App'x 117, 119 (3d Cir. 2010). The Third Circuit is not alone in recognizing the distinction between the two types of testimony and the corresponding absence of a notice requirement for lay opinion testimony. <u>See, e.g.</u>, <u>United States v. Clark</u>, 710 F. App'x 418, 421 (11th Cir. 2017) ("If the government intends to call an expert witness at trial, the government must, upon request, provide the defendant with a written summary of any expert testimony the government intends to use in its case-in-chief. <u>No such notice is required for lay opinion testimony</u>." (citation omitted) (emphasis added)); <u>United States v. Wells</u>, 211 F.3d 988, 997-98 (6th Cir. 2000) (noting that lay opinion testimony is not subject to Fed. R. Crim. P. 16's notice and pretrial disclosure obligations). As

---

[1] The United States acknowledges that this Court, earlier today, issued a text Order (Doc. No. 726) reaffirming the deadlines set forth in Doc. No. 723. The United States affirms its intention to adhere to the deadlines set forth in the Court's Order but challenging the basis and lawfulness of the deadline pertaining to lay opinion testimony.
[2] Rules 703 and 705 of the Federal Rules of Evidence, which are cited by the defendant in his request pertaining pretrial notice of lay opinion testimony, relate solely to expert testimony and thus are completely inapposite.
[3] Consistent with this authority, the Court has set a deadline of June 6, 2022, for the government's expert disclosures. Doc. No. 723 at 2.

such, a directive that the United States disclose "guilt phase opinion testimony by lay witnesses" (Doc. No. 719-1 at 1) is a pretrial disclosure obligation that finds no basis in the law.

6. For the foregoing reasons, the United States respectfully requests that this Court vacate the government's deadline to file its "guilt-phase lay opinion testimony disclosures . . . on or before May 16, 2022." A proposed Order is attached.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

By: s/Troy Rivetti
TROY RIVETTI
Assistant U.S. Attorney
PA ID No. 56816

s/Soo C. Song
SOO C. SONG
Assistant U.S. Attorney
DC ID No. 457268

s/Eric G. Olshan
ERIC G. OLSHAN
Assistant U.S. Attorney
IL ID No. 6290382

s/Julia Gegenheimer
JULIA GEGENHEIMER
Special Litigation Counsel
Civil Rights Division
NY ID No. 4949475