IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT BOWERS | Criminal No. 18-292 |

### UNITED STATES' MOTION FOR COURT TO CONDUCT COLLOQUY WITH DEFENDANT REGARDING HIS WAIVER OF SPEEDY TRIAL AND OTHER RIGHTS

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, Troy Rivetti, Soo C. Song, and Eric. G. Olshan, Assistant United States Attorneys for said district, and Julia Gegenheimer, Special Litigation Counsel, Civil Rights Division, and hereby files the instant motion requesting that the Court conduct a colloquy with the defendant regarding his waiver of Speedy Trial and other rights.

**I.   PROCEDURAL HISTORY**

The prosecution of Robert Bowers has been pending since October 2018. The defendant has not personally attended a court proceeding for over three (3) years and has never appeared in federal district court in person or by video teleconference.[1] For every single status conference and district court proceeding, including the evidentiary hearing on the defense motion to suppress his own statements, the defendant, through representations by his counsel, has waived his right to be present. See, e.g., Doc. Nos. 606 (Defendant's Notice of Waiver of Appearance at Scheduled Suppression Hearing), 608 (Government Opposition to Defense Waiver), 717 (Transcript of Video Status Conference, April 6, 2022) at 2-3. Similarly, throughout this three-year period, the

---

[1]   Defendant Bowers has only appeared in court for his initial appearance upon a criminal complaint (October 29, 2018), and at his arraignments on the original Indictment (November 1, 2018) and the Superseding Indictment (February 11, 2019). See Doc. Nos. 6, 13 and 46.  These appearances were all before a magistrate judge.

defendant has made ongoing waivers of his right to a Speedy Trial. See, e.g., Doc. No. 718. In September 2021, the defendant, through counsel, also waived the right to conclude his inspection of the physical evidence in this case. See Doc. Nos. 564, 571. Not one of the defendant's waivers has included a written attestation signed by the defendant himself.

The United States respectfully submits that, given the gravity of this capital case and the extensive time that has passed, it is prudent and appropriate to confirm with Robert Bowers himself that he understands the rights that he has been waiving through counsel (including his rights to be present, to a Speedy Trial, to attend an evidentiary hearing regarding his statements, and to conclude his review of the physical evidence). By filing this Motion, the United States is not calling into question defense counsel's competence, candor, and/or their duties as officers of the court. An in-person colloquy would assure the Court, the United States, and the public that the defendant's waivers have been, and are, knowing, intelligent, and voluntary and would develop a transparent factual record of Robert Bowers's understanding and acquiescence. See Johnson v. Zerbst, 304 U.S. 458 (1938) (establishing requirement for a waiver of rights); Brown v. Gibson, 7 Fed. Appx. 894, 909-10 (10th Cir. 2001) (affirming Oklahoma capital sentence upon finding trial court only permitted defendant's absence after obtaining knowing, voluntary, and intelligent waiver on the record).

**II.   LEGAL AUTHORITY**

Rule 43 of the Federal Rules of Criminal Procedure, entitled "Defendant's Presence," contemplates that a defendant's presence may not be required at every proceeding:

> (a) When Required. Unless this rule, Rule 5, or Rule 10 provides otherwise, the defendant must be present at:
> (1) the initial appearance, the initial arraignment, and the plea;
> (2) every trial stage, including jury impanelment and the return of the verdict; and
> (3) sentencing.

>(b) When Not Required.  A defendant need not be present under any of the following circumstances:
>>(1) Organizational Defendant. The defendant is an organization represented by counsel who is present.
>>(2) Misdemeanor Offense. The offense is punishable by fine or by imprisonment for not more than one year, or both, and with the defendant's written consent, the court permits arraignment, plea, trial, and sentencing to occur by video teleconferencing or in the defendant's absence.
>>(3) Conference or Hearing on a Legal Question. The proceeding involves only a conference or hearing on a question of law.
>>(4) Sentence Correction. The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c).

