IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**MEMORANDUM ORDER**

On April 29, 2022, the government filed a Motion to Vacate the Filing Deadline for the Government Notice of Lay Opinion Testimony (ECF No. 727), which the court granted in part, staying the May 16, 2022 deadline set forth in the Court's April 19, 2022 Scheduling Order (ECF No. 723). The Court deferred ruling on the government's request that the Court vacate the order requiring the government's guilt-phase lay opinion testimony disclosures, and ordered the defendant to respond on or before May 12, 2022. (ECF No. 728). The defendant has filed his response. (ECF No. 730). He opposes the request to vacate.

The Court acknowledges the limits of the applicable rules with respect to disclosure of "purely" lay opinion testimony, as recognized by the government's motion, and the authorities cited therein, and this Court's order is not intended to abrogate those rules. However, as recognized by defendant's brief in response, and the authorities cited therein, there exists, often enough, a fine line between lay opinion and expert opinion testimony. Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C), Fed. R. Evid. 701, 703 and 705. In recognition of this reality and in an effort to "front load" (if not expedite) legal argument that might otherwise inconveniently arise at the inception of, or during trial, and to otherwise move this case in an efficient manner, prudence invites that our prior order stand.

Therefore, this 20th day of May, 2022, it is hereby ORDERED that the government's motion to vacate (ECF No. 727), is hereby DENIED.  The government shall disclose any lay opinion testimony it intends to proffer on or before **June 6, 2022**.  Any lay opinion testimony that is not purely lay opinion testimony offered at a later date which has not been offered or disclosed as ordered will be considered in violation of this order, and its admission at trial may be limited as a result thereof.

The government proceeds at its own peril with respect to the court's determination of whether proffered testimony is purely lay opinion or not.

*/s/ Robert J. Colville*
Robert J. Colville
United States District Judge

Cc:  record counsel via CM-ECF Electronic Notice Filing