IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 18-292 |
| ) | |
| ROBERT BOWERS ) | |

**MEMORANDUM ORDER**

Presently pending before the Court is a United States' Motion for Pretrial Disclosure of Defendant's Proposed Mitigating Factors, for Meaningful Notice Pursuant to Rule 12.2(b)(2), and to Approve the Use of Firewall Counsel (ECF No. 742).  Defendant opposes the motion.

The first request seeks disclosure of Defendant's proposed mitigating factors 60 days prior to trial, to coincide with the filing of his Rule 12.2(b)(2) notice, a deadline set forth in a prior order of Court.  (ECF No. 640).   The Government asks the Court to exercise its inherent discretion in order to provide the Government with a fair opportunity to rebut the Defendant's proposed mitigating factors, in the interest of efficiency, to avoid surprise, and to aid in selection of a fair and impartial jury. This request will be denied.  As noted in Defendant's opposition brief, such disclosure is not mandated by the applicable statutes and rules, risks infringing on Defendant's constitutional rights, and is not supported by the vast majority of cases addressing the issue.

The second request seeks "meaningful" pretrial notice of mental health evidence, now due 60 days prior to trial, arguing that any testing, examinations and evaluations of Defendant by any defense mental health expert should be completed prior to the Rule 12.2 notice.  The Government asks for the names of each mental health expert, their qualifications, and a list of tests administered to Defendant by each expert. We realize the Government must be afforded adequate opportunity

to conduct its investigation, however, the rule does not require such specificity. The motion will be denied.

Third, the Government moves the Court to approve the appointment of firewall counsel to handle pretrial matters relating to Rule 12.2(b)(2) mental health issues, arguing such appointment would allow the Government a better opportunity to fairly and timely respond to defense mental health evidence. Defendant objects. We will deny the request. The court intends to require "penalty phase" disclosures within 24 hours of the entry of a guilty verdict, if entered.

AND NOW, this 15th day of July, 2022, IT IS HEREBY ORDERED that the Motion for Pretrial Disclosure of Defendant's Proposed Mitigating Factors, for Meaningful Notice Pursuant to Rule 12.2(b)(2), and to Approve the Use of Firewall Counsel (ECF No. 742) be and the same is hereby DENIED.

*/s/ Robert J. Colville*
Robert J. Colville
United States District Judge

cc:  record counsel via CM-ECF Electronic Notice Filing