IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 18-292 |
| ROBERT BOWERS | |

**JOINT STATUS REPORT**

The parties, through undersigned counsel, have met and conferred as directed by the Court in preparation for the upcoming August 15, 2022, status conference, and submit the attached Joint Status Report.

    A.    <u>Potential Dates for Trial in this Matter</u>

The parties disagree with respect to potential trial dates. The United States urges the Court to set a trial date in early March 2023. The defense requests that the Court follow the sequence articulated in its scheduling order of April 19, 2022, Doc. No. 723, which deferred setting a trial date until after any <u>Daubert</u> challenges to expert testimony and attendant briefing have been filed.[1]

    B.    <u>Potential Length of Trial Including Jury Selection</u>

The parties agree that the potential length of the trial, including jury selection, will be approximately three months.

    C.    <u>Structure of the Trial</u>

The parties agree that the trial should recess for one to two weeks between the guilt and sentencing phases. By the Court's Order at Doc. No. 723, any defense motion to trifurcate the proceedings will be filed by September 29, 2022, and any government response by October 13,

---

[1] In the Joint Notice Regarding Case-Related Deadlines, Doc. No. 719, the defense proposed that jury selection begin on November 13, 2023, with opening statements beginning approximately December 18, 2023.

2022. The parties will be prepared to respond to any specific questions that the Court may raise regarding trial structure at the Status Conference on August 15, 2022.

        D.      <u>Response to Motion to Prohibit Death Qualification of the Jury (Doc. No. 759)</u>

The parties propose that the government's response to the defense Motion to Prohibit Death Qualification of the Jury, Doc. No. 759, be filed by September 30, 2022.

        E.      <u>Ongoing Discussions Regarding Experts, Guilt-phase Rebuttal Experts</u>

The parties continue to confer regarding additional expert disclosures in an effort to resolve outstanding disputes. While guilt-phase rebuttal expert disclosures were ordered to be provided by July 28, 2022, based upon ongoing discussions and defense disclosures to date, the United States has not yet been able to assess what defense expert opinion would warrant rebuttal. Accordingly, the parties request Court permission to file or supplement guilt-phase rebuttal expert disclosure notice as necessary.

The defense has requested additional information and/or materials related to the United States' initial expert and lay opinion disclosures. It is the United States' position that it is willing to voluntarily produce certain of the information and/or materials requested by the defense (and has already begun doing so), but it does not agree that the production of all requested materials is required. It is the defense position that the government is required to produce the requested materials. As to some of the information and/or materials the government has agreed to produce in response to the defendant's requests, the United States cannot currently predict when such information and/or materials will be available. Because of the pending production issues, on August 8, 2022, the defense filed a Motion to Extend Deadline for Filing Motion Challenging the Sufficiency of the Government's Expert and Lay Disclosures, seeking to extend the filing deadline for 30 days from August 11, 2022, until September 12, 2022 (Doc. No. 769). This extension will

allow the defense to review the materials the government produces, share them with experts as appropriate, and determine whether the Court's intervention is needed. The government opposes this request to extend the deadline and will file a written response.

F.     Motion for Confidential Testing of Items of Forensic Evidence

The United States intends to oppose the defense Motion for Confidential Testing (Doc. No. 767) and will file its opposition on August 15, 2022, in accordance with the scheduling order.

G.     2020 Jury Wheel Data

The parties agree to request an updated production of all items ordered produced pursuant to the Court's Order at Doc. No. 708 and will submit a joint proposed Order. The defense will also seek an Order directing the Clerk's Office to conduct a survey of potential jurors in the current Master Jury Wheel, similar to the manner in which the Clerk surveys potential jurors to complete the AO-12 form, to determine religious affiliation. The defense will file this Motion on or before August 30, 2022. The United States will oppose that request.

H.     Victim-Related Injuries Alleged in the Indictment and Notice of Intent.

By way of a letter dated June 17, 2022, the defense sought additional information regarding victim-related injuries as alleged in the Superseding Indictment and Notice of Intent to Seek the Death Penalty. The government's position is that discoverable materials will be made available closer to trial. Unless a disclosure deadline can be resolved by the parties, the defense will file a motion requesting that the Court set a deadline for production of this evidence, which the government may oppose, depending on the timing of any such deadline and the nature of the materials the defense requests.

I.     Proposed Voir Dire Procedures and the Supplemental Juror Questionnaire.

The defense is reviewing the government's response to its proposed voir dire procedures and juror questionnaire (Doc. No. 763) and will seek leave to file a reply on or before August 30, 2022, to address several discrete points raised for the first time in the government's response. Given the parties' agreement that the Court should allow the government until September 30, 2022, to file a response to the defense Motion to Prohibit Death Qualification of the Jury, it is the defense position that the filing of a reply regarding the proposed voir dire procedures and juror questionnaire will not cause delay as the resolution of the Motion to Prohibit Death Qualification would logically precede the Court's determination of the voir dire and juror questionnaire issues. The United States opposes additional briefing related to voir dire procedures and the juror questionnaire at this time, but to the extent the Court permits such additional briefing, would request that any supplemental briefing be limited to no more than 10 pages.

J.  <u>Renewed Motion to Dismiss the Counts of the Superseding Indictment Charging the Use of a Firearm in Connection with a Crime of Violence.</u>

On October 16, 2020, the Court denied the defense Motion to Dismiss Counts 23-33, 38-39, and 52-63 of the Superseding Indictment Charging the Use of Firearm in Furtherance of a Crime of Violence (Doc. No. 325). In light of relevant Supreme Court decisions since that time, including *Taylor v. United States*, __ S. Ct. __, 2022 WL 2295112 (June 27, 2022), and *Borden v. United States*, 141 S. Ct. 1817 (June 10, 2021), the defense intends to file a renewed challenge to these counts no later than September 30, 2022. The United States will respond to any such motion.

Respectfully Submitted,

| | |
|---|---|
| CINDY K. CHUNG<br>United States Attorney | */s/ Judy Clarke*<br>Judy Clarke<br>Clarke Johnston Thorp & Rice, PC |
| s/Troy Rivetti<br>TROY RIVETTI<br>Assistant U.S. Attorney<br>PA ID No. 56816 | */s/ Michael N. Burt*<br>Michael N. Burt<br>Law Offices of Michael Burt, PC |
| s/Soo C. Song<br>SOO C. SONG<br>Assistant U.S. Attorney<br>D.C. Bar No. 457268 | */s/ Michael J. Novara*<br>Michael J. Novara<br>First Assistant Federal Public Defender |
| s/Julia Gegenheimer<br>JULIA GEGENHEIMER<br>Special Litigation Counsel<br>Civil Rights Division<br>NY ID No. 4949475 | */s/ Elisa A. Long*<br>Elisa A. Long<br>Supervisory Assistant Federal Public Defender |
| s/Eric G. Olshan<br>ERIC G. OLSHAN<br>Assistant U.S. Attorney<br>IL ID No. 6290382 | |