IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT BOWERS | Criminal No. 18-292 |

### UNITED STATES' RESPONSE IN OPPOSITION TO MOTION TO EXTEND DEADLINE FOR FILING MOTION CHALLENGING SUFFICIENCY OF GOVERNMENT'S EXPERT AND LAY OPINION DISCLOSURES (Doc. No. 769)

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, Troy Rivetti, Soo C. Song, and Eric G. Olshan, Assistant United States Attorneys for said district, and Julia Gegenheimer, Special Litigation Counsel, Civil Rights Division, and hereby files the instant Response in Opposition to defendant Robert Bowers's Motion to Extend Deadline for Filing Motion Challenging the Sufficiency of the Government's Expert and Lay Opinion Disclosures (Doc. No. 769):

The Court's April 19, 2022, Pretrial Order requires that any defense motion "challenging the sufficiency of the Government's expert and lay opinion disclosures" must be filed "on or before August 11, 2022." Doc. No. 723 at 2. On August 5, 2022—six days before their challenge was due—the defendant filed a motion requesting that the deadline be extended 30 days (i.e., until September 12, 2022) to allow him an opportunity to review additional materials that the United States has agreed to voluntarily produce, "share [the materials] with [his] experts as appropriate, and file any remaining challenges." Doc. No. 769 at 3. The United States objects to the defendant's latest delay attempt.

1

Almost four months ago, on April 22, 2022, consistent with this Court's order (Doc. No. 723), the government made a substantial production to the defendant including the FBI Laboratory's supporting documentation for the DNA, firearm and toolmark, and fingerprint analyses conducted in this case. The defendant has been in possession of the actual expert reports of analyses for several years. More recently, on June 6, 2022, the United States provided notice and additional supporting disclosures regarding potential expert and lay opinion testimony—on time and as ordered. See Doc. Nos. 723, 731; Fed R. Crim. P. 16(a)(1)(G). As a result, by early June, the defendant possessed all documents and electronic data associated with the government's required expert disclosures.

Notwithstanding that such disclosures far surpassed the nature and detail of similar disclosures produced in federal criminal cases in this district and throughout the country, the defendant has continued to request yet additional material—without citing any binding authority establishing that such disclosures are required under the law. Indeed, the government received a letter requesting additional disclosures on June 1, 2022—even before the June 6 deadline set by the Court for expert and lay disclosures.[1] The defendant has followed up with additional letters demanding additional disclosures.

---

[1] The United States' June 6, 2022, Notice, which included materials pertaining to DNA Evidence and Serology, referenced the defense June 1 letter requesting additional disclosures of DNA materials and explained that the United States had conferred with the FBI Laboratory and would respond to the June 1 letter and produce additional materials. On June 16, 2022, the United States voluntarily produced additional DNA-related materials, including validation summaries and all raw data necessary for any defense expert to independently reconstruct the DNA analysis performed in this case, while also noting that PDF documents displaying the analyzed data generated from those files had been previously provided on April 22, 2022, in the case file notes, which are part of the standard "case litigation packets." The United States provided these additional materials in an effort to accommodate the defense requests and specifically clarified that the United States was not conceding that such disclosures are required by Rule 16.

Throughout this process, the government has made efforts to accommodate the defendant's continued requests, without conceding that any such efforts are mandated. And yet the defendant has persisted in requesting access to materials that are not routinely produced and certainly are not required to be produced. For example, as noted above (footnote 1), the government has agreed to produce, and has produced, validation summaries describing how the FBI Laboratory validated the specific software it currently uses to conduct DNA testing. Despite the fact that production of validation summaries is not standard, much less required, in criminal cases, the defendant has also requested the voluminous underlying data associated with the actual validation processes employed by the DNA Laboratory before it used this software in any cases. In other words, the defendant has requested data that has nothing to do with the testing in this case—testing that he can already reproduce and challenge based on prior government disclosures, as he well knows. Still, in an effort to accommodate the defendant, the government has agreed to provide additional disclosures. This process is not routine, and FBI Laboratory personnel are working diligently to compile the materials, in addition to carrying out their normal day-to-day duties. This is just one example of the types of extraordinary and atypical requests the defendant continues to make related to the government's expert and lay opinion disclosures.[2]

At this point, it is clear that, despite the government's efforts to be reasonable, no amount of additional disclosures will satisfy the defendant. He has long since had sufficient material to bring an appropriate challenge to the government's disclosures. The United States therefore urges

---

[2] The defendant has also requested additional disclosures related to non-expert testimony, including details about software that was used by FBI personnel to create a draft demonstrative exhibit—specifically, a 3-D model of the Tree of Life Synagogue. The government is aware of no authority whatsoever that entitles the defendant to a step-by-step breakdown of how the government created a demonstrative exhibit.

the Court not to indulge the defendant's continued delay tactics and instead to deny any further extensions of the deadline now currently set for August 22, 2022. <u>See</u> Doc No. 771.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

<u>s/Troy Rivetti</u>
TROY RIVETTI
Assistant United States Attorney
PA ID No. 56816

<u>s/ Soo C. Song</u>
SOO C. SONG
Assistant United States Attorney
DC ID No. 457268

<u>s/ Eric G. Olshan</u>
ERIC G. OLSHAN
Assistant United States Attorney
IL ID No. 6290382

<u>s/Julia Gegenheimer</u>
JULIA GEGENHEIMER
Special Litigation Counsel
Civil Rights Division
NY ID No. 4949475