IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

Before the Court is Defendant's "Motion for Independent and Protected Defense Access to and Testing of DNA Evidence, Firearms and Toolmarks Evidence, and Latent Print Evidence" (the "Motion") (ECF No. 767). The Government has filed a Response in Opposition (ECF No. 776) to Defendant's Motion, and Defendant has filed a Reply (ECF No. 779). The Motion has been fully briefed and is ripe for disposition.

By way of his Motion, Defendant seeks to independently, and confidentially, examine or test the following items within the Government's possession, custody, or control: (1) certain DNA evidence; (2) firearms and toolmarks evidence; and (3) latent print evidence. Mot. 1, ECF No. 767. More specifically, Defendant "seeks an order that the FBI deliver specified items of evidence directly to defense-retained laboratories and/or individual examiners for confidential defense expert examination and testing." *Id.* Defendant also requests that the examination and testing by defense-retained experts remain confidential unless and until the defense provides notice of the intent to use the results. *Id.* Defendant asserts that none of this testing will destroy or affect the integrity of the items of evidence sought by Defendant. *Id.* at 1-2.

Federal Rule of Criminal Procedure 16 provides:

**(E) Documents and Objects.** Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or

1

portions of any of these items, if the item is within the government's possession, custody, or control and:

> **(i)** the item is material to preparing the defense;
>
> **(ii)** the government intends to use the item in its case-in-chief at trial; or
>
> **(iii)** the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).  Judge Gibson of this District has previously explained that the "clear reading of the rule demonstrates that a defendant's request for inspection must be permitted if any of the three circumstances exist, and it is not necessary to establish all three or even two of the three . . . ."  *United States v. Giardina*, No. CRIM. 04-29J, 2005 WL 3088441, at *7 (W.D. Pa. Nov. 17, 2005).

Initially, Defendant fails to provide the Court with sufficient argument as to the DNA, firearm and toolmark, and latent print evidence's materiality to his defense.  Defendant instead relies nearly exclusively[1] on argument that he is entitled to independent testing of the evidence at issue pursuant to Rule 16(a)(1)(E)(ii) because the Government has asserted that it intends to use these items in the Government's case-in-chief at trial, and specifically that it intends to introduce the results of scientific testing and expert testimony regarding this evidence at trial, as disclosed in the Government's June 6, 2022 guilt-phase expert disclosures.  *See* Reply 1, ECF No. 779 ("Here, as noted in the defense motion, the defense requests to test items that fall squarely within the scope of Rule 16(a)(1)(E)(ii), items the government has indicated it intends to use in its case in chief at trial.").  Generally speaking, the Government does not challenge Defendant's assertion that the Government intends to, or at least may, utilize at least some of these items in the

---

[1] With one notable exception, as Defendant argues, and the Court agrees, that he is also entitled to conduct independent fingerprint testing on a membership card recovered from Defendant's 2016 Hyundai Sonata under Rule 16(A)(1)(E)(iii).

Government's case-in-chief at trial, but rather primarily asserts that Defendant's Motion should be denied on the basis of Defendant's delay in seeking independent testing, his failure to establish that independent testing of the evidence is material to his defense, and the burden imposed by such testing.

Given the plain language of Fed. R. Crim. P. 16(a)(1)(E) and case law interpreting the same, the Court generally agrees that independent testing is permissible under these circumstances. The Government argues that Rule 16 does not provide a defendant with the right to "test" forensic evidence. Resp. in Opp'n 6, ECF No. 776. While the Government is correct that Fed. R. Crim. P. 16(a)(1)(E) explicitly provides for the right to "inspect," rather than to "test," forensic evidence, courts interpreting this Rule have consistently explained that, where Rule 16(a)(1)(E)'s prerequisites are met, a defendant is entitled to independently review and test such materials. *See Giardina*, 2005 WL 3088441, at *8 ("Therefore, the remaining alleged heroin is evidence necessary to the Government's case-in-chief and is required to be produced for non-destructive, independent testing by the Defendant."); *see also United States v. McClure*, No. 3:07-CR-29, 2009 WL 1256895, at *1 (E.D. Tenn. Apr. 30, 2009) ("The crack cocaine that the defendant seeks to re-weigh is a tangible object and is in the government's custody or control. Moreover, the Court assumes that the government intends to use the crack cocaine in its case-in-chief. Accordingly, the Court finds that the defendant is entitled to inspect the crack cocaine under Rule 16(a)(1)(E)."); *United States v. Thomas*, No. CRIM. 2008-0020, 2009 WL 212931, at *1 (D.V.I. Jan. 29, 2009) (stating that "[t]he Government is required to give adequate notice to a defendant of its intention to use results of scientific tests or expert witnesses with enough time for the defendant to obtain an expert to assist him in attacking the findings of the Government's expert[,]" and allowing for independent testing of DNA evidence and drugs); *United States v. Dog Taking Gun*, 7 F. Supp. 2d

