# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

## ORDER OF COURT

AND NOW, this 13th day of October, 2022, upon consideration of Defendant's Motion for Independent and Protected Defense Access to and Testing of DNA Evidence, Firearms and Toolmarks Evidence, and Latent Print Evidence (ECF No. 767), and for the reasons set forth in this Court's Memorandum Opinion of the same date, it is hereby ORDERED that the Motion is granted.  As discussed in the following paragraph, the Government shall coordinate with Defense Counsel for delivery of the evidence described in the Motion: DNA related items identified in an FBI laboratory report found at GOVT_18292_004106 *et seq.*; firearms/toolmarks items identified in an FBI laboratory report found at GOVT_18292_005074 *et seq*; and the requested fingerprint item identified at 1B194.  Subject to the following paragraph and the Court's holdings in its Memorandum Opinion, these items will be provided for non-destructive, independent testing.  The examination and testing by Defense-retained experts shall remain confidential unless and until the Defense provides notice of the intent to use the results.  Given that the deadline for Defendant to comply with all remaining guilt-phase discovery and inspection obligations required by Rule 16(b) of the Federal Rules of Criminal Procedure is October 25, 2022, the Court anticipates that Defendant shall provide such notice within twenty-one (21) days of the completion of the testing permitted by way of this Order.

The parties are hereby directed to confer forthwith to discuss the mechanics of the exchange of the evidence at issue and any chain of custody issues. To the extent that the parties believe any matter discussed in this Court's Memorandum Opinion is not covered by an existing protective order, the parties may, either jointly or individually, submit a proposed protective order for this Court's consideration within seven (7) days of this Court's Order. To the extent that any proposed protective order is opposed, the party opposing the protective order is hereby directed to file a response to the proposed protective order within five (5) days of the filing of the proposed protective order. The Court further encourages the parties to discuss whether any agreement can be reached as to the mechanics of exchange or testing that may streamline the process. While the Court will not require the parties to reach such an accord, it may be in the parties' and efficiency's best interests to discuss the same with the benefit of the Court's holdings in this Court's Memorandum Opinion.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

cc: All counsel of record