IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.          ) | Criminal No. 18-292 |
| ) | |
| ROBERT BOWERS       ) | |

**MEMORANDUM ORDER**

Robert J. Colville, United States District Judge

Consistent with this Court's October 13, 2022 Memorandum Opinion (ECF No. 809) and Order of Court (ECF No. 810), the Government has filed a Motion for Protective Order Regarding Mechanics of Exchange of Evidence for Defense Forensic Testing and Chain of Custody Issues (ECF No. 817), Defendant has filed a Response (ECF No. 826), and the Government has filed a Reply (ECF No. 827). The Government's Motion will be granted in part, and the Court offers the following brief explanation:

The parties were unable to resolve all outstanding disputes regarding the content of a proposed protective order ahead of the filing deadline for the same; however, the Government's Reply indicates:

> The United States has made arrangements for the FBI to move forward with delivery of the evidence to the defense experts and/or release it to the custody of defense counsel. The defense filing, Doc. No. 826, reflects a willingness to accommodate and address most of the United States' concerns for assuring the integrity of the evidence.

Reply 1, ECF No. 827. The Government, nonetheless, goes on to reiterate that it believes that any protective order should include a provision "explicitly prohibiting any unauthorized analysis or

1

use of the deceased victims' genetic and/or ancestry information – including a prohibition that the victim DNA evidence and information may not be entered into and/or submitted to any internal or external database (criminal, civil, or commercial)." *Id.* at 1-2.  The Court notes that its previous Memorandum Opinion and Order allow Defendant to conduct the testing described in Defendant's "Motion for Independent and Protected Defense Access to and Testing of DNA Evidence, Firearms and Toolmarks Evidence, and Latent Print Evidence" (ECF No. 767).  While the Government's relevance objection to any results of the proposed testing of DNA evidence is noted and preserved, the Court will not revisit its Order allowing the testing to be conducted on the basis of relevance or otherwise limit the testing described in Defendant's Motion at ECF No. 767.

However, while the Court acknowledges Defendant's assertions that: (1) the language proposed by the Government regarding the protection of DNA evidence is redundant and unnecessary due to the existence of the previously entered Protective Order at ECF No. 24; (2) the defense experts have already agreed to abide by the limitations of that Protective Order; and (3) the Defense intends to continue to protect the privacy rights of the crime victims, the Court is also inclined, in this scenario and in an abundance of caution, to impose the additional language proposed by the Government regarding the protection of DNA evidence.  These provisions include:

- A. The defense experts are prohibited from disclosing any of the evidence, and any aspect of their work and/or their conclusions/results pertaining to this case to anyone other than counsel for the defendant, counsel for the United States, the Court, or personnel employed by such experts.
- B. The defense experts are specifically prohibited from sharing any aspect of the victim DNA evidence with anyone other than counsel for the defendant, counsel for the United

States, the Court, and personnel employed by such experts. The victim DNA evidence and information may not be entered into and/or submitted to any internal or external database (criminal, civil, or commercial), and may be compared only with the evidence in this case. In addition, defense counsel and the defense experts affirmatively acknowledge and agree that they will protect the dignity and privacy rights of the crime victims under the CVRA, 18 U.S.C. § 3771(a)(8).

Given the Government's concession that the Defense's Response adequately addresses most of the concerns raised by the Government as to the integrity of evidence, the Court will primarily draw from the proposed order (ECF No. 826-1) submitted by the Defense in providing a protective order addressing the mechanics of the exchange of evidence for defense forensic testing and chain of custody issues, as further set forth below. As noted, the Court will include a provision, consistent with the Government's proposed order, respecting the protection of DNA evidence.

Finally, the Court will utilize Defendant's proposed language as to the timeline for completion of the testing at issue, and specifically will require that the testing be completed in a "timely manner." The Court notes, as it noted in its Memorandum Opinion granting Defendant's Motion to conduct the testing, that Defendant previously represented to the Court that the testing sought *can take up to six to eight weeks*, *see* ECF No. 777 at 21:21-22:6, and that the Government's proposal of a deadline of eight weeks from the Defense's receipt of the evidence for completion of testing is thus not unreasonable. The Defense provides:

> Given the need for relying upon shipping, handling, holiday schedules, and work being integrated into the laboratories' existing workflow, setting a strict eight-week deadline is unnecessarily restrictive. To the extent the Court believes a firm date is necessary, the defense proposes that all independent testing should be completed no later than January 31, 2023.

