IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 18-292 |
| ) | |
| ROBERT BOWERS ) | |

**UNOPPOSED MOTION TO COMPEL DISCLOSURE OF JURY RECORDS**

Robert Bowers, through undersigned counsel, and pursuant to the Fifth and Sixth Amendments to the United States Constitution, *Duren v. Missouri*, 439 U.S. 357 (1979), and the Jury Selection and Service Act, 28 U.S.C. §§ 1867(a) and (f), respectfully moves this Court for an Order directing the Clerk of the United States District Court for the Western District of Pennsylvania to disclose additional jury records. The government does not oppose this request.

1. On October 11, 2022, upon the joint request of the parties, the Court ordered the Clerk of Court to "update" its prior production and produce "**all records or papers** relied upon by the Clerk of Court and its designees in connection with any jury selection process utilizing either the procedures outlined in the Plan of the United States District Court for the Western District of Pennsylvania for the Random Selection of Grand and Petit Jurors (effective March 2, 2020), as implemented by the Court at *In re: Current Master Jury Wheel*, Case 21-mc-28 MRH, ECF 2 (Jan. 22, 2021), or the 2020 voter registration source list. ECF 808 at 1 (emphasis added).

2. The order further directs the Clerk to provide "any other statistical or demographic analyses produced to ensure the quality and compliance of all Master Jury Wheels with the March 2020 Jury Plan" as well as "status codes for potential jurors." ECF 808.

3. The Clerk of Court produced a number of materials to the parties pursuant to that order on October 21, 2022.

4. The defense jury expert conducted a preliminary review of the materials and identified materials that are missing or that require clarification.

5. Upon learning this, the defense promptly reached out to the government and then to the Clerk of Court in an effort to obtain the information, which the defense believes falls within the scope of the Court's order of October 11, 2022. Yesterday, the Clerk of Court asked that an additional order be obtained from the Court requiring the Clerk to produce the requested information.

6. The government, through Assistant United States Attorney Eric Olshan, does not oppose the Clerk's production of the requested information.

7. Accordingly, the defense is filing this unopposed motion seeking an additional order from the Court for the following information:

   a. Form AO-12 for the previous Pittsburgh Master Jury Wheel states that the source of names was the voter registration supplied by the Commonwealth of Pennsylvania Bureau of Elections. The vendor's name, Sutera Data Systems, was originally shown as the supplier but was crossed out. Form AO-12 for the current Pittsburgh Division Master Jury Wheel states that the source of names is the voter registration supplied by Bluegrass Integrated Communications. Section 5 of both the 2009 and the 2020 Jury Plans states "Voter registration lists are exclusively obtained electronically from the Statewide Uniform Registry of Electors ("SURE") through the Department of State for all the appropriate jurisdictional counties." For

purposes of the defense expert's analysis, the source of the names for the Master Jury Wheel is necessary.

    i. Was the source of the Master Jury Wheel the Department of State or a vendor such as Bluegrass Integrated Communications?

    ii. If the source of the Master Jury Wheel is Bluegrass Integrated Communications or some other vendor, how was the voter registration acquired, and what modifications, if any, were made?

    iii. If the vendor used to create the Master Jury Wheel has changed (i.e., it is no longer Sutera), what are the procedures used by the new vendor?

b. The data supplied for the previous Master Jury Wheel included correspondence from Sutera Data Systems, which contained a table showing how the proportional representation of counties was achieved as described in the Jury Plan Section. The recent materials supplied by the Clerk do not contain such correspondence from the current vendor. For purposes of the defense expert's analysis, this information is necessary:

    i. The information and correspondence supplied by the vendor describing how the current Master Jury Wheel was selected, including the proportionality of counties, the quotient (Jury Plan Section 5 (a)), the starting number (Jury Plan Section 5 (b)), if the selection was manual (Jury Plan Section 6), and if the selection was by machine method (Jury Plan Section 7).

c. The 2020 Jury Plan includes a process that is not in the previous Jury Plan relating to the replacement of juror qualification mailings that were undeliverable or for which no response was received. The 2020 Jury Plan in Section 9 states "Additionally, for each juror qualification mailing returned by the Post Office as undeliverable and/or for each person who fails to complete and/or respond to the juror qualification questionnaire within 21 days of the date of mailing, the Clerk shall draw at random, the name of a resident whose address is in the same zip code to which this original juror qualification mailing had been sent. The Clerk shall then mail a paper version of the juror qualification questionnaire to that resident and, thereafter, follow the procedures set forth in this section of the Plan with respect to that new prospective juror." Status codes that describe the disposition of each person (undeliverable, no response received, disqualified, exempted, excused) for whom a juror qualification mailing was sent were supplied in one of the spreadsheets. However, the status codes do not identify which of the mailings that were originally undeliverable or for which a response was not received were then replaced. The status codes also do not identify which of the mailings were replacements and which names they replaced. The identification of the replaced and the replacements are necessary for the defense expert to determine if the Jury Plan change has been implemented and whether that change affects the representativeness of the qualified group. As such, this information is required:

      i. The Participant Number for persons on the Master Jury Wheel who were replaced and the Participant Number for the person who replaced the original juror qualification mailing. This can be supplied as a list of Participant Numbers with corresponding replacement Participant Numbers or with a status code that provides the same information.

8. The information requested above is necessary to adequately prepare and present Mr. Bowers' claims under the Jury Selection and Service Act, 28 U.S.C. §§ 1861–1878, and the Fifth and Sixth Amendments to the United States Constitution. Accordingly, Mr. Bowers asks the Court to enter the attached proposed order.

Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*/s/ Michael N. Burt*
Michael N. Burt
Law Offices of Michael Burt, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*/s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender