IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**MOTION TO MODIFY THE COURT'S ORDER REGARDING
INDEPENDENT DEFENSE TESTING (ECF 829)**

Robert Bowers, through undersigned counsel, requests that the Court modify its order regarding independent defense testing (ECF 829) to protect the integrity of the DNA evidence and to minimize any disruption to the chain of custody.

1. The defense has conveyed to the government and the Court the following commitments: "(1) the defense acknowledges the sensitivity and confidentiality of the evidence at issue; (2) the defense agrees that its inspection and testing will not compromise the privacy rights of the victims; [and] (3) the defense agrees to maintain the integrity of the evidence and to protect the chain of custody consistent with accepted laboratory protocols and procedures.. . . ." ECF 818 at 1.

2. Consistent with these commitments, the defense is seeking a modification of the provision of the Court's order addressing the DNA evidence. This provision states that "[w]ith respect to the items identified in the FBI laboratory report found at GOVT_18292_004106 *et seq.*, that the Government intends to introduce into evidence, the Defense may retrieve the DNA extracts and any swabs or portions of

swabs that may exist pertaining to these items of evidence during office hours at the Federal Bureau of Investigation . . . ." ECF 829 at 5.

3. After the issuance of the order, the parties attempted to reach an agreement as to the particulars of the transfer of the DNA evidence without success. This evidence consists of over 40 items containing swatches and swabs of organic material, including 29 test tubes with swabs. Some or all of this evidence must be kept in cold storage to avoid damage or spoilation.

4. After considering and discussing various alternatives, it has become clear that the best way to preserve the integrity of the DNA evidence is for it to be handled exclusively by laboratory professionals who are trained and experienced in this area. These professionals know what is required to avoid any loss, damage, or destruction of the items.

5. Accordingly, the defense asks that the Court modify its order to provide for a direct laboratory-to-laboratory transfer of the DNA evidence. The defense requests that the FBI package and ship the DNA evidence directly from its lab to Cellmark Forensic Service, the lab that will be conducting the defense testing.

6. At the conclusion of the defense testing, Cellmark Forensic Services will ship the evidence directly to the FBI Lab. The current order provides for the standard of care that is required of the defense experts: "[t]he defense experts are responsible for safeguarding the evidence and preserving the chain of custody in a manner that faithfully protects its integrity. . . . The defense experts are responsible for repacking

and sealing each item, and any attendant packaging, into an evidentiary envelope/container, and sealing the envelope/container consistent with accepted laboratory protocols and procedures." *Id.*

7.  This proposed modification is necessary to maintain the integrity of the evidence and to protect the chain of custody.

Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*/s/ Michael N. Burt*
Michael N. Burt
Law Offices of Michael Burt, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*/s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender