IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

### ORDER OF COURT

AND NOW, this 1st day of December, 2022, upon review and consideration of the parties' Joint Proposal Suggesting Deadlines and Start Dates for Case-Related Matters and Issues (ECF No. 825), the Court hereby sets forth the following deadlines in the above-captioned matter:

1) The parties shall file a joint submission of modified voir dire procedures by **December 8, 2022**. This submission shall address the parties' positions as to any relevant deadlines, a proposed cover letter to accompany juror summons (including the parties' respective proposals for the content of the same), proposed participation of counsel in the process of excusing potential jurors for hardship (and the role of the Jury Office and the Court), Defendant's presence, whether by video or in person, for the jury questionnaire process, and the location for jurors to complete questionnaires. The Court notes that, as of this writing, the presumptive location for the jury questionnaire process is the jury room of the Joseph F. Weis, Jr. U.S. Courthouse.

2) The Defendant may file a motion requesting that the Court set a deadline for production of additional discovery regarding victim-related injuries by **December 8, 2022**. The Government's response shall be filed by **December 15, 2022**.

3) The parties shall file Joint Proposed Jury Instructions and Verdict Forms by **January 13, 2023**. This submission will encompass both guilt and penalty phase instructions and

verdict forms. Along with these joint submissions, either party may also individually submit objections and alternative instructions, including case citations or Model Jury Instruction citations in the event there is a disagreement, and/or verdict-form language. Briefing on these issues shall be filed by no later than **January 20, 2023**. Either party may supplement their penalty phase submissions as appropriate, but in no event later than **twenty-four hours** after the return of a guilty verdict, should one be entered.

4) The parties shall file a joint submission addressing pre-questionnaire instructions by **January 13, 2023**. Briefing on this issue shall be filed by no later than **January 20, 2023**.

5) Any motion in limine may be filed as early as **January 23, 2023**. Guilt phase motions in limine shall be filed no later than **April 3, 2023**. Responses to any guilt phase motion in limine shall be filed within **twenty-one (21) days** of the filing of a motion in limine. The filing party may file a reply with respect to a guilt phase motion in limine within **seven (7) days** of the filing of a response, subject to the limitation that any reply as to a guilt phase motion in limine must be filed on or before **April 24, 2023**.

6) The Court encourages the filing of any penalty phase motion in limine as early as possible. Penalty phase motions in limine shall be filed by no later than **twenty-four hours** after the return of a guilty verdict, should one be entered. Responses to any penalty phase motion in limine shall be filed the earlier of **fourteen (14) days** after the filing of the motion or **seventy-two hours** after the return of a guilty verdict, should one be entered. Replies to any penalty phase motion in limine shall be filed the earlier of **seven (7) days** after the filing of a response to the motion or **ninety-six hours** after the return of a guilty verdict, should one be entered.

7) With respect to all motions in limine, the Court encourages brevity, where appropriate.

8) With respect to Jencks disclosures, the Court acknowledges that "[t]here is no authority by which this court can order the government to provide Jencks Act statements prior to the time the witness has testified on direct examination at trial." *United States v. Lightfoot*, No. 08-cr-127, 2008 WL 3050300, at *3 (W.D. Pa. Aug. 5, 2008). That said, the Court again encourages the Government to make those disclosures as early as possible, so as to avoid unnecessary delays during trial. Defendant proposes ninety (90) days before the commencement of voir dire for disclosures and the Government proposes thirty (30) days before opening statements. The Court remains optimistic that the parties may be able to reach a compromise as to this issue, and that the Government will, at the very least, comply with its representation that the same will be provided no later than **April 17, 2023**.

9) The date for the issuing of prospective jury summons by the Clerk's Office will be set by future order of court.

10) The parties shall file a joint submission addressing pre-voir dire instructions by **February 14, 2023**. Briefing as to any disputes regarding this submission shall be filed by **February 21, 2023**.

11) Rule 12.2(b)(2) notice shall be provided by **February 23, 2023**. The Government may file a motion to examine Defendant, including proposed mechanics, parameters, and conditions of examination and tests, by **March 3, 2023**. A response shall be filed by **March 10, 2023**. Any reply shall be filed by **March 15, 2023**. The Court notes that its separation of this issue, at Defendant's request, from the joint submission discussed in

Paragraph 11 represents a slight modification of the deadlines/submissions provided for in the Court's prior scheduling order.

12) By **March 9, 2023**, the parties shall confer and submit a joint statement setting forth points of agreement and disagreement related to Rule 12.2(b)(2) penalty-phase mental health procedures. Each party shall also file with the Court a brief that specifically addresses any points of disagreement, including the appropriate timing of the exchange of penalty-phase mental health discovery, and other post-guilty verdict procedures.

13) By way of this Order, the Court has addressed what it perceives to be the most pressing potential deadlines discussed in the parties' submission at ECF No. 825. The Court anticipates issuing another scheduling order in January of 2023, and, in light of the same, hereby directs the parties to file another joint submission again setting forth any potential deadlines set forth at ECF No. 825 but not addressed herein, and further outlining any additional deadlines that are not currently subject to a scheduling order. The joint submission shall be filed by **January 9, 2023**.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Judge

cc: All counsel of record