IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 18-292 |
| ) | |
| ROBERT BOWERS ) | |

**UNITED STATES' PROPOSED DECORUM ORDER FOR TRIAL**

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, Soo C. Song, Eric G. Olshan, and Nicole Vasquez Schmitt, Assistant United States Attorneys for said district, Mary J. Hahn, Trial Attorney, Civil Rights Division, and Barry K. Disney, Trial Attorney, Capital Case Section, and hereby provides a Proposed Decorum Order for Trial.

1.      The government submits the attached proposal for a Decorum Order for trial.  See Exhibit A.  This proposed Decorum Order is largely modeled on the Decorum Orders entered in United States v. Tsarnaev, 1:13-cr-10200 (D. Mass.) (attached as Exhibit B) and United States v. Roof, 2:15-cr-472 (D.S.C) (attached as Exhibit C) and this Court's Local Rules and Standing Order.

2.      The primary purposes of the government's Proposed Decorum Order are to help ensure (1) that the rights guaranteed by the Crime Victims' Rights Act ("CVRA" or the "Act") are afforded to the crime victims, which in this case include physically and otherwise injured congregants and law enforcement victims, and multiple members of the families of the 11 deceased victims; (2) that the public and media are aware of this Court's requirements for entry and for conduct upon their arrival and during the course of the trial proceedings; and (3) that juror privacy and the integrity of the judicial proceedings are protected.  Given the public interest in this matter,

the government believes it would be beneficial to have a single order identifying these processes and has drafted this proposal for the Court's consideration.[1] The government recognizes that a number of these proposed provisions are subject to the judgment and discretion of this Court, as well as other offices, including the Clerk's Office and the United States Marshal's Service. The government provides this proposed order to identify the various issues and the government's proposals to address those issues. In addition, the government has left some provisions, such as when the courthouse will open, blank or highlighted.

   3. Specific provisions of the proposed Decorum Order conform to the CVRA, guarantees crime victims a right not to be excluded from any court proceeding involving the crime, as well as the right to be treated with fairness and with respect for their dignity and privacy. 18 U.S.C. § 3771(a)(3), (8). Under the Act, counsel for the United States and the Court have a statutory obligation to ensure that those rights are afforded to those victims. 18 U.S.C. § 3771(b)(1), (c)(1) (directing employees of the Department of Justice and other federal agencies to "make their best efforts" to assure that crime victims are accorded their rights). In addition, where the Court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights afforded by the Act, Congress required that the Court "shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(d)(2).

   4. The Superseding Indictment names thirty victims in the substantive counts and an additional eight in the special findings. Given the size of the trial courtroom, the United States recognizes that not all victims and victim family members will be able to sit in the trial courtroom

---

[1] The government requests that the Court be in recess on Friday, May 26, 2023, which is Shavuot, a Jewish religious holiday.

on a daily basis.  To ensure their rights are afforded, the government has proposed that the Court allocate twenty seats in the trial courtroom for victims and family members of deceased victims (which includes people who provide support for these individuals) and law enforcement, and provide a private overflow room with a live video and audio feed for the victims and their families as a "reasonable procedure to give effect" to the Act.[2]

5.      In addition, although the defendant does not have a statutory right to have family members in the courtroom, the government does not object to up to four seats being allocated for members of the defendant's family.

6.      In the government's proposal, the remaining seats would be provided to the public on a first-come, first-serve basis.  In addition, the government proposes that seats allocated to the victims or the defendant's family but that are not claimed will also be able to be occupied by the public.

7.      Also, as noted in the proposed Decorum Order, additional spaces are recommended for the media and general public.  It is our understanding that the proposed provisions are consistent with the plans of the Clerk's Office.

8.      The United States' proposal seeks to balance the rights afforded by the CVRA and the public's right to access to this trial.

9.      On March 9, 2023, the government sent a draft of this order to defense counsel. The parties conferred in person, and the government sent a revised draft, based on the comments received from defense counsel, on March 21, 2023.  On March 31, 2023, defense counsel sent a

---

[2]      This proposal is consistent with the seat allocation in the Roof prosecution, which involved nine deceased victims and three surviving victims identified in the substantive counts; the court reserved half of the courtroom seats for the victims and the victim families and provided other spaces for the victims, family members, and supporters (including friends and counselors) identified by those victims.  Counsel for the government has been advised that in Tsarnaev, the court reserved about one side of the courtroom (approximately 30 out of 110 seats) for victims, with each of four deceased victims' families receiving an allotment of four seats each in the courtroom.

revised version, with additional comments. The government has incorporated some of the defense's suggestions, but the government requests that the Court resolve any remaining issues.

10. The defense has raised a concern about whether any of the provisions in the Decorum Order implicates the public's right to access the trial. The government's position is that effectuating the CVRA's requirements to ensure that victims are able to attend proceedings (and, if they are unable to be seated in the trial courtroom, to have a live video and audio feed in a private space) and to ensure that their privacy and dignity are respected, does not constitute a closure or partial closure of the courtroom. This is especially true where members of the media and public will have access to a substantial percentage of seats in the trial courtroom and will have live video and audio feed of the trial in at least one overflow room. To avoid any potential issues, however, the government requests that this Court make the following findings that are included in the government's Proposed Decorum Order:

> This Court finds that given the number of individuals in this case who are victims as defined by the Crime Victims' Rights Act, and their statutory "right not to be excluded from any such public court proceeding" and to be treated "with respect for [their] dignity and privacy", see 18 U.S.C§ 3771(a)(1), (8), there exists an overriding interest and a substantial reason for this Court to allocate 20 seats in the trial courtroom (Courtroom 5B) for victims or families of victims identified in the Superseding Indictment, as well as support individuals identified by those victims and family members, and law enforcement officials. The Court further finds that given the number of crime victims (which includes family members), the provision of a separate private viewing room for victims and family members of victims (and their support personnel) is a reasonable procedure to afford to those victims and family members who will not be able to view the proceedings in the trial courtroom an alternative viewing space, and further finds that, in light of the nature of the crimes charged in this case, the provision of a private viewing room is an overriding interest and a substantial reason to afford these individuals privacy when watching the proceedings. 18 U.S.C. § 3771(a)(1), (a)(8), and (d)(2).

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney

By: s/Troy Rivetti
TROY RIVETTI
Acting U.S. Attorney
PA ID No. 56816

s/Soo C. Song
SOO C. SONG
Assistant U.S. Attorney
DC ID No. 457268

s/Eric G. Olshan
ERIC G. OLSHAN
Assistant U.S. Attorney
IL ID No. 6290382

s/Nicole Vasquez Schmitt
NICOLE VASQUEZ SCHMITT
Assistant U.S. Attorney
PA ID No. 320316

s/Mary J. Hahn
MARY J. HAHN
Trial Attorney
Civil Rights Division
DC ID No. 500193

s/ Barry K. Disney
Barry K. Disney
Trial Attorney
Capital Case Section
KS ID No. 13284