IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 18-292 |
| ROBERT BOWERS | |

**UNITED STATES' SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION UNDER THE FIFTH, SIXTH, AND EIGHTH AMENDMENTS FOR MATERIALS RELATED TO JURY SELECTION AND POTENTIAL CLAIMS UNDER BATSON V. KENTUCKY (Doc. No. 1060)**

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, Soo C. Song, Eric G. Olshan, and Nicole Vasquez Schmitt, Assistant United States Attorneys for said district, Mary J. Hahn, Trial Attorney, Civil Rights Division, and Barry K. Disney, Trial Attorney, Capital Case Section, and hereby files this sur-reply in opposition to defendant Robert Bowers's Motion Under The Fifth, Sixth, and Eighth Amendments for Materials Related to Jury Selection and Potential Claims Under Batson v. Kentucky (Doc. No. 1060).

1.  The United States files this brief sur-reply to address the defendant's conclusory assertion that his motion "does not fall under the pretrial motions deadline set by the Court." Doc. No. 1097. Tellingly, the defendant makes this assertion rather than attempting to establish good cause for ignoring this Court's order requiring that all pretrial motions be filed by January 9, 2023. In an unconvincing effort to avoid the good cause requirement, the defendant simply exempts himself from satisfying it because, in his view, "the 'good cause' standard for untimely pretrial motions concern[s] motions filed under Rule 12(b)(3) of the Federal Rules of Criminal Procedure, and this Motion is not covered by Rule 12(b)(3)." Id.

1

2. This assertion is meritless. Federal Rule of Criminal Procedure 12(b)(1) states "[a] party may raise <u>by pretrial motion any defense, objection, or request</u> that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1) (emphasis added). This text unambiguously ties the phrase "pretrial motions" applies to "any" motion that the court may resolve before trial.

3. Rule 12(b)(3) identifies a subset of pretrial motions that "<u>must</u> be made before trial." Fed. R. Crim. P. 12(b)(3) (emphasis added). However, this Court has reset pretrial motions deadlines several times during the course of this prolonged litigation, and these orders, including this Court's last order setting a pretrial motions deadline of January 9, 2023, are in no way limited to pretrial motions filed under Rule 12(b)(3).[1] Doc. No. 857 ("The pretrial motions deadline is hereby extended to January 9, 2023."); Doc. No. 846 ("The pretrial motions deadline is hereby extended to December 2, 2022.").

4. Moreover, this Court has twice ordered the parties to identify deadlines for any remaining case-related matters that the parties anticipated requiring the Court to resolve. The government complied in good faith with these orders, and identified all case-related matters of which it was aware. <u>See</u> Doc. Nos. 825 & 905-1. The defendant likewise proposed deadlines for a variety of case-related matters. <u>Id.</u> This Court accordingly issued orders setting all other deadlines for this case. At no point did the defendant identify a motion for <u>Batson</u> data (or any of the other motions that the defendant has recently filed) in these submissions to the Court. The defendant has provided no justification for failing to abide by this Court's orders to identify any remaining case-related matters.

---

[1] Indeed, the defendant himself referred to "pretrial motions" in his last motion to extend pretrial deadlines, and that list of "pretrial motions" included numerous motions covering topics well beyond Rule 12(b)(3). <u>See</u> Doc. No. 844.

5. This Court made clear to the parties that its last scheduling order had established deadlines "for what [the Court] perceive[d] to be <u>everything up to the start of trial</u> or very nearly everything up to the start of trial." See Transcript of Status Conference on January 19, 2023, at 4, 6 (emphasis added).

6. This Court has worked to set briefing schedules and to enforce deadlines that will allow the orderly commencement of trial on April 24, 2023. The unambiguous text of Rule 12, this Court's orders, and this Court's statements belie any claim by the defendant that he can unilaterally exempt himself from this Court's pretrial motions deadlines. This continued disregard for this Court's orders should not be tolerated.

7. The United States requests that this Court grant the government's request to strike the defendant's motion, as the defendant has wholly failed to provide any cause, much less good cause, to ignore this Court's orders.

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney

By:  s/Troy Rivetti
TROY RIVETTI
Acting U.S. Attorney
PA ID No. 56816

s/Soo C. Song
SOO C. SONG
Assistant U.S. Attorney
DC ID No. 457268

s/Eric G. Olshan
ERIC G. OLSHAN
Assistant U.S. Attorney
IL ID No. 6290382

s/Nicole Vasquez Schmitt

NICOLE VASQUEZ SCHMITT
Assistant U.S. Attorney
PA ID No. 320316

s/Mary J. Hahn
MARY J. HAHN
Trial Attorney
Civil Rights Division
DC ID No. 500193

s/ Barry K. Disney
BARRY K. DISNEY
Trial Attorney
Capital Case Section
KS ID No. 13284

4