IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 18-292 |
| ROBERT BOWERS | |

**PROTECTIVE ORDER**

To expedite the disclosure pursuant to 18 U.S.C. § 3432 of a list of witnesses that the government intends to call at trial "for proving the indictment" and the place of abode for each of those witnesses ("§ 3432 disclosures"), and upon due consideration of the security concerns and privacy interests identified in the United States' Motion for Clarification and Protective Order Applicable to the Government's Disclosure of Witness List as Required by 18 U.S.C. § 3432, it is hereby ORDERED:

1. <u>Limited Use of § 3432 Disclosures</u>:  The defendant, including defendant's counsel and their personnel, may use the § 3432 disclosures only for the purposes of representing the defendant in the criminal case and may not be used for any other purpose.  Such disclosures shall be retained by counsel, and no copies may be left with the defendant.  Except as set forth below, the § 3432 disclosures shall not be disseminated and/or provided, whether in original or duplicate form, without further order of this court, and no person shall disclose the substance of these disclosures to anyone without the express permission of the Court or as provided herein.

2. Other than the defendant and his counsel, the § 3432 disclosures may be shown to and discussed with, and copies provided to, persons engaged to assist in the defense (defined as persons who are included within the attorney-client or work product privilege, regardless of whether they receive any remuneration), including experts retained by the defendant in connection

with the criminal case. Prior to receipt of copies of or the information contained in the § 3432 disclosures, persons who are provided copies of the disclosures, or the information about the identity or places of abode of the witnesses contained therein, must review this Protective Order, agree to abide by the limitations on dissemination imposed in this Protective Order, and sign a certification that they have read the Protective Order and agree to be bound by its restrictions. Defense counsel will maintain a copy of said signed certifications, as well as a log of the specific materials provided to each person receiving said materials. Post-case disposition of the materials provided to persons engaged to assist in the defense shall be governed by the provisions set forth below in Paragraph 7.

       3.       Potential witnesses, and counsel for potential witnesses, may be shown copies of the § 3432 disclosures, but copies may not be left with potential witnesses or their counsel, absent further order of the Court.

       4.       Under no circumstances shall the disclosures be used for any purpose other than that provided for in this Protective Order absent an order from this Court.

       5.       <u>Use of § 3432 Disclosures in Open Court</u>: No party shall file the § 3432 disclosures (or the information contained therein) with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal. The procedures for use of the disclosures during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider measures such as redacting documents to remove individual identifiers, requesting the court to submit such documents under seal, coding the documents to substitute a numerical or other designation for the person's name or other identifying information, and/or requesting that any exhibit be placed under seal. No party shall disclose the § 3432 disclosures in open court without prior consideration by the Court.

      6.      <u>Filing of documents:</u>  The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs.

      7.      <u>Post-Case Disposition</u>:  All of the § 3432 disclosures and all copies made thereof shall be destroyed or returned to the United States within seven (7) days of the entry of the judgment in this case.  Within seven (7) days of the entry of the judgment in this case, counsel for the defendant shall certify in writing that the materials have been returned or destroyed.  If any disclosure materials were used as defense exhibits, defense counsel shall identify these documents, which shall be maintained with government exhibits so long as those are required to be maintained.

      8.      <u>Modification Permitted</u>.  Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to § 3432 disclosures that it believes to be otherwise improper.

      9.      <u>No Ruling on Discoverability or Admissibility</u>.  This Protective Order does not constitute a ruling on the question of whether any particular material is properly disclosed under 18 U.S.C. § 3432 or admissible and does not constitute any ruling on any potential objection to the disclosure of any such material.

IT IS SO ORDERED.


_____
Honorable Robert J. Colville
United States District Judge


_____
Date