IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**JOINT STATUS REPORT RE COMPLIANCE WITH 18 U.S.C. § 3432**

The Court directed the parties to confer regarding the Government's Motion at ECF 1110, and to file a joint status report no later than 5:00 p.m. today, April 17, 2023. The parties state as follows:

1. In a March 23, 2023 filing, the parties agreed to a Proposed Trial Order which included the parties' agreement to the meaning of "place of abode" and the deadline for production of witnesses and venireman under 18 U.S.C. § 3432. (ECF 1071). The joint filing was made after several communications between the parties both in person and via email.

2. The first time the prosecution raised with the defense any concerns about providing a list of witnesses and addresses, including any suggestion it believed the statutory non-disclosure exception applied, is when it filed ECF 1110, two days before the agreed upon compliance deadline.

3. It is the position of the defense that the government cannot justify a "life or safety" exception to 18 U.S.C. § 3432 based on actions prior to Mr. Bowers' arrest four and one-half years ago, particularly where Mr. Bowers has been held by the government since his arrest in a secure facility and there are no allegations whatsoever of his

effort to communicate with anyone outside the prison other than his legal team and his close family members. Regardless, the defense agrees to the government's request that the government may provide the business addresses for law enforcement witnesses and township-level for congregant victims, congregant victim family members, other members of the affected congregations and the relevant HIAS witness (see ECF 1110, p. 9).

4. Defense counsel advise the Court that footnote 9 in ECF 1110 misrepresents a situation that was a voluntary and planned contact between a victim and a person the victim knew to be "a lawyer associated with the Office of the Federal Public Defender." In fact, a victim invited the lawyer to his/her place of worship. When counsel for the government raised the issue with the defense demanding a response within less than 24 hours, the defense quickly alerted them that their accusation was misplaced and suggested that a conversation might be useful. Counsel for the government did not respond or follow up, but instead added footnote 9 to their pleading suggesting an inappropriate action by a staff member of the Federal Public Defenders' office.

5. It is the position of the defense that the existing Protective Order (ECF 24) provides adequate protection for the witnesses' addresses and agrees to be bound by ECF 24 with respect to § 3432 disclosures.

6. It is further the position of the defense that should the government not meet the April 18, 2023, deadline for production of § 3432 information as modified above, the voir dire would need to be delayed to begin 3 business days after production.

7. Although the government maintains the position it asserted in ECF 1110 that the statutory non-disclosure exception applies as to the category of witnesses identified in its motion, it believes the Court need not reach this issue and instead can grant the requested relief consistent with the defendant's agreement in paragraph 3 of this status report.

8. It is the position of the government that the terms of the existing Protective Order (ECF 24) do not extend to information produced pursuant to § 3432 and that the Court should therefore enter the separate order submitted by the government for the reasons outlined in its motion (<u>see</u> ECF 1110 at 11-12 & Exhibit E).

9. The government further advises the Court that it maintains that the representations in footnote 9 of its motion are accurate and that it disagrees with the characterization of events in paragraph 4 of this status report concerning contact between a lawyer from the Federal Public Defender's Office and a victim.

Respectfully submitted,

/s/ Judy Clarke
Judy Clarke
Clarke Johnston Thorp & Rice, PC

/s/ Michael N. Burt
Michael N. Burt
Law Offices of Michael Burt, PC

/s/ Michael J. Novara
Michael J. Novara
First Assistant Federal Public Defender

/s/ Elisa A. Long
Elisa A. Long
Supervisory Assistant Federal Public Defender

TROY RIVETTI
Acting United States Attorney

/s/ Troy Rivetti
Troy Rivetti

/s/ Soo C. Song
Soo C. Song
Assistant U.S. Attorney
D.C. Bar No. 457268

/s/ Eric G. Olshan
Eric G. Olshan
Assistant U.S. Attorney
IL ID No. 6290382

/s/ Nicole Vasquez Schmitt
Nicole Vasquez Schmitt
Assistant U.S. Attorney
PA ID No. 320316

/s/ Mary J. Hahn
Mary J. Hahn
Trial Attorney
Civil Rights Division
DC ID No. 500193

/s/ Barry K. Disney
Barry K. Disney
Trial Attorney
Capital Case Section
KS ID No. 13284