IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT BOWERS | Criminal No. 18-292 |

**UNITED STATES' MOTION TO RECONSIDER ORDER OF COURT AT DOC. NO. 1125 ORDERING DISCLOSURE OF CERTAIN INFORMATION TO THE DEFENSE**

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, Soo C. Song, Eric G. Olshan, and Nicole Vasquez Schmitt, Assistant United States Attorneys for said district, Mary J. Hahn, Trial Attorney, Civil Rights Division, and Barry K. Disney, Trial Attorney, Capital Case Section, and hereby files this Motion to Reconsider Order of Court at Doc. No. 1125, Ordering Disclosure of Certain Information to the Defense.

On April 18, 2023, the United States filed a motion <u>ex parte</u> and under seal for <u>in camera</u> review of certain material pertaining to a law enforcement officer and victim in this case, Doc. No. 1123. Upon conducting an <u>in camera</u> review of the material submitted by the government, this Court stated that "it can perceive <u>no basis</u> as to why the information at issue is either discoverable or admissible." Doc. No. 1125 (emphasis added). Nevertheless, the Court then ordered production of the material submitted by the United States because it "perceives little, if any, prejudice" from the production. <u>Id.</u> Rule 16 of the Federal Rules of Criminal Procedure is not implicated. The United States respectfully submits that that the defendant is not entitled to disclosure and that a victim and the United States will be unduly prejudiced by the disclosure of material that the Court

1

has already concluded is not discoverable nor admissible.  For these reasons, the United States requests that this Court reconsider its ruling at Doc. No. 1125.

"Motions for reconsideration may be filed in criminal cases," and the District Court has broad discretion to reconsider its interlocutory orders.  United States v. Fiorelli, 337 F.3d 282, 286 (3d Cir. 2003); United States v. Solomon, Cr. No. 11-245, 2013 WL 2641674, *2 (W.D. Pa. June 12, 2013).  Reconsideration is appropriate when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam); see also United States v. Banks, Cr. No. 03-245, 2008 WL 5429620, *1 (W.D. Pa. Dec. 31, 2008); United States v. Perminter, Cr. No. 10-204, 2012 WL 642530, *3 (W.D. Pa. Feb. 28, 2012); Solomon, 2013 WL 2641674, *2.

The United States respectfully requests that this Court reconsider its ruling at Doc. No. 1125 and submits that the disclosure of the material that the Court has concluded is neither discoverable nor admissible is contrary to law, does risk prejudice and may result in a manifest injustice.  First, the material submitted by the United States to the Court was submitted ex parte and under seal due to its sensitive nature.  The material submitted by the United States includes personnel documents maintained by the Department of Justice in a system of records retrievable by employee name or personal identifying information.  Such documentation is covered by the Privacy Act of 1974.  See generally, 5 U.S.C. § 552a(b) (prohibiting, except in limited situations, disclosure of personal information without consent).  Disclosure is not required; indeed, such disclosure is not permitted absent justification.  As this Court found, the information is not relevant or favorable to the defense, and disclosure of such information without a legal basis may negatively and needlessly impact the privacy and reputation of the individual and the agency to whom it

2

relates. See e.g., United States v. Preldakaj, 456 Fed. App'x 56, 59 (2d Cir. 2012) (rejecting defendant's argument that court's in camera review of potential Giglio evidence violated his due process rights, and that the procedure adopted by the district court protected defendant's interests and maintained the government's legitimate right to protect the confidentiality of its agents' records).

Second, not only is the material not discoverable nor admissible, as this Court found, it pertains to an individual who is also a victim in this case. Federal law protects the rights of crime victims. Federal crime victims have "the right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Thus, any disclosure must be undertaken with care and caution to protect the rights of the individual involved as a crime victim.

Moreover, the defendant is not entitled to examine the material submitted by the government ex parte as a matter of course. See United States v. Simpson, 457 Fed. App'x 59 (2d Cir. 2012) (rejecting defendant's argument that he is entitled to examine records reviewed in camera). The Supreme Court has recognized that "[d]efense counsel has no constitutional right to conduct his own search of the State's files to argue relevance." Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987) (citing Weatherford v. Bursey, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case, and Brady did not create one")). "A district court may, in its discretion, conduct an in camera review of potential materials. . . for which there is 'a compelling need for disclosure to meet the ends of justice.'" Simpson, 457 Fed. App'x at 62 (citing United States v. Pena, 227 F.3d 23, 27 (2d Cir. 2000)).

The United States has already set forth its justification to the Court regarding why the information disclosed ex parte is not discoverable nor admissible. The Court has concurred. There is no justification or compelling need for disclosure to the defense.

3

Given the foregoing, and in light of its findings made after in camera review, the United States respectfully requests that this Court reconsider its order requiring disclosure to the defense at Doc. No. 1125.

Should the Court maintain its position that the United States should disclose information related to the material submitted ex parte, the United States respectfully requests that this Court merely require that the United States disclose a detailed summary of the information, rather than the underlying documentation. The defendant gains nothing from the disclosure of the documentation itself, and any such documentation is inadmissible under Federal Rule of Evidence 608 and is protected by the Privacy Act. Additionally, if the order of disclosure stands, the United States asserts that that the material is subject to the Protective Order at Doc. No. 24 and that the defense must return this material to the United States Attorney's Office at the conclusion of its representation of the defendant.

In sum, after conducting an in camera review, this Court determined that the material is not discoverable or admissible. Doc. No. 1125. For that reason alone, this Court should not require the United States to disclose to the defense any information related to its ex parte submission. Additionally, this Court should carefully weigh the privacy interests and actual potential prejudice of the individual to whom the information relates. Upon reconsideration, the United States respectfully submits the Court should conclude that, given its findings that the material is inadmissible and not discoverable, further disclosure is not warranted because it does not give due consideration to the victim status and privacy interests of the affected person, and is contrary to law.

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney

s/Troy Rivetti
TROY RIVETTI
Acting U.S. Attorney
PA ID No. 56816

s/Soo C. Song
SOO C. SONG
Assistant U.S. Attorney
DC ID No. 457268

s/Eric G. Olshan
ERIC G. OLSHAN
Assistant U.S. Attorney
IL ID No. 6290382

s/Nicole Vasquez Schmitt
NICOLE VASQUEZ SCHMITT
Assistant U.S. Attorney
PA ID No. 320316

s/Mary J. Hahn
MARY J. HAHN
Trial Attorney
Civil Rights Division
DC ID No. 500193

s/Barry K. Disney
BARRY K. DISNEY
Trial Attorney
Capital Case Section
KS ID No. 13284