IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 18-292 |
| | ) |
| ROBERT BOWERS | ) |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF CAUSE CHALLENGES

On April 24, 2023, the defense made several cause challenges to jurors who gave conflicting answers regarding their ability to meaningfully consider a sentence of life imprisonment without possibility of release in the event Mr. Bowers' case reaches the sentencing selection phase. The purpose of the present memorandum is to assist the Court in determining whether these conflicting answers constitute good grounds for excusing these jurors.

### ARGUMENT

### I. THE CONFLICTING ANSWERS OF THE CHALLENGED JURORS JUSTIFIES EXCLUDING THESE JURORS FOR CAUSE

As noted by Justice Rehnquist in McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548, 104 S.Ct. 845, 849 (1984), "Demonstrated bias in the responses to questions on *voir dire* may result in a juror being excused for cause; hints

1

of bias not sufficient to warrant challenges for cause may assist parties in exercising their peremptory challenges."

"When a juror is unable to state that she will serve fairly and impartially despite being asked repeatedly for such assurances, we can have no confidence that the juror will 'lay aside' her biases or her prejudicial personal experiences and render a fair and impartial verdict." *United States v. Gonzalez,* 214 F.3d 1109, 1113–14 (9th Cir.2000). " That's this case. Missing are those 'unwavering affirmations of impartiality' that permitted the district judge in United States v. Garcia, 936 F.2d 648, 653 (2d Cir.1991), to find the challenged juror unbiased." *Thompson v. Altheimer & Gray*, 248 F.3d 621, 627 (7th Cir. 2001).

The Third Circuit, consistent with every other Circuit to have addressed the issue, has ruled that "[b]ecause the right to an impartial jury is constitutive of the right to a fair trial, '[d]oubts regarding bias must be resolved against the juror.' " *United States v. Mitchell,* 690 F.3d 137, 143 (3d Cir. 2012)(citing *United States v. Gonzalez,* 214 F.3d 1109, 1114 (9th Cir.2000). See also, *United States v. Nelson*, 277 F.3d 164, 202 (2d Cir. 2002) ("[d]oubts about the existence of actual bias should be resolved against permitting the juror to serve, unless the prospective panelist's protestation of a purge of preconception is positive, not pallid."); *Burton v. Johnson*, 948 F.2d 1150, 1158 (10th Cir. 1991)(same); *United States v. Nell,* 526 F.2d 1223, 1230

(5th Cir.1976)("We have no psychic calibers with which to measure the purity of the prospective juror; rather, our mundane experience must guide us to the impartial jury promised by the Sixth Amendment. Doubts about the existence of actual bias should be resolved against permitting the juror to serve, unless the prospective panelist's protestation of a purge of preconception is positive, not pallid.")

"Thus, it is important that a juror who has expressed doubts about his or her impartiality also *unambiguously* assure the district court, in the face of these doubts, of her willingness to exert truly best efforts to decide the case without reference to the predispositions and based solely on the evidence presented at trial." *United States v. Nelson*, 277 F.3d 164, 202–03 (2d Cir. 2002)(emphasis in original). See also, *Fields v. Brown*, 503 F.3d 755, 767 (9th Cir. 2007)("Actual bias is typically found when a prospective juror states that he can not be impartial, or expresses a view adverse to one party's position and responds equivocally as to whether he could be fair and impartial despite that view.")
At best, the jurors that were challenged by the defense on April 24, 2023 responded ambiguously to questions concerning their ability to fairly consider and give effect to all mitigating evidence offered by the defendant See, *Boyde v. California,* 494 U.S. 370, 110 S.Ct. 1190, 1196 (1990)(The sentencer must "consider and give effect to all relevant mitigating evidence offered by

3

petitioner."; *see also Penry v. Lynaugh,* 492 U.S. 302, 109 S.Ct. 2934, 2946, 106 L.Ed.2d 256 (1989); *Hitchcock v. Dugger,* 481 U.S. 393, 398–99, 107 S.Ct. 1821, 1824–25(1987). Under the cases cited above, ambiguous or conflicting answers are not enough to ensure impartiality. The challenges must therefore be granted.

Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

/s/ Michael Burt
Law Office of Michael Burt, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*/s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender