IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 18-292-RJC |
| vs. | ) |
| | ) Judge Robert J. Colville |
| ROBERT BOWERS | ) |
| | ) |

### ORDER OF COURT

AND NOW, this 8th day of May, 2023, upon consideration of the Government's Motion to Examine Defendant and Proposed Examination Procedures (ECF No. 1001), and for the reasons set forth in this Court's Memorandum Opinion of the same date, it is hereby ORDERED that the Motion to Examine is granted in part as follows:

1) Government mental health experts shall be permitted to examine Defendant as necessary and probative to rebut or confirm Defense experts' anticipated mental health testimony.

2) Within forty-eight hours of this Order, the Government's experts shall provide Defendant notice of their identities and CVs, and the proposed testing the Government's experts intend to perform.

3) The examinations may be conducted on multiple contiguous days, including weekends, as deemed necessary by the experts. The examinations shall not exceed four and one-half total days without leave of Court. As defined by the Government's lead expert's Affidavit (ECF No. 1059-2 at ¶ 30), a "day" consists of interviewing and/or testing of approximately six hours. A half day constitutes four hours of interviewing and/or testing.

4) The examinations shall take place at the location of Defendant's current incarceration. The examinations at issue shall commence no earlier than five days after the Government's

experts' provision of notice of their identities, CVs, and anticipated testing to the Defense consistent with this Court's Memorandum Opinion and Order. Again, the Court anticipates that the examination will be conducted as soon as feasible, and hereby orders that the examination take place before the commencement of the Guilt Phase of trial in this matter. In any event, the Government's examination will take place, at the latest, directly following the completion of voir dire or five days after the Government's experts' provision of notice, whichever date is later. The parties should begin making preparations consistent with this timeline immediately. The Government and Defense counsel shall meet and confer on the timing of the examinations, consistent with this Court's Memorandum Opinion of the same date. If no agreement is reached regarding timing, the Government shall give three days' notice to Defense counsel of the date, time, and length of the examinations.

5) The Government's experts may question Defendant about the charged crimes and his conduct before and after committing the crimes, and any other matter as is necessary and probative to rebut or confirm the anticipated Defense expert mental health testimony.

6) No counsel from the defense or the prosecution may be present during the examinations.

7) Recording of the Government's examinations is prohibited unless Defendant consents to such recording. The Government's experts agree to make their raw results available to the Defense.

8) Because the Court has elected not to appoint firewall counsel in connection with any issues that arise during the examination process, the Government's experts shall be permitted to communicate directly with the Court and its staff regarding such issues.

9) Within forty-eight hours of this Order, the Defense shall disclose to a designated Government expert all the medical and mental health records of the Defendant that were provided to Defendant's mental health experts.

10) Within forty-eight hours of this Order, the Defense shall provide raw data from neuropsychological tests, the CT scan, the MRI, the PET, and the EEG to a designated Government expert.

11) After completing the examinations, each Government expert will create two copies of his or her report, two copies of his or her CV, and two copies of all raw data, storage media, or documentation in two labeled, sealed envelopes, one of which is labeled "For Defense" and the other of which is labeled "For Government."  Each rebuttal expert will deliver their materials to the designated Government expert, who will deliver all of the sealed envelopes to the Clerk of Court, together with signed statements from the experts indicating their understanding that they may not discuss the examinations with anyone unless, pursuant to Rule 12.2(c)(2), Defendant is convicted of a capital crime and the Defendant confirms an intent to offer during sentencing proceedings expert evidence on mental condition.  The Clerk shall hold these sealed reports until a verdict is returned, without opening them or uploading them to the electronic filing system.

12) If Defendant is acquitted, the rebuttal expert reports may be destroyed upon order of the Court.  If Defendant is convicted of a capital crime, the envelopes labeled "For Defense" will immediately be provided to Defendant.  Defendant will have 24 hours to confirm or withdraw his intent to offer mental health evidence.  If Defendant withdraws the intent, the reports may be destroyed upon order of the Court and never provided to the Government.  If Defendant confirms the intent, pursuant to Rule 12.2(c)(2), the envelopes labeled "For

Government" will be provided to the Government within thirty-six hours after the return of a guilty verdict, should one be entered, and Defense counsel shall provide the Government with their own expert reports, pursuant to Rule 12.2(c)(3), within forty-eight hours after the return of a guilty verdict, should one be entered.

13) Defendant may withdraw a notice of intent to raise mental health evidence at any time before actually introducing evidence on it.  In that event, the fact of the notice, the results or reports of any mental examination by either party, or any facts disclosed only therein shall not be admissible against Defendant.

14) No result or report of the Government's examinations of Defendant, or medical records provided by the Defense, shall be used by the Government for any purpose except to rebut expert testimony relating to Defendant's mental condition offered by the Defense during sentencing proceedings.

                                                BY THE COURT:

                                                */s/Robert J. Colville*
                                                Robert J. Colville
                                                United States District Judge

cc: All counsel of record