IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 18-292 |
| ) | |
| ROBERT BOWERS ) | |

**REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CLARIFY ORDER AND COMPEL RECIPROCAL DISCOVERY**

Robert Bowers, through counsel, files this reply to the government's response (ECF 1224) to his previously filed Motion to Clarify Order and Compel Reciprocal Discovery. ECF 1214. In this reply, counsel address the narrow issue of ensuring that Mr. Bowers has access to counsel during the government experts' examinations at the Butler County Prison.

In its Response, the government relies exclusively on *United States v. Wilson*, 920 F. Supp. 2d 287, 305 (E.D.N.Y. 2012), in which the court expressed concern that "the defense might pose objections, and that those objections (1) would interfere with the examinations, (2) would likely be meritless given the court's conclusions about Wilson's Fifth Amendment rights, and (3) could be made just as effectively after the examinations are over." The defense in *Wilson* proposed to "sit out of Wilson's sight and remain silent except when imposing an objection." *Id.*

Here, in contrast to *Wilson*, Mr. Bowers requests that counsel be permitted to be nearby/outside the examination room "so as to be available in the event that Mr. Bowers asks for the opportunity to consult with his counsel at any point." ECF 1214 at 3. This request is made not to interfere with the examination(s), but to be able to consult with Mr.

1

Bowers should he request access to counsel, as is his right under the Sixth Amendment. The defense proposal, contrary to the government's characterization, avoids the "very problem" about which the *Wilson* court raised a concern. Counsel will not seek to raise objections and interfere with the examinations. In this instance, counsel's presence should facilitate, not impede, the examination process. *See United States v. Wade*, 388 U.S. 218, 237–38 (1967) ("[T]o refuse to recognize the right to counsel for fear that counsel will obstruct the course of justice is contrary to the basic assumptions upon which this Court has operated in Sixth Amendment cases."); *Thornton v. Corcoran*, 407 F.2d 695, 701 (D.C. Cir. 1969) ("The individual under [psychiatric] examination faces a number of staff members, most of whom he has never seen before. The argument that a lawyer will prove a fatally disruptive influence at such a hearing is not compelling.").

In addition to the constitutional right to counsel, Mr. Bowers also has statutory rights to consult with counsel. As a capital defendant, Mr. Bowers is entitled to counsel "who shall have free access" to him "at all reasonable hours." 18 U.S.C. § 3005. In addition, under the Bail Reform Act in 18 U.S.C. § 3142, as a pretrial detainee, Mr. Bowers has the right to be held in conditions where he is "afforded reasonable opportunity for private consultation with counsel." 18 U.S.C. § 3142(i)(3). The rights to consultation with counsel in § 3142 and access in § 3005 are not limited by Rule 12.2. Nothing in Rule 12.2 bars Mr. Bowers from requesting access to counsel and being provided that access for the limited purpose of discussing any questions or concerns that might arise in his mind. *See United States v. Miske*, No. 19-00099, 2021 WL 1084874, at *2 (D. Haw. 2021) (stating that the right of "free access" to counsel in § 3005 "contains no exceptions").

In *United States v. Holmes*, No. 18-CR-00258-EJD-1, 2020 WL 5414786, at *3 (N.D. Cal. Sept. 9, 2020), the district court granted relief similar to what the defense here requests. The court noted that no counsel would be present during the examination but permitted defense counsel to "be available for consultation during the examination, either physically nearby or via phone." *Id.* The government in *Holmes* did not object. The government cannot cite any authority—constitutional, statutory, or case law—that contradicts the defense's narrow request to be on premises to ensure that Mr. Bowers expeditiously has the ability to consult with counsel upon his request to the government's examiners. In addition to the constitutional Sixth Amendment right to counsel, Mr. Bowers asserts his statutory right to consult with counsel under § 3142 and right to counsel with "free access" to him under § 3005.

Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*/s/ Michael N. Burt*
Michael N. Burt
Law Office of Michael Burt, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*/s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender

*/s/ Ashwin Cattamanchi*
Ashwin Cattamanchi
Assistant Federal Public Defender