IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

ROBERT BOWERS

Criminal No. 18-292

**UNITED STATES' RESPONSE IN OPPOSITION
TO THE DEFENDANT'S MEMORANDUM IN SUPPORT OF
DEFENSE CHALLENGES TO JUROR 385**

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, Soo C. Song, Eric G. Olshan, and Nicole Vasquez Schmitt, Assistant United States Attorneys for said district, Mary J. Hahn, Trial Attorney, Civil Rights Division, and Barry K. Disney and Aaron J. Stewart, Trial Attorneys, Capital Case Section, and respectfully submits its response to the defendant's Memorandum in Support of Defense Challenges to Juror 385, Doc. No. 1221.

The United States stands on its earlier position as to Juror 385 and responds only to address the defendant's argument regarding whether a prospective juror is qualified to serve if they acknowledged that they would be leaning in favor of a death sentence when entering the third phase of the trial. The United States has addressed this issue previously and provided authority for its position. See Doc. No. 1187. None of the authorities the defendant now presents contradict or undermine those earlier arguments.

The defendant engages in a lengthy discussion of the general principles of juror impartiality, but completely fails to address the specific procedural posture of this case. The Court is not faced with a situation where prospective jurors are stating predispositions to the death penalty if they find the defendant guilty. Instead, these jurors are being asked whether they would

be inclined towards imposing a death sentence after they have both found the defendant guilty and have found that at least one applicable aggravating factor has been proven beyond a reasonable doubt (and, in this case, the government has alleged four statutory aggravating factors). The defendant does not cite any case addressing this specific situation and simply falls back on general principles of juror impartiality.

A prospective juror's "impartiality" has different implications at different stages of a capital trial. The Court must first determine whether the prospective juror can be impartial in considering the evidence and not predetermine the defendant's guilt. But the Court then must go on to question jurors as to whether they are impartial as to the sentence they would impose, meaning that the jurors must be questioned as to how they would view sentencing under the assumption that they found the defendant guilty. The essential inquiry is then whether a juror can be impartial about sentencing even after they have hypothetically resolved the question of a defendant's guilt. In a trifurcated proceeding as in this case, (the precise trial structure which was sought and obtained by the defendant), that inquiry involves a third step, and asks whether a juror who has found a defendant guilty and has found at least one aggravating factor can nonetheless be impartial as to the ultimate sentencing decision.

The defendant argues, without any specific support, that impartiality in that last stage means that a juror convinced of guilt and an aggravating factor must nonetheless have no leanings towards a death sentence. This is plainly illogical. The sentencing decision involves a weighing process, by which the jurors must weigh aggravating factors against mitigating factors. 18 U.S.C. § 3593(e). It follows that a scale holding only aggravating factors, because those are the only factors that have been presented and found, may be tipped in favor of a death sentence. What matters for the purposes of impartiality is that the juror can still consider mitigating factors and

allow the scale to be tipped in the other direction.  See United States v. McVeigh, 153 F.3d 1166, 1207 (10th Cir. 1998) (Morgan requires trial courts to determine "whether [jurors] would truly weigh any mitigating and aggravating factors found at the penalty phase of the trial.").

This approach does not impermissibly shift the burden to the defense, as the defense argues. The defense already bears a burden at the sentence selection phase to establish mitigating factors. Instead, the hypothetical situation merely recognizes that the government, by proving at least one aggravating factor, has already carried part of its burden and has placed one or more aggravating factors on the scale.  There is nothing improper with a juror believing that, having found an aggravating factor and having heard no mitigating evidence whatsoever, a death sentence could be appropriate, as long as the juror would not bypass any consideration of the mitigating evidence and automatically impose a death sentence.

The defendant has not provided any authority to support his opposition to jurors who might be inclined towards a death sentence after the guilt and eligibility phases.  The Court should therefore not strike those prospective jurors from the panel.

Respectfully submitted,

TROY RIVETTI
ACTING UNITED STATES ATTORNEY

s/Troy Rivetti
TROY RIVETTI
Acting U.S. Attorney
PA ID No. 56816

s/Soo C. Song
SOO C. SONG
Assistant U.S. Attorney
DC ID No. 457268

s/Eric G. Olshan
ERIC G. OLSHAN
Assistant U.S. Attorney

3

IL ID No. 6290382

s/Nicole Vasquez Schmitt
NICOLE VASQUEZ SCHMITT
Assistant U.S. Attorney
PA ID No. 320316

s/Mary J. Hahn
MARY J. HAHN
Trial Attorney
Civil Rights Division
DC ID No. 500193

s/Barry K. Disney
BARRY K. DISNEY
Trial Attorney
Capital Case Section
KS ID No. 13284

s/Aaron J. Stewart
AARON J. STEWART
Trial Attorney
Capital Case Section
OK ID No. 31721