IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 18-292 |
| ) | |
| ROBERT BOWERS ) | |

**BRIEF REGARDING CONFIDENTIALITY OF MR. BOWERS'
COMMUNICATIONS WITH HIS LAWYERS AND HIS DEFENSE EXPERTS**

Robert Bowers, through counsel, briefs below the confidentiality of Mr. Bowers' communications with defense experts and his counsel. The government takes the position that its experts are entitled to interrogate Mr. Bowers regarding his communications with defense experts and his counsel because Mr. Bowers provided notice of an intent to raise a mental state defense under Fed. R. Crim. P. 12.2. In asserting an intent to raise a mental state defense, Mr. Bowers has not wholesale waived the attorney-client privilege with respect to communications with defense experts and with his counsel.

The Third Circuit is clear on this issue. In the context of "consultation for trial preparation, and possibly for testimony," a defendant retains a claim of privilege with his counsel and psychiatric experts hired by his counsel. *United States v. Alvarez*, 519 F.2d 1036, 1047 (3d Cir. 1975). The Court in *Alvarez* explained:

> The issue here is whether a defense counsel in a case involving a potential defense of insanity must run the risk that a psychiatric expert whom he hires to advise him with respect to the defendant's mental condition may be forced to be an involuntary government witness. The effect of such a rule would, we think, have the inevitable effect of depriving defendants of the effective assistance of counsel in such cases. A psychiatrist will of necessity make inquiry about the facts surrounding the alleged crime, just as the attorney will. Disclosures made to the attorney cannot be used to furnish proof in the

1

> government's case. Disclosures made to the attorney's expert should be equally unavailable, at least until he is placed on the witness stand. The attorney must be free to make an informed judgment with respect to the best course for the defense without the inhibition of creating a potential government witness.

*Id.* at 1046–47. The Court continued: "[W]e reject the contention that the assertion of insanity at the time of the offense waives the attorney-client privilege with respect to psychiatric consultations made in preparation for trial." *Id.* at 1047.

The effect of the government's proposed broad waiver rule, which the Third Circuit in *Alvarez* rejected, would be to inhibit a defendant from ever discussing with his counsel or defense-retained psychiatric experts in preparation for trial any potentially adverse facts, knowing that those discussions are not protected by the attorney-client privilege should he later assert a mental state defense. *See Houston v. State*, 602 P.2d 784, 791–92 (Alaska 1979) (noting that "defense counsel's initial effort to become fully informed as to the possibility or likelihood of a valid insanity defense may be inhibited because of the potential that an adverse opinion will be used by the state" and that "the defendant, who is aware of the possibility that the opinion of the expert who is examining him might be adverse to his defense and may be used against him at trial, will probably be less than candid at the examination, further exacerbating the problem"). The Third Circuit in *Alvarez* correctly recognized that the "cloak of privilege ends" only if that "expert is later used as a witness on behalf of the defendant." *Id.* at 1046.

In *Alvarez*, the government subpoenaed the defense-retained expert, compelling him to testify at the defendant's trial. The Third Circuit reversed and ordered a new trial, ruling

that the defense expert's compelled testimony violated the defendant's attorney-client privilege.

Here, the government seeks the same result, compelling Mr. Bowers to disclose his communications with his counsel and defense-retained experts, essentially compelling the testimony of Mr. Bowers' counsel and defense experts through the government's experts. Unless and until the defense calls a particular mental state defense witness to the stand, however, Mr. Bowers' communications with counsel and defense-retained experts are privileged. *Id.*; *see also id.* at 1045 (citing *United States v. Kovel*, 296 F.2d 918 (2d Cir. 1961)) (stating that *Kovel* "holds that communications to an accountant, in confidence, for the purpose of obtaining legal advice from a lawyer are protected by the attorney-client privilege" and noting that it saw "no distinction between the need of defense counsel for expert assistance in accounting matters and the same need in matters of psychiatry"); *State v. Kociolek,* 23 N.J. 400, 129 A.2d 417 (N.J. 1957) (holding defense-retained psychiatrist's mental diagnosis and opinion were privileged under the attorney-client privilege and was not waived by defendant testifying at trial); *Houston v. State*, 602 P.2d 784, 791 (Alaska 1979) (holding that defense-retained psychiatrist's examination fell within attorney-client privilege and rejecting state's contention that defendant waived attorney-client privilege by asserting mental state defense); *State v. Pratt*, 284 Md. 516, 522 (Md. Ct. App. 1979) (citing the Third Circuit's ruling in *Alvarez* and stating that it would "align" with "the overwhelming body of authority" holding that a defendant raising a mental state defense does not waive attorney-client privilege with defense-retained experts, noting the "chilling effect" that holding otherwise "would have upon a client's willingness to confide in his

attorney or any defense-employed consultants"). Nothing in Rule 12.2 undermines Mr. Bowers' right to privileged communications with his counsel and defense-retained experts in "consultation for trial preparation, and possibly for testimony," and nothing in Rule 12.2 implies that Mr. Bowers waives that privilege simply by asserting an intent to raise a mental state defense. *Alvarez*, 519 F.2d at 1047.

        Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*/s/ Michael N. Burt*
Michael N. Burt
Law Office of Michael Burt, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*/s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender

*/s/ Ashwin Cattamanchi*
Ashwin Cattamanchi
Assistant Federal Public Defender