**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 18-292-RJC |
| vs. | ) |
| | ) Judge Robert J. Colville |
| ROBERT BOWERS | ) |
| | ) |

## MEMORANDUM ORDER

Robert J. Colville, United States District Judge

Before the Court is the Motion for an Order Directing that the Names and Addresses of all

Prospective and Actual Jurors Remain Sealed at Least Until the Entry of Any and All Verdicts (the

"Motion") (ECF No. 1199) filed by Defendant Robert Bowers.  The Government filed a Response

(ECF No. 1223) in partial opposition on May 14, 2023.  The relief requested by way of the Motion

is utterly sensible and entirely legally supportable in this case.  Accordingly, the Court will grant

the Motion.

With respect to this issue, the Third Circuit has explained:

Public access to jurors' names is not without risks.  First, when the names of jurors
are public, friends or enemies of a criminal defendant may find it easier to influence
the jury's decision.  In an extreme case, this could take the form of threats to the
jurors or their family members.  Second, if jurors know that the media will attempt
to contact them or their families, they may resist serving on high-profile cases at all
because they fear that their privacy will be threatened.  Third, public knowledge of
jurors' identities might actually increase the risk of misrepresentation at voir dire,
because some jurors will be tempted to lie in order to avoid the disclosure of
embarrassing information.

Despite these risks, we believe that the judicial system benefits from a presumption
of public access to jurors' names.  A criminal jury trial vests twelve randomly-
selected citizens with the power to decide the fate of someone who the state has
targeted for prosecution.  We cannot reconcile the Supreme Court's conclusion that

the public has the right to see the process in which this power is exercised (*Richmond Newspapers* ) and to see the process that selects those who will exercise the power (*Press–Enterprise I* ), with the conclusion that the public has no right to know who ultimately exercises this power.  As the First Circuit said, "the prospect of criminal justice being routinely meted out by unknown persons does not comport with democratic values of accountability and openness."  *Globe Newspaper*, 920 F.2d at 98.  Of course, in a given case, a risk of jury tampering or excessive media harassment may exist.  *But we are satisfied that district judges are well-positioned to address these risks on a case-by-case basis, and in such cases, to make particularized findings on the record "establishing the existence of a compelling government interest" and "demonstrating that absent limited restrictions on the right of access, that other interest would be substantially impaired."*  *Antar*, 38 F.3d at 1359 (citing *Press–Enterprise II*, 478 U.S. at 15, 106 S.Ct. 2735).  We do not consider these risks so pervasive as to overcome the benefits of public access. We must strike the balance in favor of presumptive public access to jurors' identities.

Finally, we believe that this presumptive First Amendment right of access to the identities of jurors attaches no later than the swearing and empanelment of the jury. Corruption and bias in a jury should be rooted out before a defendant has to run the gauntlet of trial.  Public knowledge of the jurors' identities is desirable in part because it can deter such corruption and bias.  The value of any right of access, then, can only be diminished after trial has begun, and diminished even further once a verdict has been rendered by a corrupt or biased jury.  We acknowledge that, in the words of the First Circuit, "stronger reasons to withhold juror names and addresses will often exist *during* trial than *after* a verdict is rendered."  *Globe Newspaper*, 920 F.2d at 91 (emphasis in original).  But we do not believe that these reasons are so compelling that they negate altogether the existence of a First Amendment right of access to the names during trial.  Rather, a presumption of openness exists at the latest at the time of the swearing and empanelment of the jury, regardless of the fact that a judge may find "stronger reasons" for overcoming this presumption during trial.

*United States v. Wecht*, 537 F.3d 222, 238–39 (3d Cir. 2008) (first emphasis added) (footnotes

omitted).

Where the *Wecht* district court had cited to a potential safety concern, the Third

Circuit explained:

Again, this is a "conclusory and generic" finding that cannot overcome the presumption that jurors' names are public information.  In fact, the District Court's reasoning would justify anonymity in virtually every jury trial, whether or not it attracts media attention, since almost all defendants have friends and enemies who might be inclined to influence jurors.  The District Court's citation to *United States*

2

*v. Scarfo*, 850 F.2d 1015 (3d Cir.1988), is revealing.  In *Scarfo*, we noted that the defendant belonged to an "organized crime group," had ordered "several murders" (including those of a judge and a prospective witness), and had attempted to bribe judges.  *Id.* at 1017.  In short, specific reasons existed in *Scarfo* to believe that friends of the defendant would threaten or bribe the jurors.  The District Court in this case has not provided anything closely resembling the specific reasons offered in *Scarfo*.

*Wecht*, 537 F.3d at 241 (footnotes omitted).  It further explained:

Moreover, the quoted statements consist largely of speculation that people might be hostile toward Wecht; they describe no specific instances in which Wecht's enemies or friends had threatened or harassed anyone.  The mere fact that people might have passionate opinions about a defendant is not enough to justify an anonymous jury.  The District Court must articulate some reason to conclude that the risks that such people pose to the jurors are serious and specific enough to justify depriving the public (and, in this case, the defendant) of knowledge of the jurors' identities.  Because the District Court did little more in this case than quote factual assertions that Wecht offered in opposition to jury anonymity, we conclude that it did not overcome the presumption in favor of disclosure.

*Id.* at 242.

The Honorable W. Scott Hardy of this District has explained:

A trial court has discretion to permit an anonymous jury without holding an evidentiary hearing if the court believes there is potential for juror apprehension, so long as the defendant is afforded a full voir dire inquiry.  [*United States v. Eufrasio*, 935 F.2d 553, 574 (3d Cir. 1991)].  A court's decision to empanel an anonymous jury is entitled to particular deference.  *Id.*, *see also United States v. Stewart*, 325 F. Supp. 2d 474, 498 (D. Del. 2004), *aff'd*, 179 F. App'x 814 (3d Cir. 2006).  Factors courts consider when making this decision include: (1) pretrial publicity from prior related cases; (2) any history of violence by the defendant; (3) the severity of the charges facing the defendant; and (4) any claims that the defendant previously intimidated witnesses.  *Stewart*, 325 F. Supp. 2d at 498.

*United States v. Miah*, No. CR 21-110, 2021 WL 5815882, at *1 (W.D. Pa. Dec. 7, 2021).

The Court will not belabor the point in this case, as it feels that the reasons for, at the least, delaying disclosure of juror names until the end of trial in this matter are myriad and apparent. More detailed findings are filed under seal.  The Government has "no objection to nondisclosure of the addresses of jurors and prospective jurors," ECF No. 1223 at 16 n.5, and the Court agrees

with the argument set forth by the Government and has no intention of releasing such information at this, or any, point.  The Court further directs that the names of all prospective and actual jurors will remain sealed, at least, until the entry of any and all verdicts in this case.  Any further decision with respect to this issue is deferred until the conclusion of the trial in this matter.

BY THE COURT:

_/s/Robert J. Colville_____
Robert J. Colville
United States District Judge

DATED: May 18, 2023

cc: All counsel of record