IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

## MEMORANDUM OPINION

Robert J. Colville, United States District Judge

Before the Court is the United States' Motion in Limine Regarding Admission of Relevant Graphic Evidence That is Material to Prove the Charged Offenses (ECF No. 1090) ("Mot. in Limine") along with the Government's sealed exhibits (ECF No. 1104). The Defendant has filed a Response (ECF No. 1155) in opposition to the Government's Motion in Limine.

The Government argues that it should be allowed to introduce "a limited number of highly relevant and necessary crime scene and autopsy images." Mot. in Limine 2. The Government argues these crime scene images are probative of Defendant's specific intent and motive; will assist the jury in the chronology of events; and will provide the jury with clear depictions of the location of the victims and the location and condition of the deceased. *Id.* at 2-3. Further, the Government argues the autopsy images "will aid the jury in receiving the testimony of medical examiners and illustrate findings as to the cause and manner of death of the victims." *Id.* at 3.

Defendant argues that while the crime scene and autopsy images may be relevant, their probative value "is substantially outweighed by the danger of unfair prejudice, needlessly presenting cumulative evidence, confusing the issues, and misleading the jury." Resp. to MIL 9. Defendant emphasizes that this is true especially given the fact that he is not contesting the time, place, and manner of the victims' deaths and has offered to stipulate to the causes of death to

1

obviate the need for autopsy images. *Id.* at 2, 5. Defendant further argues that it was up to the Government to show the specific probative purpose of each photograph and video, which it has failed to do. *Id.* at 8. Lastly, Defendant argues that admitting this cumulative evidence "equates to the [G]overnment advancing a 'golden rule' argument, encouraging the jury to put themselves in the shoes of the victims." *Id.* at 10.

Pursuant to Rule 401, relevant evidence is generally admissible. Fed. R. Evid. 401. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 403 "does not offer protection against evidence that is merely prejudicial, in the sense of being detrimental to a party's case. Rather, the rule only protects against evidence that is unfairly prejudicial." *Carter v. Hewitt*, 617 F.3d 961, 972 (3d Cir. 1980).

"'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, Advisory Committee Notes. Evidence may be unfairly prejudicial "if it 'appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish,' or otherwise 'may cause a jury to base its decision on something other than the established propositions in the case.'" *Carter*, 617 F.3d at 972 (quoting 1 J. Weinstein & M. Berger, *Weinstein's Evidence* P 403(03), at 403-15 to 403-17 (1978)).

The evidence at issue here concerns forty-eight crime scene images, one police body camera video, and forty-three autopsy images which have been submitted to the Court and Defendant under seal. The Court believes this evidence is admissible under Rules 401 and 403. As the Tenth Circuit has explained,

> The risk that introducing graphic evidence of brutal murders will give rise to emotional reactions poses a legitimate risk of unfair prejudice; however, the vicious, brutal nature of a defendant's conduct is not itself sufficient to justify a complete exclusion of evidence tending to show the defendant engaged in those acts. In the guilt phase of a trial, courts have not allowed defendants to benefit from a Rule 403 exclusion for unfair prejudice simply because their conduct was of a grisly nature. *See, e.g., United States v. Soundingsides,* 820 F.2d 1232, 1242-43 (10th Cir.1987) (upholding admission of "undeniably gruesome" autopsy photographs that painted a clearer picture of the victim's injuries, cause of her death, and the defendant's malice aforethought); [*U.S. v. Pepin,* 514 F.3d 193, 208 (2d Cir. 2008)] (holding that in the guilt phase of a capital case, the district court should not exclude under Rule 403 "[e]vidence that defendant calmly dismembered the victims' bodies shortly after killing them").

*U.S. v. Lujan*, 603 F.3d 850, 858 (10th Cir. 2010). [1]

The photographs of the crime scene show where the victims were located, the victims' condition at the time of their death, and are "extremely probative of Defendant's specific intent and motive." Mot. in Limine 2. Further, courts have routinely admitted this kind of evidence finding that crime scene images are generally admissible under Rules 401 and 403. *See U.S. v. Manamela*, 463 F. App'x 127, 131 (3d Cir. 2012) (district court did not err in admitting photographs of the death scene and autopsy photographs because the evidence was "highly and uniquely probative"); *see also U.S. v. Collins*, 368 F. App'x 517, 521-22 (5 Cir. 2010) (not prejudicial to admit two crime scene photographs and four autopsy photographs); *see also U.S.A. v. Young*, Case No. CR 10-923, 2019 WL 9518229, at *3 (C. D. C.A. April 8, 2019) (holding it was not unfairly prejudicial or cumulative to allow seven photographs of a murder crime scene). Therefore, after reviewing the crime scene images, the Court does not believe that the crime scene

---

[1] Defendant has filed a separate motion in limine at ECF No. 1092, arguing the Court should avoid the unfair prejudice of the jury hearing evidence at the guilt phase that would be inadmissible at the sentence selection phase under 18 U.S.C. § 3593(c). The Court will rule on this motion shortly. However, because Defendant has referenced the argument in response to the Government's Motion in Limine on graphic evidence that the Court should apply the weighing standard at § 3593(c), the Court will address the issue briefly here. Resp. to MIL 2. As further explained by the Tenth Circuit, "[w]hile § 3593(c) provides a district court greater discretion to exclude evidence than Rule 403 does, the same principle applies: a defendant should not benefit from the grisly nature of his acts." *Lujan*, 603 F.3d at 858.

