IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  Criminal No. 18-292 |
| | ) |
| ROBERT BOWERS | ) |

## MEMORANDUM ORDER OF COURT

Robert J. Colville, United States District Judge

Before the Court is the Motion for Ex Parte *Brady* Review of Government's Expert Mental Health Reports and Reciprocal Access to Materials Provided to Those Experts ("Motion for Review and Access") (ECF No. 1314) filed by Defendant Robert Bowers.  The Government filed a Response (ECF Nos. 1326) to the Motion for Review and Access on June 14, 2023.  Given the time-sensitive nature of the Motion for Review and Access, the Court considers the Motion to be fully briefed and ripe for disposition.

The Court notes that it previously entered a Memorandum Opinion and Order at ECF Nos. 1200 and 1202, which addressed the Government's Motion to Examine Defendant and Proposed Examination Procedures ("Motion to Examine") (ECF No. 1001), and a Memorandum Order at ECF No. 1235, which addressed Defendant's Motion to Clarify Order and Compel Reciprocal Discovery ("Motion for Clarification") (ECF No. 1214).  Generally speaking, the Court's opinion and orders at ECF Nos. 1200, 1202, and 1235 addressed the Government's mental health examination of Defendant, procedures related to the same, and the possible eventual disclosure of the results and reports associated with the examination.

1

### A. Request that the Court Conduct an Ex Parte *Brady* Review of the Government's Experts' Mental Health Reports

The Motion for Review and Access first requests that the Court conduct "an ex parte review of the sealed reports of the government's mental health experts for any potentially exculpatory or impeachment information material to either [] the offenses charged against [Defendant] or the issue of the appropriate sentence." Mot. for Review and Access 1, ECF No. 1314. Defendant cites to a single case wherein a district court reviewed mental health expert reports for exculpatory materials, and, in that case, the court provided no substantive analysis with respect to its decision to undertake such a review, presumably because the request was uncontested, *see* Resp. to Mot. for Review and Access 3 n.2, ECF No. 1326. This Court finds the relief requested, and particularly at this juncture, to be neither warranted nor appropriate in this matter.

It bears noting that the Motion for Review and Access was filed during the guilt phase of trial in this matter,[1] and, as noted by Defendant, following notice on June 8, 2023 that the Government would likely rest its case-in-chief in the guilt phase by the middle of this week.[2] That the Defense only now makes its request for the Court's review of the reports at issue for exculpatory or impeachment materials relevant to the guilt phase may, in this Court's estimation, accurately be described as dilatory, and the relief requested would, inevitably, result in delay. This request could have been raised when the Court originally considered the Rule 12.2 procedures in this case, or when the Defense requested clarification on those procedures. The Court further finds the following argument advanced by the Government warrants denial of the request for review of the reports for materials relevant to the guilt phase:

> Assuming that the Court found such materials and provided it to the defense, the defense could conceivably seek to introduce that information during the guilt phase

---

[1] Specifically, at 7:13 p.m. on Monday, June 12, 2023.

[2] The Government has stated that it expects to rest its case-in-chief in the early afternoon today, June 14, 2023.

>of the trial and would most likely have to admit that information through the relevant government expert. The government would necessarily be limited in its ability to cross-examine on that exculpatory evidence, as it would not yet have access to expert results or reports. The Court would thus be faced with a situation where the defendant would seek to use some portions of the experts' reports and results as a sword, while still hiding behind the shield of the Fifth Amendment and Rule 12.2. This untenable, inequitable situation should be avoided.

Resp. to Mot. for Review and Access 3, ECF No. 1326. The Government's statement regarding the voluminous productions it has made to the Defense to date is also well taken, and the Court notes that the Defense has provided the Court with exceptionally vague guidance as to what exculpatory or impeachment materials it believes may be discovered by the Court in the expert reports. Defendant's request for the Court to review the Government's expert reports for exculpatory or impeachment materials relevant to the guilt phase is denied.

To the extent Defendant requests that the Court review the expert reports to determine if they contain materials relevant to an appropriate sentence, the Court sees no reason why the Court's involvement in that regard would be warranted or appropriate. Should a guilty verdict be returned on a capital offense, the reports will be disclosed to the Defense, and the Defense itself can determine the reports' relevance to the penalty phases of this trial. Defendant's request that the Court review the expert reports to determine if they contain materials relevant to an appropriate sentence is denied.

### B. Request for "Reciprocal Discovery" of Materials Provided to Government's Experts

The Motion for Review and Access further renews the Defense's request for "reciprocal discovery of materials parallel to those provided by the defense to the government's mental-health experts." Mot. for Review and Access 3, ECF No. 1314. In an attempt to remedy the imbalance previously noted by the Court with respect to Defendant's prior request for "reciprocal discovery" in the Motion for Clarification, Defendant now requests that material parallel to that which the

Defense gave to the government's experts be provided to the Defense experts, and not to Defense counsel. *Id.* at 4.[3]

The Court again notes that the Motion for Review and Access was filed nearly three weeks after the Court ruled on the Motion for Clarification, and was further filed during the trial in this matter, following notice on June 8, 2023 that the Government would likely rest its case-in-chief in the guilt phase by the middle of this week. Defendant's delay of several weeks in seeking the provision of "reciprocal discovery" to his experts is unexplained, and he fails to articulate any true prejudice from what is likely to be a several-day delay from the disclosure of the results and reports themselves, should a guilty verdict be returned. That the Defense has waited this long to make such a request, in this Court's estimation, speaks to the lack of prejudice caused by the purported delay in the Defense expert's receipt of material parallel to that which the Defense gave to the government's experts. As the Government notes, "[t]he Court ordered disclosures to the government experts to facilitate a mental health examination. The defendant does not identify any pressing, comparable need for his experts to receive similar information." Resp. to Mot. for Review and Access 4, ECF No. 1326. The request for "reciprocal discovery" is denied.

I. **Conclusion and Order**

For the reasons discussed above, the Motion for Review and Access is denied.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: June 14, 2023
cc: All counsel of record

---

[3] "Specifically, the defense requests that (1) all medical and mental health records that were provided to the government's experts and (2) the raw data from and testing conducted by the government's experts be provided to each expert noticed by the defense." Mot. for Review and Access 4, ECF No. 1314.