IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**MEMORANDUM ORDER OF COURT**

Robert J. Colville, United States District Judge

Before the Court is the Motion to Strike Intent Factors in 18 U.S.C. §§ 3591(a)(2)(B), (C), and (D) Considering the Government's Presentation and Argument at Trial ("Motion to Strike") (ECF No. 1353) filed by Defendant Robert Bowers. The Government filed a Response (ECF No. 1369) to the Motion to Strike on June 20, 2023. The Motion to Strike has been fully briefed and is ripe for disposition.

**I.      Background**

On June 16, 2023, the Jury returned a verdict finding the Defendant guilty of each of the 63 counts set forth in the superseding indictment in this matter, which included violations of federal statutes prohibiting the obstruction of religious exercise, hate crimes, and the use of a firearm during a crime of violence. Defendant has been found guilty of killing eleven individuals and injuring others at the Tree of Life Synagogue on October 27, 2018. The capital counts are counts 1–11 and 23–33.

It bears noting, and Defendant acknowledges, that Judge Ambrose addressed materially identical arguments to those set forth in the Motion to Strike in an October 29, 2020 Opinion and Order (ECF No. 335) addressing Defendant's Challenge (ECF No. 241) to the Notice of Intent to

Seek the Death Penalty ("Notice of Intent") (ECF No. 86) in this case. In that Opinion, Judge Ambrose explained:

> If a defendant is convicted of a death-eligible offense, the case moves into the penalty phase.[1] During the penalty phase, the government must first establish that the defendant had the mental state described in at least one of four gateway intent factors set forth in 18 U.S.C. § 3591(a)(2)(A)-(D), specifically that the defendant:
>
>> (A) intentionally killed the victim;
>>
>> (B) intentionally inflicted serious bodily injury that resulted in the death of the victim;
>>
>> (C) intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim dies as a direct result of the act; or
>>
>> (D) intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act.
>
> *Id*. Here, the Government proposes to prove all four of these gateway mental-state factors in the Notice of Intent. ECF No. 86, at 1-2.

ECF No. 335 at 2 (footnote added).

In denying Defendant's Challenge to the Notice of Intent, Judge Ambrose set forth the following analysis:

> Defendant argues that all of these gateway eligibility factors except the one alleging an intentional killing pursuant to 18 U.S.C. § 3591(a)(2)(A) should be stricken. [ECF No. 241, at 5-11]. Defendant contends that the "intentional killing" factor subsumes the second factor ("intentionally inflicted seriously bodily injury" resulting in death) and, therefore, that the second factor should be stricken as duplicative. *Id*. Defendant further alleges that the third and fourth factors set forth in § 3591(a)(2)(C) and (D) should be stricken because they are premised on an aiding and abetting theory that has not been advanced in this case. *Id*. In addition, Defendant asserts that permitting the allegations to stand would violate § 3593(c) and the Fifth, Sixth, and Eighth Amendments because it would allow the Government to artificially inflate the mental state gateway factors, confusing the

---

[1] The penalty phase of this trial has been bifurcated per Defendant's request.

jury and resulting in unfair prejudice. *Id*. at 10-11. After careful consideration, Defendant's request to strike the gateway mental state eligibility factors other than "intentional killing" from the Notice of Intent is denied.

