IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.            ) | Criminal No. 18-292 |
| ) | |
| ROBERT BOWERS    ) | |

**MEMORANDUM ORDER OF COURT**

Robert J. Colville, United States District Judge

Before the Court are Defendant's Omnibus Motions in Limine to Prohibit Specified Types of Prosecutorial Misconduct in Penalty-Phase Summation filed at ECF No. 1347 in this matter. The Government filed a Response (ECF No. 1360) to the Defendant's Motions on June 19, 2023. The Motions in Limine filed at ECF No. 1347 have been fully briefed and are ripe for disposition.

I.   **Background**

On June 16, 2023, the Jury returned a verdict finding the Defendant guilty of each of the 63 counts set forth in the superseding indictment in this matter, which included violations of federal statutes prohibiting the obstruction of religious exercise, hate crimes, and the use of a firearm during a crime of violence. Defendant has been found guilty of killing eleven individuals and injuring others at the Tree of Life Synagogue on October 27, 2018. The capital counts are counts 1–11 and 23–33.

II.   **Discussion**

Initially, the Government's argument that the Defendant's Omnibus Motions, which seek to preclude twenty-seven types of arguments the Government *may* raise in summation, are largely premature is generally well-taken. *See United States v. Wilson*, No. 04-CR-1016 NGG, 2013 WL 2948034, at *5 (E.D.N.Y. June 14, 2013) ("What Wilson fails to appreciate, however, is that his request for an omnibus order addressing nearly every form of potentially improper argumentation

1

is inefficient, potentially unnecessary, and would require the court to issue an advisory opinion."). That said, the Court feels obliged to note that the Government has also objected to potential arguments that might be advanced by the Defense in this matter. The Court will address certain specific arguments where it deems the same to be appropriate, and will further note where the Court finds arguments to be too premature, overbroad, or speculative to address at this juncture. Any denial will be without prejudice to Defendant raising his objection at the time of trial. The Court notes that the Government is now on notice of the arguments to which the Defendant will raise objection at time of trial, and its failure to respond to many of Defendant's arguments at this juncture cuts against any argument as to prejudice the Government might assert when objections are raised during trial.

### A. Motion to Preclude Argument Urging the Jury to Ignore or Disregard Legitimate Mitigating Evidence

This particular motion is overbroad and premature. Defendant cites a number of cases where courts have pointed to a variety of different arguments that would potentially implicate the type of argument Defendant seeks to forbid. To attempt to curtail all such arguments prior to trial would require the Court to prognosticate. That said, the Defense asks that the Government not urge the jury to disregard or ignore any mitigating factor they have found, and the Government has stated: "[w]hile the jury should not be told that it cannot consider mitigating evidence, *see Eddings v. Oklahoma*, 455 U.S. 104, 113–14 (1982), the United States is entitled to argue that the defendant has failed to establish some mitigating factors or that those factors are entitled to little or no weight." Resp. 7, ECF No. 1360. The Court finds this to be an accurate statement of the law. *See United States v. Johnson*, 495 F.3d 951, 966 (8th Cir. 2007) ("[W]e conclude that the prosecutor's comments and questions accurately reflected the law: jurors are obliged to consider relevant mitigating evidence, but are permitted to accord that evidence whatever weight they

choose, including no weight at all."); *see also id.* at 978 ("[A]s long as the jurors are not told to ignore or disregard mitigators, a prosecutor may argue, based on the circumstances of the case, that they are entitled to little or no weight.")  Given that the Government has indicated its awareness of the relevant law, this issue appears to be moot, in addition to premature and overbroad.

### B. Motion to Preclude Argument Suggesting that Mitigating Evidence Requires a Nexus to the Crime or to the Defendant's Culpability for the Offense

The most recent version of the instructions the Court intends, at this juncture, to utilize for the sentence selection phase, should one be necessary, provides as follows with respect to mitigating factors:

