IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | **UNDER SEAL** |
| ROBERT BOWERS | ) | |

**REPLY TO GOVERNMENT'S RESPONSE TO DEFENSE SUPPLEMENT TO OBJECTIONS AND REQUESTS REGARDING COURT'S SHACKLING OF DEFENDANT AND RENEWED OBJECTION TO SHACKLING ORDER**

Robert Bowers, through counsel, replies to the government's response (ECF 1451) to his objections to the Court's Order shackling his legs during trial (ECF 1427, 1407), and again renews his objection to the Order.[1]

The government's response lacks substance and fails to engage with defense arguments. Ignoring the context of this case – a multi-month capital jury trial – the government asserts that "shackling of detained defendants is a routine security measure in this district and other districts throughout the United States." ECF 1451 at 2. This is not correct. While defendants may be routinely shackled during non-jury trial proceedings, they are not routinely shackled during jury trials, which is the relevant context of the defense objection to the shackling order.

In the most recently tried case in this district, *United States v. Chapman*, No. 2:21-cr-133 (W.D. Pa.), for example, the defendant was not shackled. The defendant in

---

[1] The defense moves for leave to file a supplement to this reply motion *ex parte* and under seal to outline the prejudice Mr. Bowers has suffered as a result of the shackling of his legs since the last *ex parte* filing on July 10, 2023, outlining prejudice. *See* ECF 1432.

1

*Chapman* was convicted by jury trial on July 18, 2023. *Id.* at ECF 150. And as counsel noted, shackling is rarely employed in federal death penalty cases and is used only in extreme cases in individualized circumstances, if the particular defendant warrants it. *See* ECF 1407 at 1 (defense motion outlining federal capital cases). During a jury trial, whether for one day or multiple weeks, shackling is "an extreme measure, that the Supreme Court considers 'a last resort.'" *United States v. Brantley*, 342 Fed.Appx. 762, 770 (3d Cir. 2009).

To date, the conclusion of the fourth day of the sentence selection phase, Mr. Bowers still does not know why the Court ordered his legs shackled. In his Supplement, Mr. Bowers requested permission to take close-up photographs of his shackles and photographs of the jury's view of him from the jury box. ECF 1427 at 10. In court, the Court granted permission. Attached as Exhibits A–L are photographs that show Mr. Bowers' shackled legs as well as the courtroom and the jury's view of the shackles.

Undersigned counsel took the photographs on July 13, 2023. Exhibit A shows both of Mr. Bowers' ankles from the front view while Mr. Bowers is seated in the chair in which he sits during trial.

Exhibit B shows the right ankle from the side view. Exhibit C shows the left ankle from behind.

Exhibit H depicts the jury box from the side. Exhibit I depicts the jury box from the front view. Exhibit H shows that the jury box is on an elevated platform. The back row of the jury box is even more elevated than the front row. The elevation contributes to

enabling the jury to see Mr. Bowers' shackles. Exhibit I shows where each juror sits and each juror's "juror number" is marked on the photograph to identify the seat.

Exhibits J, K, and L are provided for context to show the entirety of the courtroom. Government counsel's table are the front and back tables closest to the jury box. Exhibit L shows the seats (with blue seat cushions) where victim community members are assigned to sit.

Exhibits D–G show counsels' tables and the jury's view of Mr. Bowers. In Exhibit D, two individuals are seated closest to the camera in the seats at the back government counsel table closest to the jury's view. The white male with the blond hair seated at the far end in the front defense counsel table is a paralegal sitting in the seat where Mr. Bowers is seated during trial. The female to the right is seated in the seat where one of defense counsel would sit. Defense counsel also would sit in the seat to the right of the white female and the seat to the left of the white male but those seats would not block the view of the white male's ankle depicted in Exhibit D. The seats at the back government counsel table in which the female and male closest to the jury box are sitting are the only seats at either the front or back government counsel tables that have any potential to block a juror's view of Mr. Bowers' ankles from the vantage point depicted.

Exhibit D shows the view as seen from juror 18's seat while standing. Exhibit E is the same view zoomed in. The photos show that the ankle of Mr. Bowers, and therefore the shackles, could be seen from this vantage point. Counsel has observed that when sitting, Mr. Bowers shifts his legs in various positions throughout the day; at times, the right leg, which is depicted in Exhibits D and E, is back; and at other times, the left leg is

3

back. From various vantage points in the area surrounding juror 18's seat, depending on the arrangement of the chairs and the position of Mr. Bowers' legs, the shackles would be visible to multiple jurors. During sidebars, when all or most counsel in the front row have abandoned their seats and are at the bench, Mr. Bowers remains seated while jurors are permitted to stand and stretch. Therefore, the view depicted in Exhibits D and E would be seen by at least one juror during sidebars.

   Exhibit F, which was taken while seated at juror 7's seat, shows the view as seen from juror 7's seat while sitting. Exhibit G is the same view zoomed in. The view depicts the scene when counsel are at sidebar during which counsel at the front and back seats at government counsel's table and defense counsel to the right of where Mr. Bowers sits approach the bench. During most of these sidebars, the seats at government counsel's front table are empty as are the seats at defense counsel's table to the right of Mr. Bowers. Because these seats are empty, at least some jurors have a clear view, whether sitting or standing, to Mr. Bowers' shackles, depending on where his right foot is positioned. Counsel has observed that the view of the ankle of the individual seated where Mr. Bowers would sit, as depicted in Exhibits F and G, is visible from the seats of jurors 7 and 15 when sitting or standing and from the seats of jurors 8 and 16 when standing.

Respectfully submitted,

*/s/ Judy Clarke*
Judy Clarke
Clarke Johnston Thorp & Rice, PC

*/s/ Michael N. Burt*
Michael N. Burt
Law Offices of Michael Burt, PC

*/s/ Michael J. Novara*
Michael J. Novara
First Assistant Federal Public Defender

*/s/ Elisa A. Long*
Elisa A. Long
Supervisory Assistant Federal Public Defender

*/s/ Ashwin Cattamanchi*
Ashwin Cattamanchi
Assistant Federal Public Defender