IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

ROBERT BOWERS

Criminal No. 18-292

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO
EXHUME THE BODY OF RANDALL GEORGE BOWERS TO CONFIRM
PATERNITY FOR ROBERT BOWERS (Doc. No. 1497)**

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United
States Attorney for the Western District of Pennsylvania, Troy Rivetti, Soo C. Song, and Nicole
Vasquez Schmitt, Assistant United States Attorneys for said district, Mary J. Hahn, Trial Attorney,
Civil Rights Division, and Barry K. Disney and Aaron J. Stewart, Trial Attorneys, Capital Case
Section, and respectfully submits this response in opposition to the defendant's motion to exhume
the body of Randall George Bowers to confirm paternity for Robert Bowers, Doc. No. 1497.

The defendant has requested that the Court order the exhumation of the body of Randall
George Bowers in order to confirm that he was, in fact, the defendant's biological father.  The
Court should deny the motion for several reasons.  First, the issue of the defendant's paternity is
tangential and not central to the issues in this case.  Second, the motion is completely untimely and
threatens delay and distraction from the pressing issues in the trial.  And finally, the Court is
without jurisdiction to order the exhumation of this body.

The issue of the defendant's paternity is not central to this case.  During Dr. Porterfield's
lengthy direct examination, she testified at length about myriad events before and during the
defendant's life.  Among those many areas, she testified about Randall Bowers and documentation
indicating he had various mental health diagnoses.  But Dr. Porterfield was careful to note,

repeatedly, that although she was familiar with the concept of genetic "loading," she was not a geneticist and did not know how much the risk of schizophrenia increased in the defendant if one of his parents also suffered from that mental illness.  Trial Tr., July 24, 2023 at 75:12-22 (Dr. Porterfield testifying that estimating the increase of genetic risk for mental illness was "out of [her] league"); see also Trial Tr., July 20, 2023 at 137:19-139:13.  Indeed, the vast bulk of the defense questioning concerning the defendant's family history focused on his maternal lineage.  None of the experts who have diagnosed the defendant as suffering from schizophrenia has relied on Randall Bowers's purported diagnosis of schizophrenia as a significant basis for their independent diagnosis of the defendant.

Aside from the tangential nature of this issue, the United States had entirely valid bases to raise the question of the defendant's paternity during cross-examination.  Dr. Porterfield failed completely to account for discrepancies in the defendant's family history in preparing her report, generating her presentation slides, and presenting sworn testimony to the jury.  As Dr. Porterfield knew, the defendant's mother expressed to her doubts about the defendant's paternity.  This omission was wholly relevant to the jury's evaluation of Dr. Porterfield's credibility as an expert and justified the government's line of cross-examination on this topic—which, again, was one of many covered by Dr. Porterfield over two days of testimony.  Whether or not Randall Bowers was the defendant's father, the fact remains that Dr. Porterfield omitted key facts in her recitation and analysis of the defendant's family history.[1]

---

[1]     The defendant cites the testimony of former U.S. Attorney Paul Charlton to argue that the government should accede to his request.  Leaving aside the irrelevance of Mr. Charlton's testimony about a wholly separate case to the defendant's mitigation in this case, it should be noted that the substance of his testimony addressed the decision to seek the death penalty in a case where there was little or no forensic evidence—including no body—and the defendant's guilt was established primarily through testimonial evidence.  See Statement of Paul K. Charlton, Former U.S. Attorney, Hearing Before the Subcommittee on the Constitution, 110th Congress (June 27, 2007).  That testimony has no bearing here, where the defendant's guilt is not at issue, and in no way implicates the exhumation of a body simply to determine whether the defendant was related to a person diagnosed with schizophrenia.

