IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**MEMORANDUM ORDER OF COURT**

AND NOW, this 26th day of July, 2023, upon consideration of the Defense's Motion to Exhume the Body of Randall George Bowers to Confirm Paternity for Robert Bowers (ECF No. 1497), it is hereby ORDERED that the Motion is denied as untimely. The Defense itself acknowledges the late hour and, ultimately, its untimely filing of the Motion, where discovery has long since ended and the trial is now in its third and final phase. *See* Mot. 7; 7 n.2, ECF No. 1497. In attempting to offer justification for their untimely Motion, the Defense asserts that:

> Because the evidence rebutting paternity is flimsy and considering that the government is well aware that the Bowers family, both the maternal and paternal sides, considered Randall Bowers the biological father, the defense had little reason to expect the government to take the position that paternity is in doubt, and to do so in such a vigorous manner.

Mot. 7, ECF No. 1497. The Court finds the assertion that the Defense could not have anticipated possible rebuttable of paternity evidence to be unsupportable.

The Defense has asserted that Defendant is a person with schizophrenia, and has further argued that "[o]ne piece of evidence proving that fact is that Robert Bowers' father ha[d] been diagnosed with schizophrenia." *Id.* at 1. The Government is entitled to challenge evidence introduced by the Defense. Defendant's expert acknowledged that, if Randall Bowers was not the Defendant's biological father, "[Randall's] mental illness would have zero relevance to the

1

defendant's genetic risk for mental illness." 7/20/23 Tr. 149.1:18-21.  Importantly, the source of the Government's rebuttal is the Defense's own expert's notes regarding interviews she conducted in completing her report.  One of those interviews was with Barbara Bolt, Defendant's mother, who has surely been known to and available to the Defense since the beginning of this case.  Ms. Bolt told the Defense's expert on November 5, 2022, in the presence of Defense team members, that Ms. Bolt was "[n]ot positive Dell was the father," and that "[t]here were other men in my life at that time." 7/20/23 Tr. 148:22-149:5.[1] [2] The Defense surely had access to, or at least the ability to learn, this information at a much earlier juncture so as to avoid confronting the Court with a motion seeking the extraordinary relief it now seeks thirty-one days into the trial in this matter. That the Defense chose not to pursue disinterment at an earlier juncture was undoubtably a strategic decision, presumably because the Defense believed they possessed "reliable facts" establishing paternity and that "the evidence rebutting paternity is flimsy."

The Defense will certainly not be precluded from arguing that the evidence tending to rebut paternity is, in their estimation, "flimsy."  They can also point to the "reliable facts" they believe establish "that Randall Bowers is Mr. Bowers' biological father." Mot. 7, ECF No. 1497.  The Government, however, is entitled to utilize evidence introduced by Defense's own expert in rebutting that assertion.  Given the Defense's reliance on argument that "[e]vidence establishing mental illness on Robert Bowers' paternal side, particularly from a first degree relative such as his father, strengthens the basis for concluding that Mr. Bowers too suffers from a serious mental

---

[1] To the extent that the Defense seemingly challenges any reliance on statements made by Ms. Bolt, *see* Mot. 2, ECF No. 1497, the Court notes that the Defense expert herself relied on statements made by Ms. Bolt during her interviews in preparing her report.  *See* 7/20/23 Tr. 235:7-11 ("Q. And I wanted to ask you, in telling Mr. Bowers' story here today, are you telling a true story based upon your review of the records and your interviews and using your own clinical expertise?  A. Yes, I am.").

[2] It bears noting that Ms. Bolt was not alone in expressing such doubt, as a neighbor, who was identified on Defendant's witness list, interviewed by Dr. Porterfield also made similar statements in the presence of Defense team members.

illness[,]" it is clear that the Defense itself injected the issue of paternity in this case, and that it is, and has been for some time, aware that paternity could be at issue in this case. Moreover, the cross-examination was independently relevant to Dr. Porterfield's credibility. Further, given the Defense's knowledge of and access to Ms. Bolt, who is herself the source of the evidence relied upon by the Government in rebutting paternity, at a much earlier juncture, and their assertion that the evidence in rebuttable is flimsy, the Court concludes that the Defense simply made a strategic decision in not pursuing the extraordinary relief at issue at an earlier juncture. Given the late filing and inevitable delay that will result from the relief requested by way of the Motion at issue, the Court hereby denies the Motion as untimely.

Finally, the Court is not satisfied that it has jurisdiction to order that the body be exhumed, even if it were convinced that exhumation was warranted. The Court finds the following argument from the Government to be particularly on point: "The defendant offers no authority—and the government has not located any such authority—that would authorize this Court to reach beyond its Constitutional and statutory jurisdiction and order state officials to disinter the body of Randall Bowers." Resp. 4, ECF No. 1502. In light of the same, the Court would be inclined to deny Defendant's Motion even were it to find that the Motion was timely.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

cc:     All counsel of record