IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 18-292 |
| ROBERT BOWERS | |

**UNITED STATES' NOTICE OF ADDITIONAL PROPOSED AMENDMENTS
TO THE COURT'S DRAFT SENTENCE SELECTION PHASE
<u>JURY INSTRUCTIONS AND VERDICT FORM</u>**

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, Troy Rivetti, Soo C. Song, and Nicole Vasquez Schmitt, Assistant United States Attorneys for said district, Mary J. Hahn, Trial Attorney, Civil Rights Division, and Barry K. Disney and Aaron J. Stewart, Trial Attorneys, Capital Case Section, and respectfully submits this Notice of Additional Proposed Amendments to the Court's Draft Sentence Selection Phase Jury Instructions and Verdict Form.

The Court provided the parties with its Draft Sentence Selection Phase Jury Instructions and Draft Sentence Selection Phase Verdict Form on July 20, 2023, and solicited input from the parties as to any typographical errors and inconsistencies. The parties submitted briefs on various issues and the Court held a charging conference to discuss those issues on July 28, 2023. Trial Tr., July 28, 2023, at 260:17-281:4. The Court informed the parties that it would circulate updated instructions and allow the parties to weigh in on the final instructions. <u>Id.</u> at 278:14-22. After review of the draft instructions and verdict form, the United States proposes two minor changes to

the instructions. The United States also provides authority in opposition to the defendant's proposed mitigating factor regarding martyrdom.[1]

First, the government objects to the language proposed on page 11 of the Final Sentence Selection Phase Instructions. The second sentence of the first paragraph reads "Please note that statements Mr. Bowers made to the Government's mental health experts may only be considered by you in evaluating Mr. Bowers' mental illness." As drafted, the instruction frames the issue as if the defendant does, in fact, have a mental illness and could be read to imply that the Court has concluded that the defendant does, in fact, have a mental illness. Experts in this case have specifically disagreed on this point, with a key government expert witness testifying to his opinion that the defendant does not have a mental illness. It is the province of the jury to decide which expert's testimony to credit. Trial Tr., July 10, 2023, at 4:16-6:16; 23:1-24:8.

To ensure that the jury is not left with the misimpression that this issue is uncontested or has otherwise been resolved by the Court, the government requests that the Court amend the instruction to read: "Please note that statements Mr. Bowers made to the Government's mental health experts may only be considered by you in evaluating Mr. Bowers' asserted mitigating factors related to mental illness." This language is parallel to the next sentence, in which the Court uses the adjective "asserted" before the reference to the government's aggravating factors and makes clear that the scope of consideration for the statements to the Government's experts can be used only in evaluating the defendant's asserted mitigating factors related to mental illness.

Second, the third sentence of that paragraph reads: "You may not consider the statements made by Mr. Bowers to the Government's mental health experts in evaluating or in support of any asserted aggravating factors." However, because the defendant claimed during the eligibility

---

[1] The government notes that the mitigating factor was not proposed or included in the draft instructions, but responds to the defendant's proposal out of an abundance of caution.

phase that the defendant's mental health affected certain statutory aggravating factors, including his ability to engage in substantial premeditation and planning, this added sentence risks confusing the jurors about whether they must revisit their findings about the statutory aggravating factors. To avoid any such confusion, the United States proposes that this instruction be amended to read: "You may not consider the statements made by Mr. Bowers to the Government's mental health experts in evaluating or in support of any asserted non-statutory aggravating factor."

Third, the government objects to the Court's removal of the word "undue" before the word "sympathy" on pages 25 and 26 of the Final Sentence Selection Phase Instructions. The phrase "undue sympathy" is used in the Eighth Circuit's pattern instruction on weighing aggravators and mitigators in capital cases. See Eighth Circuit Criminal Pattern Jury Instruction 12.11. Further, the Court in United States v. Roof instructed the jury that "[i]n engaging in the weighing process, you must avoid any influence of passion, prejudice, or undue sympathy." See Doc. 924-6 at 30-31. The Court should follow those authorities and include the term "undue" before "sympathy" on pages 25 and 26.

