IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 18-292 |
| ROBERT BOWERS | |

**<u>UNITED STATES' MOTION FOR VICTIM RESTITUTION</u>**

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, Troy Rivetti, Soo C. Song, and Nicole Vasquez Schmitt, Assistant United States Attorneys for said district, and Mary J. Hahn, Trial Attorney, Civil Rights Division, and respectfully submits this Motion for Victim Restitution.

A.  <u>Procedural History</u>

Following the jury verdict recommending that the defendant be sentenced to death on capital counts 1-11 and 23-33 on August 2, 2023, this Court conducted a sentencing hearing and imposed sentence upon the defendant on August 3, 2023.  <u>See</u> Doc. No. 1546 (Judgment). Consistent with the United States' request that the determination of restitution be deferred, the court  directed that "restitution shall be determined not later than November 1, 2023."[1]  Doc. No. 1541.  The United States agreed to file its restitution request within 45 days from the date of sentencing to permit time for any response by the defendant and for the Court to determine the appropriate amount of restitution under the law.  Accordingly, the United States hereby submits the following requests for victim restitution.

---

[1]  By law, this Court may defer any order of restitution to a date within 90 days from the date of sentencing, consistent with 18 U.S.C. § 3664(d)(5).

B.      <u>Legal Authority</u>

Restitution in this case is mandatory pursuant to the Mandatory Victim Restitution Act (MVRA), which requires restitution in crimes of violence. 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(i). The MVRA defines a "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." Id. § 3663A(a)(2). Relatives of deceased victims may assume and assert crime victims' rights on behalf of their family members. See id. §§ 3663(a)(2), 3663A(a)(2).

Where the offense results in "bodily injury" to a victim, a defendant shall "pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment." Id. § 3663A(b)(2)(A). In addition to medical treatment, the MVRA provides that victims shall be reimbursed for income lost as a result of the defendant's offense. Id. § 3663A(b)(2)(C). If an offense resulting in bodily injury also "results in the death of the victim," the defendant must "pay an amount equal to the cost of necessary funeral and related services." Id. § 3663A(b)(3). "[I]n any case," the defendant should be ordered to "reimburse the victim for lost income and necessary childcare, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." Id. § 3663A(b)(4); see also id. § 3663(b)(4). Pursuant to § 3664(f)(1)(a), the Court should order full restitution, without regard to the economic circumstances of the defendant.

C.      <u>Restitution Amounts</u>

Accordingly, the United States requests that the defendant be ordered to pay mandatory restitution in the amount of **$323,503.83** pursuant to Title 18, United States Code, Sections 3663A

and 3664(j)(1).  Given the violent injuries, death and grievous impacts wrought by the defendant's crimes, this victim restitution request is modest and cannot begin to compensate for the victims' permanent losses.

This request represents the total of one victim's (Victim A) restitution request for lost income and clothing ($176,468.25); another victim family member's (Victim B) unreimbursed expenses related to attendance at trial ($2,667.36); and $144,368.22 to reimburse the Pennsylvania Victim Compensation Assistance Program (VCAP) for payments that it made to 24 separate victims and family members in the aftermath of the defendant's attack at the Tree of Life Synagogue, and pending trial, for compensable expenses, including counseling, medical care, funeral expenses, transportation, medical equipment, and loss of support.  In order of priority, the United States respectfully requests that the restitution owed to individuals (Victims A and B) take priority over the reimbursement to the Pennsylvania Victim Compensation Assistance Program (VCAP).  That is, that the restitution owed to Victims A and B be paid in full before restitution payments are applied to the balance owed to the VCAP.  18 U.S.C. § 3664(j)(1) ("If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.").

Consistent with 18 U.S.C. § 3771(a)(8), and out of respect for crime victims' privacy and dignity, redacted documentation will be provided to defense counsel subject to the terms of the Protective Order (Doc. No. 24) and will be filed under seal with the Court.  A proposed Order is included for the Court's consideration.

Respectfully submitted,

ERIC G. OLSHAN
UNITED STATES ATTORNEY

s/Eric G. Olshan
ERIC G. OLSHAN
United States Attorney
IL ID No. 6290382

s/Troy Rivetti
TROY RIVETTI
Assistant U.S. Attorney
PA ID No. 56816

s/Soo C. Song
SOO C. SONG
Assistant U.S. Attorney
DC ID No. 457268

s/Nicole Vasquez Schmitt
NICOLE VASQUEZ SCHMITT
Assistant U.S. Attorney
PA ID No. 320316

s/Mary J. Hahn
MARY J. HAHN
Trial Attorney
Civil Rights Division
DC ID No. 500193