IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**ORDER OF COURT**

AND NOW, this 25th day of July, 2024, upon consideration of Defendant's Motion filed at ECF No. 1628, it is hereby ORDERED that the Motion is granted.  The Clerk's office is hereby directed to provide file-stamped versions of the sealed and *ex parte* sealed documents to which Defendant's trial counsel had access during the proceedings in this Court to appellate counsel for Defendant (only).  Given the Government's request in its Response (ECF No. 1629) for a corollary production, and given that Defendant does not oppose "production to Government counsel of file-stamped versions of sealed documents to which the Government had access during the proceedings in this Court[,]" this Order also permits the Government to seek, and the Clerk's Office to provide to the Government, file-stamped versions of sealed documents to which the Government had access during the proceedings in this Court.  If feasible, the Clerk's office is directed to make the documents available in electronic format.

Within three (3) days of the entry of this Order, appellate counsel for Defendant and counsel for the Government shall provide each other with lists of the file-stamped documents they seek.  Should there be any objection to the production sought, the parties are granted leave to file a motion addressing their objections forthwith.  If no objection is raised, the parties shall, within five (5) days of the entry of this Order, provide the Clerk's Office with a list of the file-stamped documents they seek.  If there is any issue with the production of these documents, the Clerk's

Office shall contact the undersigned's Chambers, and the Court will follow up with the parties at that juncture.

As to the Government's request that the Court require Defendant to adhere to his existing deadline to provide any briefing on the unsealing of ECF filings by August 2, 2024, the Court notes that any such request is premature at this juncture. Defendant has not requested an extension of the current deadline, and he has acknowledged the August 2, 2024 deadline by way of his Motion. *See* Mot. 1, ECF No. 1628 ("This will aid in preparing both Mr. Bowers's revised position and supporting briefing on unsealing ECF filings, now due on August 2, 2024, and his appeal of his conviction and death sentences."). The Court anticipates that, absent compelling circumstances, the parties shall comply with their filing deadlines.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Judge

cc:  All counsel of record