**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-292 |
| | ) | |
| ROBERT BOWERS | ) | |

**<u>MEMORANDUM ORDER OF COURT</u>**

AND NOW, this 10th day of October, 2024, upon review of the parties' filings at ECF Nos. 1633, 1638, and 1639, and following review of all relevant docket entries, the Court hereby unseals the following documents that the Government and Defendant now agree should be unsealed:

ECF Nos. 122, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 411-2, 441, 529-1, 594, 599, 603, 849 (not attachments), 850, 862, 864, 876 (not attachments), 883, 884, 885, 891, 904 (not attachment), 915, 930, 931, 932, 933, 953, 956, 959, 966, 978, 990, 1002-1, 1008, 1025, 1093, 1104, 1133, 1173, 1197, 1208, 1260-1, 1260-2, 1260-3, 1260-4, 1260-5, 1260-6, 1296, 1356, 1388, 1451, 1457, 1494-1, and 1564.

Further, following review of the parties' briefing, the case law cited by the parties, and the relevant docket entries, the following docket entries shall be maintained under seal on the docket at this time:

ECF Nos. 34, 48, 55, 56, 64, 65, 73, 81, 82, 169, 262, 303-1, 305-1, 306-1, 307-1, 309-1, 310-1, 313-1, 318-1, 318-2, 318-3, 318-4, 318-5, 318-6, 318-7, 357-1, 357-2, 358-1, 358-2, 362-1, 362-2, 362-3, 366-1, 406-1, 408-1, 408-2, 408-3, 408-4, 408-5, 408-6, 408-7, 408-8, 408-9, 408-10, 411-1, 421, 437-2, 469, 474, 557, 569, 570, 578, 581, 632, 634, 644, 674, 678, 733, 766, 768, 783, 801, 823, 824-1, 824-

2, 824-3, 824-4, 824-9, 824-10, 824-11, 824-12, 834, 842, 849-1, 849-2, 853, 876-1, 876-2, 876-3, 876-4, 876-5, 904-1, 913, 974, 1002-2, 1012, 1026, 1032-1, 1033-2, 1033-3, 1033-5, 1033-7, 1057, 1072, 1081, 1083, 1086, 1091, 1092, 1095, 1099, 1101, 1103, 1104 (USB exhibit), 1106, 1111, 1114, 1123, 1126, 1128, 1136, 1139, 1141, 1143, 1149, 1155, 1158, 1165, 1176, 1179, 1198, 1203-1, 1203-2, 1203-3, 1203-4, 1203-5, 1204, 1217, 1219, 1237, 1239, 1248, 1258, 1259-1, 1278, 1291, 1295, 1297, 1298, 1302, 1310, 1313, 1319, 1333, 1352, 1379, 1380, 1381-1, 1384, 1389-1, 1389-2, 1389-3, 1389-4, 1389-5, 1389-6, 1391-1, 1391-2, 1391-3, 1391-4, 1391-5, 1391-6, 1391-7, 1391-8, 1409,[1] 1412-1, 1413, 1416, 1432, 1441, 1461-7, 1461-8, 1465, 1466, 1470, 1474, 1494-2, 1498, 1525, 1528, 1539-1, 1539-2, 1539-3, 1539-4, 1539-5, 1539-6, 1539-7, 1539-8, 1539-9, 1539-10, 1539-11, 1569, and 1586.[2]

These docket entries will be maintained under seal without prejudice to the issue being revisited should any interested party provide sufficient argument as to why the documents should be unsealed in the future.  The Court offers as follows with respect to the documents that will be maintained under seal at this time:

Consistent with this Court's experience throughout the entirety of this litigation, the parties have submitted thorough, cogent, and more than capable analysis in support of their positions on the remaining sealed entries.  Less consistent with the Court's experience, the parties have now reached, essentially, full agreement on this issue following their extensive and exhaustive review.

---

[1] The Government has submitted a proposed redacted version of ECF No. 1409 as an unsealed exhibit to its filing at ECF No. 1638-1.  The Court agrees with the proposed redaction, and will thus maintain ECF No. 1409 under seal.