Fed. R. Crim. P. 43(a) and (b).

Rule 43 contemplates a defendant's absence at hearings "involv[ing] only … a question of law." Fed. R. Crim. P. 43(b)(3).  The rule does not expressly permit a defendant to absent himself from hearings involving questions of fact <u>and</u> law, such as a suppression hearing.  Nor does Rule 43 grant a criminal defendant the right to be absent or unbridled discretion to pick and choose which proceedings he wishes to attend.  It merely allows the court to conduct certain proceedings without the defendant being present ("[a] defendant need not be present …").  A court can require a defendant to be present in court, which may be especially warranted or necessary in a capital case.  <u>See</u> Fed. R. Crim. P. 43 (advisory committee notes, 1974 Amendment) ("The ultimate determination of when a defendant can waive his right to be present in a capital case … is left for further clarification by the courts.") (internal citations omitted).

Even if the rule permits the defendant to waive his presence, the Supreme Court has strongly discouraged courts from permitting in-custody capital defendants to waive their right to attend court proceedings.  <u>See</u> <u>Diaz v. United States</u>, 223 U.S. 442, 455-56 (1912); see also <u>Illinois v. Allen</u>, 397 U.S. 337, 341-43 (1970) (holding that a disruptive capital defendant could be removed from the courtroom, but the judge must continue to offer every opportunity for the

defendant to return); United States v. Alvarez-Rineda, 258 F.3d 1230, 1240 n.8 (10th Cir. 2001) (relying on Diaz to affirm that "[a] defendant in a non-capital case can waive this right [to be present]."); Proffitt v. Wainwright, 685 F.2d 1227, 1257-58 (11th Cir. 1982) (holding that Diaz makes capital defendant's right to be present non-waivable); United States v. Tipton, 90 F.3d 861, 873 n.3 (4th Cir. 1996) (explaining Fourth Circuit precedent that the right to presence in a capital case is "so fundamental … that it may not be waived"), citing Near v. Cunningham, 313 F.2d 929 (4th Cir. 1963).  The Diaz Court reasoned that "an accused who is in custody" who "is charged with a capital offense" is "incapable of waiving the right" to be present because "he is deemed to suffer the constraint naturally incident to an apprehension of the awful penalty that would follow conviction." 223 U.S. at 455.

Notably, the Diaz standard prohibiting voluntary waiver in cases of confined capital defendants served as the basis for the original Rule 43 of the Federal Rules of Criminal Procedure, which required the defendant to be present at "every stage of the trial." Cross v. United States, 325 F.2d 629, 630-31, n.2 (D.C. Cir. 1963) (citing Fed. R. Crim. P. 43).  Federal courts continue to acknowledge the significant public interest in ensuring the presence of confined defendants in capital cases.  Courts have gone to great lengths to avoid holding proceedings in absentia.  See, e.g., Allen, 397 U.S. at 344 (explaining that in some cases, it might be preferable for trial courts to order an extremely disruptive defendant bound and gagged rather than keep him out of the courtroom in order to comply with defendant's opportunity to confront witnesses at trial); United States v. Gagnon, 470 U.S. 522, 526-27 (1985) (concluding that the exclusion of a defendant from a trial proceeding should be considered in light of the whole record); United States v. Mitchell, 502 F.3d 931, 986-87 (9th Cir. 2007) (explaining how trial court initially refused defendant's request to be absent from sentencing hearing, engaged in extensive attempts to convince defendant

4

to attend, and only granted waiver of appearance after several on-the-record discussions); In re Terrorist Bombings of U.S. Embassies in East Africa, 552 F.3d 93, 128-29 (2d Cir. 2008) (noting "the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence" and holding capital defendant was properly excluded from confidential proceedings only upon satisfaction of several precautionary requirements) (quoting Gagnon, 470 U.S. at 526). These cases make clear that an in-custody, capital defendant should not be permitted to absent himself from proceedings without a clear, knowing, voluntary, and intelligent waiver of his right to be present and only where his absence would clearly not affect his rights to a fair trial and adequate representation. See Cross v. U.S., 325 F.2d 629, 631–633 (D.C. Cir. 1963) (A defense waiver of his right to be present should be "taken in open court in writing, signed by the defendant personally on forms prescribed for the purpose," or at least include an on-the-record statement in open court by the defendant himself).