1118, 1121 (D. Mont. 1998) (holding that a defendant "will be prejudiced if he does not have a meaningful opportunity to prepare his defense, and to have the DNA evidence independently evaluated."); *United States v. Anderson*, 169 F. Supp. 3d 60, 69 (D. D.C. 2016) ("To the extent that there is DNA extract left, it shall be preserved for defense use."); *United States v. Noel*, 708 F. Supp. 177, 178 (W.D. Tenn. 1989) ("This court believes defendants are entitled to a sample for independent testing of the alleged controlled substance which is to be used against them at trial."); *United States v. Carrell*, No. CR 05-1484 MCA, 2006 WL 8427721, at *1 (D.N.M. Aug. 2, 2006) ("[Fed. R. Crim. P. 16(a)(1)(E)] has been applied to permit a defendant charged with illegally possessing a controlled substance to obtain a sample of that substance for purposes of independent testing, subject to a variety of procedural safeguards aimed at preserving the integrity of the Government's evidence."); *United States v. Butler*, 988 F.2d 537, 543 (5th Cir. 1993) ("Because the substance alleged to be cocaine base was obtained from Butler and because the government intended to use the substance as evidence at trial, we agree that the court erred in refusing to grant appellant's motion to test a sample of the substance.").

The Government cites to *United States v. RMI Co.*, 599 F.2d 1183 (3d Cir. 1979) for the proposition that, "[i]n order to obtain discovery under Rule 16(a)(1)(E), the defendant bears the burden of making a prima facie showing of materiality." Resp. in Opp'n 6, ECF No. 776. Notably, *RMI, Co.*, which cited to a previous version of Rule 16, states:

> Rule 16(a)(1)(C) permits a defendant to discover documents in the government's possession where they (1) "are material to the preparation of (the) defense"; *or (2) "are intended for use by the government as evidence in chief at the trial"; or* (3) "were obtained from or belong to the defendant." *There has been no argument that reason (2) applies*, and reason (3) is plainly inapposite.

*RMI Co.*, 599 F.2d at 1188 (emphasis added). The Third Circuit's decision in *RMI Co.* turned only upon the first circumstance where inspection is warranted, i.e., materiality. Here, there is no debate

that the Government intends to use at least some of the evidence at issue in its case-in-chief. Likewise, the defendant in *United States v. Graham*, No. CR. 03-50020-02, 2008 WL 11450763 (D.S.D. June 20, 2008) also relied on argument that the evidence at issue was material to his defense, and the court in *Graham* ultimately permitted independent testing.  The Government further fails to cite to a case that is directly on point, specifically where a court denied a defendant's pretrial request for independent testing of items that the Government had affirmatively identified as those about which it intended to introduce expert testimony and scientific test results at trial.

The Court again emphasizes that the only basis for inspection and testing sufficiently argued and asserted by Defendant at this juncture is that the Government intends to use the DNA, firearm and toolmark, and latent print evidence at issue during the Government's case-in-chief at trial.  *See* Reply 1, ECF No. 779.  While the Court acknowledges the Government's argument that it has not yet determined all specific items of evidence that it will use at trial, and that the Defendant is not entitled to know all the minutia of the Government's evidence, the Government has also repeatedly stated a desire to move this case toward trial.  Under a plain reading of Rule 16(a)(1)(E), Defendant is entitled to conduct independent testing of items of forensic evidence where the Government intends to introduce expert testimony and scientific test results at trial as to such items.  Any delay in identifying the same on the Government's part may have the potential to delay trial in this matter, a consequence this Court is guardedly determined to avoid.  To the extent that the Government desires to limit the items that may be subjected to testing, it should identify which items will definitively not be used at trial forthwith.[2]  Otherwise, the testing may take place as set forth in Defendant's Motion.

---

[2] *See* Reply 3, ECF No. 779 ("If the government wishes to limit the scope of the expert testimony to a subset of the bullets and shell casings, that may impact the items the defense is entitled to test under Rule 16(a)(1)(E)(ii).").

Further, while the Court acknowledges, and is not unsympathetic to, the Government's argument respecting privacy concerns as to certain DNA evidence, the Court also notes that it is the Government's intention to utilize such evidence itself at trial that triggers Defendant's entitlement to request independent inspection and testing of that evidence. Courts interpreting Rule 16 have held that independent testing by the defense is permissible where the Government has given notice that it intends to utilize scientific results and expert witnesses with respect to certain evidence. The Government has provided such notice in this case and, in the absence of some indication that certain evidence will not be used at trial, independent testing is permissible. The Court expects that the Defense will safeguard the privacy interests of the victims, witnesses, and Mr. Bowers himself, in all appropriate regards, and trusts that an agreement respecting appropriate privacy protection protocols can be reached between the Government and the Defense.