Resp. 3, ECF No. 826. Defendant proposes a deadline of approximately twelve weeks, which is four weeks more than his previous estimate for the completion of testing. The Court's order will require the completion of the testing in a "timely manner," but the Court hereby holds that, in the absence of truly extraordinary circumstances, the testing shall be completed by no later than January 31, 2023. In the interest of ensuring adequate time for review and preparation, the Court hereby encourages the Defense to attempt to complete the testing within the eight-week timeframe originally suggested by the Defense to the Court. By December 20, 2022, the Defendant shall file a status report advising the Court as to the expected timeline for completion of the independent testing. The Court reiterates that it has set a trial date in this matter that it believes provides ample time for the parties to prepare for trial, including the testing at issue, and that the Court does not anticipate moving the trial date in the absence of truly extraordinary, unforeseen circumstances.

Accordingly, it is hereby ORDERED that the Government's Motion is granted in part. The Court hereby enters the following Order Regarding the Production of Evidence for Defense Inspection and Testing:

1. <u>Latent Print Expert Testimony and Scientific Tests</u>. In compliance with the Court's directive (Doc. No. 809 at 5), the United States has determined that it does not intend to introduce in its case-in-chief expert testimony and scientific test results pertaining to the Defendant's fingerprint identified on a membership card recovered from his 2016 Hyundai Sonata. *See* Doc. No. 767 at 2 n.2 (Item 1B194); *id*. at 10; Doc. No. 779 at 2, 3-4. Given this representation by the United States, the defense will not conduct any inspection or testing of this item at this time.

2. <u>DNA Expert Testimony and Scientific Tests</u>. In compliance with the Court's directive (Doc. No. 809 at 5), the United States has determined that it does not intend to introduce in its case in chief expert testimony and scientific test results pertaining to the following DNA items: Item 2

4

(Ruger rifle); Item 5 (PW Arms rifle); Item 6 (Walther Arms pistol); Item 7 (Browning pistol); Item 8 (Sig Sauer pistol); Items 771, 772, 773 and 774 (swabs from Glock and magazine); Item 840 (metal fragments); and Item 841 (metal fragments). Given this representation by the United States, the Defense will not conduct any inspection or testing of these items at this time.

   3. <u>DNA Evidence</u>. With respect to the items identified in the FBI laboratory report found at GOVT_18292_004106 *et seq*., that the Government intends to introduce into evidence, the Defense may retrieve the DNA extracts and any swabs or portions of swabs that may exist pertaining to these items of evidence during office hours at the Federal Bureau of Investigation (FBI) located at 3311 E. Carson Street, Pittsburgh, PA, 15203. Cellmark Forensic Services in Abingdon, England, will perform non-consumptive DNA testing pursuant to the laboratory's standard, accredited procedures and policies. All analyses will be completed in a timely manner, and immediately thereafter, all remaining DNA extracts, swabs, or portions of swabs will be returned to FBI at 3311 E. Carson Street, Pittsburgh, PA, 15203.

   4. <u>Firearms/Toolmarks Evidence.</u> Special Agents of the FBI will personally deliver the firearms, shell casings, bullets, and bullet fragments that were the subject of the Government's expert disclosure and included within the October 25, 2019, laboratory report found at GOVT_18292_005074 *et seq.*, to Precision Forensic Testing in Dayton, Ohio, point of contact: Chris Monturo, Phone number: 937-271-7139, Physical address: 136 Westpark Road, Centerville, OH 45459, Mailing address: 80 Lynn Rae Circle, Centerville, OH 45458. Pursuant to their standard accredited policies and procedures, Precision Forensic Testing will perform non-destructive testing on the firearms, shell casings, bullets, and bullet fragments that were the subject of the government's October 25, 2019, laboratory report. The test firing from the firearms will be conducted at the Precision Forensic Testing facility with Special Agents allowed to be present on

the facility premises in a designated area during the test fires.  Due to safety and liability issues and consistent with testing norms, the Special Agents will not be present in the immediate area that houses the test fire equipment.  The firearms will be released back to the FBI personnel upon completion of the test firing.