3

images are unfairly prejudicial under Rule 403.  Further, the Court does not believe that the crime scene images are cumulative, or will in any way confuse the issues, mislead the jury, or waste time.  The Government has selected a limited number of images to introduce, and they all show different views and areas of the crime scene.  Therefore, their admission is warranted.

Further, the Court finds that the autopsy images are probative and does not find that admission of the autopsy images is unfairly prejudicial or cumulative.  The Government has offered a limited number of autopsy images and is not seeking to admit autopsy images that depict the most grievous wounds.  These images are probative because they will "aid the jury in receiving the testimony of medical examiners and illustrate findings as to the cause and manner of death of the victims."  Mot. in Limine 3.  Further, autopsy images are regularly found admissible and are not deemed unfairly prejudicial under Rule 403.  *See United States v. Escalante-Melgar*, 567 F. Supp. 3d 485, 493 (D. N.J. 2021) (finding that autopsy photographs were admissible); *see also United States v. Frappier*, 807 F.2d 257, 262 (1st Cir. 1986) (finding autopsy photographs were admissible because "they were not egregiously shocking" and they "bore reference to medical testimony"); *see also U.S. v. Greatwalker*, 356 F.3d 908, 912 (8th Cir. 2004) (finding autopsy and crime scene photographs were properly admitted).  Further, the Court does not believe that the autopsy photographs are cumulative or will in any way mislead the jury, confuse the issues, or waste time.  Therefore, the autopsy photographs are not excludable under Rule 403.

Lastly, the Court finds that the body camera video is probative because it provides context for the photographs and will assist the jury with the chronology of events.  *See* Mot. in Limine 2. Further, the Court does not believe the video evidence is unfairly prejudicial or cumulative of the photographic evidence.  *See Lujan*, 2011 WL 13210253, at *4 (court found that crime scene photographs, autopsy photographs, and a crime scene video were admissible, and their admission

was not prejudicial or cumulative). Defendant cites to *United States v. Con-Ui*, No. 3:13-123, 2017 WL 783437 (M.D. Pa. Mar. 1, 2017), for the proposition that the Court should limit the graphic evidence introduced, including the video evidence. In *Con-Ui*, the Court ultimately placed limits on the playing of a surveillance video by only allowing one viewing of the video during the guilt phase and not allowing the jury to view the video during deliberations. 2017 WL 783437, at *5. Defendant has asked the Court to limit this evidence but has not provided an argument as to what specific limitations he wishes the Court to make concerning the crime scene video. Even without such argument, the Court will not allow the jury to view the video at issue during deliberations, but may permit a "supervised" reviewing of the video in the court room as part of jury deliberations, if so requested by the jury. The Court will make no ruling at this time on whether to allow this video to play outside of the guilt phase.

Further, the Court finds no merit in Defendant's argument that the evidence is not admissible because Defendant is not contesting the time, place, and manner of the victim's death and has offered to stipulate to cause of death to obviate the need for autopsy images. Resp. to MIL 2, 5. As explained by the Supreme Court, "evidentiary relevance under Rule 401," is not, "affected by the availability of alternative proofs," such as a defendant's admissions, and the exclusion of relevant evidence "must rest not on the ground that other evidence has rendered it 'irrelevant,' but on its character as unfairly prejudicial . . ." *Old Chief v. U.S.*, 519 U.S. 172, 179 (1997). Whether Defendant is willing to concede facts or not, the evidence is still admissible under Rules 401 and 403. *See U.S. v. Patrick*, 513 F. App'x 882, 887 (11th Cir. 2013) (holding that the district court erred in excluding two surveillance videos showing the victim being stabbed because the videos were relevant and highly probative of whether the defendant committed the assault or aided and abetted in its commission, whether the defendant suffered a serious bodily injury, and whether the

5

defendant's actions were the proximate cause of those injuries. This was true even where the defendant was willing to concede the facts that the victim was stabbed and that the victim's wounds were serious bodily injuries).

Lastly, the Court does not agree with Defendant that the Government's admission of this evidence advances a "golden rule" argument. In support of this argument, Defendant cites to *U.S. v. Roman*, 492 F.3d 803 (7th Cir. 2007), for the proposition that a "golden rule" appeal to the jury "is universally recognized as improper." 492 F.3d 803, 805-06. The Court agrees that such an appeal to the jury is generally improper; however, the Court sees no basis, and the Defendant has not provided any substantive argument, for how the admission of crime scene photographs, autopsy photographs, and a crime scene video is an improper appeal to the jury to put themselves in the victims' shoes, especially considering the routine admission of this kind of evidence.

Therefore, for the reasons above, the Court will grant the Government's Motion in Limine Regarding Admission of Relevant Graphic Evidence.

BY THE COURT:

*/s/ Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: May 26, 2023

cc: All counsel of record