Defendant relies on cases such as *United States v. McCullah*, 76 F.3d 1087, 1111-12 (10th Cir. 1996), *United States v. Tipton*, 90 F.3d 861, 898 (4th Cir. 1996), and their progeny in support of his argument that the use of duplicative mental state factors creates an unconstitutional skewing of the death penalty weighing process. [ECF No. 241, at 6-11]. As the Government notes in its response, *McCullah* and *Tipton* are not FDPA cases, but, rather, addressed a since-repealed statutory scheme under which the jury considered intent as an aggravating factor to be weighed in the final sentencing determination. [ECF No. 250, at 18-19 and cases cited therein]. In contrast, under the FDPA, the intent factors are not aggravating factors to be weighed, but, rather, threshold questions of eligibility for the death penalty. As such, the intent factors do not implicate Defendant's concerns. *See United States v. Webster*, 162 F.3d 308, 355 (5th Cir. 1998) ("§ 3591(a) does not set forth aggravating factors, but rather serves as a preliminary qualification threshold. The fact that a defendant could satisfy more than one of these via the same course of action does not, therefore, constitute impermissible double counting."); *United States v. Jackson*, 327 F.3d 273, 300-01 (4th Cir. 2003) (distinguishing *Tipton* and holding that the court did not err in submitting all four types of intent under § 3591 to the jury because "[w]hether the jury found one type of intent or all four would not, under the instructions given, skew the weighing process. The weighing process involved only aggravating and mitigating circumstances which were distinct from the intent finding."); *United States v. Bolden*, 545 F.3d 609, 629-30 (8th Cir. 2008) (disagreeing that submission of all four mental states to the jury enhanced the risk that the jurors would inflate the weight of mental state evidence during the penalty phase); *United States v. Minerd*, 176 F. Supp. 2d 424, 445 (W.D. Pa. 2001) ("[E]ven if the jury finds that more than one of the intentions have been established, this cannot tip the balance towards a sentence of death because the gatekeeping factors under the FDPA are not weighed."); *United States v. Cooper*, 91 F. Supp. 2d 90, 109-10 (D.D.C. 2000); *United States v. Montgomery*, 10 F. Supp. 3d 801, 815-16 (W.D. Tenn. 2014). Because the intent factors set forth in § 3591 are threshold factors that do not play any role in the weighing process under the FDPA, there is no danger of prejudicial skewing or double counting. Defendant's arguments to the contrary are without merit.

Defendant's request that the intent factors in § 3591(a)(2)(C) and (D) be stricken because the Government does not assert an aiding and abetting theory likewise is misplaced. Defendant does not cite any persuasive authority to support this proposition. The language of these two intent factors is not limited to accomplices only. Although an aider or abettor could not be liable under the language of (A) and (B), the converse is not necessarily true regarding a single actor under (C) and (D).[2] As the Government points out, it does not yet know Defendant's trial defense

---

[2] The Government notes in its Response examples of instances in which the United States has alleged all four threshold intent factors as to a single actor and juries have returned verdicts as to the same. [ECF No. 250, at 19-22 & n.6 (citing

3

strategies, including whether Defendant intends to deny specific intent. Thus, it would be premature at this stage of the proceedings to constrain the Government's ability to assert any potentially applicable gateway factor that would render Defendant eligible for the death penalty.

For these reasons, Defendant's request to strike all of the gateway eligibility factors except the one alleging an intentional killing pursuant to 18 U.S.C. § 3591(a)(2)(A) is denied.

ECF No. 335 at 3-5 (footnote in original).

## II. Discussion

There is nothing set forth in the Motion to Strike that warrants reconsideration of Judge Ambrose's prior Opinion and Order with respect to any of the threshold intent factors. The intent factors set forth in § 3591 are threshold factors that do not play any role in the weighing process under the FDPA, and there is thus no danger of prejudicial skewing or double counting. The instructions this Court intends, at this juncture, to utilize for the Sentence Selection Phase,[3] which the Court notes reflect the Court's thorough consideration of all arguments and objections previously raised by the parties including submissions following the April 20, 2023 charging conference in this matter, provide as follows with respect to "Concluding Remarks on Non-Statutory Aggravating Factors":

> In addition to the statutory aggravating factors that you found in the Eligibility Phase, you are permitted to consider and discuss only the non-statutory aggravating factors specifically claimed by the Government that I have just listed. You must not consider any other facts in aggravation which you may think of on your own. I remind you that the threshold intent factors that you determined during the Eligibility Phase are not aggravating factors, and they may not be considered by you as aggravating factors supporting a sentence of death.
>
> You also may not consider as an aggravating factor your determination made during the Guilt Phase that Mr. Bowers is guilty of the offenses. Neither the guilt

---

*United States v. Roof*, No. 2:15-cr-00472-RMG (D.S.C. 2015); *United States v. Christensen*, No. 17-cr-20037-JES-JEH, 2019 WL 1793135, at *2 (C.D. Ill. Apr. 24, 2019))].

[3] Should one prove necessary.

determination nor the threshold intent factor[s] may be considered aggravating factors.