> Before you may consider the appropriate punishment, you must consider whether Robert Bowers has established the existence of any mitigating factors.  A mitigating factor is a fact about Mr. Bowers's life or character, or about the circumstances surrounding the offenses, that would suggest, in fairness, that a sentence of death is not the most appropriate punishment, or that a lesser sentence is the more appropriate punishment.
>
> In this case, Mr. Bowers has asserted mitigating factors – that is, facts that he asserts favor punishment by a sentence of life in prison without the possibility of release instead of death.  The mitigating factors are listed in the Sentence Selection Phase Verdict Form.  The order in which the mitigating factors are listed in the Sentence Selection Phase Verdict Form has no significance to their potential relative importance.
>
> A mitigating factor is not offered to justify or excuse Mr. Bowers's conduct.  The law does not require that there be a connection between a mitigating factor and the crime committed.  Instead, a mitigating factor is a fact about Mr. Bowers's personal traits, character, or background, or about the circumstances surrounding the particular capital offense, or anything else relevant to the sentencing decision that would suggest, for any individual juror, that life imprisonment without the possibility of release rather than death is the more appropriate punishment.

The Government's proposed instructions also included the following: "A mitigating factor is a fact about Robert Bowers's life or character, or about the circumstances surrounding the offenses that would suggest, in fairness, that a sentence of death is not the most appropriate punishment, or that

3

a lesser sentence is the more appropriate punishment." This issue is certainly premature, and likely moot, given the current state of the Court's proposed instructions. *See also United States v. Fell*, 531 F.3d 197, 222 (2d Cir. 2008) ("A capital defendant's mitigating evidence need not have a nexus to the murder for which he has been convicted, but need only allow 'the sentencer to reasonably find that it warrants a sentence less than death.'" (quoting *Tennard v. Dretke*, 542 U.S. 274, 285 (2004))). The Court anticipates that no party will advance argument that is inconsistent with the Court's final instructions.

### C. Motion to Preclude the Government from Arguing that, Because the Defendant is Serving or Faces a Life Sentence on Other Charges, a Death Sentence is the Only Way to Punish Him for the Murder

Defendant argues the Government should be precluded from arguing in its closing that the death penalty is the only appropriate sentence because the Defendant may serve a life sentence on other charges. The case law cited by Defendant does not clearly establish that it is impermissible for the Government to make such an argument. *See United States v. Davis*, 609 F.3d 663, 687 (5th Cir. 2010) ("[A]s to the prosecutor's argument that a life sentence would not be adequate punishment because Davis was already serving a life sentence for drug offenses, we conclude that any failure by the district court to correct the remarks was not plain error. Courts have divided on the question of whether such an argument is permissible."). Further, the Court believes it is adequately instructing the jurors on its sentencing options, which include both life in prison or death. The Court cannot predict all arguments that will be made by the Government nor the appropriateness of all such hypothetical arguments. Therefore, this motion is denied, without prejudice, as premature.

### D. Motion to Preclude Adverting to the Victims' Families' Desire for a Death Sentence

Defendant asks that the Court prohibit the government from referencing the victims' families' desire for a death sentence or asking the jury to impose a sentence of death because the victim's family desire that outcome. Mot. at 17–20. The Court does not intend to allow any reference to the opinions as to an appropriate sentence of either living victims or the family of deceased victims. Accordingly, the Court grants Defendant's motion to that extent.

### E. Motion to Preclude Inviting a Death Sentence on Behalf of the Victims or their Families

Defendant asks that the Court prohibit the government from asking the jury to return a death verdict for the victims or the victims' families. Mot. at 20–22. The Court does not intend to allow the government to ask the jury to return a recommendation of death out of sympathy for either the victims or their families. Accordingly, the Court grants Defendant's motion to that extent.

### F. Motion to Preclude Comparative Justice in a Victim-Impact Argument

Defendant next argues that the Government should be precluded from invoking comparative justice arguments concerning victims in its closing. Mot. 23. Specifically, Defendant argues the Government should be precluded from saying the victims had no rights, that a verdict vindicates a victim's rights, or comparing the victim's rights to the defendant's rights. *Id.* The Government has not directly responded to Defendant's arguments on these issues outside of its blanket arguments that Defendant's motion is premature and overbroad. Resp. 1-6. The Court agrees with the Government's general argument that Defendant's motion—asking the Court to preclude the Government from saying the victims had no rights, that a verdict vindicates a victim's rights, or comparing the victim's rights to the defendant's rights—is overbroad.