Second, this motion is untimely, dilatory, and entirely disruptive to the trial. The defendant cites Ungar v. Sarafite, 376 U.S. 575, 589 (1964), to argue that he should be allowed the time to obtain his requested evidence. But that same case explains that "[t]he matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel." Id. The Supreme Court explained that the propriety of a denial of a continuance depends on the circumstances of the case. Id. Here, the circumstances do not justify the delay that would attend this request. As discussed above, the issue is not at all central at this stage of the case. More importantly, the defendant is wrong to suggest that the government "belatedly injected the issue of paternity," Doc. No. 1497 at 7, when he was put on notice that the defendant's own mother questioned paternity as early as November 5, 2022. That was the day when the defendant's own expert witness interviewed the defendant's mother in the presence of a member of the defense team and learned (and documented) Ms. Bolt's concerns about the defendant's paternity. Dr. Porterfield also admitted that a neighbor (Donald Hawkins)—whom the defendant identified as a witness on his own witness list[2]—told her (again, in the presence of a member of the defense team) that he did not believe that Randall Bowers was the defendant's father. Thus, the defendant was well aware of this issue months before trial. The defendant's sentence selection argument, as presented by Dr. Porterfield, relies at least in part on some unspecified impact of genetic loading and upon Randall Bowers's mental health issues. If the defendant truly believed that genetic paternity was so central to this case that DNA confirmation was necessary, he certainly could have, and should have, sought this relief prior to trial and well before the government ever learned what

---

[2]     The defendant has identified Mr. Hawkins as a potential defense since at least March 5, 2023.

the defendant's mother told his own expert.  Under these circumstances, the Court should deny the motion as untimely.

Finally, this issue is outside of the jurisdiction of this Court.  Disinterment of bodies within the state of Pennsylvania is regulated by state law.  See 28 Pa. Code. § 1.25.  The statute provides that "[t]he funeral director or cemetery official making the application shall present to the local registrar the correct name, date of death and cause of death of the body to be disinterred and written consent of next of kin, or appropriate order from a court of competent jurisdiction."  Id.  "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute . . . ."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  That jurisdiction does not include ordering exhumation of bodies under these circumstances.  As a district court in New Jersey observed:

> Just as the federal courts have no jurisdiction to probate a will or administer an estate, Markham v. Allen, 326 U.S. 490 (1946), or to grant divorces, alimony or custody, Barber v. Barber, 62 U.S. 582 (1858); Ex parte Burrus, 136 U.S. 586 (1890), so it appears that they have no subject-matter jurisdiction over the disinterment of dead bodies or the conduct of autopsies.  No precedent has been shown or found.

Watson v. Manhattan & Bronx Surface Transit Operating Auth., 487 F. Supp. 1273, 1277 (D.N.J. 1980).  The defendant offers no authority—and the government has not located any such authority—that would authorize this Court to reach beyond its Constitutional and statutory jurisdiction and order state officials to disinter the body of Randall Bowers.  While the defendant does cite certain state cases in which exhumations were permitted, none of those cases speak to a federal court's authority to order an exhumation under state law.  The only federal case cited in the defendant's motion deals with the efficacy of DNA testing to establish paternity, not with exhuming bodies to facilitate that testing.  The defendant's motion, therefore, fails to establish that

4

this Court has jurisdiction to order the exhumation of Randall Bowers's body.  As such, the Court

should deny the motion in all respects.

<div style="margin-left: 40%;">

Respectfully submitted,

ERIC G. OLSHAN
UNITED STATES ATTORNEY

s/Eric G. Olshan
ERIC G. OLSHAN
United States Attorney
IL ID No. 6290382

s/Troy Rivetti
TROY RIVETTI
Assistant U.S. Attorney
PA ID No. 56816

s/Soo C. Song
SOO C. SONG
Assistant U.S. Attorney
DC ID No. 457268

s/Nicole Vasquez Schmitt
NICOLE VASQUEZ SCHMITT
Assistant U.S. Attorney
PA ID No. 320316

s/Mary J. Hahn
MARY J. HAHN
Trial Attorney
Civil Rights Division
DC ID No. 500193

s/Barry K. Disney
BARRY K. DISNEY
Trial Attorney
Capital Case Section
KS ID No. 13284

s/Aaron J. Stewart
AARON J. STEWART
Trial Attorney
Capital Case Section
OK ID No. 31721

</div>