Finally, the Court should deny the defendant's request to include a proposed mitigating factor that states: "If Mr. Bowers is sentenced to death he may be seen as a martyr and his death exploited by others to justify future hateful acts." Relevant mitigation is evidence related to a defendant's background, character, or record, or the circumstances of his offense. Lockett v. Ohio, 438 U.S. 586 (1978); Eddings v. Oklahoma, 455 U.S. 104, 110 (1982). This definition stems from the principle that punishment should relate directly to the personal culpability of the defendant. Penry v. Lynaugh, 492 U.S. 302, 319 (1989), overruled on other grounds by Atkins v. Virginia, 536 U.S. 304 (2002).

3

As a threshold matter, the defendant's proposed mitigating factor is not related to the defendant's own characteristics, background, or the circumstances of the offense. Instead, it is conjecture as to how others may perceive or react to the defendant's sentence and has no relevance to the defendant's own culpability. Such considerations are improper and risk confusing the jury by injecting collateral, politically-charged issues into their deliberations. Second, the proposed mitigating factor is based on sheer speculation and not supported by any evidence presented in this trial. Although one of the defendant's experts opined that the defendant may welcome martyrdom, there was no testimony regarding how <u>others</u> would actually perceive the defendant should he receive the death penalty nor is there evidence that <u>others</u> would react in a particular way or potentially engage in "hateful acts." In this case, the defendant has repeatedly disavowed that he is a member of any white supremacist group and there has been no evidence that white supremacists engage in martyrdom. And while the defendant cites a single, factually distinct case involving an al Qaeda terrorist conspiracy in which a similar mitigating factor was presented to the jury, that court's decision is neither applicable nor persuasive on these facts and given these charges.[2] Because the late-proposed defense mitigator does not satisfy the proper definition of a mitigating factor and because it is utterly unsupported by any evidence in this case, the Court should not instruct the jury on that factor.

---

[2] The defendant in the case cited by the defendant, Khalfan Khamis Mohamed, was an Al Qaeda operative charged with participating in al Qaeda's conspiracy to bomb American embassies in Kenya and Tanzania. <u>See, e.g.</u>, United States v. Bin Laden<u>, 92 F. Supp.2d 225, 227-228 (S.D.N.Y. 2000) (describing charges).</u> It is well established that Al Qaeda exploited the concept of martyrdom to recruit others. <u>See, e.g</u>, https://www.usmcu.edu/Outreach/Marine-Corps-University-Press/Expeditions-with-MCUP-digital-journal/Escaping-Atonement-in-Sunni-Islam/; https://journals.sagepub.com/doi/10.1177/1043463119900327. Indeed, one of Mohamed's charged (separately tried) co-defendants appeared in a prominent propaganda video called the "Convoy of Martyrs." <u>United States v. Ghayth</u>, Br. of the United States, 2017 WL 56827, at **13-15 (2d Cir.). In such a case, there may be some link between the crimes charged and the listed mitigator, but there is no such link in this case.

The United States requests that the Court make the changes discussed above and deny the defendant's motion to add a mitigating factor regarding martyrdom.

        Respectfully submitted,

        ERIC G. OLSHAN
        UNITED STATES ATTORNEY

        s/Eric G. Olshan
        ERIC G. OLSHAN
        United States Attorney
        IL ID No. 6290382

        s/Troy Rivetti
        TROY RIVETTI
        Assistant U.S. Attorney
        PA ID No. 56816

        s/Soo C. Song
        SOO C. SONG
        Assistant U.S. Attorney
        DC ID No. 457268

        s/Nicole Vasquez Schmitt
        NICOLE VASQUEZ SCHMITT
        Assistant U.S. Attorney
        PA ID No. 320316

        s/Mary J. Hahn
        MARY J. HAHN
        Trial Attorney
        Civil Rights Division
        DC ID No. 500193

        s/Barry K. Disney
        BARRY K. DISNEY
        Trial Attorney
        Capital Case Section
        KS ID No. 13284

        s/Aaron J. Stewart
        AARON J. STEWART
        Trial Attorney
        Capital Case Section
        OK ID No. 31721