[2] The Court notes that the Government's filing at ECF No. 1638 referred to ECF No. 843, an Order which was not filed under seal in this matter, as a sealed document.  The Court will take no action with respect to that document.

Based upon the record presently before it, the Court agrees with the Government respecting the "non-ex parte" documents that it believes should remain under seal, and finds that the Government has met its burden of establishing that those documents should remain sealed at this juncture. These documents consist, in this Court's estimation, of discovery documents/attachments that are not subject to a public right of access, or documents and filings that present compelling privacy interests that outweigh the public's right of access to those filings.

The First Amendment guarantees a public right of access to criminal proceedings, including documents involved in the proceedings.  *N. Jersey Media Grp. Inc v. United States*, 836 F.3d 421, 429 (3d Cir. 2016).  When considering whether a document falls under the right of public access, courts evaluate: (1) "whether the place and process have historically been open to the press" and (2) "whether public access plays a significant positive role in the functioning of the particular process in question."  *N. Jersey Media Grp.*, 836 F.3d at 429 (*PG Pub. Co. v. Aichele*, 705 F.3d 91, 104 (3d Cir. 2013)).  The Third Circuit has explained:

> The first part of that test—generally referred to as the "experience" prong—calls for . . . a consideration of whether there has been a tradition of opening to the press the matter in question.  *United States v. Wecht*, 537 F.3d 222, 233–34 (3d Cir. 2008).  The second part—called the "logic" prong—considers whether public access plays a positive role in the judicial process by, inter alia, "enhancing both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system."  *Id.* (internal quotation marks omitted).  "Where both prongs of the test are satisfied, a qualified First Amendment right of public access attaches." *Aichele*, 705 F.3d at 104

*Id*.

The public also has a right of access to "judicial records" under the common law.  *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001).  Whether a document is a judicial record "depends on whether a document has been filed with the court, or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings."  *In re Cendant Corp.*, 260 F.3d at

192.   While the act of filing is a significant consideration in determining whether a document is a judicial record, "the filing of a document does not, on its own, bring that document within the common law right of access."  *N. Jersey Media Grp.*, 836 F.3d at 435; *see also id.* ("The test is more functional than that. '[T]he issue of whether a document is a judicial record should turn on the use the court has made of it rather than on whether it has found its way into the clerk's file.'" (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 783 (3d Cir. 1994))).  For the common law right of access to apply, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document."  *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).

"Although the right of access to judicial records is 'beyond dispute,' it is not absolute." *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221 (3d Cir. 2011) (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)).  While there is a strong presumption in favor of public accessibility, documents may be maintained under seal where justice requires.  *LEAP Sys. Inc.*, 638 F.3d at 221.  The party seeking to overcome the presumption of public accessibility has the burden to show that the interest in secrecy outweighs the presumption.  *Id.* at 221-22.  Where the Court will maintain documents under seal, it must make "particularized findings . . . (1) establishing the existence of a compelling governmental interest, and (2) demonstrating that absent limited restrictions upon the right of access, that other interest would be substantially impaired." *United States v. Antar*, 38 F.3d 1348, 1359 (3d Cir. 1994).

If a document constitutes a judicial record, courts engage in a good cause balancing test in determining whether a document may be filed or remain under seal.  *Pansy*, 23 F.3d at 781.  With respect to this balancing test, the Government aptly explains:

> [T]he Court should consider the importance of the confidentiality of the information and weigh it against public interests such as when "confidentiality is being sought

> over information important to public health and safety," "sharing of information among litigants would promote fairness and efficiency," "a party benefitting from the order of confidentiality is a public entity or official," or "when the judicial record involves matters of legitimate public concern."

ECF No. 1638 at 5 (quoting *Pansy*, 23 F.3d at 787-88). "In order to override the common law right of access, the party seeking the closure of a hearing or the sealing of part of the judicial record 'bears the burden of showing that the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *In re Cendant Corp.*, 260 F.3d at 19. "District courts should balance the relevant interests irrespective of whether the public has a First Amendment or common law right to the materials." *United States v. Wecht*, 484 F.3d 194, 212 (3d Cir. 2007).