    At numerous junctures in every criminal prosecution, the court confirms with both defense counsel and the defendant that the defendant comprehends his or her rights, and that any waiver is knowing and voluntary. For example, during every waiver of a detention hearing, the magistrate judge queries defense counsel regarding whether counsel has discussed the right to a hearing with the defendant (in conjunction with the defendant and counsel signing a written waiver), and then questions the defendant himself/herself to confirm that the waiver is knowing and voluntary. See 18 U.S.C. § 3142(f). This exchange does not negatively implicate the competency of defense counsel or their integrity as officers of the court. Rather, it assures that the record is clear and that the defendant's waiver is knowing and voluntary.

    Similarly, during every change of plea colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the court inquires as to whether defense counsel has discussed and

explained the charges and any plea agreement with the defendant, and likewise poses those same questions directly to the defendant. See Fed. R. Crim. P. 11(b)(2). Typically, the court also asks whether the defendant is satisfied with defense counsel's performance. See, e.g., United States v. Payne, 2022 WL 825438 at *1-3 (W.D. Pa. Mar. 18, 2022) (reviewing particulars of careful plea colloquy).

The Rule 11 colloquy between the court and a defendant develops and assures a full and accurate record of the defendant's waiver of rights and obviates subsequent collateral challenges to the integrity of the proceedings. Id. at *4-5 (denying Section 2255 motion without a hearing and rejecting contention that defense counsel forced defendant into a plea deal even though he was innocent; defendant's allegations "fly in the face of his statements made under oath" that were to the contrary). Accord United States v. Jones, 336 F.3d 245, 255 (3d Cir. 2003) (rejecting defense arguments in support of motion to withdraw guilty plea; defendant's allegations "are undermined by his own statements in the record" that he was satisfied with his counsel's performance, that counsel had adequately investigated the case, and that no threats or promises had been made). See also United States v. Byrum, 567 F.3d 1255, 1265 (10th Cir. 2009) (affirming denial of motion to withdraw guilty plea; "despite [defendant's] attempt to fashion a conflict with his court-appointed counsel, his own testimony at the plea colloquy belies this assertion").[2]

## III.   CONCLUSION

The United States maintains a critical interest in the integrity and procedural propriety of the prosecution of Robert Bowers. Accordingly, in an effort to forestall any potential future appellate and/or collateral litigation that could arise from the defendant's protracted absence in

---

[2] As a final example, at sentencing, the court always asks defense counsel whether he/she has reviewed the presentence report materials with the defendant, and then conducts a parallel colloquy with the defendant, including whether the defendant is satisfied with the assistance of counsel. See Fed. R. Crim. P. 32(i).

federal court and attendant waivers, the United States respectfully requests that the Court require defendant Bowers to appear in person and that a colloquy be conducted on the record to confirm the knowing and voluntary nature of the waiver of his Speedy Trial and other rights.

                    Respectfully submitted,

                    CINDY K. CHUNG
                    United States Attorney

By:     s/Troy Rivetti
          TROY RIVETTI
          Assistant U.S. Attorney
          PA ID No. 56816

          s/Soo C. Song
          SOO C. SONG
          Assistant U.S. Attorney
          DC ID No. 457268

          s/Eric G. Olshan
          ERIC G. OLSHAN
          Assistant U.S. Attorney
          IL ID No. 6290382

          s/Julia Gegenheimer
          JULIA GEGENHEIMER
          Special Litigation Counsel
          Civil Rights Division
          NY ID No. 4949475