The Court notes that it has recently set a date of April 24, 2023 for the commencement of voir dire in this matter. *See* ECF No. 788. Nothing in either party's briefing indicates that the access and testing that Defendant seeks will result in any delay of trial, nor does this Court believe that the same would be in any way warranted given the following: (1) the Defense has known of the existence of the evidence at issue for years; (2) the Government's guilt-phase expert disclosures were provided on June 6, 2022, nearly a full year before trial; (3) the Defense has represented that the testing sought can take *up to* six to eight weeks, *see* ECF No. 777 at 21:21-22:6; and (4) the Defense is now on notice, more than six months prior to trial, that the Defense has leave to perform the testing it seeks. Under Rule16(d)(1), a court may, at any time and for good cause, "deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Because, at this juncture, no delay seems likely to result from this Court's Order, it sees no reason to exercise that discretion at this time. The Court merely notes the same in the interest of informing the parties

that it has set a trial date in this matter that it believes provides ample time for the parties to prepare

for trial, including the testing at issue, and that the Court does not anticipate moving the trial date

in the absence of extraordinary, unforeseen circumstances.

Finally, the Court notes that, with respect to failures to comply with Rule 16, Rule 16(d)(2)

provides:

> (2) Failure to Comply.  If a party fails to comply with this rule, the court may:
>
>> (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
>>
>> (B) grant a continuance;
>>
>> (C) prohibit that party from introducing the undisclosed evidence; or
>>
>> (D) enter any other order that is just under the circumstances.

Fed. R. Crim. P. 16(d)(2).  Defendant himself acknowledges that Judge Ambrose, by way of a July

12, 2021 Order of Court, had previously ordered as follows:

> [I]t is hereby ORDERED that the parties meet and confer regarding a date(s) for the completion of physical evidence review.  Such review shall not be predicated upon the exchange of case litigation packets.  The Court expects that such review will be done by the end of September [of 2021].

ECF No. 508.  Defendant now relies, at least to a certain extent, on the exchange of case litigation

packets and the Government's guilt-phase expert disclosures to justify his request to conduct

independent testing on the items of evidence at issue in his Motion.  While the Court will permit

Defendant to conduct independent testing of certain items of forensic evidence, the Court is neither

persuaded nor inclined to permit any further inspection or testing that has not already been brought

to the Court's attention,[3] given the history of Defendant's inspection efforts to date, and the fact

---

[3] The Court acknowledges that a similar "independent testing" Motion has been filed in this matter at ECF No. 802, and the testing sought by way of that Motion has thus already been brought to the Court's attention.

that the pretrial motion deadline in this case will expire, per agreement of the parties, on November 25, 2022.[4]

The parties are hereby directed to confer forthwith to discuss the mechanics of the exchange of the evidence at issue and any chain of custody issues.  To the extent that the parties believe any matter discussed herein is not covered by an existing protective order, the parties may, either jointly or individually, submit a proposed protective order for this Court's consideration within seven (7) days of this Court's Order.  To the extent that any proposed protective order is opposed, the party opposing the protective order is hereby directed to file a response to the proposed protective order within five (5) days of the filing of the proposed protective order.  The Court further encourages the parties to discuss whether any agreement can be reached as to the mechanics of exchange or testing that may streamline the process.  While the Court will not require the parties to reach such an accord, it may be in the parties' and efficiency's best interests to discuss the same with the benefit of the Court's holdings in this Memorandum Opinion.

For the reasons discussed above, the Court will grant Defendant's Motion.  An appropriate Order of Court follows.

BY THE COURT:

/s/Robert J. Colville
Robert J. Colville
United States District Judge

---

[4] Defendant's Reply provides:

> Should the government provide notice that it intends to offer testimony about or introduce a subset of firearms/toolmarks and DNA items in its case-in-chief at trial, then the defense may be in a position to limit the items it intends to test or, alternatively, argue that the defense still needs to test the item because it is "material" under Rule 16(a)(1)(E)(i).  At this juncture, because the government has not limited the firearms/toolmarks and DNA evidence it intends to use in its case-in-chief at trial, the defense seeks an order permitting the testing of all firearms, bullets/casings, and DNA evidence as well as the latent print evidence.

Reply 9 n.2, ECF No. 779.  Any argument as to any item's materiality clearly could have been raised by way of the present Motion, and the Court reiterates its intention to maintain the present trial date, especially where the Defendant failed to raise all potentially available arguments at the earliest reasonable convenience.

DATED: October 13, 2022

cc: All counsel of record