All analyses will be completed in a timely manner by Precision Forensic Testing; immediately thereafter, arrangements will be made for Special Agents with the FBI to personally retrieve all Firearms/Toolmarks items.

5. <u>Chain of Custody.</u>  Upon receipt of the evidence items referenced above, the defense team and/or defense experts shall sign and document all accompanying forms confirming receipt of the evidence; copies of those forms will be immediately provided to counsel for the United States.  The defense experts are responsible for safeguarding the evidence and preserving the chain of custody in a manner that faithfully protects its integrity.  Defense counsel and the experts identified above agree and will certify that all evidence items shall be maintained in the same organized manner and fashion as when received.  All individual packaging for each item of evidence shall be preserved and remain with its corresponding item of evidence.  The defense experts will create and maintain a log with date and time, as well as the identity of each individual (typed name of each individual, with corresponding initials and signature, who handled each item of evidence) documenting the opening of any item of evidence, and the resealing of each item. The defense experts are responsible for repacking and sealing each item, and any attendant packaging, into an evidentiary envelope/container, and sealing the envelope/container consistent with accepted laboratory protocols and procedures.  Defense counsel acknowledge that upon return and receipt of the evidence items, the FBI may inspect and subsequently repackage the items

consistent with FBI evidence protocols. Any inspection and repackaging of the items by the FBI must be conducted and documented in the same manner as set forth above for the defense experts.

Upon the conclusion of the testing by the defense experts, all items of evidence that were released to the Defense by the Government will immediately be returned to the FBI, along with a copy of the aforementioned evidence log. With respect to Firearms/Toolmark evidence, Precision Forensic Testing and defense counsel will promptly inform counsel for the United States that the testing has been completed, and counsel for the United States will then arrange for Special Agents of the FBI to personally retrieve all of the evidence items from Precision Forensic Testing.

Because the re-testing of the aforementioned items of evidence will require the items to be transported, reopened, reexamined, resealed and transported again, the Defendant has agreed to not object to any break in the chain of custody due to the inspection and testing while the item is in the custody of the Defense. To the extent that any of the evidence is lost, damaged, or destroyed as a result of the defense inspection or testing process, the use of photographs of that evidence may be admissible at trial.

6. <u>Protective Order</u>. Counsel for the Defendant have provided a copy of the November 5, 2018, Protective Order to the defense experts, who agree to abide by, and be bound by, its terms. In addition, the following additional restrictions shall apply:

   A. The defense experts are prohibited from disclosing any of the evidence, and any aspect of their work and/or their conclusions/results pertaining to this case to anyone other than counsel for the defendant, counsel for the United States, the Court, or personnel employed by such experts.

   B. The defense experts are specifically prohibited from sharing any aspect of the victim DNA evidence with anyone other than counsel for the defendant, counsel for the United

States, the Court, and personnel employed by such experts. The victim DNA evidence and information may not be entered into and/or submitted to any internal or external database (criminal, civil, or commercial), and may be compared only with the evidence in this case. In addition, defense counsel and the defense experts affirmatively acknowledge and agree that they will protect the dignity and privacy rights of the crime victims under the CVRA, 18 U.S.C. § 3771(a)(8).

7. <u>Disclosure of Results of Defense Testing</u>. The examination and testing by defense experts shall remain confidential unless and until the Defendant provides notice of the intent to use the results. The Defendant shall provide such notice within seven (7) days of the completion of the testing permitted by way of the Court's October 13, 2022, Order (Doc. No. 810). Thereafter, the defendant shall make disclosures to the United States consistent with Federal Rule of Criminal Procedure 16.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: November 4, 2022

cc: All counsel of record