The Court's draft of these instructions also includes the following with respect to "Weighing of Aggravating and Mitigating Factors": "You're not to weigh, in this process, any of the threshold intent factors. In the weighing process you must avoid any influence of passion, prejudice, or any other arbitrary considerations. Your deliberations must be based on your reasoned evaluation of the evidence as you have seen it and heard it and on the law which I am instructing you in." These instructions should quell any concern that a juror would improperly consider the threshold intent factors at the weighing stage, should one prove necessary.

It also bears noting that the Court has included, at Defendant's request, *see* ECF No. 1148, instructions for the Eligibility Phase that indicate that the threshold intent factors may be different than the intent required to convict Defendant of the offenses at issue:

> Preliminary Instructions: Second: that Mr. Bowers acted with a level of intent sufficient to allow consideration of the death penalty, which may be different than the intent required to convict Mr. Bowers of the offenses[.]
>
> Intent Factors: In making your findings on the question of intent, you may not rely solely on your verdict finding Mr. Bowers guilty of the offenses, but rather must each decide whether the Government has proven beyond a reasonable doubt the level of intent required to make Mr. Bowers eligible for consideration of the death penalty. I again note that the threshold intent factors may be different than the level of intent required to convict Mr. Bowers of the offenses.
>
> Final Instructions Introduction: Second, you will consider, as appropriate, whether the Government has proven beyond a reasonable doubt and to your unanimous satisfaction one or more threshold intent factors, which may be different than the intent required to convict Mr. Bowers of the offenses, as to each of the capital offenses for which you have found Mr. Bowers was at least 18 years old at the time of the capital offense.

The instructions further define the threshold intent factors, and provide:

> Threshold Intent Factors: The Government need only prove one threshold intent factor as to each capital offense. In order to find a particular threshold intent factor, you must unanimously find that the Government has proven the existence of that

particular threshold intent factor from among the four factors beyond a reasonable doubt for each count.

You may not rely solely upon your Guilt Phase verdict of guilt or the factual determinations you made in finding Mr. Bowers guilty of the offenses. Instead, you must now each decide whether the Government has proven beyond a reasonable doubt the existence of one of the threshold intent factors alleged.

Any finding that a threshold intent factor has been proven as to a particular capital count must be based on Mr. Bowers's personal actions and intent. Intent or knowledge may be proven like anything else. You may consider any statements made and acts done by Mr. Bowers. You may consider all the facts and circumstances in evidence that may aid in a determination of his knowledge or intent. You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted

With respect to Defendant's argument that the Court's instructions and the Government's presentation and argument *during the Guilt Phase* as to the intent elements *for the capital counts* somehow renders 18 U.S.C. § 3591(a)(2)(B) improper in this case, the Court notes that this argument seemingly directly contradicts positions he has advanced elsewhere in this matter. *See* ECF No. 1148 at 9-10; *see also* ECF No. 1362 at 84-85 ("During the eligibility phase, the jury must determine whether [] Mr. Bowers possessed one of the statutorily prescribed mental states in 18 U.S.C. § 3591(a)(2), *which are distinct from and require separate findings than those required by the elements of the offenses*."(emphasis added)). The Government notes this inconsistency, and provides: "[a]side from the inherent logical gymnastics, the glaring flaw in the defendant's argument is that the intent factors required under § 3591(a)(2) do not equate to the same levels of intent that must be found at the guilt stage." Resp. 3, ECF No. 1369.

With respect to the threshold intent factors alleged, the Jury's role at the Eligibility Phase will be to determine, after considering all of the evidence introduced through the first two phases, which the Court notes could include evidence introduced by the Defendant during the Eligibility Phase, whether the Government has met its burden of proving the existence of one of the threshold

intent factors, "which may be different than the intent required to convict Mr. Bowers of the offenses," ECF No. 1148 at 10, beyond a reasonable doubt. The Court finds that Defendant fails to assert an adequate basis to strike the factor at 18 U.S.C. § 3591(a)(2)(B) or to otherwise reconsider Judge Ambrose's prior rulings on the threshold intent factors.

### III. Conclusion

For the reasons discussed above, the Motion to Strike is denied.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: June 22, 2023

cc: All counsel of record