This said, the Court acknowledges the cases cited by Defendant and, in an abundance of caution, will order the Government to not make statements or arguments making light of a life

sentence, *see Bland v. Simmons*, 459 F.3d 999, 1028 (10th Cir. 2006)("it is prosecutorial misconduct for the prosecution to compare the plight of the victim with the life of the defendant in prison"), or "implore[e] the jury to make its death penalty determination in the cruel and malevolent manner shown by defendant[,]" *see Lesko v. Lahman*, 925 F.2d 1527, 1543 (3d Cir. 1991) ("the prosecutor exceeded the bounds of permissible advocacy by imploring the jury to make its death penalty determination in the cruel and malevolent manner shown by the defendants when they tortured and drowned William Nicholls and shot Leonard Miller"). The rest of Defendant's arguments are denied, without prejudice. Therefore, Defendant's motion is granted in part and denied in part.

### G. Motion to Preclude Comparative Worth in a Victim-Impact Argument

Defendant argues the Government should be precluded from comparing the value of the victims' lives to the life of Defendant. Mot. 27. Again, the Government has not directly responded to Defendant's arguments on this issue outside of its blanket arguments that Defendant's motion is premature and overbroad. Resp. 1-6. Having reviewed the case law cited by Defendant, the Court cautions the Government from making a direct comparison between the life of Defendant and the lives of the victims when arguing for the imposition of the death penalty. *See United States v. Johnson*, 713 F.Supp.2d 595, 630 (E.D. La. 2010) ("the prosecutor's call for the death penalty in order to affirm that the victim's life was worthier than that of the 'evil' defendant was error, and an improper and inflammatory appeal to juror passion and emotion"). However, at this time, this motion is premature as, based on the case law cited by Defendant, it is not error for the Government to make comparison arguments outside of the direct comparison argument mentioned above. *See Humphries v. Ozmit*, 397 F.3d 206, 222-23 (4th Cir. 2005) (*en banc*) (stating that a "direct value" comparison between the life of the defendant and the life of the victim was prejudicial but a

comparison between the history of the defendant and the victim's lives based on the evidence was permissible). Therefore, because the Court does not have the benefit of understanding the context in which such an argument may be made or the evidence it may be based upon, Defendant's motion is granted only to the extent that the Government is cautioned regarding making a direct value comparison between the Defendant's life and the victims' lives.

### H. Motion to Preclude Argument Inviting the Jurors to Experience the Crime Vicariously and Motion to Preclude Argument Inflaming the Jurors' Fears for Their Own Safety or That of Others Close to Them

These motions, in essence, seek to preclude any argument by the Government that might violate the "golden rule." In ruling on a prior motion in limine, this Court has already explained:

> A golden rule argument asks the jury to either put themselves "in the defendant's shoes" or to "identify individually with the victims." *United States v. Davis*, No. 22-1002, 2023 WL 195159, at *5 (3d Cir. Jan. 17, 2023) (cleaned up). Prosecutors violate the prohibition by making comments like "it could have been you" or "it could have been your children." *Bedford v. Collins*, 567 F.3d 225, 234 (6th Cir. 2009) (cleaned up). Such arguments "cross the line" because they "invite the jury to render a decision on grounds of bias, passion, prejudice, or sympathy." *Gov't of the Virgin Islands v. Mills*, 821 F.3d 448, 458 (3d Cir. 2016).

ECF No. 1282 at 11. The Government is presumably aware of the Court's prior explanation, and doing anything more than repeating it here would involve inefficient speculation regarding any number of theoretically inappropriate arguments. These motions are denied as overbroad and premature.

### I. Motion to Preclude Suggesting that Jurors Will Bear Responsibility for Future Acts of Violence

Defendant asks that the Court prohibit the government from arguing to the jury that they will be responsible for any future violence by Defendant if they do not return a recommendation of death. Mot. at 38–41. The Court will not permit any such argument. Accordingly, the Court grants Defendant's motion on this issue.

7

### J. Motion to Preclude Portraying Jurors as an Arm of Law Enforcement

Defendant asks that the Court prohibit the government from arguing that the jury is an arm of law enforcement or is responsible for enforcing the law through its sentencing recommendation. Mot. at 41–45. The Court will not permit any argument that the jury is anything other than a neutral arbiter of the facts and the evidence. Accordingly, the Court grants Defendant's motion on this issue.