### A. Discovery Materials

In *N. Jersey Media Grp.*, the Third Circuit held that the First Amendment right of access does not extend to pretrial discovery materials, finding that both the "experience" and "logic" prongs weighed against finding that there existed a right of access to a letter that had been exchanged in discovery. *N. Jersey Media Grp.*, 836 F.3d at 435; *see also id.* ("[D]iscovery materials that are part of judicial filings are generally not 'judicial records' and do not fall within the common law right of access."); *Wecht*, 484 F.3d at 209 ("In other words, documents filed with the court are generally subject to the common law right of access, unless attached to a discovery motion."); *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery is neither a public process nor typically a matter of public record. Historically, discovery materials were not available to the public or press. . . . Moreover, documents collected during discovery are not 'judicial records.' Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That

is why parties regularly agree, and courts often order, that discovery information will remain private.").

The documents filed at ECF Nos. 824-2, 824-3, 824-11, 824-12, 876-1, 876-2, 876-3, 876-4, 876-5, 904-1, 1083, and 1111 are discovery correspondence exchanged between counsel for the Government and counsel for the defense.  These kinds of documents fail to satisfy the experience prong, as they are clearly private discovery communications between counsel undertaken in the discovery process, which is traditionally private and not subject to public access.  *See N. Jersey Media Grp.*, 836 F.3d at 430 ("This difference of opinion over the character of the Conspirator Letter is no mere battle over labels.  It is the issue that, at least on the constitutional point, *decides this case*.  Determining whether the Conspirator Letter is the sort of document that would historically have been available to the public, and thus would satisfy the 'experience' prong of the First Amendment inquiry, *turns on whether it is more properly thought of as discovery material or as a bill of particulars*. (emphasis added)).

The Court further finds that the "logic prong" supports maintaining such documents under seal.  These discovery letters discuss the discovery materials produced by the parties to one another and discovery disputes between the parties.  The letters were clearly part and parcel to the discovery process, and are seemingly materially similar to the letter at issue in *N. Jersey Media Grp*.  These documents presumably assisted the parties in their knowledge and understanding of the nature of discovery produced, as well as in resolving discovery disputes without Court intervention.  To apply a right of access in this case could have a chilling effect on cooperative discovery efforts in the future.  *See id.* at 434 ("Moreover, were we to apply a right of access in this case, it could stunt future efforts by prosecutors to resolve pretrial discovery disputes and motions practice without having to involve the district courts.").  The Court finds that there is no

6

First Amendment or common law right of access to the discovery correspondence discussed herein, which are not "judicial records." *See id.* at 435 ("For the reasons we have described at length, the Conspirator Letter is properly categorized as pretrial discovery and thus falls under our holding in [*Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157 (3d Cir. 1993)]: discovery materials that are part of judicial filings are generally not 'judicial records' and do not fall within the common law right of access.").

Further, the documents at ECF Nos. 411-1, 783, 801, 823, 824-1, 824-4, 824-9, 824-10, 834, 842, 849-1, 849-2, 853, 1002-2, 1012, 1026, 1032-1, 1033-2, 1033-5, 1033-7, 1057, 1072, 1081, 1101, 1103, 1114, 1123, 1139, 1165, 1297, 1298, 1313, 1391-1, 1391-2, 1391-3, 1391-4, 1391-5, 1391-6, 1391-7, 1391-8, 1494-2 constitute discovery materials or motions, further discovery correspondence and investigative materials, responsive pleadings to discovery motions, related attachments, and orders addressing the same in some detail.  Again, discovery materials are not judicial records and do not fall within the public right of access, and are thus properly maintained under seal, consistent with the Court's discussion above holding that experience and logic both counsel that discovery materials should remain private.  The Court further notes that ECF Nos. 849-2, 1297, and 1298 include specific identification or contact information for certain individuals, further justifying maintaining these documents under seal.

The Government explained the basis for the sealing of ECF No. 437-2 in its filing at ECF No. 447, Judge Ambrose sealed that document thereafter, and the Court perceives no basis to unseal a document that the Government previously characterized as "classified" and seeks to maintain under seal at this time.