### K. Motion to Preclude Suggesting That Jurors Must Impose Death to Prevent Incompetence or Mistakes by Other Actors

Defendant asks that the Court prohibit the government from arguing that the jury should impose death so that the Defendant is not freed at some unknown time in the future and allowed further opportunity to do violence. Mot. at 45–46. The Court will not permit the government to ask the jury to return a sentence of death to prevent Defendant from being freed in the future, whether by incompetence, clemency, or appellate review. Accordingly, the Court grants Defendant's motion on this issue.

### L. Motion to Preclude the Government from Asking the Jurors to Send a Message

The Court agrees with Defendant that, in general, it is improper for a prosecutor to argue in closing that the jury needs to "send a message" to the community with its verdict. *See U.S. v. Riley*, 621 F.3d 312 (3d Cir. 2010) (while prosecutor's "send a message" arguments were improper, they were easily corrected with a limiting instruction and did not deprive the defendant of a fair trial); *see also Sinisterra v. United States*, 600 F.3d 900, 910 (8th Cir. 2010) ("The prosecutor's arguments . . . asking the jury to send a message with its verdict were improper."); *see also Weaver v. Bowersox*, 438 F.3d 832, 841 (8th Cir. 2006) ("The argument that a signal must be sent from one case to affect other cases puts a[n] improper burden on the defendant because it prevents an individual determination of the appropriateness of capital punishment."). The

8

Government has not argued to the contrary. Therefore, this motion is granted to the extent the Government is precluded from arguing that the jury needs to "send a message" to the community.

### M. Motion to Preclude the Government from Asking the Jury to Vote for Death to Satisfy the Expectations of the Community

Defendant asks the Court to preclude the Government from asking the jury to vote for death to satisfy the expectations of the community. Mot. 52-53. Defendant cites to a number of cases where courts have stated that it is generally impermissible for a prosecutor to suggest that the jury should consider the wishes or expectations of the community. *See Bryan v. Bobby*, 114 F. Supp. 3d 467, 519 (N.D. Ohio 2015) (improper for prosecutor to "suggest that the jury could consider the response of public opinion when voting on the sentence"); *see also Whittington v. Estelle*, 704 F.2d 1418, 1423 (5th Cir. 1983) ("The prosecutor here did not say that the wishes of the community mandated a particular result. Such a comment would inject a new and harmful fact into evidence. Rather, the prosecutor implied that the jurors would be shamed if they failed to render a verdict of guilty."). Unfortunately, these cases do not set a bright line rule for the Court or the Government to follow and it would be impossible for the Court to predict and curtail every type of argument the Government might make. That said, the Government is now on notice of its obligations and the Court expects the Government will not make arguments that impermissibly argue for the jury to consider the wishes of the community. This motion is denied as overbroad without prejudice.

### N. Motion to Preclude the Government from Suggesting that the Jurors Have a Civic Duty to Return a Sentence of Death

Next, Defendant argues that the Government "may not argue or imply that the jurors have a 'duty' to return a sentence of death." Mot. 54. Defendant cites to numerous cases in support of this argument. The Court agrees that generally it is improper for the Government to argue that it

is the jurors' duty to impose a sentence of death. *See U.S. v. Mandelbaum*, 803 F.2d 42, 43-44 (1st Cir. 1986) (it was error for the prosecution to ask the jury to do its duty and return a verdict of guilty); *see also Le v. Mullin*, 311 F.3d 1002, 1022 (10th Cir. 2022) (error for prosecutor to argue that jury should return a death sentence on the grounds of civic duty). However, the case law cited by Defendant goes well beyond this simple statement and includes a variety of arguments that may implicate this issue. To attempt to curtail all such arguments prior to trial would require the Court to predicate future arguments. That said, the Court finds that as a general statement of the law, it is improper for the Government to argue that it is a juror's civic duty to impose a sentence of death. Therefore, to that extent only, the motion is granted. Otherwise, it is denied as overbroad.