**B.  Remaining Documents**

The remaining documents that the Court will maintain under seal at this time consist of documents wherein the Government asserts, and the Defendant offers no genuine argument to the contrary at this time, that compelling privacy interests outweigh the public's right to access them, as well as documents that the Defendant filed ex parte and under seal and seeks to maintain under seal at this time.

With respect to the jury selection documents filed at ECF Nos. 1086, 1091, 1099, 1106, 1128, 1141, 1143, 1149, 1176, 1179, 1198, 1217, 1219, 1237, 1239, 1248, 1278, these documents will remain under seal at this juncture. The Court notes that it remained cognizant at all times of the public's right of access to voir dire proceedings in a criminal case, and believes that the same is more than adequately reflected from the Court's Orders establishing the procedures that would be utilized in jury selection in this case and from the statements made and actions undertaken by the Court prior to and during voir dire. That said, "[t]he jury selection process may, in some circumstances, give rise to a compelling interest of a prospective juror when interrogation touches on deeply personal matters that person has legitimate reasons for keeping out of the public domain." *Press-Enter. Co. v. Superior Ct. of California, Riverside Cnty.*, 464 U.S. 501, 511 (1984). When such privacy interests arose in this case, the Court carefully evaluated those privacy interests, and very narrowly tailored any restriction on the public's access so that any such restriction was as minimal as reasonably feasible. Where prospective jurors revealed deeply personal and sensitive information, including criminal matters associated with prospective jurors, under seal, the Court agrees with the Government that maintaining these limited filings under seal remains warranted at this time. The same logic applies to the documents found at ECF Nos. 1310 and 1333, which involve discussion with empaneled jurors respecting sensitive family information. Further, the Court has already explained, and stands by, its basis for permanently sealing the names

of all prospective and actual jurors.  Any document revealing identifying information about the potential jurors will be maintained under seal.

As to documents involving sensitive victim information and depictions, the Court agrees entirely with the Government that "[a]lthough the United States' prosecution of the defendant necessitated the admission of certain testimony and documents as evidence at trial, respect for the victims' and their families' statutory and common law rights to privacy and dignity should preclude any additional private information related to the victims or depictions (whether photographic, video, or audio) of the deceased victims from being made publicly available."  ECF No. 1638 at 16.  The Supreme Court has recognized that victims and family members have a privacy interest in the manner in which a victim or decedent is portrayed.  *See Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 158 (2004).  At all times in this matter, this Court has strived to carefully balance the right of public access and the privacy interests of the victims.  During trial, which was open to the public, including the use of overflow rooms for the public and the media, the members of the public and the media were able to view the sensitive evidence that was introduced in this case.  The Court also, however, limited dissemination of such evidence to respect and protect the privacy interests of the victims and their families in the manner in which the victims were depicted and portrayed.

The victims' privacy interest would be severely impaired were this Court to unseal sensitive victim information and depictions.  As the Government notes, the viral nature of the internet and the nature of the crimes at issue present a substantial risk that, should such sensitive information be made publicly available, it "may be gratuitously displayed or exploited by third parties for harmful or prurient interests."  ECF No. 1638 at 17.  Accordingly, the Court finds that the privacy interests of the victims so substantially outweigh any public right of access such that

continued sealing of such information is unquestionably appropriate and necessary, and the following documents will remain under seal: ECF Nos. 406-1, 1033-3, 1092, 1095, 1104 (USB drive attachment), 1126 (including attachments), 1155, 1158, 1204, 1259-1 attachments (filing already unsealed), 1295, 1352, 1381-1, 1412-1, 1461-7, 1461-8, 1474, 1539-1, 1539-2, 1539- 3, 1539-4, 1539-5, 1539-6, 1539-7, 1539-8, 1539-9, 1539-10, 1539-11, and 1569.

With respect to attachments to the Defense's suppression motions, the Government explains:

> The defendant filed numerous motions to suppress various evidence obtained in the investigation, and during the course of litigating the issues, both parties attached full copies of legal process and responses to their pleadings. The attachments were filed under seal, which enabled the parties to file full documents, as opposed to heavily redacted or excerpted versions, promoting fairness and efficiency to the parties and the Court. These attachments included more information than was necessary for the Court to make its decision, including un-redacted personally identifiable information about the defendant. The parties and the Court included the relevant portions of the attachments in their pleadings and the Court's order.