### O. Motion to Preclude Argument Commenting on the Costs or Comforts of Life Imprisonment

The most recent version of the instructions the Court intends, at this juncture, to utilize for the sentence selection phase, should one be necessary, provides as follows:

**FORBIDDEN FROM CONSIDERING COST OF PUNISHMENTS**

> I want to caution you that you are not to consider any possible financial costs to the Government that may be involved in carrying out either the death penalty or life imprisonment without the possibility of release. This is so for two reasons: first, whether one sentence may be more expensive than another is simply not a legally permissible basis upon which to decide a matter as important as this; and second, even if it were permissible to consider cost in selecting a sentence, there is no evidence before you as to which sentence, if either, is actually more expensive to carry out. For both of these reasons, it would be improper for you to base any part of your decision on the notion that the Government or taxpayers could save money by imposing one sentence rather than another.

To this Court's recollection, the Court's inclusion of this instruction has not, to date, been strenuously objected to. This issue is premature, and likely moot, given the current state of the Court's proposed instructions. Again, the Court anticipates that no party will advance argument

10

that is inconsistent with the Court's final instructions. The Defendant also reiterates his concern regarding "comparative justice" in this Motion, which the Court has already addressed above.

### P. Motion to Preclude Argument Appealing to Religious Authority

This motion is denied as premature, though Defendant's citation to a case which explained that "[t]he jury's decision is to be based upon the evidence presented at trial and the legal instructions given by the court[,]" and that further held that "the prosecution's invocation of higher law or extra-judicial authority violate[d] the Eighth Amendment principle that the death penalty may be constitutionally imposed only when the jury makes findings under a sentencing scheme that carefully focuses the jury on the specific factors it is to consider in reaching a verdict" is well-taken by this Court. *See Sandoval v. Calderon*, 241 F.3d 765, 776 (9th Cir. 2000). As the parties are aware, this Court intends to instruct the jury that "[they] must make [their] decision in this case based only on the evidence that [they] saw and heard in the courtroom," that they are to apply the law described in the Court's instructions, and that the statements and arguments of the lawyers for the parties are not evidence

### Q. Motion to Preclude Vouching or Bolstering

Defendant asks that the Court prohibit the government from engaging in what he characterizes as improper vouching for or bolstering of witnesses. Mot. at 66–73. While special dangers exist when the government engages in this type of conduct, both parties should take care not "to comment on the credibility of a witness or to express a personal belief that a particular witness is lying." *Hodges v. Hurley*, 426 F.3d 368, 378 (6th Cir. 2005). Accordingly, the Court grants Defendant's motion to that extent.

### R. Motion to Preclude Suggesting Additional Evidence Beyond That Adduced at Trial

Defendant asks that the Court prohibit the government from alluding to evidence other than that adduced at trial. Mot. at 73–75. The Court will not permit either party to allude to evidence other than that adduced at trial. The parties are expected to constrain their arguments to the evidence and reasonable characterizations of, or inferences from, that evidence. Accordingly, the Court grants Defendant's motion to that extent.

### S. Motion to Preclude Argument Asking the Jury to Infer Lack of Remorse, or Other Aggravating Factors, from Defendant's Silence or Refusal to Testify

This motion is premature, and it is denied as such. The motion asks the Court for a ruling as to arguments that should be precluded in the event that Defendant elects not to testify in either the eligibility phase or the sentence selection phase, should one prove necessary. The Court believes that this motion can be better addressed at a date when it is clear whether or not Defendant has testified. As the parties are aware, the Court intends, if applicable, to give an instruction following each of the penalty phases about the Defendant's right not to testify, as it did during the guilt phase. It bears noting that each party individually proposed that the Court include such an instruction

### T. Motion to Preclude Argument Inviting the Jury to Consider Defendant's Decision to Plead Not Guilty or His Exercise of Trial Rights and Motion to Preclude Argument Commenting on the Defendant's Failure to Have Discussed or Apologized for the Crime Before Trial

The Court defers ruling on these motions until time of trial, but notes that the weight of the authority seemingly supports Defendant's assertions on these issues. *See Whitten*, 610 F.3d at194–95 ("By the same token, a capital-sentencing scheme cannot allow the jury to draw an adverse inference from constitutionally protected conduct such as a request for trial by jury; if the government invites the jury to find the existence of an aggravating factor based on 'inferences from conduct that is constitutionally protected . . . for example . . . the request for trial by jury, .