ECF No. 1638 at 19-20. For the common law right of access to apply, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." *N. Jersey Media Grp.*, 836 F.3d at 435 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Because the sealed documents include much more information than was necessary to the Court's ruling, and because the information necessary to the Court's decision is sufficiently detailed in unsealed pleadings, the Court finds that the sealed documents are of limited, if any, adjudicative significance. Accordingly, the Court will maintain the following documents under seal: ECF Nos. 303-1, 305-1, 306-1, 307-1, 309-1, 310-1, 313-1, 318-1, 318-2, 318-3, 318-4, 318-5, 318-6, 318-7, 357-1, 357-2, 358-1, 358-2, 362- 1, 362-2, 362-3, 366-1, 408-1, 408-2, 408-3, 408-4, 408-5, 408-6, 408-7, 408-8, 408-9, and 408-10.

As to the documents the Government characterizes as business record certifications and legal process responses, which "included the names of record custodians, detailed non-public account information, and firearm transaction records that included names of non-witness individuals and some addresses and other personally identifiable information," the Court again agrees that the same should remain sealed at this time.  Similar to the attachments to the Defense's suppression motions, the essential information in these documents was either introduced at trial or is contained in the public record, and the documents otherwise contain non-public information that is not essential to the proceedings.  Accordingly, the Court will maintain ECF Nos. 1203-1, 1203-2, 1203-3, 1203-4, and 1203-5 under seal.

Again, similar reasoning applies to Defendant's private and sensitive medical information contained in documents that are attached to certain of Defendant's filings, as the Court admitted only redacted reports and because the full reports contain private mental health information. Defendant clearly has a privacy interest in his medical information, the public was provided access to all relevant information, and the Court finds that maintaining the full unredacted copies of those documents under seal is appropriate.  These include ECF Nos. 1389-1, 1389-2, 1389-3, 1389-4, and 1389-5.  Further, documents that contain detailed private medical information of the witnesses who sought to testify via video during trial in this matter will be maintained under seal, including ECF Nos. 1379, 1380, 1384, 1413, 1441, and 1465.  The Court has publicly provided sufficient explanation for its rulings on these requests, and finds that revealing these witnesses' medical information would substantially impair the witnesses' interest in maintaining the privacy of their medical information.

Finally, at the Government's request, the Court has conducted an in camera review of the ex parte documents at issue.  The Court notes that Defendant has accurately categorized those

documents as falling into two categories: (1) filings involving the selection, funding, and budgeting of CJA defense counsel assigned by the Court and defense experts and investigators retained by counsel with the Court's approval, to which no common law or First Amendment right of access applies; and (2) filings that necessarily disclosed confidential defense strategy, attorney-client communications, investigative leads, information about trial counsel's conversations with uncalled witnesses or with Mr. Bowers, and similar privileged and attorney work-product information not properly disclosed to the public or the Government.  Defendant cites to ample case law in support of his assertion that these documents should be maintained as both ex parte and under seal, and the Government at least agrees that the "case law the defendant initially cites supports the proposition that certain types of ex parte materials, such as financial affidavits and CJA expense filings and, as discussed above, records related to the discovery of evidence, may properly be maintained under seal." ECF No. 1638 at 22.  While the Government takes issue with the Defendant's purported broad assertion of the work product privilege, the Court has reviewed each of the documents at issue, and finds, consistent with its prior rulings permitting the documents to be filed ex parte and under seal in the first instance, that each ex parte submission should be maintained under seal at this time.  These documents include confidential and privileged information that is simply not subject to public access.  Accordingly, ECF Nos. 34, 48, 55, 56, 64, 65, 73, 81, 82, 169, 262, 421, 469, 474, 557, 569, 570, 578, 581, 632, 634, 644, 674, 678, 733, 766, 768, 913, 974, 1136, 1258, 1291, 1302, 1319, 1416, 1432, 1466, 1470, 1498, 1525, and 1586 will be maintained as ex parte and under seal at this time.

BY THE COURT:

/s/Robert J. Colville
Robert J. Colville
United States District Judge

cc:     All counsel of record