. . process of law would require that the jury's decision to impose death be set aside.'" (quoting *Zant v. Stephens*, 462 U.S. 862, 885 (1983))); *see also Brecht v. Abrahamson*, 507 U.S. 619, 628–29 (1993) ("[T]he State's references to petitioner's silence after [petitioner was given his *Miranda* warning], or more generally to petitioner's failure to come forward with his version of events at any time before trial, crossed the [*Doyle v. Ohio*, 426 U.S. 610 (1976)] line. For it is conceivable that, once petitioner had been given his *Miranda* warnings, he decided to stand on his right to remain silent because he believed his silence would not be used against him at trial."). Because the Government has not provided the Court with a substantive response to these issues at this time, the Court anticipates that, should the Defense object to these types of argument at time of trial, the Government will be entirely prepared to substantively respond in adequate detail at that time.

### U. Motion to Preclude Demonizing the Defendant

Defendant asks that the Court preclude the government from demonizing the defendant through name calling or similar conduct. Mot. at 92–94. The Court will not permit the government to call Defendant names or otherwise demonize or demean him. That said, the parties may argue the evidence and make reasonable inferences from, or characterizations of, that evidence. The Court does not consider that type of argument to be either demonizing or demeaning. Accordingly, the Court grants Defendant's motion to that extent.

### V. Motion to Preclude the Government from Denigrating Defense Counsel or the Defense

Defendant next argues that it is prosecutorial misconduct for the Government to attack defense counsel or a legitimate defense. Mot. 87. The cases cited by Defendant cover a wide range or remarks and comments made by prosecutors regarding defense tactics in closing arguments that courts have found to be both proper and improper. *See Bedford v. Collins*, 567 F.3d 225, 233 (6th Cir 2009) ("The prosecution necessarily has "wide latitude" during closing

13

argument to respond to the defense's strategies, evidence and arguments.  How far the government may go, true enough, depends on what the defense has said or done (or likely will say or do).").  In general, the Court does not anticipate either party making disparaging remarks about the other.  However, without the ability to foresee when and if such statements may be made or the context in which any such statement may be made, it is impossible for the Court to rule at this time what type of statements are improper and which are not.  Therefore, this motion is denied, without objection, as overbroad and premature.

### W. Motion to Preclude Misleading the Jurors on the Consequences of Non-Unanimity

Defendant asks that the Court prohibit the government from misleading the jurors on the consequences of non-unanimity, or their failure to reach a unanimous decision respecting a recommended sentence.  Mot. at 94–98.  The FDPA requires the Court to sentence Defendant to "any lesser sentence that is authorized by law" if the jury cannot reach a unanimous decision.  18 U.S.C. § 3594.  If life imprisonment is authorized, then the Court may sentence Defendant to life in prison notwithstanding the jury's failure to recommend life in prison unanimously.  *Id.*  The Court will not permit the government to mislead the jurors on the consequences of their failure to reach a unanimous decision respecting a recommended sentence.  Accordingly, the Court grants Defendant's motion on this issue.

### X. Motion to Preclude Argument that Mercy Is Never Appropriate

The Court will, contemporaneously herewith, rule upon the Government's Omnibus Motions in Limine for the penalty phases, which include what is in essence a cross motion to Defendant's motion regarding "mercy."  Each party has advanced supportable and correct positions.  The Defense is correct that it may argue that mercy is an appropriate consideration *while* the jury weighs aggravating and mitigating factors.  The Government is correct that an

instruction on mercy is not required and that, once the weighing process is complete, the jury's decision-making process is at an end, consideration of extending mercy is inappropriate, and that no party should suggest otherwise. The parties should keep these holdings in mind in making their arguments during the penalty phases.

### Y. Motion to Preclude Misstating the Evidence

Defendant asks that the Court prohibit the government from misstating the evidence. Mot. at 99–101. The Court will, of course, prohibit any party from misstating the evidence. However, either party may make reasonable characterizations of, or ask the jury to draw reasonable inferences from, the evidence. The parties are not limited to a verbatim recitation of testimony. That said, both parties should be mindful that they do not stray too far afield. Accordingly, the Court grants Defendant's motion to that extent.

### III. Conclusion

For the reasons discussed above, the Court hereby grants in part and denies in part Defendant's Omnibus Motions in Limine consistent with the Court's discussion herein.

BY THE COURT:

/s/Robert J. Colville
Robert J. Colville
United States District Judge

DATED:  June 26, 2023June 26, 2023

cc: All counsel of record